**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN HUANG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT, <br><br> Defendants. | **CASE No.: 1:19-cv-06396-JPO** <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JONATHAN WONG TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> **CLASS ACTION** |
| GUSTAVO ALVARADO, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO, GREG GUYATT, and IAN ABRAMOWITZ, <br><br> Defendants. | **CASE No.: 1:19-cv-06438-JPO** <br><br> **CLASS ACTION** |

Additional Case Captions on Following Page

1

| | |
|---|---|
| RONALD E. JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANNTRUST HOLDINGS INC., PETER ACETO and GREG GUYATT,<br><br>Defendants. | **CASE No.: 1:19-cv-06883-JPO**<br><br>**<u>CLASS ACTION</u>** |
| SCOTT JUSTISS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT,<br><br>Defendants. | **CASE No.: 1:19-cv-07164-JPO**<br><br>**<u>CLASS ACTION</u>** |

Plaintiff Jonathan Wong ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the above-captioned actions;

(b)    appointing Movant as Lead Plaintiff for the class of all purchasers of the publicly traded securities of CannTrust Holdings Inc. ("CannTrust" or the "Company") between November 14, 2018 through July 5, 2019,[1] both dates inclusive (the "Class Period"); and

---

[1] The actions *Huang v. CannTrust Holdings Inc., et al.*, Case No. 1:19-cv-06396-JPO ("*Huang* Action"), *Alvarado v. CannTrust Holdings Inc., et al.*, Case No. 1:19-cv-06438-JPO ("*Alvarado* Action"), and *Justiss v. CannTrust Holdings Inc., et al.*, Case No. 1:19-cv-07164-JPO ("*Justiss*

2

(c)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

The *Huang* Action was commenced on July 10, 2019 against the Company, Peter Aceto ("Aceto") and Greg Guyatt ("Guyatt") for violations under the Exchange Act. That same day, an early notice, pursuant to the PSLRA, was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. The related *Alvarado* Action, *Jones* Action, and *Justiss* Action were commenced on July 11, 2019, July 24, 2019, and July 31, 2019, respectively. Each of the actions allege violations of the Exchange Act and name CannTrust, Aceto and Guyatt as defendants, however the *Alvarado* Action also includes Ian Abramowitz as a defendant.

CannTrust produces and distributes recreational and medicinal cannabis products. CannTrust's products include dried flower, capsules, oil tinctures, and topicals, along with products for the pet and coffee markets. The Company operates under a multi-layered legal framework in Canada and is a "Licensed Producer" of medical cannabis under Canada's Access to Canabis for Medical Purposes Regulations ("ACMPR"). Under these regulations, CannTrust is subjected to certain regulations and reporting requirements as well as unscheduled site inspections by Health Canada, Canada's agency responsible for regulating the cultivation and marketing of cannabis products in Canada.

The complaints allege that during the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) CannTrust was growing cannabis

Action") all have a class period of November 14, 2018 through July 5, 2019. The action *Jones v. CannTrust Holdings Inc., et al*., Case No. 1:19-cv-06883-JPO ("*Jones* Action") has a class period of February 25, 2019 through July 12, 2019.

in its Pelham, Ontario greenhouse (the "Pelham Facility" or the "Niagara Facility") while applications for regulatory approval were still pending; (2) CannTrust's Niagara Facility did not comply with certain regulations; (3) CannTrust was reasonably likely to face an inventory hold by Health Canada until the Niagara Facility becomes compliant with applicable regulations; (4) the Company's customers would face shortages and would likely seek product from CannTrust's competitors; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis. The *Jones* Action further alleges that CannTrust was providing misleading information to Health Canada about its compliance with applicable regulators and had installed fake walls in the Niagara Facility to conceal illegal growing practices.

On July 8, 2019, CannTrust issued a press release revealing to investors that CannTrust had grown cannabis in five unlicensed rooms at its Niagara Facility between October 2018 and March 2019 and thus, CannTrust was non-compliant with certain regulations. Further on July 8, 2019, it was revealed that CannTrust had shipped some of the unlicensed cannabis prior to Health Canada's halt and the Company admitted that "mistakes were absolutely made at CannTrust." On this news, shares of CannTrust plummeted $1.10, or over 22%, to close at $3.83 per share on July 8, 2019, damaging investors.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it

may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by substantially similar Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

## A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as a representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

## B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that …has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig*., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $209,360.16 in connection with his purchases of CannTrust securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in CannTrust securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

---

[2] *Lax v. Merch. Acceptance Corp*., 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

**C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

**1.    Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and

misleading statements about CannTrust's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in CannTrust securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial

interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff of the Class; (3)

approving Movant's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: September 9, 2019   Respectfully submitted,

          **THE ROSEN LAW FIRM, P.A.**

          /s/ Phillip Kim
          Phillip Kim, Esq. (PK 9384)
          Laurence M. Rosen, Esq. (LR 5733)
          275 Madison Avenue, 34th Floor
          New York, New York 10016
          Telephone: (212) 686-1060
          Fax: (212) 202-3827
          Email: pkim@rosenlegal.com
          Email: lrosen@rosenlegal.com

          *[Proposed] Lead Counsel for Lead Plaintiff and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>

11