# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN HUANG, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT,<br><br>    Defendants. | Case No. 1:19-cv-06396 |
| GUSTAVO ALVARADO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT,<br><br>    Defendants. | Case No. 1:19-cv-06438 |

<table>
<tr><td>

SCOTT JUSTISS, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT,
,

     Defendants.

</td><td>

Case No. 1:19-cv-07164

</td></tr>
</table>

<table>
<tr><td>

RONALD E. JONES, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT,

     Defendants.

</td><td>

Case No. 1:19-cv-06883

</td></tr>
</table>

**MEMORANDUM IN SUPPORT OF YIN ZHAO'S MOTION FOR (A) CONSOLIDATION OF RELATED PSLRA CASES, (B) APPOINTMENT AS LEAD PLAINTIFF, AND (C) APPOINTMENT OF LEAD AND LIASON COUNSEL**

# INTRODUCTION

Before this Court is a securities class action brought on behalf of purchasers of CannTrust Holdings Inc. ("CannTrust" or the "Company") common stock between November 14, 2018, and July 5, 2019 inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Yin Zhao (the "Proposed Lead Plaintiff") hereby moves this Court for an order: (i) consolidating the four above captioned cases (ii) appointing Yin Zhao as Lead Plaintiff; and (iii) approving Mr. Zhao's selection of Block & Leviton LLP to serve as lead counsel, and Finkelstein, Blankinship, Frei-Pearson & Garber, LLP as liaison counsel.

This motion is made on the grounds that Mr. Zhao is the most adequate plaintiff as defined by the PSLRA because he possesses a significant financial interest in the Action, having lost $306,946.88 on his purchase of CannTrust common stock, and otherwise satisfies Federal Rule of Civil Procedure 23 in that the Proposed Lead Plaintiff's claims are typical of the claims of the putative class and he will fairly and adequately represent the interests of the class.

Accordingly, Mr. Zhao should be appointed Lead Plaintiff, and his selection of counsel should be approved.

# FACTUAL BACKGROUND[1]

CannTurst Holdings purports to be a licensed producer and distributor of medical and recreational cannabis. During the Class Period, CannTrust filed multiple disclosures with the Securities Exchange Commission ("SEC") that contained material misleading information

---

[1] Citations are to the first-filed complaint in *Huang v. CannTrust Holdings Inc., et. al.,* No. 1:19-cv-06396 (ECF No. 1).

regarding CannTrust's business operations and compliance with regulations. ¶¶ 17-23. On July 8, 2019, the Company announced via press release that's its cannabis facility in Pelham, Ontario was non-compliant with Canadian regulations. ¶ 24. On this news, CannTrust shares fell by 22%. ¶ 25.

Four cases have been filed in this Court asserting federal securities law claims against various Defendants who are alleged to have promoted and participated in CannTrust's material misstatements and omissions:

- *Huang v. CannTrust Holdings Inc., et. al.,* Case No. 1:19-cv-06396 (07/10/19) (July 10, 2019) ("*Huang Compl.*")

- *Alvarado v. CannTrust Holdings Inc., et. al.,* Case No. 1:19-cv-06438 (07/11/19) (July 11, 2019)("*Alvarado Compl.*")

- *Jones v. CannTrust Holdings Inc., et. al.,* Case No. 1:19-cv-06883 (07/24/19) (7/24/2019) ("*Jones Compl.*")

- *Justiss v. CannTrust Holdings Inc., et. al.,* Case 1:19-cv-07164 (7/31/19) ("*Justiss Compl.*")

(together, the "Related Cases").

The Related Cases are substantially similar. They have similar Defendants: both of the Related Cases bring claims against CannTrust (*Huang Compl.* ¶ 12, *Alvarado Compl.* ¶ 19, *Jones Compl.* ¶ 20, *Justiss Compl* ¶ 12), Peter Aceto (*Huang Compl.* ¶ 13, *Alvarado Compl.* ¶ 20, *Jones Compl.* ¶ 21, *Justiss Compl* ¶ 13), and Greg Guyatt (*Huang Compl.* ¶ 14, *Alvarado Compl.* ¶ 21, *Jones Compl.* ¶ 22, *Justiss Compl* ¶ 14).

The Related Cases have similar claims. All four related cases include counts under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5. (*Huang Compl.* ¶ 53, *Alvarado Compl.* ¶ 60, *Jones Compl.* ¶ 74, *Justiss Compl* ¶ 53). Both Related Cases also include counts under Section 20(a) of the Exchange Act (*Huang Compl.* ¶ 58, *Alvarado Compl.* ¶ 66, *Jones Compl.* ¶ 77, *Justiss Compl* ¶ 58).

Finally, the PSLRA cases are based on the same operative facts: namely, the material misstatements and omissions made by the Company in connection with its failure to comply with Canadian regulations for its cannabis facility in Penhalm (*Huang Compl.* ¶¶ 17-25, *Alvarado Compl.* ¶¶ 28-48, *Jones Compl.* ¶¶ 28-61, *Justiss Compl* ¶¶ 16-35).

