**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUN HUANG, Individually and on Behalf of All Others Similarly Situated, <br><br>               Plaintiff, <br><br>     vs. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT, <br><br><br>               Defendants. | 1:19-cv-06396-JPO <br><br> <u>CLASS ACTION</u> |
| GUSTAVO ALVARADO, Individually and on Behalf of All Others Similarly Situated, <br><br>               Plaintiff, <br><br>     vs. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO, GREG GUYATT, and IAN ABRAMOWITZ, <br><br><br>               Defendants | 1:19-cv-06438-JPO <br><br> <u>CLASS ACTION</u> |
| RONALD E. JONES, Individually and on Behalf of All Others Similarly Situated, <br><br>               Plaintiff, <br><br>     vs. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT, <br><br><br>               Defendants. | 1:19-cv-06883-JPO <br><br><br> <u>CLASS ACTION</u> |
| SCOTT JUSTISS, Individually and On Behalf of All Others Similarly Situated, <br>               Plaintiff, <br>     vs. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT, <br><br><br>               Defendants. | 1:19-cv-07164-JPO <br><br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF
GARY ROSETTA'S MOTION TO CONSOLIDATE RELATED ACTIONS AND
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Class member Gary Rosetta respectfully submits this memorandum of law in support of his motion for:

(a) consolidation of the above-captioned related actions pursuant to Federal Rule of Civil Procedure 42(a);

(b) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(c) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

**PRELIMINARY STATEMENT**

Presently pending in this District are the above-captioned related securities class actions (the "Actions") alleging virtually identical violations of the Exchange Act brought on behalf of all persons or entities (the "Class") who purchased the securities of CannTrust Holdings Inc. ("CannTrust" or the "Company") between November 14, 2018 and July 12, 2019, inclusive (the "Class Period"). Mr. Rosetta moves for these Actions to be consolidated pursuant to Federal Rule of Civil Procedure 42(a) because they involve common questions of law and fact and because consolidation here would promote judicial economy.

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial

1

interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Mr. Rosetta satisfies these requirements and should be appointed Lead Plaintiff of the Actions. First, Mr. Rosetta lost $228,847.50 on his purchases of CannTrust securities during the Class Period. Mr. Rosetta believes that his loss is the largest financial loss in the Actions and his substantial financial interest will ensure his vigorous prosecution of the Class' claims. Second, Mr. Rosetta satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Mr. Rosetta has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, Mr. Rosetta respectfully requests that the Court grant his motion to consolidate the Actions, to appoint him as Lead Plaintiff, and to approve his selection of Bernstein Liebhard as Lead Counsel.

## SUMMARY OF THE COMPLAINT

CannTrust is a licensed producer and distributor of medical and recreational cannabis.

The Actions allege that, during the Class Period, Defendants failed to disclose to investors that: (1) the Company was growing cannabis in its Pelham greenhouse while applications for regulatory approval were still pending; (2) the Company's Pelham greenhouse did not comply with certain regulations; (3) as a result, the Company was reasonably likely to face an inventory hold by Health Canada until the Pelham facility becomes compliant with applicable regulations; (4) as a result, the Company's customers would face shortages and would likely seek product from CannTrust's competitors; and (5) as a result of the foregoing,

Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

On July 8, 2019, the Company disclosed that Health Canada found that its greenhouse facility in Pelham, Ontario was non-compliant with certain regulations. As a result, Health Canada placed a hold on 5,200 kilograms of dried cannabis harvested from the unlicensed rooms, along with an additional 7,500 kilograms voluntarily held by the Company, until the facility becomes compliant.

On this news, the Company's share price fell $1.11, or more than 22%, to close at $3.83 per share on July 8, 2019, on unusually heavy trading volume.

Then, on July 12, 2019, CannTrust announced that it had implemented a voluntary and indefinite hold on all of its products pending an internal review and the results of the investigation by Health Canada.

On this news, the price of CannTrust common stock dropped from a close of $3.11 per share on July 11, 2019 to a close of $2.58 per share on July 12, 2019, a decline of more than 17%.

## ARGUMENT

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

3

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the Actions has been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    THE COURT SHOULD APPOINT MR. ROSETTA AS LEAD PLAINTIFF

### A.    The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the

Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Mr. Rosetta meets the foregoing criteria, and therefore is entitled to the presumption of being the "most adequate plaintiff" of the Class.

### B.      Mr. Rosetta is the Most Adequate Plaintiff

Mr. Rosetta, as an investor for over 20 years, respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1.      Mr. Rosetta's Motion is Timely

On June 10, 2019, the Early Notice was published via *Business Wire*, a widely circulated national business-oriented wire service. *See* Declaration of Matthew E. Guarnero ("Guarnero

Decl."), Ex. A.  Accordingly, putative class members had until September 9, 2019, to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.")

Mr. Rosetta has timely filed his motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in this Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Guarnero Decl., Ex. B. Accordingly, Mr. Rosetta satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Mr. Rosetta Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Mr. Rosetta suffered a substantial loss of $228,847.50 in connection with his purchases of CannTrust securities during the Class Period. *See* Guarnero Decl., Ex. C. Mr. Rosetta is not aware of any other movant that has suffered greater losses in CannTrust securities during the Class Period. Accordingly, Mr. Rosetta has the largest financial interest in this litigation.

### 3.    Mr. Rosetta Meets the Requirements of Fed. R. Civ. P. 23

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Mr. Rosetta satisfies the adequacy and typicality requirements of

Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

### 1.   Mr. Rosetta's Claims Are Typical of Those of the Class

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Mr. Rosetta's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Mr. Rosetta as to all members of the Class. Since Mr. Rosetta's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### 2.   Mr. Rosetta Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case

to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Mr. Rosetta is an adequate Lead Plaintiff. Mr. Rosetta resides in the state of Texas and has been an investor for over 20 years. Mr. Rosetta and members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Mr. Rosetta's substantial financial stake in the litigation, Class members can be assured that Mr. Rosetta has the incentive to vigorously prosecute the claims.

Additionally, Mr. Rosetta has demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

## III.    THE COURT SHOULD APPROVE MR. ROSETTA'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Guarnero Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. *The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein

Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Gary Rosetta respectfully requests that this Court: (1) consolidate the related Actions; (2) appoint him as Lead Plaintiff of the consolidated Actions, and all subsequently-filed, related actions; and (3) approve Mr. Rosetta's selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: September 9, 2019

Respectfully submitted,

/s/ Matthew E. Guarnero
**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Laurence J. Hasson
Matthew E. Guarnero
10 East 40th Street
28th Floor
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: bernstein@bernlieb.com
lhasson@bernlieb.com
mguarnero@bernlieb.com

*Counsel for Gary Rosetta and Proposed Lead*
*Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I, Matthew E. Guarnero, hereby certify that on September 9, 2019, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF GARY ROSETTA'S MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: September 9, 2019

/s/ Matthew E. Guarnero
Matthew E. Guarnero

11