# EXHIBIT D

# Bernstein Liebhard LLP

**10 East 40th Street**
**New York, New York 10016**
**ph:  (212) 779-1414**
**fax: (212) 779-3218**

**www.bernlieb.com**

## FIRM RESUME

Bernstein Liebhard LLP (the "Firm") was formed in 1993 as a boutique litigation practice to represent institutional and individual investors in shareholder class and derivative litigation and consumers in consumer fraud and antitrust litigation.

The Firm is the only firm in the country to be named by THE NATIONAL LAW JOURNAL to the "Plaintiffs' Hot List," recognizing the top plaintiffs' firms in the country, for thirteen years.  The Firm is also included in THE NATIONAL LAW JOURNAL's "Plaintiffs' Hot List Hall of Fame" and was recognized by THE NATIONAL LAW JOURNAL as one of a select group of "America's Elite Trial Lawyers" for three consecutive years.  The Firm was selected for its "exemplary and cutting-edge work" on behalf of plaintiffs in the Securities Law and Antitrust categories and for "big victories in complex cases that have a wide impact on the law and legal business."

The Firm has been listed for the eleven consecutive years in THE LEGAL 500, a guide to the best commercial law firms in the United States.  THE LEGAL 500 is an independent "guide to 'the best of the best' – the pre-eminent firms in the world's strongest and most competitive legal market."  In addition, the Firm was listed for four consecutive years in BENCHMARK PLAINTIFF: THE DEFINITIVE GUIDE TO AMERICA'S LEADING PLAINTIFF FIRMS & ATTORNEYS ("BENCHMARK PLAINTIFF").  BENCHMARK PLAINTIFF focuses exclusively on plaintiff litigation, "highlighting firms and individuals responsible for bringing the cases that matter."  The Firm has also received

1

Martindale-Hubbell's highest ratings for legal ability (A) and ethical standards (V) and "Peer Review Rated 2012" by the American Association of Justice.

Bernstein Liebhard has also been selected by the legal publication LAW360 to its list of the top six plaintiff-side securities firms in the nation. The Firm was recognized for its "leadership work" in connection with the $586 million settlement in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (S.D.N.Y.) and the $400 million settlement in *In re Marsh & McLennan Cos., Inc. Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y.). The Firm was also recognized by RiskMetrics Group, Inc. for three consecutive years in its annual Securities Class Action Services list as one of the top plaintiffs' securities class action firms in the country, as measured by annual settlement amounts.

## PRACTICE AREAS

### *SECURITIES LITIGATION*

Since its inception in 1993, Bernstein Liebhard has represented individual and institutional investors in securities litigation, recovering over $3.5 billion for the classes we have represented. The Firm has successfully served as sole lead counsel and as co-lead counsel in some of the largest securities class action cases in the past decade and has actively litigated scores of actions to successful conclusions. For example, the Firm, as lead, executive committee counsel, and co-counsel has successfully obtained many multi-million dollar recoveries. These cases include, among others:

- *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (S.D.N.Y. 2009) (a coordinated litigation of over 300 securities class actions, in which a $586 million settlement was obtained after seven full-day mediation sessions);

- *In re Marsh & McLennan Cos., Inc. Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement of an action brought against the world's largest insurance broker, arising from the company's improper practice of steering its clients to insurance companies that agreed to pay it billions of dollars in contingent commissions);

- *In re Beacon Associates Litigation*, No. 09-CIV-0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement on behalf of hedge funds that invested with Bernard L. Madoff, which resolved claims in the *In re Beacon Associates Litigation*, No. 09-CIV-0777 (LBS) (AJP) (S.D.N.Y.) and *In re J.P. Jeanneret* Associates *Inc.*, No. 09-CIV-3907 (CM) (AJP) (S.D.N.Y.) class actions, as well as several additional lawsuits in federal and New York State court against the settling defendants, including suits brought by the United States Department of Labor and the New York Attorney General);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (the case, which arose from Royal Dutch/Shell's 2004 announcements that it had overstated its proved oil and gas reserves by a material amount – about *one*-third of its proved reserves, settled for $166.6 million);

- *In re Fannie Mae Securities Litigation,* No. 04-1639 (FJL) (D.D.C. 2013) (settlement of $153 million, the largest securities settlement in the D.C. Circuit since the passage of the PSLRA, and ranks among the top 5% of securities class action settlements of all time);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (S.D.N.Y. 2011) (settlement in excess of $100 million, in which the Firm represents investors who lost millions of dollars in hedge funds that invested with Bernard L. Madoff);

- *In re Cigna Corp. Securities Litigation*, No. 02CV8088 (E.D. Pa. 2007) ($93 million settlement obtained following four years of vigorous litigation);

- *In re Bankers Trust Securities Litigation*, No. 98-CV-08460 (S.D.N.Y. 2002) ($58 million settlement; 100% recovery of loss);

- *In re Procter & Gamble Co. Securities Litigation*, No. 00-CV-00190 (S.D. Ohio 2001) ($49 million settlement);

- *In re Bausch & Lomb, Inc. Securities Litigation*, No. 94-CV-06270 (W.D.N.Y. 1998) ($42 million settlement);

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y.) ($33 million settlement).

- *In re BellSouth Corp. Securities Litigation*, No. 02-CV-2142 (N.D. Ga. 2007) ($35 million settlement);

- *In re Beazer Homes U.S.A., Inc. Securities Litigation*, No. 07-CV-725-CC (N.D. Ga. 2009) ($30.5 million settlement);

- *Di Giacomo v. Plains All American Pipeline, LP*, No. 99-CV-4137 (S.D. Tex. 2001) ($24.1 million settlement);

- *In re Riscorp Inc. Securities Litigation*, No. 96-02374 (M.D. Fla. 1998) ($21 million settlement);

- *In re Tower Group International, Ltd. Securities Litigation*, No. 13-CV-5852 (AT) (S.D.N.Y. 2015) ($20.5 million settlement partial settlement);

3

- *In re Lumenis Securities Litigation*, No. 02-CV-1989 (S.D.N.Y. 2008) ($20.1 million settlement);

- *In re TASER International Securities Litigation*, No. C05-0115 (D. Ariz. 2007) ($20 million settlement);

- *In re Gilat Satellite Networks, Ltd. Securities Litigation*, No. 02-CV-1510 (E.D.N.Y. 2007) ($20 million settlement);

- *In re Kit Digital, Inc. Securities Litigation*, No. 12-CV-04199 (VM) (S.D.N.Y. 2013) $6,001,999 settlement);

- *Peters v. JinkoSolar Holdings*, No. 11-CV-07133 (JPO) (S.D.N.Y. 2015) ($5.05 million settlement); and

- *Szymborski v. Ormat Technologies, Inc.*, No. 10-CV-00132-ECR (D. Nev. 2012) ($3.1 million settlement).

The Firm has also served as lead counsel in numerous corporate governance and corporate takeover litigations (both hostile and friendly) on behalf of stockholders of public corporations. The Firm has prosecuted actions challenging numerous highly publicized corporate transactions which violated fair process and fair price, and the applicability of the business judgment rule. These cases have resulted in multi-million dollar improvements in transaction terms and in strengthening the democratic rights of public shareholders:

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, No. 8145-VCN (Del. Ch. 2015) (the Firm, as co-lead counsel, recovered $153.5 million for shareholders and obtained an unprecedented provision allowing the settlement to be distributed to Freeport shareholders in the form of a special dividend. The settlement is one of the largest derivative settlements in the Delaware Court of Chancery history);

- *In re Great Wolf Resorts, Inc. Shareholders Litigation*, No. C.A. 7328-VCS (Del. Ch. 2012) (the Firm obtained the elimination of stand-still provisions that allowed third parties to bid for Great Wolf Resorts, Inc. ("Great Wolf") – resulting in the emergence of a third-party bidder and approximately $94 million in additional merger consideration for Great Wolf's shareholders);

- *In re Atlas Energy, Inc. Shareholders Litigation*, No. C.A. 5990-VCL (Del. Ch. 2011) (the Firm obtained a settlement providing an additional $7.45 million in merger consideration for Atlas Energy shareholders);

- *In re Pride International, Inc. Shareholders Litigation*, No. C.A. 6201-VCS (Del. Ch. 2011) (after the completion of expedited discovery and prior to a preliminary injunction hearing, the Firm obtained a proposed settlement providing material modifications to a contested merger agreement and the dissemination of supplemental disclosures in connection with a proxy statement sent to Pride shareholders);

4

- *In re Mutual Funds Investment Litigation [Federated Sub-Track]*, No. 04-MD-15861 (CCB) (D. Md. 2010) (representing investors in Federated Investors Funds fluctuating mutual funds, the Firm obtained a total settlement of $3,381,500 in addition to significant corporate governance reforms.  The benefits obtained by the Firm were in addition to $72 million that Federated Investors, Inc. ("Federated") paid pursuant to the settlement of regulatory investigations concerning Federated's alleged market-timing and late-trading activities.  The Firm also obtained declaratory and injunctive relief to ensure that the alleged market-timing and late-trading activities would not be repeated);

