**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUN HUANG, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:19-cv-06396 |
| Plaintiff, | |
| v. | |
| CANNTRUST HOLDINGS INC., PETER ACETO and GREG GUYATT, | |
| Defendants, | |
| GUSTAVO ALVARADO, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:19-cv-06438 |
| Plaintiff, | |
| v. | |
| CANNTRUST HOLDINGS INC., PETER ACETO, GREG GUYATT, and IAN ABRAMOWITZ, | |
| Defendants, | |
| RONALD E. JONES, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:19-cv-06883 |
| Plaintiff, | |
| v. | |
| CANNTRUST HOLDINGS INC., PETER ACETO and GREG GUYATT, | |
| Defendants, | |

SCOTT JUSTISS, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT,

Defendants.

Case No. 1:19-cv-07164

**MEMORANDUM OF LAW IN SUPPORT OF
THE CANNTRUST INVESTOR GROUP'S MOTION
FOR CONSOLIDATION OF ACTIONS, APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

PROCEDURAL HISTORY...................................................................................................... 2

FACTUAL BACKGROUND ................................................................................................... 2

ARGUMENT............................................................................................................................. 4

    I.    CONSOLIDATION OF THE ACTIONS IS APPROPRIATE .......................................... 4

    II.    THE COURT SHOULD APPOINT THE CANNTRUST INVESTOR GROUP AS LEAD
        PLAINTIFF........................................................................................................... 6

        A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff ...................... 6

        B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ....................................... 7

            1.    Movant Filed a Timely Motion .................................................................................. 7

            2.    Movant Has the Largest Financial Interest in the Relief Sought by the Class ............. 8

            3.    Movant Meets Rule 23's Typicality and Adequacy Requirements............................. 9

               (i)    Movant's Claims Are Typical of the Claims of the Class ..................................... 10

               (ii)    Movant Will Fairly and Adequately Protect the Interests of the Class .................. 11

    III.    THE CANNTRUST INVESTOR GROUP'S CHOICE OF COUNSEL SHOULD BE
        APPROVED ........................................................................................................ 13

CONCLUSION........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. Aug. 11, 2008) ................................................................................ 10

*City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*,
  No. 18-CV-3608 (VSB), 2019 U.S. Dist. LEXIS 14860 (S.D.N.Y. Jan. 30, 2019) ................... 7

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. Jan. 3, 2011) .............................................................................. 6, 8

*Gen. Tel. Co. of the SW v. Falcon*,
  457 U.S. 147 (1982) ............................................................................................................. 10

*Hom v. Vale, S.A.*,
  No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016) .................. 1

*In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*,
  No. 08 MDL 1963 (RWS), 2008 U.S. Dist. LEXIS 106327 (S.D.N.Y. Jan. 5, 2009) .............. 10

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992) ................................................................................................... 10

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. July 13, 2005) ............................................................................... 2, 9

*In re GE Secs. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) .................. 12

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) ................................................................................................ 12

*In re Orion Secs. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 8, 2008) .................. 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. July 15, 1998) .................................................................................. 9

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ................................................................................................... 5

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. Jan. 18, 2007) ................................................................................ 8

*Mitchell v. Complete Mgmt., Inc.*,
   No. 99-cv-1454-DAB, 1999 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 15, 1999) ..................... 5

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187, 2011 U.S. Dist. LEXIS 69022 (S.D.N.Y. June 20, 2011) .............................. 11

*Primavera Familienstifung v. Askin*,
   173 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................................. 5

*Reimer v. Ambac Fin. Grp., Inc.*,
   No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729 (S.D.N.Y. May 9, 2008) ................... 11

*Richman v Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. Mar. 25, 2011) .............................................................................. 11

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. June 3, 2007) ............................................................................... 10

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
   No. 05-cv-4617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. Jan. 25, 2006) ...................... 8

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. Mar. 9, 2001) ............................................................................ 5, 8

**Statutes**

Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ............................................... passim

**Rules**

Rule 23 of the Federal Rules of Civil Procedure .................................................................. passim

Movants Miguel Chang, Gregory Fox, and Cory Knipe (together, the "CannTrust Investor Group" or "Movant"), on behalf of itself and all similarly situated persons and entities, hereby respectfully submits this Memorandum of Law in support of Movant's Motion for Consolidation of the above-captioned related actions, Appointment as Lead Plaintiff, and Approval of its Selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

**PRELIMINARY STATEMENT**

Presently pending before the Court are four securities class action lawsuits (the "*Huang* Action," the "*Alvarado* Action," the "*Jones* Action," and the "*Justiss* Action," collectively, the "Actions") brought on behalf of a class consisting of persons or entities, other than defendants, that acquired CannTrust Holdings Incorporated ("CannTrust" or the "Company") securities between November 14, 2018 and July 12, 2019, inclusive (the "Class Period").[1]  The Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

