UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN HUANG, Individually and On Behalf of All Others Similarly Situated, | No. 1:19-cv-06396-JPO |
| Plaintiff, | CLASS ACTION |
| v. | |
| CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT, | |
| Defendants. | |
| GUSTAVO ALVARADO, Individually and On Behalf of All Others Similarly Situated, | No. 1:19-cv-06438-JPO |
| Plaintiff, | CLASS ACTION |
| v. | |
| CANNTRUST HOLDINGS INC., PETER ACETO, GREG GUYATT, and IAN ABRAMOWITZ, | |
| Defendants. | |
| RONALD E. JONES, Individually and On Behalf of All Others Similarly Situated, | No. 1:19-cv-06883-JPO |
| Plaintiff, | CLASS ACTION |
| v. | |
| CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT, | |
| Defendants. | |

[Caption continued on the next page.]

SCOTT JUSTISS, Individually and On Behalf
of All Others Similarly Situated,

                           Plaintiff,

      v.

CANNTRUST HOLDINGS INC., PETER
ACETO, and GREG GUYATT,

                       Defendants.

No. 1:19-cv-07164-JPO

CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF THE CANNTRUST INVESTOR
GROUP'S MOTION TO CONSOLIDATE RELATED CASES, APPOINT LEAD
PLAINTIFF, AND APPROVE SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND.........................................................2

III.  ARGUMENT .....................................................................................................................5

      A.    The Related Actions Should Be Consolidated.........................................................5

      B.    The CannTrust Investor Group Should Be Appointed Lead
            Plaintiff ...................................................................................................................6

            1.    The CannTrust Investor Group's Motion Is Timely ...................................7

            2.    The CannTrust Investor Group Has The Largest Financial
                  Interest In The Relief Sought By The Class ................................................7

            3.    The CannTrust Investor Group Satisfies The Requirements
                  Of Rule 23...................................................................................................8

            4.    The Court May Properly Appoint The Members of The
                  CannTrust Investor Group Together as a Group........................................10

      C.    The Court Should Approve The CannTrust Investor Group's
            Selection of Counsel ..............................................................................................11

IV.   CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alvarado v. CannTrust Holdings Inc. et al.*,
No. 1:19-cv- 04952 (S.D.N.Y.)...................................................................................................3

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................................5, 6

*Bo Young Cha v. Kinross Gold Corp.*,
No. 1:12-cv-01203-VEC, 2012 WL 2025850 (S.D.N.Y. May 31, 2012).................................9

*Glavan v. Revolution Lighting Techs., Inc.*,
No. 19-CV-980 (JPO), 2019 U.S. Dist. LEXIS 125960 (S.D.N.Y. July 29,
2019) .........................................................................................................................................7

*Huang v. CannTrust Holdings Inc. et al.*,
No. 1:19-cv-06396 (S.D.N.Y. Jul. 10, 2019), ECF No. 1.............................................2, 3, 4, 5

*Hung v. iDreamSky Tech. Ltd., No. 15-CV-2514 (JPO)*,
2016 U.S. Dist. LEXIS 8389 (S.D.N.Y. Jan. 25, 2016) ...........................................................8

*Jones v. CannTrust Holdings Inc. et al.*,
No. 1:19-cv-06883 (S.D.N.Y.)...................................................................................................3

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015).......................................................................................7

*Lax v. First Merch. Acceptance Corp.*,
No. 1:97-cv-02715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).............................................7

*Peters v. Jinkosolar Holding Co.*,
2012 U.S. Dist. LEXIS 38489 (S.D.N.Y. Mar. 19, 2012) ......................................................11

*In re Petrobras Sec. Litig.*,
104 F. Supp. 3d 618 (S.D.N.Y. 2015).....................................................................................11

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ..............................................................................................7

*Richman v. Goldman Sachs Grp., Inc.*,
274 F.R.D. 473 (S.D.N.Y. 2011) ..............................................................................................5

*Stone v. Agnico-Eagle Mines, Ltd.*,
280 F.R.D. 142 (S.D.N.Y. 2012) ...........................................................................................5, 6

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
No. 1:16-cv-02758-PKC, 2016 WL 2986235 (S.D.N.Y. May 13, 2016)..................................8

