UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN HUANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- against -<br><br>CANNTRUST HOLDINGS INC., PETER ACETO and GREG GUYATT<br><br>Defendants. | 1:19-cv-6396 (JPO)<br><br>**CANNTRUST HOLDINGS INC.'S RESPONSE TO MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| GUSTAVO ALVARADO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- against -<br><br>CANNTRUST HOLDINGS INC., PETER ACETO, GREG GUYATT, and IAN ABRAMOWITZ,<br><br>Defendants. | 1:19-cv-6438 (JPO) |
| RONALD E. JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- against -<br><br>CANNTRUST HOLDINGS INC., PETER ACETO and GREG GUYATT<br><br>Defendants. | 1:19-cv-6883 (JPO) |

SCOTT JUSTISS, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

    - against -

CANNTRUST HOLDINGS INC., PETER ACETO and GREG GUYATT

        Defendants.

1:19-cv-7164 (JPO)

Defendant CannTrust Holdings, Inc. ("CannTrust") respectfully submits the following response to the motions for appointment of lead plaintiff and approval of lead plaintiff's selection of counsel, in the above-captioned actions.[1]

1.      CannTrust takes no position on the appointment of lead plaintiff or the approval of lead counsel.[2]  However, CannTrust respectfully submits that any decision as to the appointment of lead plaintiff is without prejudice to any determination made in connection with class certification in the event any consolidated complaint survives anticipated motions to

---

[1]    The actions pending in this Court are: *Chun Huang v. CannTrust Holdings, Inc., et al.*, No. 1:19-cv-06396-JPO (the "*Huang* Action"); *Gustavo Alvarado v. CannTrust Holdings, Inc., et al.*, No. 1:19-cv- 06438-JPO (the "*Alvarado* Action"); *Ronald E. Jones v. CannTrust Holdings, Inc., et al.*, No. 1:19-cv- 06883-JPO (the "*Jones* Action"); and *Scott Justiss v. CannTrust Holdings, Inc., et al.*, No. 1:19-cv-07164-JPO (the "*Justiss* Action").

CannTrust specifically responds to the motions filed in the *Huang* Action of lead plaintiff movants Nick Haila (ECF No. 12), Eric Glasson, Mike Hopson, Joshua Smith, and Ray Brubaker (ECF No. 17), Integral Capital Management SARL (ECF No. 18), Jose A. Silva (ECF No. 22), Yin Zhao (ECF No. 26), Gary Rosetta (ECF No. 28), Fernando G. Trasmundi (ECF No. 33), Mark Petersen (ECF No. 39), Granite Point Capital Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund (ECF No. 40), Igor Kobzar, Lyss Murphey, Robert R. Patraulea, and Ming Li (ECF No. 47), and Lee David Fitzkee (ECF No. 48).  CannTrust does not respond to the motions filed in the *Huang* Action of Jonathan Wong (ECF No. 9) or Miguel Chang, Gregory Fox and Cory Knipe (ECF No. 35) because those motions have been withdrawn. (*See* ECF Nos. 55, 59.)

CannTrust also responds to the duplicative motions of lead plaintiff movants Nick Haila and Integral Capital Management SARL filed in the *Alvarado* Action (ECF No. 18 and ECF No. 21 respectively), the *Jones* Action (ECF No. 13 and ECF No. 16 respectively) and the *Justiss* Action (ECF No. 11 and ECF No. 14 respectively.)

[2]    CannTrust does not waive, and expressly preserves, all defenses.

dismiss. The preliminary determination of Rule 23 factors for purposes of appointing a lead plaintiff is not the same and should not predetermine how the Court might resolve such factors should this case reach the class certification stage. *See Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) (recognizing that "a court need not conduct a full analysis of whether the requirements of Rule 23 have been met" at the lead plaintiff stage); *see also Yates v. Open Joint Stock Co.*, No. 04 Civ. 9742 (NRB), 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (noting that defendants' attacks on typicality and adequacy were not appropriate until class certification). All movants concede that in determining the lead plaintiff motions, unlike in a full Rule 23 class certification determination, the Court only requires a preliminary showing that two of the four Rule 23(a) requirements are met. *See Huang* Action ECF No. 13 at 15, ECF No. 18 at 13-14, ECF No. 19 at 13, ECF No. 23 at 8, 15-16, ECF No. 27 at 7, ECF No. 29 at 6-7, ECF No. 37 at 6-7, 14-15, ECF No. 43 at 10, ECF No. 44 at 15, ECF No. 50 at 13, and ECF No. 51 at 12.

2.      Further, CannTrust objects to the proposed orders submitted by movant Jose A. Silva and movant Lee David Fitzkee in the *Huang* Action to the extent those orders seek to include a provision regarding document preservation. *See* ECF No. 22 at ¶ 8; ECF No. 49 at ¶ 15. Such a provision is not necessary and is duplicative of existing document preservation obligations. The obligation to preserve relevant documents is set forth under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(C)(i), and applies to *all* parties in the litigation. *See Lifestyle Invs., LLC v. Amicus Therapeutics, Inc.*, No. 3:15-cv-7350 (FLW), 2016 WL 3032684, at *8-9 (D.N.J. May 26, 2016) (relying on *Pirelli* to deny lead plaintiff movant's provision for document preservation); *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-cv-03495 (AT) (BCM), 2016 WL 5867497, at *6 (S.D.N.Y.

3

Oct. 4, 2016) (citing *Pirelli* and denying lead plaintiff movant's provision for document preservation as duplicative); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBrance & Co.*, 229 F.R.D. 395, 421 (S.D.N.Y. 2004) (denying lead plaintiff movant's unopposed motion for an order requiring the preservation of evidence because the obligation that all parties preserve relevant documents is "statutorily automatic," and "such an order would either unnecessarily duplicate the obligations created under the PSLRA or . . . alter those obligations without justification").  Moreover, proposed lead plaintiffs have failed to attempt to make any evidentiary showing that CannTrust is not complying with its preservation obligations, rendering such an order unwarranted.

3.      CannTrust also objects to movant Lee David Fitzkee's proposed order in the *Huang* Action insofar as it purports to modify the appropriate methods for effecting service upon the parties.  *See* ECF No. 49 at ¶ 14.  CannTrust submits that ECF filings are deemed properly served under S.D.N.Y. Local Rule 5.2(a) and objects to the extent movant Lee David Fitzkee seeks to modify in any way the methods and procedures governing service of process.

**CONCLUSION**

While CannTrust takes no position on the motions for lead plaintiff, CannTrust

respectfully requests that any request to include document preservation and service of papers

provisions in an order appointing lead plaintiff and lead counsel be denied.

Dated:    New York, New York
          September 23, 2019


/s/ Susan L. Saltzstein
Susan L. Saltzstein
Scott D. Musoff
Jeffrey S. Geier
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
Phone:  (212) 735-3000
Fax:  (212) 735-2000
Susan.Saltzstein@skadden.com
Scott.Musoff@skadden.com
Jeffrey.Geier@skadden.com

*Attorneys for Defendant CannTrust Holdings, Inc.*

5