**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUN HUANG, Individually and on Behalf of and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT,<br><br>Defendants. | Civil Action No.: 1:19-cv-06396-JPO<br><br>CLASS ACTION<br><br>Hon. J. Paul Oetken |
| GUSTAVO ALVARADO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANNTRUST HOLDINGS INC., PETER ACETO, GREG GUYATT, and IAN ABRAMOWITZ,<br>Defendants. | Civil Action No.: 1:19-cv-06438-JPO<br><br>CLASS ACTION<br><br>Hon. J. Paul Oetken |
| RONALD E. JONES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANNTRUST HOLDINGS INC., PETER ACETO and GREG GUYATT,<br><br>Defendants. | Civil Action No.: 1:19-cv-06883-JPO<br><br>CLASS ACTION<br><br>Hon. J. Paul Oetken |

*[Caption continued on following page]*

| | |
|---|---|
| SCOTT JUSTISS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT,<br><br>Defendants. | Civil Action No.: 1:19-cv-07164-JPO<br><br>CLASS ACTION<br><br>Hon. J. Paul Oetken |

**JOSE A SILVA'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF**

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 3

    I.      The Motions to Consolidate Should Be Granted ........................................................... 3

    II.    Mr. Silva Should Be Appointed As Lead Plaintiff ....................................................... 3

        A.      Legal Standards.................................................................................................... 3

        B.      Mr. Silva Has the Largest Individual Financial Interest of Any Movant Who Also Satisfies Rule 23 ......................................................................................... 4

        C.      Mr. Silva Satisfies Rule 23 ................................................................................. 6

            1.      Mr. Silva Satisfies the Typicality Requirement............................................... 6

            2.      Mr. Silva Satisfies the Adequacy Requirement ............................................... 7

        D.      The Glasson Plaintiffs Are Inadequate ................................................................ 7

        E.      Mr. Silva's Choice of Counsel Should Be Approved .......................................... 10

CONCLUSION.............................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Brady v. Top Ships Inc.*,
 324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................. 8

*Dura Pharmaceuticals, Inc. v. Broudo*,
 544 U.S. 336 (2005) ............................................................................................................ 5

*Francisco v. Abengoa, S.A.*,
 No. 15 Civ. 6279 (ER), 2016WL 3004664  (S.D.N.Y. May 24, 2016) ................................. 4

*Glavan v. Revolution Lighting Techs., Inc.*,
 No. 19-CV-980, 2019 WL 3406582 (S.D.N.Y. July 29, 2019) ........................................ 2, 5

*Goldberger v. PXRE Group, Ltd.*,
 No. 06-CV-3410 (KMK), 2007 WL 980417 (S.D.N.Y. March 30, 2007) ............................. 9

*Gutman v. Sillerman*,
 No. 15 Civ. 7192 (CM), 2015WL 13791788 (S.D.N.Y. Dec. 8, 2015) ................................ 5

*Hansen v. Ferrellgas Partners, L.P.*,
 No. 16-cv-7840 (RJS), 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) ................................. 3, 4

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK)(PK),
 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ...................................................................... 7

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ................................................................................................ 4

*In re Comverse Tech., Inc. Sec. Litig.*,
 No. 06-CV-1825 (NGG)(RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ........................ 4

*In re Donnkenny Inc. Sec. Litig.*,
 171 F.R.D. 156 (S.D.N.Y. 1997) ....................................................................................... 10

*In re Drexel Burnham Lambert Group, Inc.*,
 960 F.2d 285 (2d Cir. 1992) ............................................................................................... 6

*In re Star Gas Sec. Litig.*,
 No. 3:04cv1766(JBA),2005 U.S. Dist. LEXIS 5827 (D. Conn. Apr. 8, 2005) ...................... 6

*In re Tarragon Corp. Sec. Litig.*,
 No. 07 CIV. 7972(PKC), 2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007) ........................... 2, 10

*Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*,
 No. 15-CV-3599 (KMW), 2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015) ............................. 9

*Jacobs v. Castillo*,
    612 F. Supp. 2d 369 (S.D.N.Y. 2009)..................................................................................... 3

*Jakobsen v. Aphria, Inc.*,
    No. 18 Civ. 11376, 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ......................................... 9

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................. 6

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015)..................................................................................... 9

*Kniffin v. Micron Tech., Inc.*,
    379 F. Supp. 3d 259 (S.D.N.Y. 2019).................................................................................. 2, 9

*Linn v. Allied Ir. Banks, PLC*,
    No. 02 Civ. 1738(DAB), 2004 WL 2813133 (S.D.N.Y. Dec. 8, 2004) ................................... 3

*Maliarov v. Eros Int'l PLC*,
    No. 15-CV-8956 (AJN), 2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016) ................................... 10

*Marsch v. Feng,*
    No. 12 Civ. 9456 (JSR), 2013 WL 3204193 (S.D.N.Y. June 12, 2013)................................... 7

*Peters v. Jinkosolar Holding Co.*,
    No. 11 Civ. 7133 (JPO) 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ............................ 5, 7, 8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................... 1

*Reimer v. Ambac Fin. Grp., Inc.*,
    2008 WL 2073931 (S.D.N.Y. May 9, 2008) ........................................................................... 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................................... 8

*Xu v. Gridsum Holding, LLC*,
    No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sep. 17, 2018) ................................... 7

**Statutes**

15 U.S.C. § 78j(b)...................................................................................................................... 3

15 U.S.C. § 78t(a))..................................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc) ....................................................................................... 4

15 U.S.C. §78u-4(a)(3)(B)(v) ........................................................................................................ 10

17 C.F.R. § 240.10b-5.................................................................................................................... 3

Before the Court are four motions seeking: (1) consolidation of the above-captioned Actions[1] pursuant to Federal Rule of Civil Procedure 42(a), and (2) appointment as lead plaintiff and approval of selection of counsel in the consolidated action pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3). The movants are: (1) Integral Capital Management SARL ("ICM") (Dkt. Nos. 15-16, 18, 21, and 24); (2) Eric Glasson, Mike Hopson, Joshua Smith, and Ray Brubaker (the "Glasson Plaintiffs") (Dkt. Nos. 17, 19-20, and 32); (3) Jose A. Silva ("Movant" or "Silva") (Dkt. Nos. 22-23, and 25); and (4) Granite Point Capital Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund ("Granite Point") (Dkt. Nos. 40, 42, and 44-45).[2]

## INTRODUCTION

Each of the movants agree that the Actions should be consolidated because they assert similar claims arising out of the same underlying facts. Further, *de minimis* differences in the alleged class periods and named Defendants does not factor against consolidation. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) ("Nor do differences among the class periods proposed preclude consolidation").

Pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant who has the largest financial interest in the litigation who has also made a showing that he, she, or it is both an adequate and typical class representative pursuant to the Rule 23 of the Federal Rules of Civil

---

[1] Unless otherwise defined herein, all defined terms shall have the same meaning ascribed to them in Mr. Silva's ("Movant") Opening Memorandum of Law in Support of his Motion. Dkt. No. 23.

[2] In addition to these four movants: (1) Yin Zhao; (2) Lee David Fitzkee; (3) Mark Petersen; (4) Fernando G. Trasmundi; (5) Gary Rosetta; (6) Nick Haila; and (7) Igor Kobzar, Lyss Murphey, Robert R. Patraulea, and Ming Li (the "CannTrust Investor Group") filed motions for appointment as lead plaintiff, but subsequently filed notices of non-opposition after recognizing that they do not possess the largest financial interest in the litigation. *See* Dkt. Nos. 26-27, 31, and 54 (Zhao); Dkt. Nos. 48-49, 51-52, and 56 (Fitzkee); Dkt. Nos. 39, 41, 43, 46, and 61 (Petersen); Dkt. Nos. 33-34, 36, and 57 (Trasmundi); 28-30 and 58 (Rosetta); Dkt. Nos. 12-14 and 62 (Haila); and Dkt. Nos. 47, 50, 53, and 63 (CannTrust Investor Group). As such, these foregoing motions are no longer in contention. Also Miguel Chang, Gregory Fox, and Cory Knipe (Dkt. Nos. 35, 37-38, and 55) and Jonathan Wong (Dkt. Nos. 9-11 and 59) also moved for lead plaintiff appointment, but subsequently withdrew their motions.

