**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHUN HUANG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT, <br><br> Defendants. | No. 1:19-cv-06396-JPO <br><br> Judge J. Paul Oetken <br><br> <u>CLASS ACTION</u> <br><br><br> <u>ORAL ARGUMENT REQUESTED</u> |
| GUSTAVO ALVARADO, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO, GREG GUYATT, and IAN ABRAMOWITZ, <br><br> Defendants. | No. 1:19-cv-06438-JPO <br><br> Judge J. Paul Oetken |
| RONALD E. JONES, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CANNTRUST HOLDINGS INC., PETER ACETO and GREG GUYATT, <br><br> Defendants. | No. 1:19-cv-06883-JPO <br><br> Judge J. Paul Oetken |

| |
|---|
| SCOTT JUSTISS, Individually and On Behalf of All Others Similarly Situated, |
| Plaintiff, |
| v. |
| CANNTRUST HOLDINGS INC., PETER ACETO, and GREG GUYATT, |
| Defendants. |

No. 1:19-cv-07164-JPO

Judge J. Paul Oetken

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF GRANITE POINT CAPITAL MASTER FUND, LP AND GRANITE POINT CAPITAL SCORPION FOCUSED IDEAS FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; AND IN OPPOSITION TO COMPETING MOVANTS**

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.      GRANITE POINT SHOULD BE APPOINTED LEAD PLAINTIFF ................................ 2

        A.      Granite Point Has the Largest Financial Interest ...................................................... 3

        B.      Granite Point Satisfies the Requirements of Rule 23 ................................................. 5

                1.      Granite Point Is Typical ................................................................................. 5

                2.      Granite Point Is Adequate .............................................................................. 6

        C.      Granite Point Is the Archetypal Lead Plaintiff as Envisioned by the
                PSLRA ........................................................................................................................ 8

II.     ALL COMPETING MOTIONS SHOULD BE DENIED ................................................... 9

CONCLUSION ............................................................................................................................. 12

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*,
    No. 18-CV-3608 (VSB), 2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) .......................................5

*In re Donnkenny Inc. Sec. Litig.*,
    171 F.R.D. 156 (S.D.N.Y. 1997) ...............................................................................................10

*In re Drexel Burnham Lambert Grp., Inc.*,
    960 F.2d 285 (2d Cir. 1992) ........................................................................................................5

*Dura Pharm. Inc. v. Broudo*,
    544 U.S. 336 (2005).....................................................................................................................4

*Elstein v. Net1 UEPS Techs.*, Inc.,
    No. 13 Civ. 9100 (ER), 2014 WL 3687277 (S.D.N.Y. July 23, 2014) .............................11, 12

*Faig v. Bioscrip, Inc.*,
    No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)...................................6

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*,
    209 F.R.D. 447 (C.D. Cal. 2002) ..............................................................................................10

*Glavan v. Revolution Lighting Techs., Inc.*,
    No. 19-CV-0908 (JPO), 2019 WL 3406582 (S.D.N.Y. July 29, 2019)..................................3, 4

*Int'l Union of Operating Eng'rs v. FXCM Inc.*,
    No. 15-CV-3599(KMW), 2015 WL 7018024 (S.D.N.Y. Nov. 12, 2015)..................................11

*Jakobsen v. Aphria, Inc.*,
    No. 18 CIV. 11376 (GBD), 2019 WL 1522598 (S.D.N.Y. Mar. 27, 2019) ..............................11

*Khunt v. Alibaba Grp. Holding Ltd.*,
    102 F. Supp. 3d 523 (S.D.N.Y. 2015).......................................................................................6, 9

*In re KIT Dig., Inc. Sec. Litig.*,
    293 F.R.D. 441 (S.D.N.Y. 2013) .................................................................................................8

*Kniffin v. Micron Tech., Inc.*,
    379 F. Supp. 3d 259 (S.D.N.Y. 2019).......................................................................................11

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016)..........................................................................................5

*Micholle v. Ophthotech Corp.*,
No. 17-CV-1758 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)..............................6, 8

*Nakamura v. BRF S.A.*,
No. 18-cv-2213 (PKC), 2018 WL 3217412 (S.D.N.Y. July 2, 2018) ......................................11

*Plaut* v. *The Goldman Sachs Grp., Inc.*,
No. 18-CV-12084 (VSB), 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ............................5, 6

