**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHIN HUANG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>          vs.<br><br>CANNTRUST HOLDINGS, INC., PETER ACETO and GREG GUYATT,<br><br>                    Defendants. | Case No. 1:19-cv-06396-JPO |
| GUSTAVO ALVARADO, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>          vs.<br><br>CANNTRUST HOLDINGS, INC., PETER ACETO, GREG GUYATT, and IAN ABRAMOWITZ,<br><br>                    Defendants. | Case No. 1:19-cv-06438-JPO |
| RONALD E. JONES, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>          vs.<br><br>CANNTRUST HOLDINGS, INC., PETER ACETO and GREG GUYATT,<br><br>                    Defendants. | Case No. 1:19-cv-06883-JPO |
| SCOTT JUSTISS, individually and on behalf of all others similarly situated, | Case No. 1:19-cv-7164-JPO |

Plaintiff,

vs.

CANNTRUST HOLDINGS, INC., PETER
ACETO and GREG GUYATT,

Defendants.

**REPLY IN FURTHER SUPPORT OF MOTION OF ERIC GLASSON, MIKE HOPSON,
JOSHUA SMITH, AND RAY BRUBAKER FOR
APPOINTMENT AS LEAD PLAINTIFFS, APPROVAL OF THEIR
SELECTION OF LEAD COUNSEL, AND CONSOLIDATION OF RELATED ACTION**

**TABLE OF CONTENTS**

REPLY ........................................................................................................................... 1

    A.    The PSLRA Permits Appointment of a Group as Lead Plaintiff. ........................... 1

    B.    The Court May Appoint the Glasson Group by Itself or in Combination
          with Any Other Movant. ........................................................................................ 3

## TABLE OF AUTHORITIES

**Cases**

*Bang v. Acura Pharms., Inc.*
2011 WL 91099 (N.D. Ill. Jan. 11, 2011) .................................................................................. 1

*Goldstein v. Puda Coal, Inc.*
827 F. Supp. 2d 348 (S.D.N.Y. 2011)....................................................................................... 2

*Gordon v. Sonar Capital Mgt. LLC*
2012 WL 1193844 (S.D.N.Y. 2012).......................................................................................... 3

*Hansen v. Ferrellgas Partners, L.P.*
2017 WL 281742 (S.D.N.Y. Jan. 19, 2017)............................................................................. 2

*In re Cavanaugh*
306 F.3d 726 (9th Cir. 2002)..................................................................................................... 2

*In re Donnkenny Inc. Sec. Litig.*
171 F.R.D. 156 (S.D.N.Y. 1997) .............................................................................................. 4

*In re Oxford Health Plans, Inc. Sec. Litig.*
182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................. 2, 3

*In re Star Gas Sec. Litig.*
2005 WL 818617 (D. Conn. Apr. 8, 2005)................................................................................ 2

*Janbay v. Canadian Solar, Inc.*
272 F.R.D. 112 (S.D.N.Y. 2010) ........................................................................................... 1, 2

*Metro Servs. Inc. v. Wiggins*
158 F.3d 162 (2d Cir. 1998)...................................................................................................... 1

*Murphy v. JBS S.A.*
2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017)............................................................................. 4

*Nurlybaev v. ZTO Express (Cayman) Inc.*
2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017).......................................................................... 4

*Peters v. Jinkosolar Holding Co.*
2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ............................................................................ 4

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)....................................................................................... 4

**Statutes**

15 U.S.C. § 77z–1(a)(3)(B)(iii)(I)............................................................................................... 1

<u>**REPLY**</u>

The Glasson Plaintiffs are the movant best suited to pursue these investor claims on behalf of the class. Courts have appointed small groups of investors in circumstances like these because (1) the PSLRA expressly permits the appointment of a group of persons as lead plaintiff, and (2) a small group would better serve as lead plaintiff here. No movant disputes the Court's authority to appoint the Glasson group, including in combination with any other movant. The Glasson Plaintiffs would serve the class effectively in that role and respectfully request the opportunity to do so.

