UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――――

CHUN HUANG,
                Plaintiff,

-v-

CANNTRUST HOLDINGS INC., *et al.*,
                Defendants.

19-CV-6396 (JPO)

―――――――――――――――――――――――――――――――――――

GUSTAVO ALVERADO,
                Plaintiff,

-v-

CANNTRUST HOLDINGS INC., *et al.*,
                Defendants.

19-CV-6438 (JPO)

―――――――――――――――――――――――――――――――――――

RONALD E. JONES,
                Plaintiff,

-v-

CANNTRUST HOLDINGS INC., *et al.*,
              Defendants.

19-CV-6883 (JPO)

―――――――――――――――――――――――――――――――――――

SCOTT JUSTISS,
                Plaintiff,

-v-

CANNTRUST HOLDINGS INC., *et al.*,
              Defendants.

19-CV-7164 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

This is a putative shareholder class action against CannTrust Holdings Inc. ("CannTrust") and its executives.  The crux of the plaintiffs' allegations is that CannTrust misled investors regarding its compliance with Canadian cannabis regulations, and that CannTrust's stock price dropped as a result.  For the reasons that follow, the Court (1) consolidates the four above captioned cases, (2) appoints Granite Point Capital Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund as lead plaintiffs, and (3) approves the choice of Labaton Sucharow LLP, as lead counsel for the class.

**I.      Background**

In July 2019, the above-captioned actions were filed.  Since then, thirteen plaintiffs or groups of plaintiffs have filed motions requesting consolidation of the above captioned actions, appointment as lead plaintiff, and approval of lead counsel.  (Dkt. Nos.[1] 9, 12, 17, 18, 22, 26, 28, 33, 35, 39, 40, 47, 48.)  Ultimately, all but three movants filed notices of non-opposition, withdrew their motions, or failed to file an opposition.  (*See* Dkt. Nos. 54–59, 61–63.)  The three movants that continue to press their lead plaintiff claims are (1) Eric Glasson, Mike Hopson, Joshua Smith, and Ray Brubaker (collectively, "Glasson Group"); (2) Jose Silva; and (3) Granite Point Capital Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund (collectively, "Granite Point").  (Dkt. Nos. 17, 22, 40.)

**II.     Legal Standard**

Under Rule 42 of the Federal Rules of Civil Procedure, courts may consolidate cases "involv[ing] a common question of law or fact."  Fed. R. Civ. P. 42(a).  "The trial court has

---

[1] All docket citations herein refer to *Huang v. CannTrust Holdings, Inc.*, No. 19 Civ. 6396.

broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737 (codified as amended in scattered sections of 15 U.S.C.), a court is to appoint as lead plaintiff the member or members of the purported class are the "most capable of adequately representing the interests of class members," referred to in the statute as the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that (1) "has either filed the complaint or made a motion in response to a notice"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). Finally, as to the selection of lead counsel, the PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u-4(a)(3)(B)(v).

### III. Discussion

#### A. Consolidation

All three pending motions seek the consolidation of the *Huang, Alverado, Jones,* and *Justiss* actions. (Dkt. Nos. 17, 22, 40.) Federal Rule of Civil Procedure 42(a) permits consolidation where "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). In determining whether to exercise its "broad discretion" to consolidate actions that satisfy that baseline criterion, a court must ask "[w]hether the specific risks of prejudice and possible confusion" that could arise from consolidation "[are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time

required to conclude multiple suits as against a single one, and the relative expense to all concerned." *Barkley v. Olympia Mortg. Co.*, 557 F. App'x 22, 25 (2d Cir. 2014) (summary order) (alterations in original) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).

The Court easily concludes that consolidation is warranted here. No party has opposed consolidation, and all four actions assert identical claims against almost identical defendants on behalf of an identical plaintiff class on the basis of almost identical factual allegations. Nothing would be gained by trying these cases separately, and indeed, taking such a course would be inefficient and would raise the risk of inconsistent outcomes. *See, e.g.*, *In re Braskem S.A. Sec. Litig.*, No. 15 Civ. 5132, 2015 WL 5244735, at *3 (S.D.N.Y. Sept. 8, 2015) ("Courts routinely consolidate securities class actions arising from the same allegedly actionable statements."); *In re Gen. Elec. Sec. Litig.*, No. 09 Civ. 1951, 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009) (consolidating actions raising Exchange Act claims where there was "substantial overlap in the complaints").

