# Exhibit 5

**ALLOCATION AND DISTRIBUTION SCHEME**
**DISTRIBUTION OF CLASS COMPENSATION FUND TO MEMBERS**

## I.    DEFINITIONS

1.    The following definitions apply in this Allocation and Distribution Scheme:

(a) **"CannTrust"** means CannTrust Holdings, Inc;

(b) **"CannTrust Group"** means CannTrust, CannTrust Inc., CTI Holdings (Osoyoos) Inc. and Elmcliffe Investments Inc;

(c) **"Claim Form"** means a written claim in the provided form for seeking compensation from the Class Compensation Fund;

(d) **"Claimant"** means any Person making a claim as purporting to be a Class Member or on behalf of a Class Member;

(e) **"Claims Administrator"** means the claims administrator appointed for the purposes of the Allocation and Distribution Scheme, whose appointment will be confirmed by the Court;

(f) **"Class Compensation Fund"** means the Class Settlement Amount less  the Zola Payment, Class Counsel Fees, and all fees, disbursements, expenses, costs, taxes, any other amounts incurred or payable relating to approval, implementation and administration of the settlement including, without limitation, the costs, fees, and expenses of notice to class members, and the fees, expenses, disbursements and taxes paid to the Claims Administrator for administration of the Class Settlement Amount, the Holdback and any other expenses ordered by the courts;

(g) **"Class Counsel"** means Ontario Class Action Counsel and U.S. Class Action Counsel;

(h) **"Class Counsel Fees"** means the aggregate fees and expense disbursements (including taxes) of Class Counsel;

(i) **"Class Member(s)"** means any Person that acquired Shares during the Class Period;

(j) **"Class Period"** means the time period from June 1, 2018 through September 17, 2019, inclusive;

(k) **"Class Settlement Amount"** means CAD $50,000,000 to be contributed to the Securities Claimant Trust by CannTrust pursuant to the Plan, together with the cash contributions of any other Additional Settlement Parties (as defined in the Plan) pursuant to the applicable Additional RSA (as defined in the Plan), plus any accrued interest;

MT MTDOCS 41518312

(l) **"Eligible Securities"** means Shares acquired by a Class Member during the Class Period.  The date of purchase or acquisition shall be the "contract" or "trade" date as opposed to the "settlement" or "payment" date;

(m) **"Excluded Claim"** means any of the following:

  (i)  a claim in respect of a purchase or acquisition of securities that are not Eligible Securities; or

  (ii)  a claim by or on behalf of any Excluded Person;

(n) **"Excluded Person(s)"** means

  (i)  CannTrust, Cannamed Financial Corp, Cajun Capital Corporation, KMPG LLP, Merrill Lynch Canada Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (Canada) Inc., RBC Dominion Securities Inc., Jefferies Securities Inc., Canaccord Genuity Corp., Merrill Lynch, Pierce, Fenner & Smith Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Jefferies LLC, Canaccord Genuity LLC, Paul Family Trust, Mar-Risa Holdings Inc., York Capital Funding Inc., Sutton Management Limited, and their past and present subsidiaries, affiliates, officers, directors, senior employees, legal representatives, heirs, predecessors, successors and assigns (the **"Corporate Defendants"**); and

  (ii)  Eric Paul, Peter Aceto, Greg Guyatt, Ian Abramowitz, Mark Dawber, John Kaden, Mark Ian Litwin, Fred Litwin Robert Marcovitch, Mitchell J. Sanders, Stan Abramowitz, Brad Rogers, Michael Ravensdale, Shawna Page, Ilana Platt, Graham Lee, Kenneth Brady Green, Andrea Kirk, Norman Paul and any member of their families (**"Individual Defendants"**) and any company under the control of an Individual Defendant;

(o) **"FIFO"** means the method applied to the holdings of Class Members who made multiple purchases/acquisitions or sales. If a Class Member has more than one purchase/acquisition or sale of CannTrust common stock, purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.  A purchase/acquisition or sale of Shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of CannTrust common stock purchased or sold through the exercise of an option, the purchase/sale date of the CannTrust common stock is the exercise date of the option and the purchase/sale price of the CannTrust common stock is the exercise price of the option;

