# Exhibit 6

Court File No.  CV-20-00638930-00CL

## ONTARIO
## SUPERIOR COURT OF JUSTICE
## COMMERCIAL LIST

IN THE MATTER OF THE *COMPANIES' CREDITORS
ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
CANNTRUST HOLDINGS INC., CANNTRUST INC.,
CTI HOLDINGS (OSOYOOS) INC., AND ELMCLIFFE INVESTMENTS INC.

Applicants

## MINUTES OF SETTLEMENT
(Effective as of May 20, 2021)

**WHEREAS** CannTrust Holdings Inc., CannTrust Inc., CTI Holdings (Osoyoos) Inc., and Elmcliffe Investments Inc. (the **"CannTrust Group"**) commenced the within proceedings (the **"CCAA Proceedings"**) pursuant to the *Companies' Creditors Arrangement Act*, RSC 1985, c C-36, as amended (**"CCAA"**) on March 31, 2020;

**AND WHEREAS** within the CCAA Proceedings, the CCAA Court ordered on January 29, 2021 that Dharambir Singh and Patrick Hrusa (the **"CCAA Canadian Representatives"**) were appointed to represent the interests of all Canadian and Non-U.S. Securities Claimants in the CCAA Proceedings in relation to their Securities Claims and any related claims, including in relation to any negotiations with respect to the settlement of Securities Claims and the

– 2 –

prosecution or settlement of any related claims and the development of the CCAA Plan and any related definitive documentation;

AND WHEREAS within the CCAA Proceedings, the CCAA Court ordered on January 29, 2021 that Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund (the **"CCAA U.S. Representatives"**, and collectively with the CCAA Canadian Representatives, the **"CCAA Representatives"**) were appointed to represent the interests of the U.S. Securities Claimants in the CCAA Proceedings in relation to their Securities Claims and any related claims, including in relation to any negotiations with respect to the settlement of Securities Claims and the prosecution or settlement of any related claims and the development of the CCAA Plan and any related definitive documentation;

AND WHEREAS Eric Paul (**"Paul"**) is a former officer and director of CannTrust Inc. (**"CannTrust Opco"**), as well as a Respondent in the CCAA Proceedings;

AND WHEREAS the Paul Family Trust (the **"PFT"**, collectively with Paul, the **"Paul Settling Parties"**) sold certain shares in CannTrust Holdings Inc. (**"CannTrust Holdings"**) both directly and through CannaMed Financial Corp. (**"CannaMed"**);

AND WHEREAS the CCAA Representatives and the Paul Settling Parties wish to resolve any and all issues that were raised or that could have been raised in the CCAA Proceedings or in the Actions as well as, more generally, any and all claims or demands or issues that the CCAA Representatives have advanced or could advance against the Paul Settling Parties, including, without limitation, any and all claims that have been or will in the future be assigned to the Securities Claimant Trust as well as any and all Assigned Claims as against the Paul Settling Parties;

– 3 –

**AND WHEREAS** CannTrust Holdings, CannTrust Opco and Elmcliffe Investments Inc. have proposed a plan of compromise, arrangement and reorganization in the CCAA Proceedings (as amended from time to time, the "**CCAA Plan**");

**AND WHEREAS** in addition to the capitalized terms defined elsewhere in these Minutes of Settlement ("**Minutes**"), capitalized terms in this document have the meanings ascribed to them in the CCAA Plan;

**AND WHEREAS** the CannTrust Group (collectively with the CCAA Representatives and the Paul Settling Parties, the "**Parties**") is satisfied with the terms of these Minutes of Settlement as required by section 7.1 of the CCAA Plan;

**NOW THEREFORE** in consideration of the promises and agreements contained in these Minutes and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to settle all on the following basis:

**A.**    **Definitions**

1.    In these Minutes:

  (a)    "**Canadian and Non-U.S. Securities Claimants**" means all Securities Claimants other than U.S. Securities Claimants.

