# Exhibit 9

Court File No. CV-20-00638930-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS*
*ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
CANNTRUST HOLDINGS INC., CANNTRUST INC.,
CTI HOLDINGS (OSOYOOS) INC., AND ELMCLIFFE INVESTMENTS INC.

Applicants

**IAN ABRAMOWITZ**
**MINUTES OF SETTLEMENT**
(Effective as of May 5, 2021)

**WHEREAS** CannTrust Holdings Inc., CannTrust Inc., CTI Holdings (Osoyoos) Inc., and

Elmcliffe Investments Inc. (the **"CannTrust Group"**) commenced the within proceedings (the

**"CCAA Proceedings"**) pursuant to the *Companies' Creditors Arrangement Act*, RSC 1985, c C-

36, as amended (**"CCAA"**) on March 31, 2020;

**AND WHEREAS** within the CCAA Proceedings, the Court ordered on January 29, 2021

that Dharambir Singh and Patrick Hrusa (the **"CCAA Canadian Representatives"**) were

appointed to represent the interests of all Canadian and Non-U.S. Securities Claimants in the

CCAA Proceedings in relation to their Securities Claims and any related claims, including in

relation to any negotiations with respect to the settlement of Securities Claims and the prosecution

or settlement of any related claims and the development of the CCAA Plan and any related

definitive documentation;

**AND WHEREAS** within the CCAA Proceedings, the Court ordered on January 29, 2021 that Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund (the **"CCAA U.S. Representatives"**, and collectively with the CCAA Canadian Representatives, the **"CCAA Representatives"**) are hereby appointed to represent the interests of the U.S. Securities Claimants in these proceedings in relation to their Securities Claims and any related claims, including in relation to any negotiations with respect to the settlement of Securities Claims and the prosecution or settlement of any related claims and the development of the CCAA Plan and any related definitive documentation;

**AND WHEREAS** Ian Abramowitz (**"Abramowitz"**) is a former officer and director of the Applicant CannTrust Inc. (**"CannTrust"**), as well as a Respondent in the CCAA Proceedings;

**AND WHEREAS** the CCAA Representatives, the CannTrust Group and Abramowitz (collectively, the **"Parties"**) wish to resolve any and all issues that were raised or that could have been raised in the CCAA Proceedings or in the Actions as well as, more generally, any and all claims or demands or issues that the CCAA Representatives have advanced or could advance against Abramowitz, including, without limitation, any and all Assigned Claims as against him;

**AND WHEREAS** CannTrust Holdings, CannTrust Opco and Elmcliffe Investments Inc. have proposed a plan of compromise, arrangement and reorganization in the CCAA Proceedings (as amended from time to time, the "**CCAA Plan**");

**AND WHEREAS** in addition to the capitalized terms defined elsewhere in these Minutes of Settlement (**"Minutes"**), capitalized terms in this document have the meanings ascribed to them in the CCAA Plan;

**AND WHEREAS** the CannTrust Group (collectively with the CCAA Representatives and the Paul Settling Parties, the "**Parties**") is satisfied with the terms of these Minutes of Settlement as required by section 7.1 of the CCAA Plan;

**NOW THEREFORE** in consideration of the promises and agreements contained in these Minutes and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  Abramowitz agrees to support the CCAA Plan in a manner consistent with the RSA. Without limiting the generality of the foregoing, Abramowitz agrees:

    a.  to cooperate with the CannTrust Group in good faith to pursue and support the restructuring of the CannTrust Group and the treatment of the Securities-Related Indemnity Claims in the manner contemplated by the RSA;

    b.  to use all reasonable efforts to assist the CannTrust Group to meet the timetable and obtain the orders and approvals contemplated by Section 2.02(1) of the RSA, as may be extended in accordance with the RSA;

    c.  that if he is given a vote with respect to the CCAA Plan, to vote in favour of the CCAA Plan;

    d.  that, without the consent of the CannTrust Group, he will not in any way support any plan or restructuring in respect of the CannTrust Group other than the CCAA Plan and the restructuring of the CannTrust Group contemplated by the CCAA Plan, and will vote against and otherwise actively oppose any such other plan or restructuring; and

e.  that the terms of the CCAA Plan will be at the sole discretion of the CannTrust Group (except as otherwise specifically set out herein in relation to the releases in favour of Abramowitz).

2.  Abramowitz agrees that, as of the Effective Time:

a.  any agreement or other right that he may have against a Released Party (as defined in the CCAA Plan) for indemnification, advancement, contribution, reimbursement, set-off or otherwise, other than those contained herein (the "**Indemnity Rights**"), shall be terminated; and

b.  any claim that has been or could be asserted against a Released Party pursuant to the Indemnity Rights will be fully, finally, irrevocably and forever released, discharged and barred; and

c.  the Released Parties will thereupon have no further obligation whatsoever in respect of the Indemnity Rights.

3.  Abramowitz agrees to comply with the cooperation agreement attached as Schedule A.

4.  Abramowitz shall provide a statutory declaration confirming the accuracy of the representations made to CCAA Representative Counsel regarding his financial assets.

5.  Upon delivery of the statutory declaration identified at paragraph 4 Abramowitz will be designated as an "Additional Settlement Party" in accordance with the CCAA Plan.

