# Exhibit 10

Court File No. CV-20-00638930-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS*
*ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
CANNTRUST HOLDINGS INC., CANNTRUST INC.,
CTI HOLDINGS (OSOYOOS) INC., AND ELMCLIFFE INVESTMENTS INC.

Applicants

**IAN ABRAMOWITZ**
**INDEMNITY AGREEMENT**
(Effective as of June 14, 2021)

**WHEREAS** Ian Abramowitz (**"Abramowitz"**), the CCAA Representatives, and the CannTrust Group entered into Minutes of Settlement effective May 5, 2021 (**"Minutes"**), a copy of which is attached hereto as Schedule "A";

**AND WHEREAS** in addition to the capitalized terms defined elsewhere in this Indemnity Agreement (**"Agreement"**), capitalized terms in this document have the meanings ascribed to them in the CCAA Plan;

**AND WHEREAS** the Insurers and the CCAA Representatives have arrived at a settlement in principle for the resolution of Securities Claims and Securities-Related Claims for which the Insurers have financial exposure;

**AND WHEREAS** it is contemplated that the Insurers will require, as a condition of settlement, full policy releases, which will include a release of any obligations owed by the Insurers to Abramowitz;

**AND WHEREAS** the CCAA Representatives represent that the funds to be deposited to the Securities Claimant Trust will be held with a Schedule 1 Canadian Bank and are in excess of $100 million CAD;

**NOW THEREFORE** in consideration of the promises and agreements contained in this Agreement and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Abramowitz and the CCAA Representatives (the "**Parties**") agree as follows:

1.      The CCAA Representatives agree to cause the Securities Claimant Trust to indemnify Abramowitz  for reasonable costs, up to the sum of $1,000,000, of responding to any regulatory or criminal investigation or proceeding related in any way to Abramowitz's role as officer of CannTrust (the "**Regulatory/Criminal Proceedings**") until the final disposition of the Regulatory/Criminal Proceedings, provided such proceedings are instituted no later than July 25, 2025 (the "**Indemnity**").

2.      Until their obligations under the Indemnity are at an end, or the risk of Regulatory/Criminal Proceedings being instituted has passed, the CCAA Representatives will cause the Securities Claimant Trust to maintain a reserve of at least $1,000,000 for the purpose of paying the Indemnity. For clarity, if the costs are paid pursuant to the Indemnity, the reserve may decline in proportion to the payments made thereunder.

3.      Abramowitz will provide a release or waiver of claim in respect of any claims he may have as against any Insurer.

4.      Counsel for Abramowitz and counsel for the CCAA Representatives, acting reasonably, shall jointly agree to the appointment of a referee through which claims on the Indemnity will be processed.  The referee's role will be restricted to confirming that the claims relate to reasonable professional fees or disbursements relating to the Indemnity. All claims on the Indemnity will be approved by the referee and paid by the Securities Claimant Trust within 15 days of the date of the invoice for the professional fees or disbursements.  For further clarity, the Securities Claimant Trust shall pay for the costs of this referee from funds maintained in the reserve for the Indemnity, provided that such costs shall not exceed $25,000.

5.      Abramowitz represents that he has demanded that the Insurers provide coverage for professional fees or disbursements incurred by Abramowitz in relation to the Securities Claims and Securities-Related Claims prior to the completion of any settlement with the Insurers, including fees and disbursements associated with obtaining approval of the settlements of the Actions.  To the extent the Insurers do not or refuse to provide such coverage,  the  CCAA Representatives agree to cause the Securities Claimant Trust to indemnify Abramowitz for those professional fees or disbursements, including any such fees or disbursements incurred after May 31, 2021 and fees paid to Mary Jane Stitt Professional Corporation of $5,000 pursuant to invoice dated April 5, 2021, all of which will not exceed CAD $25,000 in the aggregate.  All professional fees or disbursements referred to in this paragraph shall be paid within 15 days of the date that the Securities Claimant Trust receives the Cash Contributions pursuant to the CCAA Plan.

6.      The CCAA Representatives agree that the Indemnity referred to in paragraphs 1 and 2 may also be drawn upon to indemnify professional fees and disbursements incurred by Abramowitz in connection with approval of the settlement of the Actions or any opt-outs from the Actions, including the U.S. Class Action. Recourse to the Indemnity for the purposes described in this paragraph will be subject to the following:

    (a)      in relation to opt-outs from the Actions, Abramowitz will have access to the full amount of the Indemnity (i.e., $1,000,000);

    (b)      otherwise, Abramowitz will have access to a maximum of $100,000.

7.      For further clarity, any payments required to be made by the Securities Claimant Trust shall not occur until at least 15 days from the date the Securities Claimant Trust has received the Cash Contributions pursuant to the CCAA Plan.

8.      For greater certainty, this Indemnity Agreement is conditional on the following (the "**Conditions**"):

    (a)      the CCAA Plan is sanctioned by the CCAA Court and contains the following:

        (i)      Abramowitz is designated as an Additional Settlement Party, in accordance with s. 7.1 of the CCAA Plan;

        (ii)      the bar order contemplated in s. 7.3 of the CCAA Plan is granted by the CCAA Court (or one substantially similar to it) and the scope of its protection includes Abramowitz; and

(iii)    "Released CannTrust Parties" is defined as: "the Original Settlement Parties, the other entities in which CannTrust Holdings owns directly or indirectly not less than 50% of the common equity, the Monitor, and their respective Representatives, but excluding the Directors named as defendants in one or more of the Actions who are not Settlement Parties and the Representatives of each such excluded Director."

(b)    pursuant to s. 4.3 of the CCAA Plan, the U.S. Approval Order is granted in the U.S. Class Action and affirmed on appeal (if any), including approval of a bar order effective in the U.S. that is substantially similar to the one found in s. 7.3 of the CCAA Plan and that the scope of this bar order includes protection for Abramowitz; and

(c)    the California Action is dismissed with prejudice.

9.    For greater certainty, should the Conditions not be satisfied, this Indemnity Agreement shall not have any force or effect and Abramowitz will have no obligations under this Indemnity Agreement.  Among other things, Abramowitz will retain all rights to coverage under any insurance policy with the Insurers that would have otherwise been assigned, released or waived under this Indemnity Agreement.

*~Signatures on following page~*

**IN WITNESS THEREOF**, the parties hereto have executed this Indemnity Agreement as follows:

CCAA Representative Counsel on behalf of the
CCAA Representatives

Witness:

Ian Abramowitz