# Exhibit 11

Court File No.  CV-20-00638930-00CL

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**COMMERCIAL LIST**

IN THE MATTER OF THE *COMPANIES' CREDITORS*
*ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF
CANNTRUST HOLDINGS INC., CANNTRUST INC.,
CTI HOLDINGS (OSOYOOS) INC., AND ELMCLIFFE INVESTMENTS INC.

Applicants

**PETER ACETO**
**MINUTES OF SETTLEMENT**
(Effective as of June 11, 2021)

**WHEREAS** CannTrust Holdings Inc., CannTrust Inc., CTI Holdings (Osoyoos) Inc., and Elmcliffe Investments Inc. (the **"CannTrust Group"**) commenced the within proceedings (the "**CCAA Proceedings**") pursuant to the *Companies' Creditors Arrangement Act*, RSC 1985, c C-36, as amended (**"CCAA"**) on March 31, 2020;

**AND WHEREAS** within the CCAA Proceedings, the CCAA Court ordered on January 29, 2021 that Dharambir Singh and Patrick Hrusa (the **"CCAA Canadian Representatives"**) were appointed to represent the interests of all Canadian and Non-U.S. Securities Claimants in the CCAA Proceedings in relation to their Securities Claims and any related claims, including in relation to any negotiations with respect to the settlement of Securities Claims and the

prosecution or settlement of any related claims and the development of the CCAA Plan and any related definitive documentation;

**AND WHEREAS** within the CCAA Proceedings, the CCAA Court ordered on January 29, 2021 that Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund (the **"CCAA U.S. Representatives"**, and collectively with the CCAA Canadian Representatives, the **"CCAA Representatives"**) were appointed to represent the interests of the U.S. Securities Claimants in the CCAA Proceedings in relation to their Securities Claims and any related claims, including in relation to any negotiations with respect to the settlement of Securities Claims and the prosecution or settlement of any related claims and the development of the CCAA Plan and any related definitive documentation;

**AND WHEREAS** Peter Aceto (**"Aceto"**) is a former officer of CannTrust Inc. (**"CannTrust Opco"**), as well as a Respondent in the CCAA Proceedings;

**AND WHEREAS** the CCAA Representatives, the CannTrust Group, and Aceto (together, the "**Parties**") wish to resolve any and all issues that were raised or that could have been raised in the CCAA Proceedings or in the Actions as well as, more generally, any and all claims or demands or issues that the CCAA Representatives have advanced or could advance against Aceto;

**AND WHEREAS** CannTrust Holdings, CannTrust Opco and Elmcliffe Investments Inc. have proposed a plan of compromise, arrangement and reorganization in the CCAA Proceedings (as amended from time to time, the "**CCAA Plan**");

**AND WHEREAS** in addition to the capitalized terms defined elsewhere in these Minutes of Settlement (**"Minutes"**), capitalized terms in this document have the meanings ascribed to them in the CCAA Plan;

**AND WHEREAS** the CannTrust Group is satisfied with the terms of these Minutes of Settlement as required by section 7.1 of the CCAA Plan;

**NOW THEREFORE** in consideration of the promises and agreements contained in these Minutes and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to settle all on the following basis:

**A.    Conditions**

1.    The agreement set out in these Minutes is conditional on the following (collectively, the **"Conditions"**):

(a)    the CCAA Plan is sanctioned by the CCAA Court and contains the following:

(i)    Aceto is designated as an Additional Settlement Party, in accordance with s. 7.1 of the CCAA Plan; and

(ii)    the bar order contemplated in s. 7.3 of the CCAA Plan is granted by the CCAA Court (or one substantially similar to it) and the scope of its protection includes Aceto;

(b)    pursuant to s. 4.3 of the CCAA Plan, the U.S. Approval Order is granted in the U.S. Class Action, including approval of a bar order effective in the U.S. that is

substantially similar to the one found in s. 7.3 of the CCAA Plan and that the scope of this bar order includes protection for Aceto; and

(c)    that the California Action is dismissed with prejudice.

**B.    Aceto Cooperation and Restructuring Support**

2.    Aceto agrees to support the CCAA Plan in a manner consistent with the RSA. Without limiting the generality of the foregoing, Aceto agrees:

(a)    to cooperate with the CannTrust Group in good faith to pursue and support the restructuring of the CannTrust Group and the treatment of the Securities-Related Indemnity Claims in the manner contemplated by the RSA;

(b)    to use all reasonable efforts to assist the CannTrust Group to meet the timetable and obtain the orders and approvals contemplated by Section 2.02(1) of the RSA, as may be extended in accordance with the RSA;

(c)    that, without the consent of the CannTrust Group, he will not in any way support any plan or restructuring in respect of the CannTrust Group other than the CCAA Plan and the restructuring of the CannTrust Group contemplated by the CCAA Plan, and actively oppose any such other plan or restructuring; and

(d)    that the terms of the CCAA Plan will be at the sole discretion of the CannTrust Group.