## ARGUMENT

### I.     The Above-Captioned Cases Should be Consolidated.

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [regarding the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) of the Federal Rules of Civil Procedure grants the court discretion to consolidate actions involving a "substantially identical questions of law and fact." *Kux–Kardos v. VimpelCom, Ltd.,* 151 F.Supp.3d 471, 475 (S.D.N.Y. 2016) (consolidating securities actions where "all plaintiffs rely on a common pattern of factual allegations and share a common legal question"). Here, as described above, the Related Cases have the same Defendants, the same legal claims, and all arise under substantially the same set of facts: the material misstatements made by CannTrust. As such, they qualify for consolidation under Fed. R. Civ. P. 42(a). *See VimpelCom, Ltd.,* F.Supp.3d at 475. Accordingly, the cases should be consolidated into the first-filed *Huang* action*,* Case No. 1:19-cv06396. Upon selection as lead plaintiff, Mr. Zhao proposes to file a single consolidated class action complaint.

## II.    Mr. Zhao Should Be Appointed Lead Plaintiff.

### A.    The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on BusinessWire a national, business-oriented newswire service, by Glancy Prongay & Murray LLP on July 10, 2019. *See* Block Decl. Ex. A.[2]  Within 60 days after publication of the notice (*i.e.*, September 9, 2019), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

---

[2] Citations to the "Block Decl." are to the Declaration of Jeffrey C. Block, filed concurrently herewith.

**B.     Mr. Zhao Has Complied with the PSLRA**

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Zhao timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Zhao signed a certification pursuant to the PLRSA. *See* Block Decl. Ex. B. Mr. Zhao has selected and retained competent lead and liaison counsel to represent him and the class. *See* Block Decl. Ex. D & E. Accordingly, Mr. Zhao is entitled to have his application for appointment as lead plaintiff and selection of lead and liaison counsel considered and approved by the Court.

**C.     Mr. Zhao Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, Mr. Zhao's accompanying signed certification and loss chart, Mr. Zhao incurred a substantial loss of $306,946.88 on his class period transactions in CannTrust common stock. *See* Block Decl. Ex. B & C.[3] At the time of this filing, Mr. Zhao believes he possesses the largest financial interest of any movant seeking lead plaintiff status.

**D.     Mr. Zhao Otherwise Satisfies Rule 23**

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). "'Typicality 'requires that the claims of the class

---

[3] Mr. Zhao's certification lists the date on which his stock purchase settled and not the actual trade date. For shares listed on April 25, 2019 the trade date is actually April 23, 2019 and for shares listed on July 1, 2019 the trade date is actually June 27, 2019. See Block Decl. ¶ 4.

representatives be typical of those of the class and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id*. at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class. . . .'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Mr. Zhao's claims are typical because, like all members of the putative class, he purchased or otherwise acquired CannTrust shares during the Class Period at prices artificially inflated by Defendants' wrongful conduct and suffered damages as a result thereof. Mr. Zhao's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove Defendants' liability.

Mr. Zhao is also an adequate representative for the proposed class. His substantial financial interests in the outcome of the action demonstrates that his interest is aligned with those of the class. And, Mr. Zhao has selected highly experienced counsel committed to zealously and efficiently prosecuting these actions to a successful conclusion. *See* Block Decl. Ex. D & E. Thus, Mr. Zhao satisfies the adequacy requirements of Rule 23(a)(4).

Because Mr. Zhao is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, he should be appointed Lead Plaintiff.

## III. The Court Should Appoint Mr. Zhao's Choice of Counsel.

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Zhao has selected Block & Leviton, a firm with substantial experience in the prosecution of shareholder

and securities class actions to serve as lead counsel, and Finkelstein Blankinship Frei-Pearson & Garber, LLP to serve as liaison counsel. *See* Block Decl. Ex. D & E. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.). I find the experience garnered from such representations will benefit the shareholder in this suit.*

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D. N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve Mr. Zhao's selection of Block & Leviton as lead counsel, and Finkelstein Blankinship Frei-Pearson & Garber, LLP as liaison counsel.

## CONCLUSION

For the foregoing reasons, Mr. Zhao respectfully requests that the Court: (i) consolidate the four above-captioned cases, (ii) appoint Mr. Zhao as Lead Plaintiff in the Action; (iii) approve his selection of Lead and Liaison Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

Dated: September 9, 2019

Respectfully submitted,

*/s/ Greg Blankinship*
**FINKELSTEIN BLANKINSHIP FREI-PEARSON & GARBER LLP**
445 Hamilton Ave, Suite 605
White Plains, NY 10601
(914) 298-3281 phone
(914) 824-1561 fax
gblankinship@fbfblaw.com

*Attorneys for Mr. Zhao and*
*Proposed Liaison Counsel*

Jeffrey C. Block
Jacob A. Walker, *pro hac vice* to be filed
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockesq.com
jake@blockesq.com

*Attorneys for Mr. Zhao and*
*Proposed Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Greg Blankinship*
Greg Blankinship