- *In re Mutual Funds Investment Litigation [Bank of America/Nations Sub-Track]*, No. 04-MD-15862 (JFM) (D. Md. 2010) (representing investors in Nations Fund Mutual Funds (the "Nations Funds"), the Firm, with lead counsel, achieved settlements that resolved the class action and several related litigations arising from alleged market timing and late trading in various mutual funds in the Bank of America mutual fund family.  The settlements established a jointly-recommended minimum allocation of at least $60 million to shareholders of the Nations Funds from a fund created as a result of Bank of America's settlement of regulatory investigations.  In addition to the monetary allocation, the settlements provide for corporate governance changes concerning the detection and prevention of future market timing and late trading in the Nations Funds.  The Firm and lead counsel also recovered an additional $2,100,000 from non-Bank of America defendants);

- *Kwait v. Berman*, No. 5306-CC (Del. Ch. 2010) (obtained significant amendments to a voting agreement agreed to by RiskMetrics Group, Inc.'s interested shareholders in connection with a proposed merger, as well as additional disclosures concerning the proposed merger);

- *In re UnitedGlobalCom Shareholders Litigation*, No. 1012-VCS (Del. Ch. 2008) (plaintiffs, former shareholders of UnitedGlobalCom ("UGC"), successfully achieved a $25 million settlement in a case alleging that a minority exchange transaction with UGC's majority shareholder did not meet the entire fairness standard);

- *In re Cablevision Systems Corp. Shareholders Litigation*, No. 05-009752 (N.Y. Sup. Ct. 2007) (plaintiffs successfully deterred a going-private transaction proposed by Cablevision's controlling shareholder at an inadequate price.  The proposal was ultimately converted to a $2.5 billion special dividend payable ratably to all Cablevision shareholders.  In connection with the settlement, Cablevision agreed to implement corporate governance reforms and other procedures to ensure that the special dividend was financially fair to Cablevision and its public shareholders);

- *In re Plains Resources, Inc. Shareholders Litigation*, No. 071-N (Del. Ch. 2004) (plaintiffs challenged the buyout of the public shares of Plains Resources by two of the company's senior executives and Vulcan Energy.  Through the Firm's aggressive efforts as co-lead counsel, which included motions for expedited discovery and a preliminary injunction, the price paid for Plains Resources shares in connection with the buyout was increased twice, yielding an additional $67 million in merger consideration);

- *In re MONY Group Inc. Shareholder Litigation*, No. 20554 (Del. Ch. 2004) (Delaware Chancery Court issued a preliminary injunction enjoining the shareholder vote on the merger pending the issuance of curative disclosures by the MONY defendants; as part of the settlement, certain of MONY's executives forfeited approximately $7.4 million in change-of-control payments, funding an increase in the consideration received by MONY's shareholders in the merger);

5

- *In re Arco Chemical Co. Shareholders Litigation*, No. 16493-NC (Del. Sup. 2002) (the Firm's advocacy led the Delaware Supreme Court to require the company to broaden the rights of public shareholders in change-of-control transactions);

- *In re AXA Financial Shareholders Litigation*, No. 18268 (Del. Ch. 2002) ($500 million increased merger consideration);

- *In re Kroll-O'Gara Shareholders Litigation*, No. 99 CIV. 11387 (S.D.N.Y. and Ohio State Ct. 2002) (derivative case brought on behalf of Kroll-O'Gara to remedy internecine disputes among the company's senior management; the case settled with significant corporate governance changes, including an independent committee of directors to oversee change-of-control transactions and certain other internal management issues);

- *Shapiro v. Quickturn Design Systems, Inc.*, No. 16850-NC (Del. Ch. 2002) (the Firm successfully represented public stockholders in a trial in Delaware Chancery Court that invalidated a modified "deadhand" poison pill anti-takeover provision; following the affirmance of the trial verdict by the Delaware Supreme Court, the Firm secured the implementation of procedures designed to ensure a full and active auction maximizing shareholder value, paving the way for a takeover of Quickturn at a premium of approximately $51 million);

- *In re Ascent Entertainment Group Inc. Derivative Litigation*, No. 17201-NC (Del. Ch. 2000) (involving the proposed sale of the Colorado Avalanche and the Denver Nuggets, both owned at the time by Ascent, to Ascent's CEO and Chairman; by virtue of the Firm's representation, Ascent commenced a new auction for the sports teams, which resulted in a higher price (approximately $40 million) to be paid for the teams; also, by virtue of the settlement, the parties agreed that the plaintiffs could appoint a director of their choosing to the Ascent board);

- *In re Foamex International Inc. Shareholders Litigation*, No. 16259-NC (Del. Ch. 2000) (the Firm's efforts culminated in the requirements that the company appoint two independent directors, that it constitute a nominating committee to search for and recommend new independent directors, and that any related-party transactions be reviewed and approved by a majority of disinterested directors);

- *In re Archer Daniels Midland Corp. Derivative Litigation*, No. 14403 (Del. Ch. 1997) (the Firm, as lead counsel, effected important corporate governance improvements, including the requirement that a majority of the board be comprised of outside directors; the creation of a nominating committee; the requirement that the audit committee oversee corporate compliance; and the requirement that the audit committee be composed of outside directors); and

- *In re Sears, Roebuck Derivative Litigation*, No. 88 CH 10009 (Ill. Ch. Ct.) (Senior Partner Stanley D. Bernstein pioneered the use of litigation to achieve corporate governance reform in the early 1990s, gaining the addition of outside directors to Sears' board, and expanding the role of outside directors on the company's nominating committee).

6

## CONSUMER LITIGATION

Bernstein Liebhard also has an active consumer practice. The Firm represented thousands of affected tenants of the Stuyvesant Town and Peter Cooper Village rental apartment complexes in Manhattan. The case centered on allegations that landlords of the rental complexes have, for many years, illegally charged market-rate rents for apartments that should have been rent stabilized under New York City's Rent Stabilization Law, thereby overcharging each affected tenant thousands of dollars per year. The core legal issue was whether landlords could permissibly deregulate and charge market-rate rents for certain "luxury" apartment units in these complexes in years in which the landlords were simultaneously receiving New York City tax abatements, known as "J-51" benefits. Prior to obtaining the $146.85 million dollar settlement, the Firm, as co-lead counsel, obtained a landmark ruling in favor of tenants from the New York Court of Appeals, the highest appellate court in New York State. The Court of Appeals ruled that the New York statutory scheme prevented landlords of rent stabilized buildings from charging market-rate rents while receiving J-51 benefits for as long as they continue to receive those tax benefits. The Firm continued to aggressively litigate the case and brought nine other cases based on the this decision. The decision overturned state agency regulations that had been in effect for at least nine years. CRAIN'S NEW YORK BUSINESS described it as "a decision that will have colossal implications for tenants and landlords across the city."

The Firm won a verdict of $14.7 million in 2009 for the clients and class we represented in *Artie's Auto Body, Inc. v. Hartford Fire Insurance Co.*, No. X08-CV-03-0196141S (CLD) (Conn. Super. Ct.), following a four-week jury trial. In addition to the $14.7 million jury verdict, in 2013 the Firm obtained a $20 million punitive damage award – the largest punitive damage award in the history of Connecticut's Unfair Trade Practices Act. Regrettably, the verdict and the punitive damage award were reversed on appeal.

The Firm also successfully litigated a consumer class action which resulted in the re-labeling of a popular home medical testing device to properly reflect the product's limitation in

*Wagner v. Inverness Medical Innovations, Inc.*, No. 03-cv-404-J-20 (M.D. Fla.) and obtained favorable settlements in consumer fraud class actions for classes consisting of owners and lessees of certain Volvo automobiles ($30 million) and certain Saab automobiles ($4.25 million).

## ANTITRUST LITIGATION

The Firm's antitrust practice is also active and growing.  The Firm served as one of the co-lead counsel in the *In re Processed Egg Products Antitrust Litigation*, No. 08-MD-2002 (E.D. Pa.), where we obtained settlements in excess of $125 million from multiple defendants in this multi-district antitrust case filed against sixteen trade groups and producers alleging an industry-wide, price-fixing conspiracy that raised the price of shell eggs and egg products in violation of the Sherman Antitrust Act.

The Firm served on the Plaintiffs' Executive Committee in *In Re Polyurethane Foam Antitrust Litigation*, MDL No. 2196 (N.D. Ohio), a case involving a price-fixing conspiracy by some of the world's largest manufacturers of flexible polyurethane foam. The case settled for over $400 million just days before trial.

The Firm was a member of the Direct Purchaser Plaintiffs' Executive Committee in *In re Fresh and Process Potatoes Antitrust Litigation*, No. 10-MD-02186-BLW-CWD (D. Idaho), an antitrust class action commenced on behalf of direct purchasers of fresh and processed potatoes that resulted in a $19.5 million settlement.