The PSLRA, as amended, 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. July

---

[1]  Plaintiffs in the *Huang* Action, *Justiss* Action, and *Alvarado* Action propose a class period of November 14, 2018 to July 5, 2019, and plaintiff in the *Jones* Action proposes a class period of February 25, 2019 to July 12, 2019. Plaintiff in the *Jones* Action proposes a later class period ending on July 12, 2019, while plaintiffs in the *Huang* Action, *Justiss* Action, and *Alvarado* Action propose an earlier class period beginning on November 14, 2018. Movants adopt the combined longest class period, November 14, 2018 through July 12, 2019, inclusive, because it is the "larger, most inclusive class period." *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863, at *12-13 (S.D.N.Y. Mar. 7, 2016) (collecting cases).

1

13, 2005) ("At the lead plaintiff stage of the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotations omitted).  Movant has lost $151,927.50 as a result of the alleged fraud during the Class Period.[2]  The CannTrust Investor Group believes that it has the largest financial interest in the outcome of this case.  Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and in that it will fairly and adequately represent the interests of the Class (defined herein).

For the reasons summarized herein and as discussed more fully below, the CannTrust Investor Group's Motion should be approved in its entirety.

## PROCEDURAL HISTORY

Plaintiff Chun Huang ("Huang") commenced the above-captioned case against CannTrust on July 10, 2019.  That same day, counsel for Huang published a notice on *Business Wire* announcing a securities class action had been initiated against defendants herein.  The *Alvarado* Action was filed on July 11, 2019, the *Jones* Action was filed on July 24, 2019, and the *Justiss* Action was filed on July 31, 2019.

## FACTUAL BACKGROUND

This is a federal securities class action on behalf of all persons or entities, other than Defendants (defined herein), who acquired CannTrust securities during the Class Period (the "Class"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against the Company; former Chief Executive Officer ("CEO"), Peter

---

[2]   The PSLRA certifications of the members of the CannTrust Investor Group identifying their transactions in CannTrust, as well as a chart identifying their losses, and a joint declaration executed by the movants evidencing their intention to pursue the action in a cohesive and collaborative manner, are attached to the Declaration of W. Scott Holleman, dated September 9, 2019 ("Holleman Decl."), as Exhibits A, B, and C, respectively.

Aceto; Chief Financial Officer ("CFO") Greg Guyatt; and former CFO Ian Abramowitz ("Abramowitz")[3] (collectively, "Defendants").

CannTrust is incorporated under the laws of Ontario, Canada, and the Company's common stock trades on the New York Stock Exchange under the symbol "CTST." *Huang* Action ¶ 6.[4] CannTrust's stock traded on the OTC Markets Pink Open Market until February 25, 2019. *Id.* CannTrust is purportedly a licensed producer and distributor of medical and recreational cannabis. *Huang* Action ¶ 16.

During the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and financial condition. Specifically, Defendants made false and/or misleading statements and failed to disclose: (i) that CannTrust was growing cannabis in its Pelham greenhouse while applications for regulatory approval were still pending; (ii) that the Company's Pelham greenhouse did not comply with certain regulations; (iii) that, as a result, the Company was reasonably likely to face an inventory hold by Health Canada until the Pelham facility became compliant with applicable regulations; (iv) that, as a result, the Company's customers would face shortages and would likely seek product from CannTrust's competitors; and (v) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis. *Huang* Action ¶ 23.

On July 8, 2019, the Company issued a press release disclosing that its greenhouse facility in Pelham, Ontario was non-compliant with certain regulations and that the Company was growing

---

[3] Abramowitz is only named as a defendant in the *Alvarado* Action.

[4] Citations to "*Huang* Action ¶ __" are to paragraphs in the Class Action Complaint for Violations of the Federal Securities Laws (the "*Huang* Complaint") filed in the *Huang* Action, ECF No. 1. Unless otherwise defined, capitalized terms shall have the same meaning as set forth in the *Huang* Complaint. The facts set forth in the *Huang* Complaint are incorporated herein by reference.

cannabis in unlicensed rooms between October 2018 and March 2019.  *Huang* Action ¶ 24.  On this news, the price of CannTrust stock fell more than 22%, to $3.83 per share by market close on July 8, 2019, on unusually heavy trading volume.  *Huang* Action ¶ 25.