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
No. 1:14-cv-02814-ER, 2015 WL 1499657 (S.D.N.Y. Mar. 27, 2015) ...................................9

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................5

**STATUTES**

15 U.S.C. § 77z-1(a)(3)(B)(i) ........................................................................................6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ..................................................................................6

15 U.S.C. § 78u-4(a)(1) ..................................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i) .........................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(i) ..........................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(ii) .....................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................1, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .............................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..........................................................................10

15 U.S.C. § 78u-4(a)(3)(B)(v) .......................................................................................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 42(a) ....................................................................................................1, 5

Fed. R. Civ. P. 23 .................................................................................................. *passim*

## I.   INTRODUCTION

The four above-captioned actions allege that licensed producer and distributor of medical and recreational cannabis CannTrust Holdings Inc. ("CannTrust" or the "Company") and certain of its officers and directors made materially false and misleading statements in violation of the Securities Exchange Act of 1934.  As a result of Defendants' false and misleading statements – which included significant misstatements and omissions concerning the Company's non-compliance with certain Canadian regulations; the Company's shipments of unlicensed cannabis in violation of the Canadian Cannabis Act; misstatements made to Canadian regulators; and other undisclosed, material risks – investors, including movants Igor Kobzar, Lyss Murphey, Robert R. Patraulea, and Ming Li (the "CannTrust Investor Group" or the "Group") suffered significant harm.  Given that the four actions assert substantially identical claims against nearly identical defendants on behalf of overlapping classes of investors that purchased CannTrust securities during similar class periods, the cases should be consolidated.  *See* Fed. R. Civ. P. 42(a).

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, the CannTrust Investor Group respectfully submits that they are the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff.  The CannTrust Investor Group believes it has the largest financial interest in the above-captioned actions by virtue of their substantial investments in CannTrust securities during the alleged class period.

- 1 -

*See* Certifications and Loss Charts, Declaration of Reed R. Kathrein ("Kathrein Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, the CannTrust Investor Group purchased a total 509,224 CannTrust securities and collectively suffered over $676,343 in losses during the longest potential class period.

In addition to asserting the largest financial interest in this litigation, the CannTrust Investor Group also meet the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class. Further, the CannTrust Investor Group fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.

The CannTrust Investor Group has also demonstrated its adequacy through its selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries of behalf of harmed investors. Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on the CannTrust Investor Group's significant financial interest and its commitment to oversee this action, the CannTrust Investor Group respectfully requests the Court appoint it as Lead Plaintiff. Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, the Court should appoint one of the members of the CannTrust Investor Group, and otherwise grant its motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

CannTrust is a producer and distributor of medical and recreational cannabis. Complaint ¶ 16, *Huang v. CannTrust Holdings Inc. et al.*, No. 1:19-cv-06396 (S.D.N.Y. Jul. 10, 2019), ECF

No. 1 ("Huang Compl.").  Based in Canada, the Company represented that it operated its 450,000 square foot Niagara Perpetual Harvest Facility greenhouse in Pelham, Ontario, and prepared and packaged its product portfolio at its 60,000 square foot manufacturing "centre of excellence" in Vaughan, Ontario. Further, the Company represented that it established its international footprint through a strategic partnership with Cannatrek Ltd. in Australia and a joint venture with StenoCare A/S ("StenoCare") in Denmark. *See* Complaint ¶ 2, *Alvarado v. CannTrust Holdings Inc. et al.*, No. 1:19-cv-06438 (S.D.N.Y. Jul. 11, 2019), ECF No. 1. CannTrust's shares trade on the New York Stock Exchange ("NYSE") under the stock symbol "CTST".  At all times during the Class Period Defendant Peter Aceto ("Aceto") was the Company's Chief Executive Officer, and Defendant Greg Guyatt ("Guyatt") was the Company's Chief Financial Officer.  Huang Compl. ¶¶ 13-14.

On July 10, 2019, the first of the two Related Actions, *Huang v. CannTrust Holdings Inc. et al.*, No. 1:19-cv-06396 (S.D.N.Y.), was filed against Defendants CannTrust, Aceto, and Guyatt on behalf of all purchasers of CannTrust stock between November 14, 2018 and July 5, 2019, asserting violations of Sections 10(b) and 20(a) of the Exchange Act.