1

Procedure ("Rule 23"). *See generally*, *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-980, 2019 WL 3406582, at \*2-3 (S.D.N.Y. July 29, 2019) (Oetken, J.).[3] Of the remaining movants before the Court, Mr. Silva claims the largest financial interest of any individual before the Court, having lost **$1,057,999.92** as a result of the fraud alleged against Defendants during the Class Period and otherwise satisfies the requirements of Rule 23.

In addition to the forgoing, the Glasson Plaintiffs (in addition to having a smaller ***combined*** loss than Mr. Silva) cannot be appointed as lead plaintiff because they are an incohesive group of unrelated investors, cobbled together by their counsel in an effort to win lead plaintiff appointment. *See In re Tarragon Corp. Sec. Litig.*, No. 07 CIV. 7972(PKC), 2007 WL 4302732, at \*1 (S.D.N.Y. Dec. 6, 2007) (to allow appointment of a lawyer-driven group would undermine "[o]ne of the principal legislative purposes of the PSLRA"). The Glasson Plaintiffs submitted a boilerplate joint declaration with their motion for lead plaintiff, but this is insufficient evidence to justify aggregating their members' financial interests. "Their… [v]ague discussions of general communication protocols" and "boilerplate plans for cooperation" do not save their motion. *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019); *see also* Dkt. Nos. 20 (Joint Declaration of the Glasson Plaintiffs). Finally, the Glasson Plaintiffs do not claim the individual investor with the largest financial interest among their "ranks" meaning, even when properly disaggregated, their motion must still be denied.

Accordingly, Mr. Silva should be appointed as lead plaintiff because he has the largest financial interest of any individual and otherwise satisfies Rule 23's typicality and adequacy requirements.[4]

---

[3] Unless otherwise noted, all internal citations and quotations are omitted and all emphasis is added.

[4] Defendants filed a Response to Motions for Appointment of Lead Plaintiff objecting to Mr. Silva's proposed order to the extent it provided a "provision regarding document preservation." Dkt. No. 60. Initially, it is doubtful that Defendants have standing to weigh in on Mr. Silva's motion. *See Labul v. XPO Logistics, Inc.*, No. 3:18-CV-2062

**ARGUMENT**

## I.     The Motions to Consolidate Should Be Granted

The PSLRA requires that the Court determine the motion for consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The motions to consolidate should be granted. The Actions each allege violations of Sections 10(b) and 20(a) of the Exchange Act of 1934 ((15 U.S.C. §§ 78j(b) and 78t(a)) and Securities and Exchange Commission ("SEC") Rule 10b-5 (17 C.F.R. § 240.10b-5) arising out of the same underlying facts against the Defendants. *See Linn v. Allied Ir. Banks, PLC*, No. 02 Civ. 1738(DAB), 2004 WL 2813133, at *2-3 (S.D.N.Y. Dec. 8, 2004) (consolidation appropriate where complaints assert "the identical two causes of action" and are "predicated upon many of the same alleged misrepresentations and fraudulent acts"); *see also Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840 (RJS), 2017 WL 281742 , at *2 (S.D.N.Y. Jan. 19, 2017) (consolidation appropriate despite differences in named parties and proposed class periods where claims substantially overlap). Moreover, consolidation will promote judicial efficiency and conserve the resources of the Court and the parties. *See Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Consolidation is appropriate in order to serve the interests of judicial economy.").