*In re Ply Gem Holdings, Inc., Sec. Litig.*,
No. 14-CV-3577 (JPO), 2014 WL 12772081 (S.D.N.Y. Oct. 14, 2014).........................3, 4, 10

*Reitan v. China Mobile Games & Entm't Grp. Ltd.*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014)......................................................................................8

*Sallustro v. CannaVest Corp.*,
93 F. Supp. 3d 265 (S.D.N.Y. 2015).....................................................................................4

*Shanawaz v. Intellipharmaceutics Int'l Inc.*,
No. 17-CV-5761 (JPO), 2017 WL 5633168 (S.D.N.Y. Nov. 21, 2017) ..................................3

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)..........................................................................3, 10, 11

*In re XM Satellite Radio Holdings Sec. Litig.*,
237 F.R.D. 13 (D.D.C.2006)................................................................................................6

## Rules & Statutes

Fed. R. Civ. P. 23 ................................................................................................... *passim*

15 U.S.C. § 78u-4 *et seq.* ....................................................................................... *passim*

## Docketd Cases

*Desilvio v. Lion Biotech., Inc.*,
No. 17-cv-2086 (N.D. Cal. July 7, 2017)...........................................................................9, 10

*In re Prothena Corporation plc Sec. Litig.*,
No. 18-cv-06425 (S.D.N.Y.)...................................................................................................7

*In re Snap Inc. Sec. Litig.*,
No. 17-cv-3679 (C.D. Cal. Jan 10, 2019) ..........................................................................8, 9

## Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................................8

Proposed Lead Plaintiff Granite Point respectfully submits this memorandum in further support of its motion for consolidation of the above-captioned actions, appointment as Lead Plaintiff, and approval of Labaton Sucharow as Lead Counsel for the Class (ECF No. 40),[1] and in opposition to all competing lead plaintiff motions.[2]

## PRELIMINARY STATEMENT

Granite Point is entitled to appointment as Lead Plaintiff. *First*, Granite Point's claimed losses of **$2,135,246** dwarf those losses claimed by opposing movants. In addition, Granite Point also possesses the largest total shares purchased, net shares purchased, *and* net expenditures during the Class Period. Finally, Granite Point *also* possesses the largest recoverable loss under binding Supreme Court precedent. There is no factor in analyzing a lead plaintiff movant's financial interest that does not fall in favor of Granite Point. Therefore, Granite Point has the largest financial interest, and is thus the most incentivized to act as a vigorous advocate on behalf of the Class.

*Second*, Granite Point also satisfies the typicality and adequacy requirements of Rule 23. Granite Point is typical to the Class as a whole because it transacted in CannTrust securities in

---

[1] All definitions and abbreviations used herein remain unchanged from Granite Point's previous submission before the Court. *See* ECF No. 44.

[2] The other lead plaintiff motions were filed by: (1) Jose A. Silva ("Silva") (ECF No. 22); (2) Igor Kobzar, Lyss Murphey, Robert R. Patraulea, and Ming Li (the "Kobzar Group") (ECF No. 47); (3) Eric Glasson, Mike Hopson, Joshua Smith, and Ray Brubaker (the "Glasson Group") (ECF No. 17); (4) Yin Zhao ("Zhao") (ECF No. 26); (5) Gary Rosetta ("Rosetta") (ECF No. 28); (6) Jonathan Wong ("Wong") (ECF No. 9); (7) Miguel Chang, Gregory Fox, and Cory Knipe (the "Chang Group") (ECF No. 35); (8) Mark Peterson ("Peterson") (ECF No. 39); (9) Integral Capital Management SARL ("Integral Capital") (ECF No. 15); (10) Nick Haila ("Haila") (ECF No. 12); (11) Fernando G. Trasmundi ("Trasmundi") (ECF No. 33); and (12) Lee David Fitzkee ("Fitzkee") (ECF No. 48). On September 12, 2019, Zhao withdrew his motion. *See* ECF No. 54. On September 13, 2019, the Chang Group withdrew its motion. *See* ECF No. 55. On September 17, 2019, Fitzkee withdrew his motion. *See* ECF No. 56. On September 20, 2019, Trasmundi and Rosetta withdrew their respective motions. *See* ECF Nos. 57, 58. On September 23, 2019, Wong, Peterson, Haila, and the Kobzar Group withdrew their respective motions. *See* ECF Nos. 59, 61, 62, 63.

reliance on Defendants' allegedly fraudulent Class Period statements, and was harmed thereby once the artificial inflation was removed from the price of said securities. Granite Point is likewise adequate as it possesses the experience, resources, and incentive to act as an advocate and fiduciary for the Class, and additionally lacks any antagonism towards absent Class members. Granite Point has also demonstrated its adequacy with its selection of Labaton Sucharow, a nationally recognized securities class action firm with whom Granite Point has a personal history litigating securities class actions, as proposed Lead Counsel for the Class. Therefore, no movant has, or will be able to, submit the requisite proof to rebut Granite Point's status as the presumptive PSLRA lead plaintiff.