**A.      The PSLRA Permits Appointment of a Group as Lead Plaintiff.**

A small group of individual investors such as the Glasson Plaintiffs may serve as lead plaintiff under the plain terms of the PSLRA. The "most adequate plaintiff" may be a "person or *group* of persons." 15 U.S.C. § 77z–1(a)(3)(B)(iii)(I) (emphasis added); *see Metro Servs. Inc. v. Wiggins*, 158 F.3d 162 (2d Cir. 1998) (declining to disturb an order that did not appoint the movant with largest losses as sole lead plaintiff, opting instead for a co-lead plaintiff structure that "would facilitate the pooling of knowledge, experience, and financial resources.").

Although courts generally decline to appoint a group that is "simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as lead plaintiff," there are four Glasson Plaintiffs and "a group consisting of persons that have no pre-litigation relationship may be acceptable as a lead plaintiff candidate so long as the group is relatively small and therefore presumptively cohesive." *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 119 (S.D.N.Y. 2010); *see also Bang v. Acura Pharms., Inc.*, No. 10 C 5757, 2011 WL 91099, at *2 (N.D. Ill. Jan. 11, 2011) (noting that "the 'trend' has been to allow small groups of investors to act as lead plaintiff even if they do not have pre-existing relationships"). Thus, the "majority of courts considering the issue have taken an intermediate

1

position, allowing a group of unrelated investors to serve as lead plaintiffs when it would be most beneficial to the class under the circumstances of a given case." *In re Star Gas Sec. Litig.*, No. 3:04CV1766 (JBA), 2005 WL 818617, at *5 (D. Conn. Apr. 8, 2005) (citing their "unique attributes," the court appointed three co-lead plaintiffs instead of the presumptive lead plaintiff with the largest financial loss) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) (appointing three unrelated individual investors and an institutional investor as co-lead plaintiffs)). Whatever the law in the Ninth Circuit may be, these PSLRA decisions by courts within the Second Circuit do not follow the strictly "sequential process" that Silva advocates. *See* Dkt. No. 69 at pp. 1, 4, 5 (citing *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002)).

Courts in this Circuit have appointed groups to serve as lead plaintiff when appropriate. For instance, in *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348 (S.D.N.Y. 2011), four movants sought appointment. Similar to Granite Point Funds and Silva, competing movants in *Goldstein* argued that one of the movants—the "Querub Group"—should not be appointed because its members lacked a preexisting relationship. *Id*. at 354-56. The court disagreed, noting that (1) none of the other individual movants had preexisting relationships outside of the litigation either, and (2) the Querub Group submitted declarations reflecting their motivation and plans to work together as cohesive unit, and their willingness to accept the role and responsibilities of lead plaintiff. *Id*. The court therefore appointed the Querub Group based on the evidence that its unrelated members would "be able to function cohesively and to effectively manage the litigation apart from their lawyers[.]" *Id*. at 357 (citing *Janbay*, 272 F.R.D. at 119).

Similarly, in *Hansen v. Ferrellgas Partners, L.P.*, No. 16-CV-7840 (RJS), 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017), two competing movants contested appointment of the "Batai Group," arguing that it was a "'lawyer-created' group . . . with no pre-litigation relationship." *Id*.

2

at *3. The court was not persuaded, however, because the Batai Group made a *prima facie* showing of adequacy under Rule 23. *Id*. at *4. The Court thus appointed the Batai Group "in light of the evidence that the group's members have held two meetings to discuss this litigation, have exchanged contact information, and have exhibited an understanding of the responsibilities they would have as co-lead plaintiffs[.]" *Id*. at *5.

Like the groups appointed in these cases, the Glasson Plaintiffs have submitted evidence showing their cohesion, willingness to work together, and adequacy. *See* Dkt. No. 20. Appointment of a short seller is disfavored, as previously discussed (Dkt. No. 65 at pp. 3-6), and the Court should assess which movant would best protect the interests of the class.