The Court therefore orders the consolidation of these four actions.

### B.     Lead Plaintiff

Granite Point is the presumptive lead plaintiff in this action. It moved in a timely manner for appointment as lead plaintiff on September 9, 2019, is the movant with the largest financial interest in the relief sought by the class, and satisfies the requirements of Rule 23. Because the Glasson Group fails to rebut the presumption in favor of Granite Point, and Silva advances no independent argument to rebut, Granite Point is appointed lead plaintiff.

While the PSLRA "does not provide any explicit guidance about how to calculate" the size of a given plaintiff's financial interest, "[c]ourts in this Circuit have traditionally examined four factors: (1) the number of shares purchased during the class period; (2) the number of net

shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *In re Veeco Instruments Inc. Sec. Litig.*, 233 F.R.D. 330, 332 (S.D.N.Y. 2005). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133, 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (alteration in original) (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)). "In calculating loss, courts in this district have a very strong preference for the last-in, first-out method of calculating losses." *Gutman v. Sillerman*, No. 15 Civ. 7192, 2015 WL 13791788, at *4 (S.D.N.Y. Dec. 8, 2015) (internal quotation marks, citation, and alteration omitted).

It is undisputed that Granite Point has suffered the greatest amount of financial loss calculated using the preferred last-in, first-out method. It claims that it incurred $2,135,246 in losses in CannTrust securities. (Dkt. No. 45-2 at 3.) In comparison, Silva claims $1,070,739.21 in losses (Dkt. No. 25-2 at 3), and the Glasson Group claims $468,451.30 in losses (Dkt. No. 32-1 at 2). Neither Silva nor Glasson Group raises any argument that they have a greater financial interest than Granite Point. And neither disputes that Granite Point is the presumptive lead plaintiff. (Dkt. No. 65 at 2; *see* Dkt. No. 69 at 1.)

Granite Point's status as the presumptive lead plaintiff may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interest of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the Glasson Group argues that the presumption is rebutted because Granite Point is subject to unique defenses due to short positions it has taken on CannTrust stock. (*See* Dkt. No. 65 at 2–6.)

5

Short sellers "sell stock that they borrow from brokers but do not own, incurring the obligation to 'cover' their sales in the future. Such traders purchase shares with the expectation that the share price will decline." *In re Diamond Foods, Inc., Sec. Litig.*, 295 F.R.D. 240, 258 (N.D. Cal. 2013). However, entities that engage in short sales are not automatically excluded from appointment as a lead plaintiff. *Cf. In re Imax Sec. Litig.*, No. 06 Civ. 6128, 2011 WL 1487090, at *7 (S.D.N.Y. Apr. 15, 2011) (rejecting the argument that engaging in "sophisticated investment strategies" necessarily precludes appointment as a lead plaintiff). This is especially true here, because while Granite Point has taken short positions on CannTrust stock, the vast majority of its CannTrust investments were traditional "long" purchases. (*See* Dkt No. 45-2.) And it closed its short position on April 22, 2019, prior to the alleged July 2019 corrective disclosures. (*See id.*)

Glasson Group argues that Granite Point, because it has taken a short position on CannTrust stock, is vulnerable to unique "knowledge-based defenses" and that it may be more difficult for Granite Point to prove loss causation. However, Glasson Group does not explain why Granite Point's short-selling activity necessarily exposes it to "knowledge-based defenses" that it did not rely on any misleading statements made by CannTrust. *See Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324–25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are . . . insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of . . . a defense to which [the potential lead plaintiff] would be uniquely subject.")