(p) **"Holdback"** is the amount held back, at the discretion of the Trustees, to fund litigation expenses, disbursements, taxes, adverse costs awards, and/or other liabilities;

(q) **"Ontario Class Action Counsel"** means Dimitri Lascaris Law Professional Corporation, Henein Hutchinson LLP, Kalloghlian Myers LLP and Strosberg Sasso Sutts LLP;

(r) **"Person"** means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity;

(s) **"Plan"** means the plan of compromise, arrangement and reorganization of the CannTrust Group pursuant to the Companies' Creditors Arrangement Act;

(t) **"Purchase Price"** means the price at which the Claimant purchased or acquired Shares, excluding commissions, taxes, or fees paid in respect of the purchase/acquisition;

(u) **"Recognized Claim"** means a Claimant's nominal losses as calculated pursuant to the formulas set forth herein and which forms the basis for each Claimant's pro rata share of the Class Compensation Fund;

(v) **"Recognized Loss Amount"** is the amount calculated pursuant to paragraph 10(c);

(w) **"Risk Adjusted Loss"** is the amount calculated pursuant to paragraph 10(d);

(x) **"Sale Price"** means the price at which the Claimant disposed of Shares, excluding commissions, taxes, or fees paid in respect of the disposition;

(y) **"Securities Claimant Trust"** has the meaning ascribed to it in the Plan;

(z) **"Share(s)"** means common stock shares of CannTrust;

(aa) **"Share Inflation"** means the artificial inflation per share found in Table C;

(bb) **"Trustees"** has the meaning ascribed to it in the Plan;

(cc) **"U.S. Class Action Counsel"** means Labaton Sucharow LLP and Weisz Fell Kour LLP; and

(dd) **"Zola Payment"** means, subject to the authorization by the court supervising the CCAA Proceedings of the CannTrust Group, the payment to be made by the Trustees to Zola Finance Holdings Ltd. and Igor Gimelshtein (together, "**Zola**") pursuant to the agreement to be entered into between the Trustees and Zola on or before the date that the Plan is implemented, and as contemplated by the Restructuring Support Agreement between Zola, the CannTrust Group, and the CCAA Representatives (as defined in the Plan) dated May 5, 2021.

2.     The Claims Administrator shall distribute the Class Compensation Fund as set out below.

## II.     OBJECTIVE

3.     The objective of this Allocation and Distribution Scheme is to equitably distribute the Class Compensation Fund among Class Members that submit valid and timely claims for Eligible Securities.

## III.    DEADLINE FOR CLAIMS

4.     Any Person that wishes to claim compensation from the Class Compensation Fund shall deliver to, or otherwise provide, the Claims Administrator a Claim Form by the date set by the Court.  If the Claims Administrator does not receive a Claim Form from a Claimant by the deadline, then the Claimant shall not be eligible for any compensation whatsoever from the Class Compensation Fund.  Notwithstanding the foregoing, the Claims Administrator shall have the discretion to permit otherwise-valid late claims without further order of the Court, but only if doing so will not materially delay the distribution of the Class Compensation Fund.

## IV.    PROCESSING CLAIM FORMS

5.     The Claims Administrator shall review each Claim Form and verify that the Claimant is eligible for compensation from the Class Compensation Fund, as follows:

(a) for a Claimant claiming as a Class Member, the Claims Administrator shall be satisfied that:

   (i)     the Claimant is a Class Member; and

   (ii)    the claim is not an Excluded Claim;

(b) for a Claimant claiming on behalf of a Class Member or a Class Member's estate, the Claims Administrator shall be satisfied that:

   (i)     the Claimant has authority to act on behalf of the Class Member or the Class Member's estate in respect of financial affairs;

   (ii)    the Person or estate on whose behalf the claim was submitted was a Class Member; and

   (iii)   the claim is not an Excluded Claim.