  (a)    "**U.S. Securities Claimants**" means all Securities Claimants who purchased the publicly traded common shares of CannTrust Holdings on the New York Stock Exchange or on any other U.S. based trading platform.

- 4 –

**B.      Conditions**

2.      The agreement set out in these Minutes is conditional on the following (collectively, the **"Conditions"**):

    (a)      the CCAA Plan is sanctioned by the CCAA Court and contains the following:

        (i)      the Paul Settling Parties are designated as Additional Settlement Parties, in accordance with s. 7.1 of the CCAA Plan;

        (ii)      the bar order contemplated in s. 7.3 of the CCAA Plan is granted by the CCAA Court (or one substantially similar to it) and the scope of its protection includes the Paul Settling Parties; and

        (iii)      "Released CannTrust Parties" is defined as: "the Original Settlement Parties, the other entities in which CannTrust Holdings owns directly or indirectly not less than 50% of the common equity, the Monitor, and their respective Representatives, but excluding the Directors named as defendants in one or more of the Actions who are not Settlement Parties and the Representatives of each such excluded Director."

    (b)      pursuant to s. 4.3 of the CCAA Plan, the U.S. Approval Order is granted in the U.S. Class Action, including approval of a bar order effective in the U.S. that is substantially similar to the one found in s. 7.3 of the CCAA Plan and that the scope of this bar order includes protection for the Paul Settling Parties; and

    (c)      that the California Action is dismissed with prejudice.

3.      Within 30 days of the last of the Conditions being satisfied, the Paul Settling Parties will pay $12 million (the **"Settlement Funds"**) to the Securities Claimant Trust.

- 5 –

**C.      Payment of Costs in respect of Potential Regulatory/Criminal Proceedings**

4.      The CCAA Representatives agree to cause the Securities Claimant Trust to do one of the following, at its option:

(a)      indemnify Paul for reasonable costs, up to the sum of $1 million, of responding to any regulatory or criminal investigation or proceeding related in any way to Paul's roles as a director or officer of CannTrust or his or PFT's trading in the shares of CannTrust (the **"Regulatory/Criminal Proceedings")** until the final disposition of the Regulatory/Criminal Proceedings, provided such proceedings are instituted no later than July 25, 2025 (the **"Indemnity"**); or

(b)      obtain agreement from the Insurers to provide $1 million in coverage to Paul to pay for costs related to responding to Regulatory/Criminal Proceedings (the **"Insurers Agreement"**).

5.      The CCAA Representatives shall make the election under paragraph 4 by no later than close of business June 4, 2021.  In the event the CCAA Representatives make no election, they will be deemed to have elected to provide the Indemnity.

6.      Until the CCAA Representatives provide Paul with a copy of the Insurers Agreement or until their obligations under the Indemnity are at an end, they will cause the Securities Claimant Trust to maintain a reserve of at least $1 million from the Settlement Funds for the purpose of paying the Indemnity. For clarity, if the costs are paid pursuant to the Indemnity, the reserve may decline in proportion to the payments made thereunder.

7.      In the event that the CCAA Representatives advise Paul that they have elected to cause the Securities Claimant Trust to provide the Indemnity pursuant to paragraph 4(a), Paul will, at the CCAA Representatives request, provide a release or waiver of claim in respect of any claims

– 6 –

he may have as against any Insurer.  If requested Paul will provide whatever assignment or similar agreement may be necessary for the Securities Claimant Trust to assert without recourse whatever rights he might have as against the Insurers and to agree that any amount paid by the Insurers shall be the property of the Securities Claimant Trust. Paul shall have no obligation with respect to the funding of the pursuit of the rights and will be fully indemnified by the Securities Claimant Trust for any and all personal exposure with respect to, or resulting from, that pursuit.