6.  Abramowitz' "Cash Contribution" will be $0.

7. Nothing in these Minutes of Settlement, nor Abramowitz' designation as an "Additional Settlement Party" under the CCAA Plan, shall be construed as or constitute an admission of liability by Abramowitz, and Abramowitz in fact does not admit any liability.

8. On or before the Plan Implementation Date, Abramowitz will assign to the Securities Claimant Trust his claims against any or all Insurers or in respect of any other insurance policy potentially responsive to the claims against him, however, such assignment shall not include any claims, rights or entitlement that Abramowitz has to insurance coverage for criminal, regulatory, or administrative proceedings.

9. The Securities Claimant Trust will indemnify Abramowitz for reasonable legal fees incurred in connection with satisfying his obligations under the cooperation agreement, up to a maximum of $100,000.

**IN WITNESS THEREOF**, the parties hereto have executed these Minutes as follows:

_____
Witness:

CCAA Repre███████████sel on behalf of the
CCAA Representatives

_____
Ian Abramowitz

**THE CANNTRUST GROUP:**

**CannTrust Holdings Inc.**



By:     _____
        (Au

**CannTrust Inc.**

By:     _____
        (Au

**CTI Holdings (Osoyoos) Inc.**



By:     _____
        (Au

**Elmcliffe Investments Inc.**



By:     _____
        (Aut

## SCHEDULE "A"

## COOPERATION AGREEMENT – GENERAL PRINCIPLES

All capitalized terms used but not otherwise defined in this Schedule A shall have the meanings given to such terms in the CCAA Plan.

A.  The scope of Abramowitz's ("**Settling Defendant**") cooperation shall be limited to the allegations asserted in the Actions and the Assigned Claims.

B.  All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided.

C.  Settling Defendant shall not be required to provide cooperation: (i) in violation of any law or Order from a court of competent jurisdiction; (ii) that waives any privilege; or (iii) with regard to conduct outside the scope of the Assigned Claims.

D.  Within 45 days after the CCAA Plan is implemented:

  (a)  Settling Defendant will provide all non-privileged documents (including electronically stored documents) relevant to the Actions and the Assigned Claims in a form mutually acceptable to the parties. Settling Defendant makes no representation regarding, and shall bear no liability with respect to, the accuracy of, or that he has, can or will produce a complete set of any of the documents or information, and the failure to do so shall not constitute a breach or violation of the Cooperation Agreement.

  (b)  If any documents protected by any privilege, including solicitor-client, litigation, attorney work product, settlement, common-interest or joint defence privilege, or any other privilege, doctrine or law, and/or any privacy law or other rule or law of Ontario, Quebec or any other jurisdiction, are accidentally or inadvertently disclosed or produced, such documents shall be promptly returned to Settling Defendant and the documents and the information contained therein shall not be disclosed or used directly or indirectly, except with the express written permission of Settling Defendant, and the production of such documents shall in no way be construed to have waived in any manner any privilege, doctrine, law, or protection attached to such documents.

  (c)  Settling Defendant's counsel will meet with Class Counsel and counsel to the Securities Claimant Trust ("**Prosecution Counsel**") to provide an evidentiary proffer which will include information that is not covered by privilege, including solicitor-client, litigation, attorney work product, settlement, common-interest or joint defence privilege, or any other privilege relating to the Actions and the Assigned Claims. The parties agree that there shall be no audio or video recording or written transcription or record of any statements made or information provided by CannTrust's counsel at the proffer, and that Prosecution Counsel may only make written

notes of their own thoughts and impressions at the proffer for the purpose of formulating legal advice, pursuing litigation and/or for the purpose of advancing settlement discussions in the interests of the Securities Claimants and the Securities Claimant Trust, as applicable. Notwithstanding any other provision of the Cooperation Agreement, and for greater certainty, it is agreed that any such written notes, and all statements made and information provided by CannTrust's counsel are privileged, will be kept strictly confidential, may not be directly or indirectly disclosed to any other party, and shall not be used by Prosecution Counsel for any purpose other than for their own internal use in connection with the prosecution of the Actions and Assigned Claims and for no other purpose whatsoever.

(d)    Settling Defendant will agree to attend an interview with Prosecution Counsel to be taken under oath.

E.    Prosecution Counsel agree that all documents and information made available or provided by Settling Defendant under the Cooperation Agreement shall be used only in connection with the prosecution of the Actions and the Assigned Claims, and shall not be used directly or indirectly for any other purpose, except to the extent that the documents or information are already publicly available prior to the time of production from Settling Defendant or subsequently become publicly available other than through the actions of Prosecution Counsel, the Securities Claimants or the Securities Claimant Trust. Prosecution Counsel agree they shall not disclose the documents and information provided by Settling Defendant beyond what is reasonably necessary for the prosecution of the Actions or Assigned Claims or as otherwise required by law, and acknowledge that they are bound by the deemed undertaking and Rule 30.1 of the Rules of Civil Procedure and the equivalent rules in other Provinces or jurisdictions, except to the extent that the documents or information are publicly available.

F.    Settling Defendant will provide such witness statements, affidavits and/or other testimony under oath, as may be requested by Prosecution Counsel, for use in the prosecution of the Action and Assigned Claims.

G.    Subject to the rules of evidence or any court Order, Settling Defendant agrees to attend at trial of the Actions and Assigned Claims to provide testimony and establish the authenticity of the documents provided by Settling Defendant pursuant to the Cooperation Agreement.