3.    Aceto agrees to comply with the cooperation agreement attached as Schedule A.

4.      Aceto will be designated as an "Additional Settlement Party" in accordance with the CCAA Plan.

5.      Aceto's Cash Contribution will be included in the payment of US $36,900,000 to be made by the Insurers to the Securities Claimant Trust (the "**Insurer Contribution**"). The Cash Contribution to be made directly by Aceto will be $0. For greater certainty, Aceto shall not be treated as a Released Party under the CCAA Plan and CCAA Sanction Order unless and until the Insurer Contribution has been made to the Securities Claimant Trust in full.

**C.      Release and Termination of Indemnities**

6.      Aceto agrees that, as of the Effective Time:

(a) any agreement or other right that he may have against a Released Party (as defined in the CCAA Plan) for indemnification, advancement, contribution, reimbursement, set-off or otherwise (the "**Indemnity Rights**"), shall be terminated;

(b) any claim that has been or could be asserted against a Released Party pursuant to the Indemnity Rights will be fully, finally, irrevocably and forever released, discharged and barred;

(c)      the Released Parties will thereupon have no further obligation whatsoever in respect of the Indemnity Rights; and

(d)      any claim he has or may have against any member of the CannTrust Group will be fully, finally, irrevocably and forever released, discharged and barred,

including without limitation any claims for benefits, salary, vacation pay, termination pay, pay in lieu of notice or any other claims relating to employment or termination therefrom.

**D.      Payment of Costs in respect of Potential Regulatory/Criminal Proceedings**

7.      The CCAA Representatives agree to cause the Securities Claimant Trust to indemnify Aceto for reasonable costs, up to the sum of $1 million, of responding to any regulatory or criminal investigation or proceeding related in any way to Aceto's role as officer of CannTrust (the **"Regulatory/Criminal Proceedings"**) until the final disposition of the Regulatory/Criminal Proceedings, provided such proceedings are instituted no later than July 25, 2025 (the **"Indemnity"**).

8.      Until their obligations under the Indemnity are at an end, the CCAA Representatives will cause the Securities Claimant Trust to maintain a reserve of at least $1 million from the Settlement Funds for the purpose of paying the Indemnity. For clarity, if the costs are paid pursuant to the Indemnity, the reserve may decline in proportion to the payments made thereunder.

9.      Aceto will provide a release or waiver of claim in respect of any claims he may have as against any Insurer.

10.      Counsel for Aceto and counsel for the CCAA Representatives, acting reasonably, shall jointly agree to the appointment of a referee through which claims on the Indemnity will be processed. The referee's role will be restricted to confirming that the claims relate to reasonable professional fees or disbursements relating to the Indemnity. For further clarity, the Security

Claimant Trust shall pay for the costs of this referee from funds maintained in the reserve for the Indemnity, provided that such costs shall not exceed $25,000.

**E.      General terms**

11.      Aceto does not admit any wrong doing, liability or obligation of any kind, and any such wrong doing, liability or obligation is specifically denied.

12.      These Minutes shall be construed and governed in accordance with the laws of the Province of Ontario.  Any dispute arising under or related to these Minutes shall be litigated in the courts of Ontario located in Toronto.

13.      The Parties each acknowledge that they have had an adequate opportunity to read and consider these Minutes and to obtain such advice in regard to these Minutes as they each considered advisable.

14.      These Minutes may be executed electronically in counterpart by the Parties, and each such counterpart shall constitute an original document and such counterparts, taken together, shall constitute one and the same instrument.  The Parties agree that this may include counterparts exchanged via email.

15.      These Minutes are intended to be valid and effective and, to the extent permissible under applicable law, shall be construed in a manner to avoid violation of or invalidity under any applicable law.  Should any provision hereof nevertheless be or become invalid, illegal or unenforceable under any applicable law, the other provisions hereof shall not be affected, and to the extent permissible under applicable law, any such invalid, illegal or unenforceable provision shall be deemed amended lawfully to conform to the intent of the parties.

16.    Unless otherwise indicated, all references to dollar amounts in these Minutes are to Canadian dollars.

**IN WITNESS THEREOF**, the parties hereto have executed these Minutes as follows:

     **THE CCAA REPRESENTATIVES:**

_____
CCAA Representative Counsel on behalf of the
CCAA Representatives

     **PETER ACETO:**

_____    _____
Witness:    Peter Aceto

     **THE CANNTRUST GROUP:**

**CannTrust Holdings Inc.**

By:    _____
       (Authorized Signature)

**CannTrust Inc.**

By:    _____
       (Authorized Signature)

**CTI Holdings (Osoyoos) Inc.**

By: _____
(Authorized Signature)

**Elmcliffe Investments Inc.**

By: _____
(Authorized Signature)