This Firm also served on the court-appointed Plaintiffs' Executive Committee in the *In re Pool Products Distribution Market Antitrust Litigation*, an antitrust case commenced on behalf of a nationwide class of direct purchasers of pool products, filed against a pool products distributor and the three largest manufacturers of pool products in the United States. The plaintiffs asserted claims against all defendants under Section 1 of the Sherman Act for conspiracy to restrain trade, and against the pool products distributor under Section 2 of the Sherman Act for attempted monopolization.  As part of the Plaintiffs' Executive Committee, the Firm secured approximately $16 million recovery for the class.

On March 24, 2016, the Firm was appointed to the Executive Committee for the Direct Purchaser Plaintiffs in *In re Packaged Seafood Products Antitrust Litigation*, an action consolidated for pretrial proceedings in the Southern District of California. This action arises out of a conspiracy by the largest producers of packaged seafood products ("PSPs") in the United States to fix, raise, maintain, and/or stabilize prices for PSPs within the United States, and its territories and the District of Columbia, in violation of Sections 1 and 3 of the Sherman Antitrust Act (15 U.S.C. §§ 1, 3).

The Firm is also part of the litigation team in *In re Broiler Chicken Antitrust Litigation*, a national class action alleging that beginning in 2008, broiler chicken producers coordinated their efforts to artificially reduce the supply of broiler chickens for sale in the United States in violation of Section 1 of the Sherman Act.

## COMMERCIAL LITIGATION

Bernstein Liebhard also has an active commercial litigation practice, where it represents businesses, public pension funds, and other entities in high stakes, complex litigation. For example, the Firm represented the New Mexico Public Employees Retirement Association ("PERA") in an individual action against Wells Fargo Bank and affiliates arising from defendants' mismanagement of PERA's securities lending program. On the eve of trial, the Firm negotiated a $50 million recovery for PERA, representing over 65% of PERA's damages.

The Firm represented the New Mexico Educational Retirement Board ("ERB") in an action against Wells Fargo Bank and affiliates arising from the mismanagement of ERB's securities lending program. After two years of litigation, the Firm successfully negotiated a $5 million recovery for the ERB – representing over 50% of its damages.

The Firm acted as special litigation counsel to the Creditors Committee of Pandick Inc. (formerly the largest financial printer in the country) in connection with a complex fraudulent conveyance litigation and successfully recovered from Pandick's banks and directors over $14 million for Pandick's creditors.

9

The Firm also represented the Actrade Liquidation Trust (the "Trust"), the successor to Actrade Financial Technologies, Ltd., a former publicly-traded company on NASDAQ, and Actrade Capital ("Actrade") in two actions – the first (*Meer v. Aharoni*, No. 5141-CC (Del. Ch.)) against Actrade's former Chairman of the Board of Directors related to his misappropriate from Actrade and his fraudulent inflation of Actrade's revenues in order to earn a profit on his options; the second (*Meer v. Deloitte & Touche LLP*, No. 11-cv-06994 (LAK) (S.D.N.Y.)) against Deloitte & Touche, LLP for auditing malpractice and negligence.  The Firm negotiated a $3,050,000 global settlement for both actions in February 2013.

### WHISTLEBLOWER LITIGATION

Bernstein Liebhard also has an active whistleblower practice.  The False Claims Act has proven to be one of the most effective mechanisms to recover funds that have been stolen from the government through fraud by corporations, contractors, and individual wrongdoers.  Since 1986, more than 5,500 *qui tam* actions have been filed and more than $20 billion in settlements and recoveries have been recouped by the government under the False Claims Act.

Although the False Claims Act covers numerous forms of fraud on the government, the False Claims Act does not cover tax fraud.  Blowing the whistle on those who commit tax fraud on the government is governed by the Tax Relief and Health Care Act of 2006.  As with the False Claims Act, the Tax Relief and Health Care Act offers individuals the opportunity to report tax fraud and receive a reward for helping the government recover money lost due to tax fraud or other violations of the tax laws.

In 2010, Congress enhanced the Securities and Exchange Commission's whistleblower program with the adoption of the Dodd-Frank Wall Street Reform and Consumer Protection Act. The amendment, among other things, increases the amount of whistleblower awards payable by the SEC to those who provide the SEC with information concerning violations of the federal securities laws.

BERNSTEIN LIEBHARD LLP

Bernstein Liebhard LLP is dedicated to providing experienced, dedicated, and aggressive representation for whistleblowers looking to blow the whistle on those who commit fraud on the government or who violate the tax laws and the federal securities laws.  The Firm's whistleblower lawyers have extensive experience providing legal advice and representation to individuals filing lawsuits against persons and entities who commit fraud and other wrongdoing.

## SUPREME COURT AND APPELLATE PRACTICE

The Firm's Supreme Court and Appellate Practice Group (the "Appellate Practice Group") handles all the Firm's appeals and prepares *amicus curiae* briefs on a *pro bono* basis in important cases affecting the Firm's clients.  The group consults with our litigation and trial teams at the earliest stages of litigation to ensure that our clients are well positioned to win not only at the trial level, but also in the event of an appeal by either side.

The securities cases in which the Appellate Practice Group has filed *amicus curiae* briefs include:  *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, No. 06-43 (U.S.) and *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, No. 06-484 (U.S.), both before the United States Supreme Court and *In re Dynex Capital Securities Litigation*, No. 06-CV-2902 (2d Cir.), before the United States Court of Appeals for the Second Circuit.  These briefs were filed on behalf of eight states and five public pension funds in cases concerning critical issues of investor protection and securities litigation.  These states and public pension funds collectively manage approximately $568 billion of pension funds, represent millions of pensioners, and have an acute interest in ensuring that investors' rights are protected.

The Firm also filed an *amicus curiae* brief in the United States Supreme Court on behalf of Professor Arthur R. Miller in *Exxon Shipping Co. v. Baker*, No. 07-219 (U.S.).  The appeal, arising from the protracted litigation following the 1989 Exxon Valdez oil spill, addressed

11

BERNSTEIN LIEBHARD LLP

complex issues of procedural law, including the proper application of Federal Rule of Civil Procedure 50. The brief, prepared by the Firm at the request of and in collaboration with Professor Miller, identified certain procedural errors by the United States Court of Appeals for the Ninth Circuit that, if ratified by the United States Supreme Court, threatened to undermine the authority of federal district courts to manage their dockets in complex actions.

In October 2009, the Firm filed an *amicus curiae* brief in the United States Supreme Court on behalf of the AARP, a nonpartisan, non-profit organization of nearly forty million members that is dedicated to addressing the needs and interests of people age fifty and over, and the Detectives Endowment Association Annuity Fund in *Merck & Co. v. Reynolds*, No. 08-905 (U.S.), which was decided by the United States Supreme Court in April 2010. Ruling in favor of the plaintiffs, the Court resolved the standard to be applied by lower courts ruling on the definition of the deadline for filing a securities fraud lawsuit under federal law, adopting the view the Firm advocated for its clients: a plain reading of the statute of limitations – "two years after discovery of the facts constituting the violation" – can only mean that the clock starts running when the plaintiff actually discovers facts sufficient to state a claim.

The Appellate Practice Group also filed an *amicus curiae* brief with the United States Supreme Court in support of the plaintiff's position in *Wyeth v. Levine*, No. 06-1249 (U.S.), which was decided by the United States Supreme Court in March 2009. The Court, ruling in favor of the plaintiff, decided that FDA regulations did not preempt consumer lawsuits for injuries caused by defective pharmaceutical drugs.

The Appellate Practice Group filed an *amicus curiae* brief with the United States Court of Appeals for the Second Circuit in *UFCW Local 1776 Participating Employers Health & Welfare Fund 28 v. Eli Lilly & Co.*, No. 09-0222-cv (2d Cir.), on behalf of the AARP and Prescription Access Litigation LLC, in support of plaintiffs-appellees. The *amici's* brief to the Second Circuit argued that deceptive pharmaceutical marketing can affect doctors' medical decisions, harming consumers and leading to high costs and decreased access to treatment. In addition, the group successfully briefed the issue of whether landlords could permissibly deregulate and charge

market-rate rents for certain "luxury" apartment units in complexes in years in which the landlords were simultaneously receiving tax abatements from New York City, known as "J-51," before the New York State Court of Appeals in *Roberts v. Tishman Speyer Properties, L.P.*, No. 131 (N.Y.). The New York State Court of Appeals ruled that the New York statutory scheme prevents landlords of rent stabilized buildings from charging market-rate rents while receiving J-51 benefits for as long as they continue to receive those tax benefits. The decision is reported at *Tishman Speyer Properties, L.P.*, 13 N.Y.3d 270 (2009). The case settled in April 2013 for $146.85 million ($68.75 million cash).