On July 10, 2019, the *Globe and Mail* published an article describing allegations from a CannTrust whistleblower.  *Jones* Action ¶ 56.[5]  As reported by the *FinancialPost* in a July 11, 2019 article, CannTrust knowingly used unlicensed rooms, taking steps to "hide thousands of cannabis plants from Health Canada."  *Id.*  On or around the same day, the Alberta Gaming and Liquor Commission and CannTrust's Danish distributor and partner announced that they were "quarantining" CannTrust's already shipped products pending investigation by Health Canada.  *Jones* Action ¶ 57.

On July 12, 2019, the Company issued a press release announcing that it "ha[d] implemented a voluntary hold on sale and shipment of all cannabis products as a precaution while Health Canada visits and reviews its Vaughan, Ontario manufacturing facility."  *Jones* Action ¶ 58.  The press release added that "the impact of these matters on CannTrust's financial results are unknown until the regulatory review process is complete."  *Id.*  On this news, the Company's stock dropped more 17%, from a close of $3.11 per share on July 11, 2019 to a close of $2.58 on July 12, 2019.  *Jones* Action ¶ 59.

## ARGUMENT

**I.     CONSOLIDATION OF THE ACTIONS IS APPROPRIATE**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court

---

[5] Citations to "*Jones* Action ¶ __" are to paragraphs in the Complaint for Violations of the Federal Securities Laws (the "*Jones* Complaint") filed in the *Jones* Action, ECF No. 1.  The facts set forth in the *Jones* Complaint are incorporated herein by reference.

shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. Mar. 9, 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454-DAB, 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 15, 1999) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . .") (citation and quotations omitted); *Primavera Familienstifung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name almost the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *Celotex Corp.*, 899 F.2d at 1285.

## II.    THE COURT SHOULD APPOINT THE CANNTRUST INVESTOR GROUP AS LEAD PLAINTIFF

### A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiff

The PSLRA mandates that the Court decide the lead plaintiff issue "as soon as practicable."

15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead

plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class

action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

First, the PSLRA provides that within 20 days after the date on which the first class action

is filed, the plaintiff to that action shall publish, in a widely circulated national business publication

or wire service, a notice advising members of the proposed class of the pendency of the action and

their right to move for appointment as lead plaintiff within 60 days of the notice publication.  *See*

*Foley v. Transocean Ltd*., 272 F.R.D. 126, 127 (S.D.N.Y. Jan. 3, 2011).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court will, no later than 90 days after the date on

which a notice is published, consider any motion filed by any purported class member in response

to the notice and appoint as lead plaintiff the movant that the court determines to be "most capable

of adequately representing the interests of class members."  *Id*.  The PSLRA provides a

presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of

persons" that:

    (aa)    has either filed the complaint or made a motion in response to a notice;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by another

class member that the presumptive most adequate plaintiff "will not fairly and adequately protect

the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, what is to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff.  Movant is also unaware of any unique defenses against it that Defendants could raise.  Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in this Action.

### B.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, the CannTrust Investor Group should be appointed lead plaintiff because it satisfies all of the requirements of the PSLRA.  Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

#### 1.    Movant Filed a Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the *Huang* Action published notice of the action on July 10, 2019, within 20 days of the filing of the first-filed complaint, through *Business Wire*, a widely circulated national business-oriented wire service.  *See* Holleman Decl., Ex. D; *see also City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 U.S. Dist. LEXIS 14860, at *12 (S.D.N.Y. Jan. 30, 2019) (noting that *PRNewswire* is "a widely-circulated national business-orientated wire service, fulfilling the PSLRA requirements").  Consequently, any member of the proposed Class was required to seek appointment as lead plaintiff within 60 days after publication of that notice.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  Therefore, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on September

9, 2019.  Pursuant to the PSLRA and within the requisite time frame after publication of the required notice, the CannTrust Investor Group timely moves this Court to be appointed lead plaintiff on behalf of all members of the Class.

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial interest in the relief sought by the action.  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Holleman Decl., Ex. B.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *See Weltz*, 199 F.R.D. at 132; *Foley*, 272 F.R.D. at 128 (stating "[a]lthough courts have differed on how much weight to assign to each of the factors, [the Second Circuit], as have other courts, shall place the most emphasis on the last of the four factors:  the approximate loss suffered by the movant.").  *See also Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. Jan. 18, 2007) (same); *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-cv-4617 (RJH), 2006 U.S. Dist. LEXIS 3028, at *13-14 (S.D.N.Y. Jan. 25, 2006) ("We believe that the best yardstick by which to judge 'largest financial interest' is the amount of loss, period").

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period.  15 U.S.C. § 78u-4(e).