The next day, on July 11, 2019, a second related action, *Alvarado v. CannTrust Holdings Inc. et al.*, No. 1:19-cv- 04952 (S.D.N.Y.), was filed against the same Defendants, as well as against Ian Abramowitz ("Abramowitz"), the Company's former Chief Financial Officer and current SVP of Global Investments and Partnerships, asserting identical Exchange Act claims on behalf of a putative class of investors who purchased or otherwise acquired CannTrust securities during the same Class Period.  Complaint ¶¶ 1, 19-22, *Alvarado v. CannTrust Holdings Inc. et al.*, No. 1:19-cv-06438 (S.D.N.Y. May 28, 2019), ECF No. 1 ("Alvarado Compl."). Two other actions were filed thereafter, each similarly asserting Exchange Act claims against Aceto and

Guyatt: *Jones v. CannTrust Holdings Inc. et al.*, No. 1:19-cv-06883 (S.D.N.Y. Jul. 24, 2019) ("Jones Compl.), and *Justiss v. CannTrust Holdings Inc. et al.*, No. 1:19-cv- 07164 (S.D.N.Y. Jul. 31, 2019), ECF No. 1 ("Justiss Compl.") (collectively with the Huang and Alvarado Complaints, the "Related Actions"). With the exception of the Jones Complaint, which has a narrower Class Period (February 25, 2019 through July 12, 2019 (see Jones Compl. ¶ 1)), each of the Related Actions asserts claims for a Class Period of between November 14, 2018 and July 5, 2019. Huang Compl. ¶ 1; Alvarado Compl. ¶¶ 40, 44; Justiss Compl. ¶ 1.

The gravamen of each of the Related Actions is Defendants' violations of the Exchange Act for false and misleading statements regarding the Company's regulatory approval status, compliance with regulations, inventory, and its general business, operations, and prospects. Huang Compl. ¶¶ 5, 23; Alvarado Compl. ¶¶ 40, 44; Jones Compl. ¶¶ 5, 32, 51,65; Justiss Compl. ¶¶ 3, 23.  In particular, Defendants failed to disclose to investors: (1) that the Company was growing cannabis in its Pelham greenhouse while applications for regulatory approval were still pending; (2) that the Company's Pelham greenhouse did not comply with certain regulations; (3) that, as a result, the Company was reasonably likely to face an inventory hold by Health Canada until the Pelham facility becomes compliant with applicable regulations; (4) that, as a result, the Company's customers would face shortages and would likely seek product from CannTrust's competitors; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis. Huang Compl. ¶ 5; Alvarado Compl. ¶ 40; Jones Compl. ¶ 51; Justiss Compl. ¶ 3.

These false and misleading statements caused the price of CannTrust securities to be artificially inflated, and thereby resulted in the damages suffered by Movant and the other

members of the class. Huang Compl. ¶¶ 32-34, 38, 41; Alvarado Compl. ¶ 49-50, 53, 61, Jones Compl. ¶¶ 61, 64-65, 67, 75; Justiss Compl. ¶¶ 33-34, 36 39, 41, 50-51.  The truth was finally revealed on July 8, 2019, when the Company disclosed that Health Canada found that its greenhouse facility in Pelham, Ontario is non-compliant with certain regulations, and as a result, Health Canada placed a hold on 5,200 kilograms of dried cannabis harvested from the unlicensed rooms, along with an additional 7,500 kilograms voluntarily held by the Company, until the facility becomes compliant. On this news, the Company's share price fell more than 22%, to close at $3.83 per share on July 8, 2019, on unusually heavy trading volume. Huang Compl. ¶¶ 24-25; Alvarado Compl. ¶ 6-7; Jones Compl. ¶¶ 11-12; Justiss Compl. ¶¶ 4-5.

On July 10, 2019, Plaintiff *Huang*'s counsel published a notice of pendency of that action over the national wire service, *BusinessWire*.  Kathrein Decl., Ex. C (Published Notice).  That notice advised class members of the existence of the lawsuit and described the claims asserted. *Id*.

### III.    ARGUMENT

**A.    The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).  To date, the CannTrust Investor Group is aware of the four above-captioned Related Actions in this District against Defendants.  Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *Id*.; *Stone v. Agnico-Eagle Mines, Ltd.*, 280 F.R.D. 142, 144 (S.D.N.Y. 2012) (consolidating securities class actions); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344

(S.D.N.Y. 2009) (same); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).  Here the Related Actions are based upon the same alleged misconduct, name almost the same Defendants, allege similar class periods, overlap in class definition, and assert many of the same claims.  Consolidation, therefore, is appropriate.  *Id*.