## II.     Mr. Silva Should Be Appointed As Lead Plaintiff

### A.     Legal Standards

According to the PSLRA, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter referred to as the 'most adequate plaintiff')."

---

(VLB), 2019 WL 1450271, at *7–9 (D. Conn. Apr. 2, 2019) (reviewing conflicting caselaw before holding that "Defendants lack standing to oppose the presumption that the Pension Funds are the most adequate plaintiff."). In any event, Mr. Silva's order is entirely consistent with the PSLRA and demonstrates that he is acting in the best interests of the Class.

15 U.S.C. § 78u-4(a)(3)(B)(i).

The most adequate plaintiff is the person who: (1) has either "filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). At this stage, the court focuses its Rule 23 analysis on the typicality and adequacy of the proposed lead plaintiffs. The PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001). Instead, the court must first determine that movant has made a *prima facie* showing of typicality and adequacy and then entertain rebuttal argument from other members of the class before appointment. *See Hansen*, WL 281742, at *2-3 (rebuttable presumption may be rebutted with proof that presumptive lead plaintiff "is subject to unique defenses that render such plaintiff incapable of adequately representing the class.").

**B.      Mr. Silva Has the Largest Individual Financial Interest of Any Movant Who Also Satisfies Rule 23**

To determine which movant has the greatest financial interest under PSLRA, courts commonly refer to the *Lax/Olsten* factors: (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period. *Id.* "Most courts consider the fourth factor, the approximate loss a plaintiff suffered during the class period, to be the most influential in identifying the plaintiff with the largest financial interest." *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007); *see also Francisco v. Abengoa, S.A.*, No. 15 Civ. 6279 (ER), 2016 WL 3004664, at *5 (S.D.N.Y. May 24, 2016) ("courts have consistently held that . . . the magnitude of

4

the loss suffered, is most significant."); *Gutman v. Sillerman*, No. 15 Civ. 7192 (CM), 2015 WL 13791788 , at \*4 (S.D.N.Y. Dec. 8, 2015) ("[m]ost courts agree that the largest loss is the critical ingredient in determining the largest financial interest.") As the following table demonstrates, Mr. Silva lost approximately $1,057,999.92,[5] second only to Granite Point, and the largest financial interest of any individual before the Court:

| Movant | Claimed Losses |
|---|---|
| Granite Point | $2,135,246 |
| Silva | $1,057,999.92 |
| Glasson Plaintiffs | $468,450 |
| ICM | $128,130.89 |

Thus, Mr. Silva must be appointed ***on this basis alone*** before the Glasson Plaintiffs and ICM. *See Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO) 2012 WL 946875, at \*5 (S.D.N.Y. Mar. 19, 2012) ("It is well settled that financial loss, the last factor, is the most important element of the test.") (Oetken, J.). As demonstrated by the papers filed in support of his opening motion, Mr. Silva calculated his losses using the preferred last in, first out ("LIFO") methodology and retained the vast majority of his shares (562,470) through the largest drop in share price relating to the underlying allegations on July 8, 2019, thereby proving the loss he suffered on those shares is "recoverable" pursuant to the Supreme Court's directive in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). *Huang* ¶ 25 (CannTrust "share price fell $1.11, or more than 22%"); *see also Glavan*, 2019 WL 3406582, at \*5 ("the record at this early stage in the litigation offers the Court no reason to believe any portion of the claimed [loss] figure is 'clearly not recoverable.'") (quoting *Gutman*, 2015 WL 13791788, at \*5).

---

[5] Mr. Silva also purchased 602,470 shares during the Class Period, expended $1,070,739.21 in funds during the Class Period, and retained 562,470 shares through the first corrective disclosure on July 8, 2019. *See* Dkt. No. 25-2.