*Finally*, Granite Point is a sophisticated institutional investor with the largest loss—the archetypal PSLRA lead plaintiff. Therefore, based on the above, Granite Point: (i) has the largest financial interest; (ii) satisfies the typicality and adequacy requirements of Rule 23; and (iii) is an institutional investor and experienced lead plaintiff. Granite Point is the best possible Lead Plaintiff candidate for the Class, and entitled to appointment under the PSLRA. All competing motions should be denied.

## ARGUMENT

### I.    GRANITE POINT SHOULD BE APPOINTED LEAD PLAINTIFF

Granite Point, a sophisticated institutional investor and experienced lead plaintiff, is the statutory presumptive lead plaintiff under the PSLRA, and the most competent candidate to represent the Class. For the reasons discussed herein, Granite Point satisfies every criteria set forth under the PSLRA's sequential lead plaintiff appointment process, and represents the strongest potential advocate and fiduciary for the Class. Accordingly, Granite Point is entitled to Lead Plaintiff appointment under the PSLRA, and said appointment is unquestionably in the best interests of the Class.

2

A.    **Granite Point Has the Largest Financial Interest**

Granite Point's financial interest of **$2,135,246** is multiples larger than losses claimed by other movants.  *See* ECF Nos. 45-1, 45-2.  Therefore, Granite Point, as the movant with "the largest financial interest in the relief sought by the class" is the "most adequate plaintiff."  15 U.S.C. § (a)(3)(B)(iii)(I)(bb).

While the PSLRA "does not provide any explicit guidance about how to calculate" the size of a given plaintiff's financial interest, "[c]ourts in this Circuit have traditionally examined four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period."  *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-0908 (JPO), 2019 WL 3406582, at *3 (S.D.N.Y. July 29, 2019) (Oetken, J.) (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332 (S.D.N.Y. 2005)). "Financial loss, the last factor, is the most important element of [the] test."  *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)).[3]

Granite Point, with losses of **$2,135,246**, triumphs on the fourth and most important factor used to evaluate financial interest.  Indeed, Granite Point's losses are over twice as much as those claimed by Silva, the movant claiming the second largest loss of $1,070,739.21.  *See* Declaration of Francis P. McConville in Further Support ("Supp. McConville Decl."), Exhibit A. Further, Granite Point Capital Master Fund, LP, with individual losses of **$1,708,197**, not only claims the largest individual loss, but a loss greater than the three remaining movants *combined*. *See id.*; *see also In re Ply Gem Holdings, Inc., Sec. Litig.*, No. 14-CV-3577 (JPO), 2014 WL

---

[3]    *See also Shanawaz v. Intellipharmaceutics Int'l Inc.*, No. 17-CV-5761 (JPO), 2017 WL 5633168, at *2 (S.D.N.Y. Nov. 21, 2017) (Oetken, J.) (finding that "[s]ince the competing groups of plaintiffs are nearly identical in all other respects, the amount of loss is dispositive").

12772081, at *2 (S.D.N.Y. Oct. 14, 2014) (Oetken, J.) (court declines to appoint an unrelated group, instead choosing to "appoint the single entity with the largest financial stake in the litigation as lead plaintiff"). Because Granite Point's losses "well exceed" the loss figures submitted by other movants, they are all rightly "out of the running from the get-go." *Revolution Lighting Techs., Inc.*, 2019 WL 3406582, at *3. Therefore, because Granite Point claims the largest loss, in the words of this Court it "wins," and should be "appointed lead plaintiff." *In re Ply Gem Holdings, Inc., Sec. Litig.*, 2014 WL 12772081, at *2.