> **B.** **The Court May Appoint the Glasson Group by Itself or in Combination with Any Other Movant.**

"Because the PSLRA does not recommend or delimit a specific number of lead plaintiffs, the lead plaintiff decision must be made on a case-by-case basis, taking account of the unique circumstances of each case." *In re Oxford*, 182 F.R.D. at 49. In this case, where individual investors hold the overwhelming majority of shares, the Granite Point Funds' status as an institutional short seller should give the Court pause, and appointment of a group of investors is superior to appointment of a single individual as lead plaintiff. *See* Dkt. No. 65 at pp. 9-10 (citing, *inter alia*, *Gordon v. Sonar Capital Mgt. LLC*, No. 11 Civ. 9665 (JSR), 2012 WL 1193844, at *2 (S.D.N.Y. 2012) (group's combined expertise gave it a "decided advantage in evaluating the pluses and minuses of various approaches to litigating the case," and challenges to individual plaintiffs' adequacy would be averted by their joint representation)). This Court may also consider jointly appointing the Glasson Plaintiffs together with one or more other movants: "[S]uch a structure allows for broad representation and the sharing of resources and experience to ensure that the litigation will proceed expeditiously[.]" *In re Oxford*, 182 F.R.D. at 49.

3

While not denying that a group of individuals usually functions more effectively than a single individual, Silva contends that "the Glasson Plaintiffs are four unrelated individuals, represented by three different law firms, who's [sic] financial interest pales in comparison to Mr. Silva's." Dkt. No. 69 at p. 7. As Silva concedes, however, most courts in this District take the "intermediate" approach of "permitting unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-case basis." *Id*. (quoting *Peters*, 2012 WL 946875, at \*6). For example, in *Peters* this Court appointed a group, finding "no reason to suspect that [an investor] would be any more likely to 'control' counsel if he were sole lead plaintiff than if he were joined by three other individuals, so long as the group can function cohesively." 2012 WL 946875, at \*9. Silva also cites cases endorsing appointment of a single institution[1]—yet the present case involves mostly individual investors whom a small group would most effectively represent.

Individuals dominate this class; institutional investors own just 20.7% of CannTrust common stock. Dkt. No. 66-1, Suppl. Sharp Decl., Ex. A. As compared to those institutions, the individuals' CannTrust shares may constitute a much greater percentage of their total holdings. A group of individual investors is best positioned to represent the investors who make up this class. None of the cases relied on by competing movants involved this situation of overwhelming individual stock ownership. *See, e.g.*, *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (applying the PSLRA presumption where, unlike here, competing movants did not proffer any proof challenging the presumption); *Peters v. Jinkosolar Holding Co.*, No. 11 CIV. 7133 JPO, 2012 WL 946875, at \*12 (S.D.N.Y. Mar. 19, 2012) (presumption not rebutted where, unlike here, "no arguments have been made that the

---

[1] *E.g.*, *Murphy v. JBS S.A.*, No. 17-CV-3084, 2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156 (S.D.N.Y. 1997).

[presumptive lead plaintiff] JKS Group is subject to any unique defenses").

Thus, for the reasons set forth above and in their previous submissions (Dkt. Nos. 64, 67), the Glasson Plaintiffs respectfully request that the Court grant their motion.

Dated: September 30, 2019                          Respectfully submitted,


By:  ___/s/ *Jessica J. Sleater*_____

**ANDERSEN SLEATER SIANNI LLC**
Jessica J. Sleater
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (646) 599-9848
jessica@andersensleater.com

Ralph N. Sianni (admitted in NY)
2 Mill Road, Suite 202
Wilmington, DE 19806
Tel: (302) 510-8528
rsianni@andersensleater.com

**GIRARD SHARP LLP**
Dena C. Sharp (*pro hac* application forthcoming)
Adam E. Polk (*pro hac* application forthcoming)
711 Third Ave, 20th Floor
New York, New York 10017
Telephone: (212)798-0136
Facsimile:  (212) 557-2952
dsharp@girardsharp.com
apolk@girardsharp.com

601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile:  (415) 981-4846

**GIBBS LAW GROUP LLP**
Eric H. Gibbs (*pro hac* application forthcoming)
David Stein (*pro hac* application forthcoming)
505 14th Street, Suite 110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile:  (415) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com

*Attorneys for Plaintiffs Eric Glasson, Mike Hopson,*
*Joshua Smith, and Ray Brubaker*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


_____/s/ *Jessica J. Sleater*_____

6