And Glasson Group's claim that Granite Point may have unique difficulty proving loss causation is without merit. Glasson Group argues that because short sellers necessarily bet that the price of the stock would fall, "[a]ssessing loss causation . . . is further complicated because

6

the standard model of a securities fraud class action based on misrepresentations or omissions is inverted." (Dkt. No. 65 at 5 (quoting *Collier v. Aksys Ltd.*, No. 04 Civ. 1232, 2005 WL 1949868, at *11 (D. Conn. Aug. 15, 2005)).) However, Granite Point does not claim any losses based on its short position. (Dkt. No. 45-2.) And on its loss calculation submission, Granite Point's short position gains were properly disclosed and offset by losses on traditional long stock. (*Id.*) Because Granite Point need only prove that its traditional long stock losses (less any short gains), were caused by any CannTrust misrepresentations, it will have no greater difficulty proving loss causation than any other movant.

In sum, because the fact that Granite Point "made some short sales does not render its claims atypical of the other plaintiffs in the putative class or subject to unique defenses such that it is incapable of adequately representing the case," *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 461 (D.N.J. 2000), and no other movant has advanced sufficient "proof" to rebut the presumption that Granite Point should be appointed as lead plaintiff, Granite Point is hereby appointed as lead plaintiff in this action.[2]

### C. Lead Counsel

Under the PSLRA, the lead plaintiff is entitled, "subject to the approval of the court, [to] select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Granite Point, which the Court has now appointed lead plaintiff, has chosen Labaton Sucharow LLP to serve as

---

[2] Glasson Group also argues that Granite Point's PLSRA certification is deficient because it does not adequately establish Granite Point's declarant's authority to bind it. (Dkt. No. 65 at 7.) Granite Point's declarant, C. David Bushley, is the COO of Granite Capital and was "personally authorized to enter into and execute th[e] certification on behalf of Granite Point." (Dkt. No. 45-1 at 2.) And Granite Point Capital is the general partner of both Granite Point Capital Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund. (Dkt. No. 72 at 6 n.7.) Because Glasson Group has advanced no evidence to suggest that Granite Point's PLSRA certification was deficient, it cannot defeat the presumption that Granite Point should be appointed lead plaintiff on this basis.

lead counsel.  Labaton Sucharow LLP has extensive experience in securities fraud litigation (*see* Dkt. No. 45-4 at 1–7), and no class member has offered any reason why Labaton Sucharow LLP would be ill-equipped to act as lead counsel in this consolidated action.  This Court therefore concludes, as have other courts in this District, that Labaton Sucharow LLP is "well-qualified and experienced to serve as lead counsel to the class."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 41 (S.D.N.Y. 2012).

### IV.     Conclusion

For the foregoing reasons, Granite Point's motion to consolidate these four related cases, to be appointed as lead plaintiff, and to have Labaton Sucharow LLP approved as lead counsel is GRANTED.  All other corresponding motions are DENIED.

Pursuant to Federal Rule of Civil Procedure 42(a), the above-captioned actions are to be consolidated under Case Number 19 Civ. 6396 for all purposes, including discovery, pretrial proceedings, and trial.  Every pleading filed in this consolidated action shall be captioned "In Re: CANNTRUST HOLDINGS INC. SECURITIES LITIGATION."

The parties are directed to file a status letter with the Court on or before May 18, 2020.

The Clerk of Court is directed to close the following motions:

- Docket Numbers 9, 12, 17, 18, 22, 26, 28, 33, 35, 39, 40, 47, and 48 in *Huang v. CannTrust Holdings, Inc., et al.*, No. 19 Civ. 6396;

- Docket Numbers 18 and 21 in *Alvarado v. CannTrust Holdings, Inc., et al.*, No. 19 Civ. 6438;

- Docket Numbers 13 and 16 in *Jones v. CannTrust Holdings, Inc., et al.*, No. 19 Civ. 6883; and

- Docket Numbers 11 and 14 in *Justiss v. CannTrust Holdings, Inc., et al.*, No. 19 Civ. 7164.

SO ORDERED.

Dated: April 16, 2020
      New York, New York

_____
                    J. PAUL OETKEN
                 United States District Judge