(c) the Claimant has provided all supporting documentation required by the Claim Form or alternative documentation that is acceptable to the Claims Administrator.

6.      The Claims Administrator shall take reasonable measures to verify that the Claimants are eligible for compensation and that the information in the Claims Forms is accurate.  The Claims Administrator may make inquiries of the Claimants in the event of any concerns, ambiguities or inconsistencies in the Claim Forms and disallow claims that are not eligible.

## V.      ALLOCATION OF CLASS COMPENSATION FUND

7.      Only Claimants that the Claims Administrator has determined to be eligible for compensation as set forth herein are entitled to recover compensation from the Class Compensation Fund.

8.      Only claims in respect of Eligible Securities are entitled to receive compensation from the Class Compensation Fund.

9.      As soon as possible after (i) all timely Claim Forms have been processed (and those otherwise-valid late Claim Forms that the Claims Administrator has exercised its discretion to permit); (ii) the time to request a reconsideration for disallowed claims under paragraphs 26-27 has expired; and (iii) all administrative reviews under paragraphs 28-29 have concluded, the Claims Administrator shall distribute the Class Compensation Fund to eligible Claimants.

10.     The Claims Administrator shall determine each Claimant's Recognized Claim as follows, subject to the Additional Rules set out at paragraphs 14-19.

(a) Purchase/acquisition and sale amounts in currencies other than Canadian dollars will be converted to equivalent Canadian dollar amounts as needed using publicly available currency exchange rates and in consultation with Class Counsel.[1]

(b) Eligible Securities are those purchased in CannTrust's May 2019 share offering (**"Offering Shares"**) and those purchased on the secondary market (**"Secondary Shares"**).

---

[1] For informational purposes, during the Class Period, the USD/CAD exchange rate ranged from CAD$1.28 to CAD$1.36 per US$1.00 with an average of CAD$1.32 per US$1.00.  After the Class Period and through March 4, 2021, the USD/CAD exchange rate ranged from CAD$1.25 to CAD$1.45 per US$1.00 with an average of CAD$1.33 per US$1.00.

(c) The "**Recognized Loss Amount**" per Offering Share and Secondary Share purchased/acquired during the Class Period is calculated as follows, with reference to the Share Inflation as set out in Table C at paragraph 11.  The Recognized Loss Amount for any particular disposition of Eligible Securities shall be no less than zero.

**TABLE A**

| Date of Sale of Shares acquired during the Class Period | Recognized Loss Amount per Share |
|---|---|
| June 1, 2018 – July 7, 2019 | $0 |
| July 8, 2019 – September 16, 2019 | The lesser of:<br><br>(i) the Share Inflation on the date of purchase minus the Share Inflation on the date of sale; or<br><br>(ii) the Purchase Price minus the Sale Price. |
| September 17, 2019 – September 30, 2019 | The lesser of:<br><br>(i) the Share Inflation on the date of purchase; or<br>(ii) the Purchase Price minus the Sale Price. |
| October 1, 2019 – March 5, 2021 | The lesser of<br><br>(i) the Share Inflation on the date of purchase;<br>(ii) the Purchase Price minus CAD$1.70; or<br>(iii) the Purchase Price minus the Sale Price. |
| Held as of the closing on March 5, 2021 | The lesser of<br><br>(i) the Share Inflation on date of purchase; or<br>(ii) the Purchase Price minus CAD$1.70. |

(d) The Recognized Loss Amounts for Offering Shares and Secondary Shares are multiplied by the risk adjustment in the following chart to obtain the "**Risk Adjusted Loss**":

TABLE B

| Type of Share | Risk Adjustment |
|---|---|
| Offering Share | 1 |
| Secondary Share | 0.8 |

(e) A Claimant's Recognized Claim is equal to the sum of the Risk Adjusted Loss for each type of share.