8.      In the event that the CCAA Representatives elect to cause the Securities Claimant Trust to pay for the Regulatory/Criminal Proceedings by way of the Indemnity pursuant to paragraph 4(a), counsel for the Paul Settling Parties and counsel for the CCAA Representatives, acting reasonably, shall jointly agree to the appointment of a referee through which claims on the Indemnity will be processed.  The referee's role will be restricted to confirming that the claims relate to reasonable professional fees or disbursements relating to the Indemnity.  For further clarity, the Security Claimant Trust shall pay for the costs of this referee from funds maintained in the reserve for the Indemnity, provided that such costs shall not exceed $25,000.

9.      If a Co-Defendant brings a motion contemplated by s. 8.2(m) of the CCAA Plan against either of the Paul Settling Parties, the CCAA Representatives shall cause the Securities Claimant Trust to indemnify the Paul Settling Parties for all reasonable costs associated with resisting such a motion and/or complying with the terms of any order made pursuant to such motion.  For further clarity, the Securities Claimant Trust may choose to use the Indemnity to pay for such costs and the referee appointed pursuant to paragraph 8 above may also review these costs to ensure they relate to this indemnity.

**D.     Paul Cooperation and Restructuring Support**

10.     Paul will cooperate with counsel to the CCAA Representatives by providing information in relation to the affairs of CannaMed and on such related issues as counsel for the Parties may agree.

11.     Contingent on the CCAA Plan being substantially similar, as it applies to the Paul Settling Parties, to the version included in the CannTrust Group's Further Supplementary Motion Record, dated April 9, 2021, including the Conditions, the Paul Settling Parties agree to support it in a manner consistent with the RSA. Without limiting the generality of the foregoing, the Paul Settling Parties agree:

(a)     to cooperate with the CannTrust Group in good faith to pursue and support the restructuring of the CannTrust Group and the treatment of the Securities-Related Indemnity Claims in the manner contemplated by the RSA;

(b)     to use all reasonable efforts to assist the CannTrust Group to meet the timetable and obtain the orders and approvals contemplated by Section 2.02(1) of the RSA, as may be extended in accordance with the RSA;

(c)     that if they are given a vote with respect to the CCAA Plan, to vote in favour of the CCAA Plan;

(d)     that, without the consent of the CannTrust Group, they will not in any way support any plan or restructuring in respect of the CannTrust Group other than the CCAA Plan and the restructuring of the CannTrust Group contemplated by the CCAA Plan, and will vote against and otherwise actively oppose any such other plan or restructuring; and

(e)     that the terms of the CCAA Plan will be at the sole discretion of the CannTrust Group (except as otherwise specifically set out herein in relation to the Conditions

– 8 –

and releases in favour of the Paul Settling Parties or as otherwise set out in agreements between the Parties).

**E.    Release of the Paul Settling Parties**

12.    The CCAA Representatives shall execute a full and final release in the form attached as Schedule "A" to these Minutes, which shall be held in escrow by Stockwoods LLP pending the Conditions being met and confirmation from counsel to the CCAA Representatives of the Securities Claimant Trust's receipt of the Settlement Funds.

13.    In the event that the Conditions are satisfied, the CCAA Representatives agree that they will not pursue any demand, claim or action as against CannaMed that may result in the imposition of any liability against either of the Paul Settling Parties notwithstanding the bar orders in s 7.3 of the CCAA Plan.  In the event of a claim against the Paul Settling Parties that is contrary to the bar order, the Security Claimant Trust shall pay the reasonable legal fees of the Paul Settling Parties for seeking an order dismissing the claim. For further clarity, any claim or action that the CCAA Representatives bring against CannaMed will be restricted to seeking the proportionate and several liability of defendants who are not Paul Settling Parties.

14.    The CCAA Representatives agree to indemnify and hold the Paul Settling Parties harmless from and against any and all liability, loss, costs, damages and expenses (including legal, expert and consultant fees) for any cause of action, action, claim, demand or other proceeding brought against either of the Paul Settling Parties that in any way relates to or arises from any claim that the CCAA Representatives may bring against CannaMed.