16.    Unless otherwise indicated, all references to dollar amounts in these Minutes are to Canadian dollars.

**IN WITNESS THEREOF**, the parties hereto have executed these Minutes as follows:

**THE CCAA REPRESENTATIVES:**

_____
CCAA Representative Counsel on behalf of the
CCAA Representatives

**PETER ACETO:**

_____          _____
Witness:                             Peter Aceto

**THE CANNTRUST GROUP:**

**CannTrust Holdings Inc.**

By:    _____
       (Authorized Signature)

**CannTrust Inc.**

By:    _____
       (Authorized Signature)

## SCHEDULE "A"

## COOPERATION AGREEMENT – GENERAL PRINCIPLES

All capitalized terms used but not otherwise defined in this Schedule A shall have the meanings given to such terms in the CCAA Plan.

A.    The scope of Peter Aceto's ("**Settling Defendant**") cooperation shall be limited to the allegations asserted in the Actions and the Assigned Claims.

B.    All cooperation shall be coordinated in such a manner so that all unnecessary duplication and expense is avoided.

C.    Settling Defendant shall not be required to provide cooperation: (i) in violation of any law or Order from a court of competent jurisdiction; (ii) that waives any privilege; (iii) with regard to conduct outside the scope of the Assigned Claims; or (iv) that requires him to make self-incriminating admissions with respect to his personal fault and/or wrongdoing.

D.    Within 45 days after the CCAA Plan is implemented:

(a)    Settling Defendant will provide all non-privileged documents (including electronically stored documents) relevant to the Actions and the Assigned Claims in a form mutually acceptable to the parties. Settling Defendant makes no representation regarding, and shall bear no liability with respect to, the accuracy of, or that he has, can or will produce a complete set of any of the documents or information, and the failure to do so shall not constitute a breach or violation of the Cooperation Agreement.

(b)    If any documents protected by any privilege, including solicitor-client, litigation, attorney work product, settlement, common-interest or joint defence privilege, or any other privilege, doctrine or law, and/or any privacy law or other rule or law of Ontario, Quebec or any other jurisdiction, are accidentally or inadvertently disclosed or produced, such documents shall be promptly returned to Settling Defendant and the documents and the information contained therein shall not be disclosed or used directly or indirectly, except with the express written permission of Settling Defendant, and the production of such documents shall in no way be construed to have waived in any manner any privilege, doctrine, law, or protection attached to such documents.

(c)    Settling Defendant's counsel will meet with Class Counsel and counsel to the Securities Claimant Trust ("**Prosecution Counsel**") to provide an evidentiary proffer which will include information that is not covered by privilege, including solicitor-client, litigation, attorney work product, settlement, common-interest or joint defence privilege, or any other privilege relating to the Actions and the Assigned Claims. The parties agree that there shall be no audio or video recording or written

transcription or record of any statements made or information provided by CannTrust's counsel at the proffer, and that Prosecution Counsel may only make written notes of their own thoughts and impressions at the proffer for the purpose of formulating legal advice, pursuing litigation and/or for the purpose of advancing settlement discussions in the interests of the Securities Claimants and the Securities Claimant Trust, as applicable. Notwithstanding any other provision of the Cooperation Agreement, and for greater certainty, it is agreed that any such written notes, and all statements made and information provided by CannTrust's counsel are privileged, will be kept strictly confidential, may not be directly or indirectly disclosed to any other party, and shall not be used by Prosecution Counsel for any purpose other than for their own internal use in connection with the prosecution of the Actions and Assigned Claims and for no other purpose whatsoever.

(d) Settling Defendant will agree to attend an interview with Prosecution Counsel to be taken under oath.

E. Prosecution Counsel agree that all documents and information made available or provided by Settling Defendant under the Cooperation Agreement shall be used only in connection with the prosecution of the Actions and the Assigned Claims, and shall not be used directly or indirectly for any other purpose, except to the extent that the documents or information are already publicly available prior to the time of production from Settling Defendant or subsequently become publicly available other than through the actions of Prosecution Counsel, the Securities Claimants or the Securities Claimant Trust. Prosecution Counsel agree they shall not disclose the documents and information provided by Settling Defendant beyond what is reasonably necessary for the prosecution of the Actions or Assigned Claims or as otherwise required by law, and acknowledge that they are bound by the deemed undertaking and Rule 30.1 of the Rules of Civil Procedure and the equivalent rules in other Provinces or jurisdictions, except to the extent that the documents or information are publicly available.

F. Settling Defendant will provide such witness statements, affidavits and/or other testimony under oath, as may be requested by Prosecution Counsel, for use in the prosecution of the Action and Assigned Claims.

G. Subject to the rules of evidence or any court Order, Settling Defendant agrees to attend at trial of the Actions and Assigned Claims to provide testimony and establish the authenticity of the documents provided by Settling Defendant pursuant to the Cooperation Agreement.