## JUDICIAL PRAISE

Courts have repeatedly praised the efforts of the Firm and its partners:

*"I would also like to commend the lawyers in this case. Extremely thorough professional presentations were made under very trying circumstances . . . . They were all done to the highest quality of the legal profession, and the advocacy was always aggressive but within the bounds of good professional propriety . . . thank you for the excellent job that you did."*

- Honorable Alfred J. Jennings, Jr. of the Connecticut Superior Court (Stamford/Norwalk Division), following a successful four-week jury trial.[1]

———————————

*"[L]et me say one more thing. I compliment[ ] everybody in the way they've presented themselves here and I want you to know that I mean that sincerely . . . . I'm happy to say that the lawyers in this case have, again, conducted themselves in the highest professional manner. And I'm also pleased to say that this does not surprise me, having had the opportunity to preside over a lot of these class action litigations . . . ."*

- Honorable Joel A. Pisano of the United States District Court for the District of New Jersey.[2]

———————————————

[1] *Artie's Auto Body, Inc. v. Hartford Fire Ins. Co.*, No. X08-CV-03-0196141S (CLD) (Conn. Super. Ct.), Trial Tr., Nov. 17, 2009 at 15.

BERNSTEIN LIEBHARD LLP

———————————

*"the quality of the representation to achieve what they [Bernstein Liebhard] have achieved speaks for itself.  The quality was extremely high."*

- Honorable Deborah A. Batts of the United States District Court for the Southern District of New York.[3]

———————————

*"[Bernstein Liebhard] accomplish[ed] an exceptional result because of the nationwide benefit to all women diagnosed with [Polycystic Ovarian Syndrome] and the benefit to the medical community."*

- Magistrate Judge (now District Court Judge) Marcia Morales Howard of the United States District Court for the Middle District of Florida.[4]

———————————

*"But I did want to thank . . . counsel [Bernstein Liebhard] for excellent, excellent oral argument.  Certainly helped the Court significantly.  And I want to thank you . . . for what is a sterling indication of what the bar can produce when you have qualified people before it."*

- Judge Stephen A. Bucaria of the Nassau County Supreme Court.[5]

———————————

*"I'm impressed with the innovative nature . . . of the benefit that's been provided . . . It's my turn to make a compliment in open court:  that the plaintiff is represented by highly competent counsel [Stanley D. Bernstein], a counsel that demonstrates consistently to me an incredible work ethic in achieving the benefits that were achieved here."*

- Vice Chancellor (now Delaware Supreme Court Chief Justice) Myron T. Steele.[6]

———————————

*"Plaintiffs are represented by counsel [Bernstein Liebhard] who are skilled in federal securities and class action litigation . . . .  Counsel have been diligent and well prepared . . . .  Plaintiffs' counsel has performed an important public service in this action and have done so efficiently and with integrity . . . .  You have the thanks of this court."*

---

[2] *In re Royal Dutch/Shell Transp. Sec. Litig.*, No. 04-374 (JAP) (D.N.J.), Tr. of Hr'g, Sept. 26, 2008 at 60-61.

[3] *In re Lumenis Sec. Litig.*, No. 02-CV-1989 (S.D.N.Y.), Tr. of Hr'g, Aug. 25, 2008 at 6.

[4] Wagner v. Inverness Med. Innovations, Inc., No. 03-CV-404-J-20 (M.D. Fla.).

[5] *Carlson v. Long Island Jewish Hosp.*, No. 020098/05 (N.Y. Sup. Ct.).

[6] *In re Illinois Cent. Corp. S'holders Litig.*, No. 16184 (Del. Ch.), Tr. of Hr'g, Feb. 25, 1999 at 29-30.

BERNSTEIN LIEBHARD LLP

- Senior Judge Denise Cote of the United States District Court for the Southern District of New York.[7]

———————————

*"The quality of the legal work throughout has been high and conscientious. . . ."*

- Judge Reena Raggi of the United States District Court for the Eastern District of New York (now of the United States Court of Appeals for the Second Circuit).[8]

———————————

*"the performance of counsel [Bernstein Liebhard] . . . has been absolutely outstanding. It has been a pleasure to be involved with each of you in handling this case."*

- Chief Judge Gene Carter (now Senior District Judge) of the United States District Court for the District of Maine.[9]

———————————

*"Mr. Bernstein, it has actually been a pleasure getting to know and work with you on this . . . . [Y]ou make a really good presentation."*

- Former Judge Wayne R. Andersen (retired) of the United States District Court for the Northern District of Illinois.[10]

———————————

*"Counsel [Bernstein Liebhard] . . . have been professional and realistic in this matter . . . . The court has been impressed with the competence and candor of counsel . . . ."*

- Former Judge Robert J. Cindrich (retired) of the United States District Court for the Western District of Pennsylvania.[11]

---

[7] *In re Take Two Interactive Software, Inc. Sec. Litig.*, No. 01 CIV. 9919 (S.D.N.Y.), Tr. of Hr'g, Oct. 4, 2002 at 40, 44.

[8] *In re Tower Air, Inc. Sec. Litig.*, No. 94 CIV. 1347 (E.D.N.Y.), Tr. of Hr'g, Feb. 9, 1996 at 52.

[9] *Nensel v. Peoples Heritage Fin. Group, Inc.*, No. 91-324-P-C (D. Me.), Tr. of Hr'g, Dec. 17, 1992 at 12.

[10] *Hager v. Schawk, Inc.*, No. 95 C6974 (N.D. Ill.), Tr. of Hr'g, May 21, 1997 at 22.

[11] *DeCicco v. Am. Eagle Outfitters, Inc.*, No. 95-1937 (W.D. Pa.), Report and Recommendation of Magistrate Judge Kenneth Benson, Nov. 25, 1996 at 6 (adopted as opinion of court by Judge Cindrich, Dec. 12, 1996).

15

BERNSTEIN LIEBHARD LLP

## ATTORNEY BIOGRAPHIES

## STANLEY D. BERNSTEIN
SENIOR PARTNER

**Stanley D. Bernstein** is a founding partner of Bernstein Liebhard LLP and has successfully represented plaintiffs in complex commercial litigation, securities fraud litigation, shareholder and derivative litigation, and antitrust litigation for over thirty years.  Mr. Bernstein is a recognized leader in the securities and corporate governance bar.  He frequently addresses lawyers and business professionals concerning various aspects of plaintiffs' litigation and was featured as the cover story in DIRECTORSHIP magazine in an interview entitled "Investors v. Directors."  Mr. Bernstein also heads the Firm's *qui tam*/whistleblower practice group.

Mr. Bernstein had been widely recognized for his achievements:

- LAWDRAGON named him one of the "500 Leading Lawyers in America," "500 Leading Litigators in America," "500 Leading Plaintiffs' Lawyers," and "100 Lawyers You Need to Know in Securities Litigation;

- The National Association of Corporate Directors and DIRECTORSHIP magazine listed him in the *Directorship 100* - the list of "The Most Influential People in the Boardroom" (2009-2012);

- Named a *Super Lawyer* by SUPER LAWYERS magazine (2007-2009; 2012-2018);

- Recommended by THE LEGAL 500 (2011-2012; 2014-2016);

- Recognized by BENCHMARK PLAINTIFF: THE DEFINITIVE GUIDE TO AMERICA'S LEADING PLAINTIFF FIRMS & ATTORNEYS (2012-2015); and

- Ranked in CHAMBERS USA GUIDE (2012-2016).

---

### Education

- New York University School of Law, J.D., honors, 1980
- Cornell University, B.S., 1977

### Admissions

New York

Florida

U.S. Supreme Court

U.S. Court of Appeals

- Second Circuit

U.S. District Courts

- Southern District of New York
- Eastern District of New York

---

16

Mr. Bernstein has litigated high-profile cases against the most prominent defense firms in the country.  He has earned a reputation for being a tenacious litigator who has negotiated some of the largest securities fraud settlements in history.  For example, as Chair of the Plaintiffs' Executive Committee in the *In re Initial Public Offering Securities Litigation*, Mr. Bernstein negotiated a $586 million settlement of 300 coordinated actions, after seven full-day mediation sessions.  He also negotiated significant settlements in *In re Marsh & McLennan Cos., Inc. Securities Litigation* ($400 million); *In re Royal Dutch/Shell Transport Securities Litigation* ($166.6 million); and *In re Bankers Trust Securities Litigation* ($58 million, representing 100% of losses).

Mr. Bernstein also led an individual action on behalf of the New Mexico Public Employees Retirement Association ("PERA") against Wells Fargo Bank and affiliates arising from defendants' mismanagement of PERA's securities lending program.  On the eve of trial, Mr. Bernstein negotiated a $50 million recovery for PERA, representing over 65% of PERA's damages.

Mr. Bernstein is also eager to try any case when the interests of a client are best-served through trial.  For example, he was trial counsel for stockholders in a trial in the Delaware Chancery Court that invalidated an anti-takeover device in *Shapiro v. Quickturn Design Systems, Inc.*  He was also trial counsel in a pro bono case representing the Westchester Day School in litigation concerning a bitter zoning dispute.  After obtaining a favorable verdict, Mr. Bernstein negotiated a $4.75 million settlement – the then-highest reported recovery under the applicable federal statute.