8

Within the Class Period, Movant purchased CannTrust securities in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. The CannTrust Investor Group has suffered substantial losses of $151,927.50 under a last-in-first-out ("LIFO") analysis as a result of Defendants' alleged fraudulent statements. *See In re eSpeed*, 232 F.R.D. at 101 (noting that courts prefer losses to be calculated under LIFO); *see also* Holleman Decl., Ex. B (Loss Chart).[6] Movant, thus, has a significant financial interest in the outcome of this case. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.    Movant Meets Rule 23's Typicality and Adequacy Requirements

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. July 15, 1998) ("Typicality and adequacy of

---

[6] Movant purchased a total of 65,800 shares, expended net funds of $406,007.50 on its securities during the Class Period, retained 20,000 shares through the close of the Class Period, and suffered $151,927.50 in losses.

representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."). *See also Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. June 3, 2007); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. Aug. 11, 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.").

As detailed below, the CannTrust Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

### (i)      Movant's Claims Are Typical of the Claims of the Class

Under Rule 23 (a)(3), the claims or defenses of the representative parties must be typical of those of the class.  A plaintiff satisfies the typicality requirement if the plaintiff has:  (a) suffered the same injuries as the absent class members; (b) the injuries are as a result of the same course of conduct by defendants; and (c) the plaintiff's claims are based on the same legal issues that prove the defendant's liability.  *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  "However, the claims of the class representative need not be identical to those of all members of the class."  *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2008 U.S. Dist. LEXIS 106327, at *29 (S.D.N.Y. Jan. 5, 2009); *see also In re Orion Secs. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 8, 2008) ("Indeed, the possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (quotations omitted).  A finding of commonality frequently supports a finding of typicality.  *See Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  *See Richman v Goldman*

10

*Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. Mar. 25, 2011) ("The typicality requirement is satisfied when the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise.") (quotations omitted). The CannTrust Investor Group, like the other members of the Class, acquired CannTrust securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses were a result of Defendants' common course of wrongful conduct. Accordingly, the CannTrust Investor Group satisfies the typicality requirement of Rule 23(a)(3). *See Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411 (NRB), 2008 U.S. Dist. LEXIS 38729, at *12 (S.D.N.Y. May 9, 2008) ("Typicality is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

The CannTrust Investor Group therefore satisfies the required *prima facie* showing of the typicality requirements of Rule 23 for purposes of this Motion.

### (ii)     Movant Will Fairly and Adequately Protect the Interests of the Class

The CannTrust Investor Group is also an adequate representative for the Class. Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." Adequate representation will be found if the representative has: (a) retained able and experienced counsel and (b) the representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. June 20, 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the

11

litigation."); *In re GE Secs. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *15 (S.D.N.Y. July 29, 2009) (Movant "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel."). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B).

Movant meets the requirements under Rule 23(a)(4) to fairly and adequately protect the interests of the putative Class. Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the consolidated action based on the large financial loss it has incurred as a result of the wrongful conduct alleged therein. *See In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (plaintiff's "financial stake in the litigation provides an adequate incentive for [plaintiff] to vigorously prosecute the action"). Indeed, Movant has already taken steps which demonstrate that it both recognizes and will protect the interests of the Class, including:  (1) executing certifications detailing each member's Class Period transactions and expressing their willingness to serve as Class representatives; (2) moving this Court to be appointed lead plaintiff; and (3) retaining competent and experienced counsel, who, as shown below, are experienced in class action litigation such as this involving allegations of securities fraud. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant sustained the largest amount of

12

losses from Defendants' alleged wrongdoing, the CannTrust Investor Group is the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead this consolidated action.

## III.   THE CANNTRUST INVESTOR GROUP'S CHOICE OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection only when necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, Movant has selected and retained BES as the proposed Lead Counsel for the Class.

As set forth in its accompanying firm résumé (Holleman Decl., Ex. E), BES is highly accomplished in, and is currently acting as lead counsel in, a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors.  The members of the firm have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class.  Thus, this Court may be assured that in the event that the instant Motion is granted, the members of the Class will receive the highest caliber of legal representation.

### CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court:  (1) consolidate the above-captioned actions; (2) appoint the CannTrust Investor Group as Lead Plaintiff on behalf the Class in the consolidated action; (3) approve the CannTrust Investor Group's selection of BES as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: September 9, 2019     Respectfully submitted,

          **BRAGAR EAGEL & SQUIRE, P.C.**

          By: _ */s/ W. Scott Holleman* _
          W. Scott Holleman
          885 Third Avenue, Suite 3040
          New York, NY 10022
          Telephone:  (212) 308-5858
          Facsimile:  (212) 214-0506
          Email: holleman@bespc.com

          *Counsel for Movant and Proposed*
          *Lead Counsel for the Class*

14

## <u>CERTIFICATE OF SERVICE</u>

I, W. Scott Holleman, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 9th day of September, 2019.

*/s/ W. Scott Holleman*
W. Scott Holleman