**B.      The CannTrust Investor Group Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); see also 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA requirements are both procedural and substantive.  *Id*.  The Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The PSLRA provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  *See also Stone*, 280 F.R.D. at 144.  The CannTrust Investor Group meets these requirements and should, therefore, be appointed as Lead Plaintiff.

1.    **The CannTrust Investor Group's Motion Is Timely**

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i).  The notice published in this action on July 10, 2019 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline.  *See* Published Notice, Kathrein Decl., Exhibit C.  Because the CannTrust Investor Group filed the motion within sixty days of publication of the notice of action, the motion is timely.

2.    **The CannTrust Investor Group Has The Largest Financial Interest In The Relief Sought By The Class**

In deciding "the largest financial interest in the relief sought by the class," courts in this district tend to consider four criteria, known as the *Lax* factors: (i) the gross number of shares purchased; (ii) the net number of shares purchased; (iii) the net funds spent; and (iv) the net loss suffered.  *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004) (quoting *Lax v. First Merch. Acceptance Corp.*, No. 1:97-cv-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)).  Courts generally find the fourth factor to be the most compelling.  *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-980 (JPO), 2019 U.S. Dist. LEXIS 125960, at *8 (S.D.N.Y. July 29, 2019) (*quoting Peters v. Jinkosolar Holding Co.,* 2012 U.S. Dist. LEXIS 38489, at *5 (S.D.N.Y. Mar. 19, 2012); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)).

During the Class Period, the CannTrust Investor Group collectively expended over $2,729,649 purchasing 509,224 CTST shares on NYSE during the Class Period at the artificially inflated prices and suffered total losses of over $676,343.  *See* Kathrein Decl., Exs. A and B.  To the best of the CannTrust Investor Group's counsel's knowledge, there is no other movant with a larger financial interest.  Therefore, the CannTrust Investor Group satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.    The CannTrust Investor Group Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, the CannTrust Investor Group "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Hung v. iDreamSky Tech. Ltd., No. 15-CV-2514 (JPO),* 2016 U.S. Dist. LEXIS 8389, at *18 (S.D.N.Y. Jan. 25, 2016) ("At this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (*quoting Freudenberg v. E\*Trade Fin. Corp*., 2008 U.S. Dist. LEXIS 62767, at *5 (S.D.N.Y. July 16, 2008)).  Here, Movant satisfies both requirements.

The typicality requirement is satisfied "when the claims of the proposed lead plaintiff arise from the same conduct from which the other class members' claims and injuries arise." *In re Third Ave. Mgmt. LLC Sec. Litig.*, No. 1:16-cv-02758-PKC, 2016 WL 2986235, at *4 (S.D.N.Y. May 13, 2016) (*citing Richman v. Goldman Sachs Grp., Inc*., 274 F.R.D. 473, 479 (S.D.N.Y. 2011)).  The CannTrust Investor Group satisfies this requirement because, just like all other proposed class members, they seek to assert claims and recover damages arising from Defendants' misrepresentations.  The CannTrust Investor Group's claims therefore arise from the

- 8 -

same factual predicate as those in the complaints. *See id.* Accordingly, the CannTrust Investor Group satisfies the typicality requirement.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class' interests to be fairly and adequately represented, a Lead Plaintiff must "not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Bo Young Cha v. Kinross Gold Corp.*, No. 1:12-cv-01203-VEC, 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012) (citation omitted). Here, the CannTrust Investor Group satisfies these elements because their substantial financial stake in the litigation provides the incentive to vigorously represent the Class's claims. *See Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 1:14-cv-02814-ER, 2015 WL 1499657, at *11 (S.D.N.Y. Mar. 27, 2015) (appointing investor who "demonstrated substantial losses" because "that suggest[s] he will have a strong interest in advocating on behalf of the Class"). In addition, the CannTrust Investor Group's and the Class's interests are perfectly aligned. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the CannTrust Investor Group and other Class members. To further illustrate their adequacy, the CannTrust Investor Group submits herewith their certifications together with a Joint Declaration affirming their understanding of the duties owed to Class members through their commitment to oversee and monitor the prosecution of this action in the best interests of the Class. Kathrein Decl. Ex. A (Certifications); Kathrein Decl. Ex. E (Joint Declaration). Finally, the CannTrust Investor Group has demonstrated their adequacy through their selection of Hagens Berman as Lead Counsel to represent the Class in this action. As discussed more fully below, Hagens Berman is a highly qualified and experienced firm in the

area of securities class action litigation and have repeatedly demonstrated an ability to conduct securities class action litigation effectively.