### C.    Mr. Silva Satisfies Rule 23

Mr. Silva has the largest individual financial interest of any movant before the Court who also satisfies Rule 23. *See In re Star Gas Sec. Litig*., No. 3:04cv1766(JBA), 2005 WL 818617, at *3 (D. Conn. Apr. 8, 2005) (explaining that "the Court should not undertake a comprehensive review of all the lead plaintiff motions at once. Rather, the Court should consider the motions sequentially, from greatest to smallest loss…."). Mr. Silva easily satisfies the typicality and adequacy provisions of Rule 23.

A lead plaintiff's claims are typical with the claims of the class if they purchased artificially-inflated shares during the class period while relying on the alleged misrepresentations and suffered losses as a result. *See Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (citing *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."). A lead plaintiff satisfies the adequacy requirement with a preliminary showing that: (1) lead counsel is qualified; (2) there is no conflict between the lead plaintiff and the class; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Here, Mr. Silva satisfies both the typicality and adequacy prongs of Rule 23, and should be appointed as lead plaintiff.

#### 1.    Mr. Silva Satisfies the Typicality Requirement

There can be no dispute that the Mr. Silva satisfies the typicality requirement. Mr. Silva: (1) purchased CannTrust shares during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result.

6

Because of this, Mr. Silva's claims are substantially similar, if not identical, to those of the other Class members who purchased CannTrust shares during the Class Period and suffered losses from the alleged misconduct on the part of the Defendants. *See In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK)(PK), 2017 WL 6403513, at \*3 (E.D.N.Y. Dec. 15, 2017) (typicality satisfied where movant's claims arise "out of the course of events alleged in the Complaint and do not differ with regard to how Defendants' liability would be proved."); *Xu v. Gridsum Holding, LLC*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at \*4 (S.D.N.Y. Sep. 17, 2018) (noting that lead plaintiff's claims need not be identical with those of the class to satisfy the typicality requirement).

### 2.    Mr. Silva Satisfies the Adequacy Requirement

Mr. Silva readily satisfies the adequacy requirement of Rule 23. Levi & Korsinsky, proposed Lead Counsel for the Class, are highly experienced in securities class actions and are well qualified to litigate the Actions on behalf of the Class. *See* Dkt. No. 25-4 (firm résumé of Levi & Korsinsky). Moreover, Mr. Silva has no conflicts with absentee Class members and is highly motivated to recover his losses of approximately $1.1 million. *See Marsch v. Feng,* No. 12 Civ. 9456 (JSR), 2013 WL 3204193, at \*2 (S.D.N.Y. June 12, 2013) (adequacy satisfied where movants suffered heavy losses to "ensure vigorous advocacy on behalf of the class."); *see also Peters*, 2012 WL 946875, at \*11 (movant adequate where it has no conflicts with proposed class and has retained qualified counsel).

### D.    The Glasson Plaintiffs Are Inadequate

The Glasson Plaintiffs fail to satisfy Rule 23. As this Court knows, the "PSLRA itself plainly contemplates the appointment of a group of individuals as lead plaintiff," but is "silent as to the relationship, if any, that the members of the group must have with one another." *Peters*, 2012 WL 946875, at \*6. Courts have rightfully "expressed particular concern when potential lead

plaintiff groups appear to have been 'cobbled together' for the sake of litigation." *Id*. Such aggregation is permitted only when "such a grouping would best serve the class." *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 345 (E.D.N.Y. 2018). Therefore, most courts will permit unrelated investors to form a lead plaintiff group on a case-by-case basis, considering:

> (1) the size of the group; (2) the relationship between the parties; and (3) any evidence that the group was formed in bad faith (in other words, that it is a mere 'artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as 'lead plaintiff' . . . . (1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa.

*Peters*, 2012 WL 946875, at *7.