Outside of prevailing on the dispositive factor of approximate losses suffered, Granite Point additionally surpasses every other movant on the remaining three factors used to evaluate financial interest. Granite Point has the largest total shares purchased, net shares purchased, and net expenditures during the Class Period. *See* Supp. McConville Decl. Ex. A. Moreover, Granite Point's recoverable losses under Supreme Court precedent, *i.e.*, those losses directly caused by Defendants' corrective disclosures, are also over $1 million more than any competing movant's. *See id.*; *see also Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 342 (2005) (holding that only those losses caused by a corrective disclosure are recoverable); *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (collecting cases for proposition that courts will factor in recoverable losses under *Dura* at the lead plaintiff stage); *Revolution Lighting Techs., Inc.*, 2019 WL 3406582, at *3 (noting that courts in this Circuit consider a plaintiff's recoverable losses at the lead plaintiff stage). Put simply, there is not a single factor that militates in favor of another movant possessing a larger financial interest than Granite Point. Granite Point indisputably "has the largest financial interest in the relief sought by the [C]lass," and is the presumptive "most adequate plaintiff." *Id.*, at *2 (quoting 15 U.S.C. § (a)(3)(B)). On this point

4

alone, Granite Point, as the movant most incentivized to vigorously pursue recovery on behalf of the Class, should be appointed Lead Plaintiff.

### B.      Granite Point Satisfies the Requirements of Rule 23

In addition to suffering the largest loss figure, Granite Point also satisfies the PSLRA's preliminary showing of typicality and adequacy.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotation and internal citations omitted); *See Kux-Kardos v. VimpelCom, Ltd.,* 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016) (same).  Therefore, as no other movant has, or will be able to, submit the required "proof" that Granite Point fails on typicality or adequacy grounds, Granite Point is entitled to appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (evidentiary burden required to rebut presumption of most adequate plaintiff is "proof"); *see also Macquarie Infrastructure Corp.*, 2019 WL 364570, at *7 (rejecting speculative arguments against presumptive lead plaintiff).

### 1.      Granite Point Is Typical

Granite Point is typical to the Class as a whole and not subject to any potentially disqualifying unique defenses.  *See* ECF No. 44, at 10–11. "With respect to typicality, courts consider whether the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Plaut* v. *The Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *3 (S.D.N.Y. Sept. 19, 2019) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  Additionally, Rule 23 does not require the lead plaintiff to be identically situated with all class members to satisfy the typicality

requirement. *See The Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *3 (noting that "claims need not be identical"); *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) (same).

As applied, Granite Point's claims are typical to the class as a whole. Granite Point: (i) suffered losses on its investments in CannTrust securities; (ii) as a result of its reliance on Defendants' alleged misstatements concerning the Company's regulatory compliance; (iii) therefore, the claims of Granite Point are based on the same course of events as the claims of the Class; and (iv) as a result thereof, Granite Point's claims will rely upon the same legal theories as the Class as a whole. Therefore, the typicality requirement is satisfied as to Granite Point. *See Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *6 (S.D.N.Y. Mar. 13, 2018).[4] Accordingly, Granite Point is typical to the Class.

## 2. Granite Point Is Adequate

Granite Point also satisfies Rule 23's adequacy requirement. *See* ECF No. 44, at 11–12. "In considering the adequacy of a proposed lead plaintiff," courts in this District "consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *The Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *3 (quoting *Reitan v. China Mobile Games & Entm't Grp. Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014)).

---

[4] Granite Point notes that in Peterson's Notice of Non-Opposition, he indicates that he would "serve as Lead Plaintiff and/or as a class representative on behalf of investors that purchased CannTrust options, should the need arise." ECF No. 61, at 1. Granite Point respectfully submits that the need for separate representation for options is unnecessary and unwarranted. *See, e.g., In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 20 (D.D.C.2006) (rejecting argument that subclass should be created because options purchasers "might perhaps seek a different litigation strategy to maximize their recovery"); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 540–41 (S.D.N.Y. 2015) (same).

No antagonism exists between Granite Point's interests and those of the absent Class members, and any arguments to the contrary should be disregarded as purely speculative. Granite Point suffered the substantial and largest loss of **$2,135,246** due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action. Indeed, the interests of Granite Point are squarely aligned with those of absent Class members considering it is the most incentivized to zealously litigate the claims advanced against Defendants out of all competing movants.