11.  The applicable Share Inflation amounts are as follows:

| TABLE C – SHARE INFLATION | |
|---|---|
| June 1, 2018 – September 30, 2018 | CAD$1.29 |
| October 1, 2018 – July 7, 2019 | CAD$5.02 |
| July 8, 2019 – July 9, 2019 | CAD$3.57 |
| July 10, 2019 – July 11, 2019 | CAD$3.05 |
| July 12, 2019 – July 15, 2019 | CAD$2.57 |
| July 16, 2019 – July 23, 2019 | CAD$2.09 |
| July 24, 2019 – August 11, 2019 | CAD$1.41 |
| August 12, 2019 – September 16, 2019 | CAD$0.24 |
| September 17, 2019 before 3:13 p.m. ET[2] | CAD$0.24 |
| September 17, 2019 at or after 3:13 p.m. ET and thereafter | CAD$0.00 |

---

[2] Trading at prices at or below CAD$1.85 will be deemed to have occurred after 3:13 p.m. ET.

12.    The Claims Administrator shall allocate the Class Compensation Fund on a pro-rata basis to eligible Claimants based upon each eligible Claimant's Recognized Claim.

13.    The Claims Administrator shall make payments to the eligible Claimants based on the allocation under paragraph 12, subject to the Additional Rules set forth below.

## VI.    **ADDITIONAL RULES**

14.     The Claims Administrator shall not make payments to eligible Claimants whose *pro rata* entitlement under this Allocation and Distribution Scheme is less than CAD$50.00.  Such amounts shall instead be allocated *pro rata* to other eligible Claimants whose *pro rata* entitlement under this Allocation and Distribution Scheme is equal or greater than CAD$50.00.

15.    To the extent a Claimant had an aggregate market gain from his, her or its transactions in Eligible Securities, the value of his, her or its total Recognized Claim will be zero.  To the extent that a Claimant suffered an aggregate market loss on transactions in Eligible Securities, but the aggregate market loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the aggregate market loss.  For purposes of determining whether a Claimant had a market gain with respect to his, her, or its aggregate transactions in CannTrust common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount and (ii) the sum of the Total Sales Proceeds and Holding Value.[3]  This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its aggregate transactions in CannTrust common stock during the Class Period.

---

[3] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions, taxes, and fees) for CannTrust common stock purchased or acquired during the Class Period. The Claims Administrator will match any sales of CannTrust common stock during the Class Period first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions, taxes, and fees) for the remaining sales of CannTrust common stock sold during the Class Period will be the "Total Sales Proceeds".  The Claims Administrator will ascribe a value of CAD$1.70 per share for CannTrust common stock purchased during the Class Period and still held as of the close of trading on September 17, 2019 (the "Holding Value").  The Holding Value is based on the closing price of CannTrust common stock on September 17, 2019, the last day of the Class Period.

16.     There shall be no Recognized Loss Amount on (a) short sales of Eligible Securities during the Class Period or (b) purchases/acquisitions during the Class Period that were used to cover short sales; however, the short sale transactions shall be part of the calculation of a Claimant's aggregate market gain or loss.

17.     The receipt or grant by gift, devise or inheritance of Shares during the Class Period shall not be deemed to be a purchase or acquisition of Shares for the calculation of a Claimant's Recognized Loss Amount if the Person from which the Shares were acquired did not themselves acquire the Shares during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such Shares unless specifically provided in the instrument or gift or assignment.

18.     Shares transferred between accounts belonging to the same Claimant during the Class Period shall not be deemed to be Eligible Securities for the purpose of calculating a Recognized Loss Amount unless those Shares were initially purchased by the Claimant during the Class Period. The share price for such securities shall be calculated based on the share price initially paid for the Eligible Securities.

19.     The Claims Administrator shall make payment to an eligible Claimant by either bank transfer or by cheque to the Claimant at the address provided by the Claimant or the last known postal address for the Claimant.