**F.    Release and Termination of Indemnities**

15.    The Paul Settling Parties agree that once all of the Conditions are satisfied:

(a) any agreement or other right that they may have against a Released Party (as defined in the CCAA Plan) for indemnification, advancement, contribution, reimbursement, set-off or otherwise, other than those contained herein (the "**Indemnity Rights**"), shall be terminated; and

(b) any claim that has or could be asserted against a Released Party pursuant to the Indemnity Rights will be fully, finally, irrevocably and forever released, discharged and barred; and

(c) the Released Parties will thereupon have no further obligation whatsoever in respect of the Indemnity Rights.

## G. General terms

16. The existence of these Minutes and their terms shall remain confidential until the Minutes are filed in the CCAA Court or until this condition is waived by counsel to the CCAA Representatives, except that any Party can disclose the terms of this settlement to its lawyers, accountants, and tax advisors, as necessary, or as required by law.

17. The Paul Settling Parties do not admit any wrong doing, liability or obligation of any kind, and any such wrong doing, liability or obligation is specifically denied.

18. These Minutes shall be construed and governed in accordance with the laws of the Province of Ontario. Any dispute arising under or related to these Minutes shall be litigated in the courts of Ontario located in Toronto.

19.     The Parties each acknowledge that they have had an adequate opportunity to read and consider these Minutes and to obtain such advice in regard to these Minutes as they each considered advisable.

20.     These Minutes may be executed electronically in counterpart by the Parties, and each such counterpart shall constitute an original document and such counterparts, taken together, shall constitute one and the same instrument.    The Parties agree that this may include counterparts exchanged via email.

21.     These Minutes are intended to be valid and effective and, to the extent permissible under applicable law, shall be construed in a manner to avoid violation of or invalidity under any applicable law.    Should any provision hereof nevertheless be or become invalid, illegal or unenforceable under any applicable law, the other provisions hereof shall not be affected, and to the extent permissible under applicable law, any such invalid, illegal or unenforceable provision shall be deemed amended lawfully to conform to the intent of the parties.

22.     All references to dollar amounts in these Minutes are to Canadian dollars.

- 11 –

IN WITNESS THEREOF, the parties hereto have executed these Minutes as follows:

Witness: _____

PATRICK HRUSA _____

Witness: _____

DHARAMBIR SINGH _____

Witness: _____

ERIC PAUL _____

THE PAUL FAMILY TRUST

Per: _____

Name:

Date:

*(I have authority to bind the trust)*

- 11 –

**IN WITNESS THEREOF**, the parties hereto have executed these Minutes as follows:

_____          _____
Witness:                                  PATRICK HRUSA


_____
Serge Kalloghlian (May 20, 2021 12:50 EDT)

_____
Dharambir Singh (May 20, 2021 09:38 PDT)

Witness:                                  DHARAMBIR SINGH


_____          _____
Witness:                                  ERIC PAUL


THE PAUL FAMILY TRUST


Per: _____
     Name:
     Date:
     (*I have authority to bind the trust*)

– 11 –

**IN WITNESS THEREOF**, the parties hereto have executed these Minutes as follows:

_____     _____

Witness:                                         PATRICK HRUSA

_____     _____

Witness:                                         DHARAMBIR SINGH

_____     _____

Witness:                                         ERIC PAUL

THE PAUL FAMILY TRUST

Per: _____

Name: ERIC PAUL

Date:

(*I have authority to bind the trust*)

05/20/2021

- 12 -

**THE CANNTRUST GROUP:**

CANNTRUST HOLDINGS INC.

By: _____
(Authorized Signature)

CANNTRUST INC.

By: _____
(Authorized Signature)

CTI HOLDINGS (OSOYOOS) INC.

By: _____
(Authorized Signature)

ELMCLIFFE INVESTMENTS INC.