Mr. Bernstein has also been lead counsel in many of the leading securities cases enforcing and expanding the rights of shareholders, including *in In re Sears, Roebuck Derivative Litigation* and *In re Archer Daniels Midlands Corp. Derivative Litigation* (pioneering cases which improved corporate governance at both companies).  Recently, Mr. Bernstein represented the City of Hialeah Employees Retirement System in a derivative action alleging that certain current and former directors of DeVry Education Group breached their fiduciary duties by allowing and

17

approving a misleading advertising campaign.  After successfully opposing defendants' motion to dismiss the case, Mr. Bernstein negotiated a cash settlement comprising of a $16 million payment to the company from the company's Directors and Officers insurance carrier.

Mr. Bernstein also represents corporations in complex commercial litigation.  Recently, Mr. Bernstein represented the creditors' committee in the Altegrity, Inc. and USIS Investigations, Inc. ("USIS") bankruptcy proceedings in connection with claims against USIS's former officers and a director for negligence and breaches of fiduciary duties under Delaware law arising from their alleged failures to adequately protect the confidential information of tens of thousands of government employees from a cyberattack in 2013-2014.  The data breach exposed the sensitive and confidential information of over 33,000 actual and potential employees of the U.S. government to malicious state-sponsored hackers, destroyed USIS's business, forced USIS and its parent company, Altegrity, into bankruptcy and compromised national security.  Mr. Bernstein successfully negotiated a confidential multi-million dollar global settlement with the defendants in both cases.  Mr. Bernstein also represented the Trustee of the Actrade Liquidation Trust in two lawsuits; the first, *Meer v. Aharoni*, No. 5141-CC (Del. Ch.), an action against Actrade's former chairman for misappropriation of funds and fraud resulting in the ultimate collapse of Actrade; the second, *Meer v. Deloitte & Touche, LLP*, No. 11-CV-06994 (HB) (S.D.N.Y.), a malpractice action against Actrade's accountant for failing to conduct proper audits.  The cases resulted in a multi-million dollar settlement.

Mr. Bernstein also chairs the Firm's antitrust practice.  Most recently, Mr. Bernstein served as co-lead counsel and co-trial counsel in *In re Processed Egg Products Antitrust Litigation*, No. 08-MD-02002 (GP) (E.D. Pa.), a class action filed against egg producers and trade groups alleging an industry-wide, price-fixing conspiracy that raised the price of shell eggs and egg products in violation of the Sherman Antitrust Act in the Eastern District of Pennsylvania.  As co-lead counsel, Mr. Bernstein recovered over $200 million from certain settling defendants and in May of 2018, served as co-trial counsel in a trial against the remaining, non-settling defendants.  The trial lasted over four weeks.

18

Mr. Bernstein is admitted to the Bars of the States of New York and Florida, the United States Supreme Court, the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern Districts of New York.

BERNSTEIN LIEBHARD LLP

## SANDY A. LIEBHARD
SENIOR PARTNER

**Sandy A. Liebhard** is a 1988 graduate of Brooklyn Law School and since that time has practiced all aspects of securities law. Mr. Liebhard has been repeatedly recognized as a "local litigation star" for his securities work in the 2012-2015 editions of BENCHMARK PLAINTIFF: THE DEFINITIVE GUIDE TO AMERICA'S LEADING PLAINTIFF FIRMS & ATTORNEYS and was recommended in the 2014 edition of THE LEGAL 500 for his work in securities litigation.

For more than twenty years, Mr. Liebhard has been successfully representing plaintiffs in complex litigations. Mr. Liebhard served on the Plaintiffs' Executive Committee in *In re Initial Public Offering Securities Litigation* ($586 million recovery) and was involved in the *In re Fannie Mae Securities Litigation*, where a $153 million settlement received final approval.

Mr. Liebhard has been lead or co-lead counsel in such major securities cases as: *In re AXA Financial Shareholders Litigation* ($500 million in increased merger consideration); *In re Lin Broadcasting Corp. Shareholders Litigation* (recovering $64 million in increased merger consideration); *In re Tenneco Securities Litigation* ($50 million recovery); *In re Bausch & Lomb, Inc. Securities Litigation* (achieving $42 million recovery for defrauded shareholders); and *In re BellSouth Corp. Securities Litigation* ($35 million recovery).

Mr. Liebhard is also active in the Firm's complex litigation practice. Mr. Liebhard, serving as co-lead counsel in *Roberts v. Tishman Speyer Properties, L.P.*, secured a $146.85 million settlement ($68.75 million cash) on behalf of the tenants of the Stuyvesant Town and Peter Cooper Village rental apartment

***Education***

- Brooklyn Law School, J.D., 1988

- Brooklyn College, B.S., 1985

***Admissions***

New York

U.S. District Courts

- Southern District of New York

- Eastern District of New York

20

BERNSTEIN LIEBHARD LLP

complexes in Manhattan for rent overcharges stemming from the landlord having illegally charged market-rate rents for apartments that should have been rent stabilized under New York City's Rent Stabilization Law.

Mr. Liebhard is admitted to the Bar of the State of New York, and the United States District Courts for the Southern and Eastern Districts of New York.

## MICHAEL S. BIGIN
PARTNER

**Michael S. Bigin** has been recognized by the legal industry for his work on behalf of clients.  Mr. Bigin was selected to SUPER LAWYERS MAGAZINE'S New York Metro Rising Stars list in 2014 and was named a Super Lawyer by SUPER LAWYERS MAGAZINE in 2017 and 2018.   Mr. Bigin has also been recommended by THE LEGAL 500 UNITED STATES in 2013 and 2016.

Mr. Bigin has practiced complex litigation for over 20 years and has successfully litigated against dozens of large public companies including:  *In re IKON Office Solutions, Inc. Securities Litigation*, No. 98-CV-4606 (E.D. Pa.) ($111 million recovery); *In re Computer Associates Securities Litigation*, No. 02-CV-1226 (E.D.N.Y.) (settlement of 5.7 million shares, valued at $134 million); *In re Marsh & McLennan Cos., Inc. Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y.) ($400 million recovery); *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J.) ($166.6 million recovery); *In re Cigna Corp. Securities Litigation*, No. 02-CV-8088 (MMB) (E.D. Pa.) ($93 million recovery); *City of Austin Police Retirement System v. Kinross Gold Corp.*, No. 12-CV-01203-VEC (S.D.N.Y.) ($33 million recovery); *In re Gilat Satellite Networks, Ltd. Securities Litigation*, No. 02-CV-1510 (E.D.N.Y.) ($20 million); *In re Terayon Communication Systems, Inc. Securities Litigation*, No. C-00-1967 (N.D. Cal.) ($15 million); and *Szymborski v. Ormat Technologies, Inc.*, No. 10-CV-00132-ECR (D. Nev.) ($3.1 million settlement representing more than four times the average recovery for similar actions according to a study by experts at Cornerstone Research).   Mr. Bigin also recovered funds for investors in *Peters v. Jinkosolar*

---

*Education*

- St. John's University School of Law, J.D., 1999

- State University of New York at Oswego, B.A., B.S.,1995

*Admissions*

New York

Connecticut

U.S. Court of Appeals

- Second Circuit
- Ninth Circuit
- Eleventh Circuit

U.S. District Courts

- Southern District of New York

- Eastern District of New York

- Eastern District of Wisconsin

---

22

*Holding Co. Inc.*, No. 11-CV-07133-JPO (S.D.N.Y.) ($5.05 million settlement).   Prior to this settlement, Mr. Bigin successfully argued the *Jinkosolar* case before the Second Circuit Court of Appeals, which granted a rare reversal of the District Court's decision and clarified the materiality standard under the Securities Act of 1933.

Currently, Mr. Bigin represents a number of public pension funds in various securities fraud class actions.  For example, Mr. Bigin represents the Oklahoma Firefighters and Police Pension and Retirement Systems in *Avila v. LifeLock Inc.*, 15-cv-01398-SRB (D. Arizona), a securities fraud action alleging that executives made material misrepresentations to investors concerning LifeLock's identity protection business and the status of a Federal Trade Commission investigation; the City of Atlanta Firefighters' Pension Fund in *Speaks v. Taro Pharmaceutical Industries, LTD*, 16-cv-08318-ALC (S.D.N.Y.), where investors allege that defendants inflated Taro's stock price by representing that Taro's growth occurred in a highly competitive environment, while Taro secretly colluded with its competition to fix generic drug prices; and the Houston Municipal Employees Pension System in *Ramanitharan v. REV Group, Inc.*, 18-cv-1270-LA (E.D. Wisc.), a securities class action alleging that the defendants issued false and misleading statements concerning the REV Group, Inc.'s net income and adjusted EBITDA guidance in violation Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

In addition to class actions, Mr. Bigin represents individual clients in commercial disputes, commercial insurance matters, *qui tam* actions, employment claims, and consumer protection matters.  For example, Mr. Bigin won summary judgment on behalf of his client concerning a $1.9 million fee dispute after completing discovery, which involved obtaining testimony from multiple, senior partners of law firms.  Additionally, Mr. Bigin has advised and represented individual whistleblowers alleging violations of the False Claims Act, violations of the Social Security Act, Medicare and Medicaid fraud, insider trading, and tax fraud.