**4.    The Court May Properly Appoint The Members of The CannTrust Investor Group Together as a Group.**

As demonstrated above and in their joint declaration, the CannTrust Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby warranting their appointment as Lead Plaintiff.  The joint declaration submitted by the CannTrust Investor Group movants in support of their motion describes how each member has significant investment, educational background and/or work experience, and how each suffered substantial losses from their investment in CannTrust.[1]  The Group's joint declaration explains how and why each member made the decision jointly to seek appointment as lead plaintiff.[2]  Essentially, they concluded that it made sense to combine their collective decision-making and resources to ensure that the best interests of the class are protected.[3]  In addition, each emphasized their commitment to working together and cohesively in the best interests of the class,[4] and overseeing class counsel,[5] and developed a decision-making structure.[6]

Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, each member of the group hereby moves to be appointed individually.

---

[1] Kathrein Decl. Ex. E, Joint Declaration Of CannTrust Investor Group In Support Of Motion To Consolidate Related Cases, Appoint Lead Plaintiff, And Approve Selection Of Lead Counsel, at ¶¶ 3-6; 16.

[2] *Id*. at ¶¶ 8-9.

[3] *Id*.

[4] *Id*. at ¶ 13.

[5] *Id*. at ¶ 7.

[6] *Id*. at ¶ 11.

**C.      The Court Should Approve The CannTrust Investor Group's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). "The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Peters v. Jinkosolar Holding Co.*, 2012 U.S. Dist. LEXIS 38489, at \*35-36 (S.D.N.Y. Mar. 19, 2012) (*quoting Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)).

Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (relying on a declaration detailing counsel's extensive experience with complex class action litigations); *see also Peters v. Jinkosolar Holding Co.*, 2012 U.S. Dist. LEXIS 38489, at \*35-36 (S.D.N.Y. Mar. 19, 2012) (approving movant's choice of counsel upon law firms' submission of "resumes demonstrating extensive experience and success prosecuting cases similar to this one").

The CannTrust Investor Group has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Kathrein Decl., Ex. D. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class action cases. *See* Kathrein Decl., Ex. D at p. 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Kathrein Decl., Ex. D at p. 32. Thus, the

- 11 -

Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, the CannTrust Investor Group respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint the CannTrust Investor Group as Lead Plaintiff pursuant to the PSLRA; (3) approve the CannTrust Investor Group's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper. Alternatively, if the Court determines that a single plaintiff would be more appropriate in this action, the Court should appoint either Igor Kobzar, Lyss Murphey, Stephen Ross, Robert R. Patraulea, or Ming Li individually and approve the selection of Hagens Berman as counsel.

DATED: September 9, 2019                 Respectfully submitted,

                                         HAGENS BERMAN SOBOL SHAPIRO LLP

                                         By  */s/ Jason A. Zweig*
                                             JASON A. ZWEIG, JZ-8107

                                         555 Fifth Avenue, Suite 1700
                                         New York, NY  10017
                                         Telephone: (212) 752-5455
                                         Facsimile:  (917) 210-3980
                                         jasonz@hbsslaw.com

                                         Reed R. Kathrein
                                         Danielle Smith
                                         Lucas E. Gilmore
                                         HAGENS BERMAN SOBOL SHAPIRO LLP
                                         715 Hearst Avenue, Suite 202
                                         Berkeley, CA  94710
                                         Telephone: (510) 725-3000
                                         Facsimile:  (510) 725-3001
                                         reed@hbsslaw.com
                                         danielles@hbsslaw.com
                                         lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff Igor Kobzar,*
*Lyss Murphey, Robert R. Patraulea and Ming Li*

- 13 -

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Jason A. Zweig*
JASON A. ZWEIG