A cursory review of the Glasson Plaintiffs' motion reveals it is not a "proper" group under the PSLRA. *First*, and perhaps most importantly, the Glasson Plaintiffs do not claim the largest individual loss of the remaining movants before the Court, meaning that the group was cobbled together "in order to manufacture a high enough financial interest to beat out any other competing lead plaintiffs." *Id*. at *8; *see also Varghese v. China Shenghuo Pharm. Holdings, Inc*., 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) ("courts in this District do not hesitate to deny a proposed group's motion for lead-plaintiff status if the movants have not provided a sufficient evidentiary basis for aggregation or if … the proposed group has been assembled as a makeshift by attorneys…."). *Second*, the Glasson Plaintiffs failed to submit evidence that its members had any pre-litigation relationship. While not dispositive, this factor weighs against aggregation, especially here as Mr. Silva has a larger individual interest than all members of the group.

*Third* and *fourth*, the Glasson Plaintiffs' involvement so far and plans for cooperation are limited to the boilerplate joint declarations they submitted with their motion, promising "goals [of] litigating this case in an efficient and responsible manner." "Vague discussions of general

8

communication protocols and status reports hashed out over preliminary conference calls do little to show the group's involvement in the litigation." *Kniffin*, 379 F. Supp. 3d at 263.

*Fifth*, the Glasson Plaintiffs do not include any evidence of their members' sophistication. However, even if they had "no matter how experienced or sophisticated these plaintiffs may be, the [] Group 'appears to be nothing more than a lawyer-created group of unrelated investors who were cobbled together 'in the hope of thereby becoming the biggest loser for PSLRA purposes.'" *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 534 (S.D.N.Y. 2015). *Sixth*, the Glasson Plaintiffs' motion is silent as to whether the group was formed "independent of counsel." *Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*, No. 15-CV-3599 (KMW), 2015 WL 7018024, at *4 (S.D.N.Y. Nov. 12, 2015). In fact, the joint declaration suggests otherwise. *See* Dkt. No. 20 ("[a]fter reviewing the allegations. . .and consulting with our counsel. . .we approved the filing of a joint motion.") These statements confirm or strongly suggest "that the individual members of the [group] selected their counsel before coming together as a group. . . . This weighs heavily against [their motion] because congress intended plaintiffs, and not their lawyers, to drive securities class actions" under the PSLRA. *Jakobsen v. Aphria, Inc.*, No. 18 Civ. 11376, 2019 WL 1522598, at *4 (S.D.N.Y. Mar. 27, 2019).

The policy underlying the enactment of the PSLRA as well as the case law in this District is clear that an unrelated group of investors should not be allowed to aggregate their losses in situations such as this. *See e.g., Goldberger v. PXRE Group, Ltd.*, No. 06-CV-3410 (KMK), 2007 WL 980417, at *5 (S.D.N.Y. March 30, 2007) (rejecting group whose members "share[] only this lawsuit in common," has no leader of the group, and suspecting group "of disparate and apparently unrelated plaintiffs" was result of the "type of lawyer-driven action that the PSLRA eschews");

9

*Tarragon*, 2007 WL 4302732, at *1; *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157–58 (S.D.N.Y. 1997). Accordingly, the Glasson Plaintiffs' motion must be denied.

### E.   Mr. Silva's Choice of Counsel Should Be Approved

The Court should also approve Mr. Silva's selection of Levi & Korsinsky as Lead Counsel for the putative Class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class subject to approval of the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). There is a strong presumption in favor of approving "a properly-selected lead plaintiff's decision as to counsel." *Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 WL 1367246, at *7 (S.D.N.Y. Apr. 5, 2016) (internal citations omitted). The attorneys at Levi & Korsinsky are highly experienced in securities and class action litigation and will prosecute the Actions effectively and expeditiously.

### CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Movant as Lead Plaintiff on behalf the Class; (3) approve Movant's selection of counsel, Levi & Korsinsky, as Lead Counsel; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: September 23, 2019

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By*: /s/ Eduard Korsinsky*
Eduard Korsinsky (EK-8989)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: ek@zlk.com

Shannon L. Hopkins (SH-1887)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Fax: (212) 363-7171

10

Email: shopkins@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*