Finally, Granite Point has selected experienced and competent counsel with which it has previous experience serving as lead plaintiff. Labaton Sucharow, a nationally recognized securities litigation law firm, has a storied history of settling countless large and noteworthy securities class actions. *See* ECF Nos. 44, 45-4. Indeed, Granite Point's selection of Labaton Sucharow is based on its own *first-hand experience* serving as lead plaintiff with Labaton Sucharow as lead counsel in this District. In *In re Prothena Corporation plc Securities Litigation*, No. 18-cv-06425 (S.D.N.Y.), Granite Point: (1) filed the operative complaint with Labaton Sucharow (*see id.*, ECF No. 1); was appointed as co-lead plaintiff with Labaton Sucharow serving as co-lead counsel (*see id.*, ECF No. 23); and has received preliminary approval for a class action settlement totaling $15.75 million on behalf of harmed investors (*see id.*, ECF Nos. 43-1, 45). Therefore, Granite Point has already demonstrated its ability to efficiently and effectively manage and oversee Labaton Sucharow in the course of fulfilling its role of lead plaintiff. Granite Point respectfully submits that it presents the class with a tested winning team, and is thus the *most* adequate to represent the Class.

Based on the foregoing, Granite Point, having established that it has the largest financial interest while satisfying the typicality and adequacy requirements of Rule 23, is entitled to appointment as Lead Plaintiff.

**C.      Granite Point Is the Archetypal Lead Plaintiff as Envisioned by the PSLRA**

Finally, Granite Point, on top of being the movant with the largest financial interest who is both typical and adequate, is also an institutional investor—the paradigmatic lead plaintiff as envisioned in the passage of the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *Reitan v. China Mobile Games & Entm't Grp., Ltd. (China Mobile)*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs") (citation omitted); *In re KIT Dig., Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Ophthotech*, 2018 WL 1307285, at *6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs").

Granite Point, as a sophisticated institutional investor, possesses the resources and experience necessary to ensure the claims of absent class members are protected.  In addition, as an institutional investor, Granite Point will not subject the Class to the risks associated with having an individual investor serve as lead plaintiff.  *See, e.g.*, Order Reopening Lead Plaintiff Appointment Process, *In re Snap Inc. Securities Litigation*, No. 17-cv-3679 (C.D. Cal. Jan 10, 2019) (ECF No. 208) (reopening entire lead plaintiff process after court-appointed lead plaintiff

8

filed a motion to withdraw for "health reasons," thereby causing substantial delay in a litigation that was already well underway).

Granite Point represents the best possible Lead Plaintiff candidate on all fronts. Granite Point should be appointed.

## II.   ALL COMPETING MOTIONS SHOULD BE DENIED

As the presumptive PSLRA Lead Plaintiff candidate in this case, the plain language of the statute mandates Granite Point's appointment and the denial of all competing motions. *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d at 535–36 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .") (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).

That said, each of the remaining movants below Granite Point fail on independent grounds. Silva and Integral Capital have failed to provide *any* information relevant to determining whether they satisfy the adequacy and typicality requirements of Rule 23. Indeed, this lack of information is in contention with the emerging best practices of courts around the Country at this stage of the litigation. *See* Order re: Proposed Lead Plaintiffs, *Desilvio v. Lion Biotech., Inc.*, No. 17-cv-2086 (N.D. Cal. July 7, 2017), ECF No. 35 (court *sua sponte* ordered all individual lead plaintiff applicants to file a declaration setting forth: "(i) each individual's city and state of residence; (ii) each individual's occupation; (iii) whether and to what extent the moving individuals are familiar with one another; (iv) how each individual came to retain his/her respective lawyer(s); and (v) the general nature of each individual's investment in the

9

[company]").[5]  Other than barebones certifications and motion papers, neither Silva nor Integral

Capital have provided any information demonstrating they can capably supervise counsel,

discharge their fiduciary duties to the Class, or more generally ensure vigorous prosecution in the

best interests of the Class.  This sheer lack of available information concerning Silva and Integral

Capital stands in stark contrast to Granite Point, a sophisticated institutional investor who has

regularly reported to the SEC, and merits the independent denial of their motions.  *See In re*

*Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 & n.8 (C.D. Cal. 2002) (individual

investors disqualified for lack of transparency; court appoints institutional investor).

In addition, the Glasson Group is an improper lawyerly construct, cobbled together solely

for the purposes of manufacturing the largest loss.  In passing the PSLRA, "Congress hoped that

the lead plaintiff would seek the lawyers, rather than having the lawyers seek the lead plaintiff."