## VII.    REMAINING UNCLAIMED AMOUNTS

20.     If, for any reason, a Claimant does not cash a cheque within six months after the date on which the cheque was sent to the Claimant, the Claimant shall forfeit the right to compensation and the funds shall be distributed in accordance with paragraphs 21-22.

21.     If funds remain in the Class Compensation Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have eligible Claimants cash their distributions, and after the payment of any taxes and outstanding fees and expenses of the Claims Administrator, including any fees and expenses to conduct an additional distribution, any balance remaining in the Class Compensation Fund at least six (6) months after the initial distribution of such funds shall be redistributed, if it is economically

feasible to do so, to eligible Claimants who have cashed their initial distributions and would receive at least $50.00 in such additional redistribution, in a manner consistent with this Allocation and Distribution Scheme.

22.    Class Counsel shall, if feasible, continue to reallocate any further balance remaining in the Class Compensation Fund after the redistribution is completed among eligible Claimants in the same manner and time frame as provided for above.  In the event that Class Counsel determine that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer feasible, thereafter, Class Counsel shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 50l(c)(3) and/or a Canadian charity or other non-profit group to be designated by Class Counsel.

**IRREGULAR CLAIMS**

23.    The claims process is intended to be expeditious, cost effective and "user friendly" and to minimize the burden on Claimants.  The Claims Administrator shall, in the absence of reasonable grounds to the contrary, assume the Claimant to be acting honestly and in good faith.

24.    Where a Claim Form contains minor omissions or errors, the Claims Administrator shall correct such omissions or errors if the information necessary to correct the error or omission is readily available to the Claims Administrator.

25.    The claims process is also intended to prevent fraud, abuse, and the payment of ineligible Claim Forms.  If, after reviewing any Claim Form, the Claims Administrator believes that the claim contains errors which cannot be readily corrected with information readily available to the Claims Administrator, then the Claims Administrator may disallow the claim in its entirety or pay it only in part so that an appropriate Recognized Claim is awarded to the Claimant.  If the Claims Administrator believes that the claim is fraudulent or contains intentional errors which would materially exaggerate the Recognized Loss to be awarded to the Claimant, then the Claims Administrator shall disallow the claim in its entirety.

26.    Where the Claims Administrator disallows a claim, the Claims Administrator shall send to the Claimant at the address provided by the Claimant or the Claimant's last known email or postal

address, a notice advising the Claimant that the claim will be disallowed unless it is corrected and that he, she, or it may request the Claims Administrator to reconsider its decision. For greater certainty, a Claimant is not entitled to a notice or a review where a claim is allowed but the Claimant disputes the determination of the Recognized Claim or his or her individual compensation.

27. Any request for reconsideration must be received by the Claims Administrator within 21 days of the date of the notice advising of the disallowance. If no request for reconsideration is received within this time period, the Claimant shall be deemed to have accepted the Claims Administrator's determination and the determination shall be final and not subject to further review by any court or other tribunal.

28. Where a Claimant submits a request for reconsideration with the Claims Administrator, the Claims Administrator shall advise Class Counsel of the request and conduct an administrative review of the Claimant's request.

29. Following its determination in an administrative review, the Claims Administrator shall advise the Claimant of its determination. In the event the Claims Administrator reverses a disallowance, the Claims Administrator shall send the Claimant at the Claimant's last known postal address, a notice specifying the revision to the Claims Administrator's disallowance.

30. The determination of the Claims Administrator in an administrative review is final and is not subject to further review by any court or other tribunal.

31. Data from each Claim Form shall be retained such that a Claimant will not be required to file further claim forms in any future distributions, except where the Claims Administrator, in consultation with Class Counsel, determines that further claim forms or information are necessary or desirable for efficient claims administration.

32. The failure to file a valid Claim Form shall not prejudice any Person's ability to file a claim form in any future distribution.

33. The Claims Administrator's fees and costs shall be paid from the Class Compensation Fund subject to the approval of Class Counsel, without Court approval.

34.     Any matter not referred to above shall be determined by analogy by the Claims Administrator in consultation with Class Counsel.