By: _____
(Authorized Signature)

GRANITE POINT MASTER FUND, LP

By: _____
(Authorized Signature)

– 12 –

**THE CANNTRUST GROUP:**

CANNTRUST HOLDINGS INC.


By: _____
        (Authorized Signature)


CANNTRUST INC.


By: _____
        (Authorized Signature)


CTI HOLDINGS (OSOYOOS) INC.


By: _____
        (Authorized Signature)


ELMCLIFFE INVESTMENTS INC.


By: _____
        (Authorized Signature)


GRANITE POINT MASTER FUND, LP

DocuSigned by:
*David Bushley*
CC86F37358BE4B3...

By: _____
        (Authorized Signature)

DocuSign Envelope ID: 056CC039-2F43-47BA-91B4-D7A9CDAD8985

– 13 –

GRANITE POINT CAPITAL SCORPION
FOCUSED IDEAS FUND

By:

*DocuSigned by:*

David Bushley

CC86F37358BE4B3...

(Authorized Signature)

**SCHEDULE "A" – FULL AND FINAL RELEASE**

- 15 –

## FULL AND FINAL RELEASE

**WHEREAS** CannTrust Holdings Inc., CannTrust Inc., CTI Holdings (Osoyoos) Inc., and Elmcliffe Investments Inc. commenced an Application pursuant to the *Companies' Creditors Arrangement Act*, RSC 1985, c C-36, as amended (**"CCAA"**) bearing Court File No. CV-20-00638930-00CL by way of obtaining the Initial Order on March 31, 2020 (the **"CCAA Proceedings"**);

**AND WHEREAS** within the CCAA Proceedings, the CCAA Court appointed the CCAA Canadian Representatives to represent the interests of all Canadian and Non-U.S. Securities Claimants in the CCAA Proceedings in relation to their Securities Claims and any related claims, including in relation to any negotiations with respect to the settlement of Securities Claims and the prosecution or settlement of any related claims and the development of the CCAA Plan and any related definitive documentation;

**AND WHEREAS** the CCAA Representatives and Eric Paul and the Paul Family Trust (the "**Paul Settling Parties**") agreed to settle all issues, claims and counterclaims in respect of, or arising out of, or in any way connected to, the matters raised, or that could have been raised, in the CCAA Proceedings, as well as any other issues, demand or claims that the CCAA Representatives could otherwise raise against the Paul Settling Parties, by executing minutes of settlement dated May 20, 2021 attached as Schedule "A" to this Release (the **"Minutes"**);

**AND WHEREAS** as a term of the Minutes the parties agreed to execute and deliver this Release;

- 16 –

**AND WHEREAS** in addition to the capitalized terms defined elsewhere in this Release, capitalized terms in this document bear the meanings set out in the Minutes;

**NOW THEREFORE**, in consideration for the payment from the Paul Settling Parties to the Securities Claimant Trust of the sum of CAD twelve million dollars ($12,000,000.00), and such other good and valuable consideration, the sufficiency and receipt of which is hereby irrevocably acknowledged, the CCAA Representatives (including, and on the behalf of, all of the individuals they represent pursuant to the CCAA Representation Order, as well as their respective representatives, executors, heirs, personal representatives, administrators, agents, assigns, trustees, and successors) (collectively, the **"Releasors"**) do hereby irrevocably release, remise, acquit and forever discharge, without qualification or limitation, the Paul Settling Parties (including their respective trustees, beneficiaries, heirs, successors, assigns, executors, administrators and/or legal or personal representatives, consultants (including economic and legal advisors), contractors,  insurers, employees and agents) (the **"Releasees"**) from any and all manner of actions, causes of action, suits, debts, set offs, dues, accounts, bonds, covenants, contracts, complaints, liabilities, obligations, claims and demands for any and all damages, losses, injuries, interest, taxes and costs, whatsoever, whether statutory or legal, both in law and equity, howsoever arising, that the Releasors ever had, now has or may hereafter have or which have been or may be assigned to the Releasors, against the Releasees, whether known or unknown, including, without limitation, any Claims or Assigned Claims as defined in the Minutes (collectively, **"Released Claims"**);