Mr. Bigin is admitted to practice in the States of New York and Connecticut, the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Wisconsin, and the United States Court of Appeals for the Second, Ninth, and Eleventh Circuits.

23

## STEPHANIE M. BEIGE
PARTNER

**Stephanie M. Beige** received her bachelor's degree in 1996 from Dowling College, graduating *magna cum laude*, and received her J.D. in 2000 from Touro College Jacob D. Fuchsberg Law Center, graduating *summa cum laude*, where she was a member of the Touro Law Review.

Ms. Beige focuses her practice on commercial litigation, securities litigation, and employment litigation, including workplace sexual harassment and discrimination claims and ERISA litigation. She has devoted her entire career to representing plaintiffs in litigation. Ms. Beige has been named a Super Lawyer and has been selected to the New York Metro Super Lawyers Top Women List in 2016-2018 by SUPER LAWYERS MAGAZINE for her work in securities litigation. Ms. Beige has also been recommended by THE LEGAL 500 in 2013, 2015-2018.

During the past nineteen years, Ms. Beige has been involved in the successful prosecution of numerous class actions on behalf of aggrieved investors. Notably, she was a member of the team representing the State of New Jersey, Department of Treasury, Division of Investment, as co-lead plaintiff in *In re Marsh & McLennan Cos., Inc. Securities Litigation* (S.D.N.Y.) where a $400 million recovery was obtained for investors. The litigation was brought against the world's largest insurance broker, Marsh & McLennan Cos., Inc., in connection with the company's improper practice of steering its clients to insurance companies that agreed to pay it billions of dollars in contingent commissions. The $400 million settlement was reached after five years of hard-fought litigation which included over 100 depositions and over 36 million pages of document discovery.

### Education

- Touro College Jacob D. Fuchsberg Law Center, J.D., *summa cum laude*, 2000

- Dowling College, B.S., *magna cum laude*, 1996

### Admissions

New York

U.S. Court of Appeals

- Second Circuit

U.S. District Courts

- Southern District of New York

- District of Colorado

- Eastern District of Wisconsin

24

Ms. Beige also represented the Mississippi Public Employees' Retirement System in *In re Cigna Corp. Securities Litigation* (E.D. Pa.), a securities class action which settled on the eve of trial for $93 million dollars.  Other successes include:  *In re TASER International Securities Litigation* (D. Ariz.) ($20 million recovery); *Rush v. Footstar, Inc.* (S.D.N.Y.) ($19.3 million recovery); and *In re SeeBeyond Technologies Securities Litigation* (C.D. Cal.) .($13.1 million recovery).

Ms. Beige litigated an individual action on behalf of the New Mexico Public Employees Retirement Association ("PERA") against Wells Fargo Bank and affiliates arising from defendants' mismanagement of PERA's securities lending program.  Ms. Beige was instrumental in the negotiation of a $50 million recovery for PERA – obtained on the eve of trial – representing over 65% of PERA's damages.

Ms. Beige is currently working on several securities fraud class actions against numerous issuers for allegedly misleading investors, including *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (S.D.N.Y.) (a partial settlement in excess of $100 million approved), in which the Firm represents investors who lost millions of dollars in hedge funds that invested with Bernard L. Madoff; and the Houston Municipal Employees Pension System in *Ramanitharan v. REV Group, Inc.*, 18-cv-1270-LA (E.D. Wisc.), a securities class action alleging that the defendants issued false and misleading statements concerning the REV Group, Inc.'s net income and adjusted EBITDA guidance in violation Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Ms. Beige also represents plaintiffs in complex litigation and commercial litigation.  Most recently, Ms. Beige represented the creditors' committee in the Altegrity, Inc. and USIS Investigations, Inc. ("USIS") bankruptcy proceedings in connection with claims against USIS's former officers and a director for negligence and breaches of fiduciary duties arising from their alleged failures to adequately protect the confidential information of tens of thousands of government employees from a cyberattack in 2013-2014.  The data breach exposed the sensitive and confidential information of over 33,000 actual and potential employees of the U.S. government to malicious state-sponsored hackers, destroyed USIS's business, forced USIS and its parent

25

company, Altegrity, into bankruptcy and compromised national security.  The litigation resulted in a confidential multi-million dollar global settlement.

Ms. Beige also represented the plaintiff in *Lewis v. 20th Century Fox Television, et al.*, Case No. BC 683422 (MPL) (Cal. Sup.), an idea theft case brought against defendants Twentieth Century Fox Television and FOX Network Company.  Plaintiff is the author of the script entitled *The Godmother* and alleged that defendants breached their implied contracts by using his ideas and his script in connection with the creation of *The Mick* (a network television show that aired on the Fox Network) without his permission and without compensation.  The parties agreed to confidentially settle the action just weeks before the case was scheduled to begin trial.

Ms. Beige is admitted to the Bar of the State of New York and admitted to practice before the United States Court of Appeals for the Second Circuit and the United States District Courts for the Southern District of New York, the District of Colorado, and the Eastern District of Wisconsin.

## DANIEL C. BURKE
PARTHER

PARTNER

     **Daniel C. Burke** earned his bachelor's degree in 1990 from the State University of New York at Albany (B.A., English/History), and earned his J.D. in 1993 from St. John's University School of Law, where he was a member of *St. John's Journal of Legal Commentary*.

     Mr. Burke was recognized as a leader in the areas of class actions and mass torts by *Super Lawyers* from 2013-2017. In addition, he was named as one of the National Trial Lawyers Top 100 for 2014, and one of the Nation's Top One Percent by the *National Association of Distinguished Counsel* in 2015.

     Mr. Burke's practice is focused on mass tort pharmaceutical, medical device and consumer products litigation. He has actively litigated high-profile cases on behalf of thousands of injured plaintiffs in cases involving prescription drugs including Yaz/Yasmin, medical devices such as the Biomet M2a Magnum hip prosthesis and Zimmer Nexgen knee prosthesis, as well as over-the-counter consumer products including Fixodent and Poligrip denture adhesives and ReNu with MoistureLoc contact lens solution. He has supervised the day-to-day management of complex, multi-party mass tort litigation in state and federal courts and multidistrict litigation throughout the United States.

     His extensive experience has been recognized by his peers and the Courts, and is reflected by Mr. Burke receiving multiple appointments to leadership positions in mass tort litigations over the past ten years including: Plaintiffs' Steering Committee in *In re: Biomet M2a Magnum Hip Implant Products Liability Litigation* (MDL 2391), Liaison Counsel in the *New York Coordinated Plavix-Related Proceedings* (Index No. 560001/12), Plaintiffs' Steering Committee

*Education*

- St. John's University School of Law, J.D., 1993

- State University of New York at Albany, B.A., 1990

*Admissions*

New York

U.S. District Courts

- Southern District of New York

- Eastern District of New York

- Northern District of New York

BERNSTEIN LIEBHARD LLP

in *In re: Zimmer Nexgen Knee Implant Products Liability Litigation* (MDL 2272), Discovery and Law & Briefing Sub-Committees for *In re: Denture Cream Products Liability Litigation* (MDL 2051); and the Science and Discovery Sub-Committees for *In re: Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Products Liability Litigation* (MDL 2100).

Most recently, in September 2018, Mr. Burke was appointed by the U.S District Judge Karen K. Caldwell, Eastern District of Kentucky, to serve on the Plaintiffs' Executive Committee in *In re: Onglyza (Saxagliptin)* and *Kombiglyze (Saxagliptin and Metformin) Products Liability Litigation* (MDL 2809).

Currently, Mr. Burke represents plaintiffs in a wide array of drug litigations including those involving Gadolinium-Based Contrast Agents, HIV antiviral medications (TDF), PPIs, Zofran, Fluoroquinolone Antibiotics, Testosterone Replacement Therapy, Incretins, SGLT-2 Inhibitors, Abilify, Actemra, Mirena IUD, Fosamax, Xarelto, Taxotere and Risperdal. Additionally, he is litigating matters involving medical devices including Forced Air Warming Blankets, IVC Filters, Defective Hip, Knee, Shoulder & Elbow Implants, Transvaginal and Hernia Mesh and Power Morcellators. He is also investigating consumer product claims related to various cancers caused by Cell Phone Radiation and the use of Talc.

Mr. Burke is admitted to the Bar of the State of New York. He is also admitted to practice before the United States District Courts for the Southern, Eastern and Northern Districts of New York, and he is frequently admitted *pro hac vice* to represent clients in various state and federal courts throughout the United States.