*In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997); *see also In re Ply Gem*

*Holdings Inc.*, 2014 WL 12772081, at *2 ("[a]llowing lawyers to combine otherwise unrelated

entities as joint lead plaintiffs would encourage the lawyers to drive the litigation.").

While there is not a *per se* ban on lead plaintiff groups in this District, courts utilize the

following factors to determine whether lead plaintiff groups are improper lawyer-driven

amalgamations: "(1) the existence of a pre-litigation relationship between group members; (2)

involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the

sophistication of its members; and (5) whether the members chose outside counsel, and not vice

versa."  *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y.

2008).  Even then, courts in this District will only appoint a group of lead plaintiff upon a

---

5       Tellingly, shortly after the court's order requiring more information in *Lion Biotech.*, the
investor group movant withdrew its motion.  *See* Notice of Withdrawal of Motion, *Lion Biotech.*,
No. 3:17-cv-02086-SI (N.D. Cal. July 17, 2017), ECF No. 37.

determination "if such a grouping would best serve the class." *Id.*; *Jakobsen v. Aphria, Inc.*, No. 18 CIV. 11376 (GBD), 2019 WL 1522598, at *2 (S.D.N.Y. Mar. 27, 2019).  Furthermore, in the event the proffered group members lack a pre-litigation relationship, such as the Glasson Group, "courts have typically required that plaintiffs lacking such a relationship present a more compelling showing." *Elstein v. Net1 UEPS Techs.*, Inc., No. 13 Civ. 9100 (ER), 2014 WL 3687277, at *2 (S.D.N.Y. July 23, 2014).  Finally, the burden is on the proposed group to show that its aggregation is permissible.  *See Aphria, Inc.*, 2019 WL 1522598, at *2.

The Glasson Group failed to meet this burden.  In an attempt to assuage judicial concern over the group's lawyer-driven nature, the Glasson Group has submitted a boilerplate declaration replete with generalities.  Indeed, "[v]ague discussions of general communication protocols and status reports hashed out over preliminary conference calls do little to show the groups' involvement in the litigation."  *Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 263 (S.D.N.Y. 2019); *Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 WL 3217412, at *3 (S.D.N.Y. July 2, 2018) ("joint conference calls" and alleged "established procedures for overseeing the progress of the litigation and communicating regularly between [a group of unrelated investors] and [their] counsel" is insufficient evidence of planned cooperation).  "Moreover, their boilerplate plans for cooperation '[are] conclusory assurances [and] [should] not satisfy this Court that [they] will be able to effectively manage this litigation.'" *Micron Tech., Inc.*, 379 F. Supp. 3d at 263 (quoting *Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 191–92 (S.D.N.Y. 2011)); *Int'l Union of Operating Engineers v. FXCM Inc.*, No. 15-CV-3599(KMW), 2015 WL 7018024, at *4 (S.D.N.Y. Nov. 12, 2015) (same).[6]

---

[6]    The Glasson Group has merely assured the Court that it will "communicate from time to time." (ECF No. 20, ¶ 8).

11

Therefore, there is simply "nothing to indicate that the overall quality of the action will be improved by [these groupings]," *Elstein*, 2014 WL 3687277, at \*5.  The motion of the Glasson Group should therefore be denied.

<u>**CONCLUSION**</u>

For the foregoing reasons, Granite Point respectfully requests that the Court grant its motion and enter an Order: (i) consolidating the above-captioned actions; (ii) appointing Granite Point as Lead Plaintiff; (iii) approving Granite Point's selection of Labaton Sucharow as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

DATED:  September 23, 2019                              Respectfully submitted,

                                                                     */s/ Francis P. McConville*

                                                                     Christopher J. Keller
                                                                     Eric J. Belfi
                                                                     David J. Schwartz
                                                                     Francis P. McConville
                                                                     **LABATON SUCHAROW LLP**
                                                                     140 Broadway
                                                                     New York, New York 10005
                                                                     Telephone: (212) 907-0700
                                                                     Facsimile: (212) 818-0477
                                                                     ckeller@labaton.com
                                                                     ebelfi@labaton.com
                                                                     dschwartz@labaton.com
                                                                     fmcconville@labaton.com

                                                                     *Counsel for Lead Plaintiff Movant*
                                                                     *Granite Point Capital Master Fund,*
                                                                     *LP and Granite Point Capital*
                                                                     *Scorpion Focused Ideas Fund, and*
                                                                     *Proposed Lead Counsel for the Class*

12