**AND IT IS FURTHER AGREED AND UNDERSTOOD** that for the consideration aforesaid the Releasors undertake and agree not to take any steps or continue or initiate any proceedings against any person, partnership, corporation or other such entity which might claim,

or which might be entitled to claim, contribution, indemnity or other relief over against the Releasee under the provisions of any statute or otherwise, notwithstanding the bar orders in s 7.3 of the CCAA Plan.  For further clarity, the above does not prevent the Releasors from continuing or initiating any such litigation where they seek damages that would be apportioned to those entities or individuals in accordance with the relative degree of fault that is attributable to those entities or individuals.   For still further clarity, any claim or action that the CCAA Representatives bring against CannaMed will be restricted to seeking the proportionate and several liability of defendants who are not Paul Settling Parties.

**AND IT IS FURTHER AGREED AND UNDERSTOOD** that the Releasee does not admit any fault, liability, wrongdoing or obligations whatsoever to the Releasors and such fault, liability, wrongdoing and obligations are denied.

**THIS RELEASE** shall be binding upon and enure to the benefit of the successors, assigns, heirs, executors, administrators and/or legal or personal representatives of the Releasors.

**AND IT IS HEREBY** acknowledged and agreed that the terms of this release are fully understood by the Releasors and that said release is given voluntarily and with the benefit of independent legal advice.

**THE RELEASORS HEREBY AGREE** that this Full and Final Release shall be governed by the laws of the Province of Ontario and that any dispute arising from this Full and Final Release will be adjudicated by the Ontario Superior Court of Justice in Toronto, and the Releasors each hereby irrevocably attorn to the exclusive jurisdiction of this court for this purpose.

– 18 –

**THE TERMS OF THIS FULL AND FINAL RELEASE** are severable, and if a provision of this Full and Final Release is or should become illegal, invalid or unenforceable for any reason whatsoever, that shall not affect the validity or enforceability of any other provision of this Full and Final Release.

**IT IS AGREED AND UNDERSTOOD** that this Release may be executed in any number of separate counterparts, each of which shall be deemed to be an original, all such separate counterparts shall together constitute one and the same document, each such counterpart shall be considered validly executed and delivered upon an executed copy of the document being delivered to the other parties by facsimile or in a .pdf format or other common electronic format by email, and such facsimiled and/or emailed copy shall be deemed to have the same force and effect as an executed original.

**IN WITNESS WHEREOF**, the Releasors have executed this release:

| | |
|---|---|
| Witness: | PATRICK HRUSA |

| | |
|---|---|
| Witness: | DHARAMBIR SINGH |

Case 1:19-cv-06396-JPO    Document 150-6    Filed 08/26/21    Page 23 of 23

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDEDAND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF CANNTRUST HOLDINGS INC., CANNTRUST INC., CTI HOLDINGS (OSOYOOS) INC., AND ELMCLIFFE INVESTMENTS INC.

Court File No. CV-20-00638930-00CL

| | |
|---|---|
| | **ONTARIO**<br>**SUPERIOR COURT OF JUSTICE**<br>**COMMERCIAL LIST**<br><br>Proceeding commenced at Toronto |
| | **MINUTES OF SETTLEMENT** |
| | **STOCKWOODS LLP**<br>Barristers<br>TD North Tower<br>77 King Street West, Suite 4130<br>P.O. Box 140, Toronto Dominion Centre<br>Toronto, Ontario M5K 1H1<br><br>**Paul H. Le Vay  LSO#: 28314E**<br>**Gerald Chan  LSO#: 54548T**<br>**Carlo Di Carlo  LSO#: 62159L**<br><br>Tel: 416-593-2485<br>Fax: 416-593-9345<br><br>Lawyers for the Respondent, Eric Paul |