BERNSTEIN LIEBHARD LLP

## LAURENCE J. HASSON
PARTNER

**Laurence J. Hasson** received his bachelor's degree in 2003 from Brandeis University (B.A., History and American Studies), graduating *magna cum laude* and with Phi Beta Kappa and Phi Alpha Theta honors, and received his J.D. in 2006 from the Benjamin N. Cardozo School of Law, where he was a Heyman Scholar, a board member of the award-winning Moot Court Honors Society, and competitively selected to participate in the Bet Tzedek Legal Services Clinic.

Mr. Hasson concentrates his practice on securities, commercial, and complex class action litigation, and he is also a member of the Firm's *qui tam*/whistleblower practice group. Mr. Hasson has been selected by SUPER LAWYERS MAGAZINE to the New York Metro Rising Stars list for 2015-2019. He was also recommended by THE LEGAL 500 in 2013.

Prior to becoming associated with the Firm in June 2012, Mr. Hasson was an associate at a large Manhattan class action firm, where he focused on advising institutional investors worldwide on securities litigation and litigation strategy.

While at the Firm, Mr. Hasson has worked on numerous class actions that have resulted in substantial recoveries for investors, including: *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 12-CV-01203-VEC (S.D.N.Y.) ($33 million recovery), *In re Tower Group International, Ltd. Securities Litigation*, 13-CV-5852-AT (S.D.N.Y.) (settlement of $20.5 million with Tower defendants); *Peters v. Jinkosolar Holding Co., Ltd.*, No. 11-CV-07133-JPO (S.D.N.Y.) ($5.05 million recovery); and *In re KIT Digital, Inc. Securities Litigation*, No. 12-CV-4199 (S.D.N.Y.) ($6 million recovery).

### Education

- Benjamin N. Cardozo School of Law, J.D., 2006

- Brandeis University, B.A., *magna cum laude*, 2003

### Admissions

New York

U.S. Court of Appeals

- Second Circuit

U.S. District Courts

- Southern District of New York

- Eastern District of New York

29

Mr. Hasson was also competitively selected to join the Federal Bar Council's Inn of Court, through which he, along with a small team led by a federal judge, develops and presents programming for continuing legal education. Mr. Hasson has presented in several such programs, including:

- "First Amendment and National Security," which was held on January 8, 2013 at the Theodore Roosevelt United States Courthouse in Brooklyn, New York;

- "Who Owns the Past? Cultural Property Repatriation and Where We Are Today," which was held on December 9, 2014 at the Museum of Jewish Heritage in New York, New York;

- "United States v. New York Times: A Reenactment of The Pentagon Papers Case," which was held on January 15, 2015 at the Thurgood Marshall U.S. Courthouse in New York, New York. This presentation was part of the 225th Anniversary Celebration of the U.S. District Court for the Southern District of New York;

- "Sex, Lies, Still Photos & Videotape. Many Wrongs? Any Rights?," which was held on April 12, 2016 at the Daniel Patrick Moynihan United States Courthouse in New York, New York; and

- "The Current Wars", which was held on November 15, 2016 at the Theodore Roosevelt United States Courthouse in Brooklyn, New York.

- "A Jury of Her Peers: A True Crime and the Journalist Who Immortalized It", which was held on April 10, 2019 at the Theodore Roosevelt United States Courthouse in Brooklyn, New York.

Mr. Hasson is admitted to the Bar of the State of New York and to practice before the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern Districts of New York.

BERNSTEIN LIEBHARD LLP

## REUBEN S. KERBEN
OF COUNSEL

**Reuben S. Kerben** received his bachelor's degree in 2004 from the Sy Syms School of Business at Yeshiva University (B.S., Business Management), and earned his J.D. in 2009 from the Maurice A. Deane School of Law at Hofstra University. During college Mr. Kerben received several awards following his participation in business competitions, including the Syracuse University Panasci Business Plan Competition, the Yeshiva University Dr. William Schwartz Student Business Plan Competition and the Palo Alto Software Business Plan Competition.

> *Education*
> - Maurice A. Dean School of Law at Hoftra University, J.D., 2009
> - Sy Syms School of Business at Yeshiva University, B.S., 2004
>
> *Admissions*
>
> New York
>
> U.S. District Courts
> - Southern District of New York
> - Eastern District of New York

Prior to law school, Mr. Kerben was the founder and chief executive officer of Spiral Universe Inc., a cloud based educational software company which was later acquired by Software Technology, Inc.

Mr. Kerben is active in the Firm's mass tort practice, focusing in the areas of pharmaceutical liability and defective medical devices. Currently, he is involved with cases associated with prescription drugs, such as Risperdal and Zofran, and defective medical devices, such as Transvaginal Mesh and Mirena IUD.

Mr. Kerben has argued appeals before the United States Court of Appeals for the Second Circuit, and has represented defendants in felony trials in New York City. Mr. Kerben is committed to pro bono practice; having represented many immigrant children facing deportation before the Immigration Courts in New York, New York.

Mr. Kerben is admitted to the Bar of the State of New York and to practice before the United States Court of Appeals for the Second Circuit, and the United States District Courts for the Southern and Eastern Districts of New York.

BERNSTEIN LIEBHARD LLP

## JOSEPH R. SEIDMAN, JR.
SENIOR COUNSEL

**Joseph R. Seidman, Jr.** received his bachelor's degree in 1994 from Queens College of the City University of New York and received his J.D. in 1997 from St. John's University School of Law.

Mr. Seidman has litigated complex class actions for over 20 years.  Mr. Seidman has worked on numerous securities fraud cases from inception through settlement, including:  *City of Austin Police Retirement System v. Kinross Gold Corp.,* No. 12-CV-01203-VEC (S.D.N.Y.) ($33 million recovery); *In re Beazer Homes U.S.A., Inc. Securities Litigation*, No. 07-CV-725-CC (N.D. Ga.) ($30.5 million recovery); *In re Tower Group International, Ltd. Securities Litigation*, 13-CV-5852 (S.D.N.Y.) (partial settlement of $20.5 million); *In re Taser International Securities Litigation*, No. C05-0115 (D. Ariz.) ($20 million recovery); *In re Willbros Group, Inc. Securities Litigation*, No. 06-CV-1778 (S.D. Tex.) ($10.5 million recovery); *In re KIT digital, Inc. Securities Litigation*, No. 12-CV-4199 (S.D.N.Y.) ($6,001,999 recovery); *Peters v. JinkoSolar Holding Ltd.*, 11-CV-7133 (S.D.N.Y.) ($5.05 million recovery); and *In re Biolase, Inc. Securities Litigation*, No. 13-1300-JLS (FFMx) (C.D. Cal.) ($1.75 million recovery).

Mr. Seidman was part of the team that successfully litigated an appeal before the Second Circuit Court of Appeals, which reversed a dismissal of the *JinkoSolar* case and affirmed the materiality standard for securities actions.

Mr. Seidman also worked on *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8110-VCN (Del. Ch.), a $153.5 million recovery that represented the second largest derivative settlement in Delaware.

### Education

- St. John's University School of Law, J.D., 1997

- Queens College of the City University of New York, B.S., 1994

### Admissions

New York

U.S. Court of Appeals

- Sixth Circuit

U.S. District Courts

- Southern District of New York

- Eastern District of New York

32

Currently, Mr. Seidman represents a number of public pension funds in various class actions. For example, Mr. Seidman represents the City of Atlanta Firefighters' Pension Fund in *Speaks v. Taro Pharmaceutical Industries, LTD*, 16-cv-08318-ALC (S.D.N.Y.), where investors allege that defendants inflated Taro's stock price by representing that Taro's growth occurred in a highly competitive environment, while Taro secretly colluded with its competition to fix generic drug prices. Mr. Seidman also represents the Houston Municipal Employees Pension System in *Bitar v. REV Group, Inc.*, Case No. 2:18-cv-1268-LA (E.D. Wisc.), where investors allege, *inter alia*, that defendants knowingly issued unachievable financial guidance. In addition, Mr. Seidman represents the Oklahoma Firefighters Pension and Retirement System in *Avila v. LifeLock Inc.*, 15-cv-01398-SRB (D. Arizona), where investors allege that executives made material misrepresentations to investors concerning LifeLock's identity protection business and the status of a Federal Trade Commission investigation.

Mr. Seidman also represents a class of direct purchaser plaintiffs in an antitrust action, *In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670 JLS (MDD) (S.D. Cal.). The plaintiffs in *Packaged Seafood* allege, *inter alia*, that several seafood companies illegally conspired to raise prices on various tuna products.

Mr. Seidman is admitted to the Bar of the State of New York. He is also admitted to practice before the United States Court of Appeals for the Sixth Circuit, and the United States District Courts for the Southern and Eastern Districts of New York.

33

BERNSTEIN LIEBHARD LLP

# PETER J. HARRINGTON
ASSOCIATE

**Peter J. Harrington** received his bachelor's degree in 2006 from Fordham University (B.A., Political Science), graduating *cum laude*.  He received his J.D. in 2010 from the St. John's University School of Law, where he served as executive notes and comments editor of the JOURNAL OF CIVIL RIGHTS AND ECONOMIC DEVELOPMENT (formerly the ST. JOHN'S JOURNAL OF LEGAL COMMENTARY).  Mr. Harrington authored the article "Untying the Knot:  Extending Intestacy Benefits to Non-Traditional Families by Severing the Link to Marriage," 23 J. CIV. RTS. & ECON. DEV. 323 (2011).  While in law school, Mr. Harrington was a legal intern in the Mayor of New York City, Michael R. Bloomberg's office and worked for the St. John's University School of Law Securities Arbitration Clinic, representing individual investors on a *pro bono* basis in securities arbitration claims involving misrepresentation, unsuitability, and unauthorized trading.

Mr. Harrington concentrates his practice on securities, commercial, and complex class action litigation.  In 2015 - 2018, Mr. Harrington was selected to the New York Metro Rising Stars list by SUPER LAWYERS MAGAZINE.

Mr. Harrington has worked on several securities fraud class actions including *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 12 CV-01203-VEC (S.D.N.Y.), in which the Firm recovered $33 million for investors.

Most recently, Mr. Harrington worked on an individual action brought by the Public Employees Retirement Association of New Mexico against Wells Fargo Bank and affiliates arising from defendants' mismanagement of the pension fund's securities lending program. The case settled on the eve of trial for $50 million -- representing over 60% of the plaintiff's

---

### *Education*

- St. John's University School of Law, J.D., 2010

- Fordham University, B.A., 2006

### *Admissions*

New York

U.S. District Courts

- Southern District of New York

- Eastern District of New York

---

BERNSTEIN LIEBHARD LLP

alleged damages.  Mr. Harrington was also involved in a similar action on behalf of the New Mexico Educational Retirement board that resulted in a $5 million settlement, representing 54% of the plaintiff's alleged damages.

Mr. Harrington is currently working on a securities fraud class action against Lifelock, Inc. alleging that LifeLock, Inc. and certain of its officers and directors violated the federal securities laws by making material misrepresentations about LifeLock's core business practices and about the severity of the FTC's investigation into the company for violating a 2010 consent order.

He is also a member of the Firm's Portfolio Monitoring and Case Evaluation team, where he investigates new matters involving potential violations of the federal securities laws and state laws, as well as mergers and acquisitions.  He is currently investigating several potential new matters on behalf of individual and institutional investors.

Mr. Harrington is admitted to the Bar of the State of New York.  He is also admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

BERNSTEIN LIEBHARD LLP

## LISA SRIKEN
ASSOCIATE

**Lisa Sriken** received her bachelor's degree in 2001 from Binghamton University (B.A., Political Science) and earned her J.D. (Concentration in International Law) from Hofstra University School of Law in 2004.

Ms. Sriken began her legal career as a discovery attorney working on securities, intellectual property, antitrust, and regulatory compliance matters for prominent defense firms on behalf of international corporate clients. She later transitioned to representing aggrieved investors in complex securities class action litigation, specializing in cases involving allegations of fraud, bribery and corruption against foreign companies. In a previous position, Ms. Sriken was an instrumental part of the team that successfully attained a record $3 billion settlement on behalf of the plaintiff class in *In re Petrobras Securities Litigation*, No. 14-cv-9662 (S.D.N.Y.).

Ms. Sriken focuses her practice on representing plaintiffs in securities and antitrust class action litigation. Among other things, she is currently working on the *In re Broiler Chicken Antitrust Litigation*, No. 16-cv-08637 (N.D. Ill.).

Ms. Sriken is a longtime volunteer and advocate on behalf of immigrants and underprivileged youth. She is proficient in French and Portuguese.

Ms. Sriken is admitted to the Bar of the State of New York and to practice before the United States District Court for the Southern District of New York.

---

*Education*

- Hofstra University School of Law, J.D., 2004
- Binghamton University, B.A., 2001

*Admissions*

New York

U.S. District Courts

- Southern District of New York

---

36

## MORRIS DWECK
ASSOCIATE

**Morris Dweck** received his J.D. in 2014 from the Benjamin N. Cardozo School of Law.  He was awarded a Cardozo Scholarship Award throughout his three years in Law School.  His note concerning the rare side effects of drugs and diseases was published by the CARDOZO LAW JOURNAL OF PUBLIC LAW, POLICY AND ETHICS.  Mr. Dweck was named a Rising Star by SUPER LAWYERS in 2016-2018.

*Education*

- Benjamin N. Cardoza School of Law, J.D., 2014

- Macaulay Honors College at Brooklyn College, B.A., 2010

*Admissions*

New York

New Jersey

From the beginning of his legal career Mr. Dweck has worked in the field of Mass Torts, specifically in the areas of medical device and pharmaceutical product liability litigation.  He has vigorously represented clients in various mass tort litigation including: Benicar (litigation discovery team), IVC Filter, DePuy ASR hip, Stryker Rejuvenate, ABGII and LFIT V40 hip implants, and Transvaginal Mesh litigation against Bard, J&J, and Boston Scientific.  Mr. Dweck is currently handling the diverse and growing Hernia mesh litigation with various products and defendants, as well as the complex Proton Pump Inhibitor litigation.

Mr. Dweck is admitted to the Bars of the State of New York and New Jersey.  As an active member of the New York City Bar Association, he is currently serving as a committee member on the Products Liability Committee.  He is also a member of the New York State Trial Lawyers Association and the American Association for Justice.  Mr. Dweck has served as a mentor for a number of students in law school.  He currently serves as the Director of Ritual Programming at Congregation Magen David of Manhattan in the West Village, where he teaches classes on Jewish law and ethics.

37

## GEORGIANNA BOSS
ASSOCIATE

**Georgianna Boss** received her bachelor's degree in 2009 from the University of Michigan (B.A. Political Science), graduating *cum laude*. She received her J.D. in 2012 from the University of Detroit Mercy School of Law. While in law school, she developed a passion for litigation. She sought an internship with the Detroit Misdemeanor Public Defender where her vigorous representation of indigent clients won her the coveted Richard Krisciunas 3L Litigator Award in 2012.

> ### *Education*
>
> - University of Detroit Mercy School of Law, J.D., 2012
> - University of Michigan, B.A., 2009
>
> ### *Admissions*
>
> New York
>
> Florida

After law school, Ms. Boss worked at the Broward County Public Defender's office in Fort Lauderdale, Florida, where she first chaired over 30 trials. The Broward Association of Criminal Defense Attorneys recognized her litigation skills by awarding her the Top Litigator award in 2013 and 2014.

Prior to joining the firm, Ms. Boss litigated medical malpractice cases in New York City. Ms. Boss litigated multiple issues of first impression involving New York's Public Health Law 2801-d in various courts throughout the State of New York on behalf of her clients.

BERNSTEIN LIEBHARD LLP

## MATTHEW GUARNERO
ASSOCIATE

**Mr. Guarnero** is an associate in the firm's New York office and focuses his practice on securities and antitrust litigation on behalf of individual and institutional investors. Mr. Guarnero previously practiced at two national litigation firms where he gained experience prosecuting antitrust, commodities manipulation, and securities fraud claims on behalf of both institutional and individual investors.

Matthew earned his Juris Doctor from the State University of New York at Buffalo Law School in 2015, and his Bachelor of Arts in Political Science from the State University of New York at Geneseo in 2012. While in law school, Matthew was part of a select group of students to participate in SUNY Buffalo Law School's On Finance and the Law Program. Matthew was also a member of the Moot Court Board at SUNY Buffalo Law School.

Matthew is admitted to practice law in New York and New Jersey state courts, and the United States District Court for the Southern District of New York. Matthew currently serves on the New York City Bar Association's Securities Litigation Committee. Matthew is also a Junior Member of the Columbus Citizens Foundation where he volunteers for the Siamo Amici Initiative.

*Education*

- State University of New York at Buffalo Law School, J.D., 2015
- State University of New York at Geneseo B.A., 2012

*Admissions*

New York

New Jersey

U.S. District Courts

- Southern District of New York

39

BERNSTEIN LIEBHARD LLP

## LOREN BERGER
INVESTIGATOR

**Loren Berger** is a veteran investigator with extensive experience investigating financial fraud, securities violations, and other corporate wrongdoing. Ms. Berger has worked as a senior case manager for a national investigative firm based in Washington, D.C., The Investigative Group International Inc. During her ten years at The Investigative Group, she directed some of that firm's most complex cases, including matters involving white-collar crime, antitrust violations, money laundering, and political opposition research on behalf of United States gubernatorial, senate, and presidential candidates. Ms. Berger has also worked as an investigative journalist for CBS 60 MINUTES, PBS FRONTLINE, and BUSINESSWEEK. She has a Bachelor of Journalism degree from the University of Missouri School of Journalism and is a Certified Fraud Examiner.

BERNSTEIN LIEBHARD LLP