# Exhibit 12

## RESTRUCTURING SUPPORT AGREEMENT

THIS AGREEMENT is made as of May 5, 2021 between:

CannTrust Holdings Inc.,
CannTrust Inc.,
CTI Holdings (Osoyoos) Inc. and
Elmcliffe Investments Inc.

(the "**CannTrust Group**")

– and –

Patrick Hrusa and Dharambir Singh

(the "**CCAA Canadian Representatives**")

– and –

Granite Point Master Fund, LP and
Granite Point Capital Scorpion Focused Ideas Fund

(the "**CCAA U.S. Representatives**", and collectively with the
CCAA Canadian Representatives, the "**CCAA Representatives**")

– and –

Zola Finance Holdings Ltd. and Igor Gimelshtein

(the "**Zola Plaintiffs**", and collectively with the CannTrust Group
and the CCAA Representatives, the "**Parties**")

RECITALS:

A. The CannTrust Group commenced proceedings (the "**CCAA Proceedings**") pursuant to the *Companies' Creditors Arrangement Act* (Canada) (**"CCAA"**) on March 31, 2020.

B. In the CCAA Proceedings, the CCAA Court issued an order on January 29, 2021 (the "**CCAA Representation Order**") providing, among other things, that:

    (a)    the CCAA Canadian Representatives were appointed to represent the interests of all Canadian and Non-U.S. Securities Claimants other than the Excluded Securities Claimants (as defined in the CCAA Representation Order) in the CCAA Proceedings in relation to their Securities Claims and any related claims, including in relation to any negotiations with respect to the settlement of Securities Claims and the prosecution or settlement of any related claims and the development of the CCAA Plan and any related definitive documentation; and

(b)    the CCAA U.S. Representatives were appointed to represent the interests of all U.S. Securities Claimants other than the Excluded Securities Claimants (as defined in the CCAA Representation Order) in the CCAA Proceedings in relation to their Securities Claims and any related claims, including in relation to any negotiations with respect to the settlement of Securities Claims and the prosecution or settlement of any related claims and the development of the CCAA Plan and any related definitive documentation.

C.    The Zola Plaintiffs commenced an action against CannTrust Holdings Inc., among others, in the Ontario Superior Court of Justice bearing Court File No. CV-19-00002329-00CP (the "**Zola Action**").

D.    The Zola Plaintiffs were Excluded Securities Claimants in the CCAA Representation Order.

E.    CannTrust Holdings Inc., CannTrust Inc. and Elmcliffe Investments Inc. have filed a plan of compromise, arrangement and reorganization in the CCAA Proceedings dated April 16, 2021 (as amended from time to time, the "**CCAA Plan**").

F.    The Parties have entered into this Restructuring and Support Agreement ("**Agreement**"), pursuant to which, among other things,

(a)    the Zola Plaintiffs will support the CCAA Plan and assign the Zola Claims to the Securities Claimant Trust on the Plan Implementation Date; and

(b)    the Securities Claimant Trust will pay to the Zola Plaintiffs $3,250,000.00 after receiving payment of the Cash Contributions.

G.    In addition to the capitalized terms defined elsewhere in this Agreement, capitalized terms in this document have the meanings ascribed to them in the CCAA Plan.

**NOW THEREFORE**, in consideration of the premises, covenants and agreements herein contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree as follows:

1.    In this Agreement, "**Zola Claims**" means any right, claim, or cause of action that any of the Zola Plaintiffs may have against any Co-Defendant or Settlement Party that arises from or relates to the Securities-Related Matters including, without limitation, the Zola Action.

2.    The Zola Plaintiffs consent to the CCAA Plan, and agree to support the CCAA Plan in a manner consistent with the RSA. Without limiting the generality of the foregoing, the Zola Plaintiffs agree:

(a)    to cooperate with the CannTrust Group in good faith to pursue and support the restructuring of the CannTrust Group and the settlement of the Securities Claims, Securities-Related Claims and Channelled Claims against the Released Parties and the treatment of the Securities-Related Indemnity Claims in the manner contemplated by the CCAA Plan, including, without limitation, the execution and delivery of a release in favour of the Released Parties.

MT DOCS 21472156v1

(b)     to use all reasonable efforts to assist the CannTrust Group to meet the timetable and obtain the orders and approvals contemplated by Section 2.02(1) of the RSA, as may be extended in accordance with the RSA;

(c)     to vote in favour of the CCAA Plan;

(d)     that, without the consent of the CannTrust Group, they will not in any way support any plan or restructuring in respect of the CannTrust Group other than the CCAA Plan and the restructuring of the CannTrust Group contemplated by the CCAA Plan, and will vote against and otherwise actively oppose any such other plan or restructuring; and

(e)     that the terms of the CCAA Plan and the CCAA Sanction Order will be at the sole discretion of the CannTrust Group, subject to the right of the Zola Plaintiffs to review the CCAA Plan and CCAA Sanction Order for consistency with this Agreement.

3.      The Zola Plaintiffs hereby irrevocably appoint CCAA Representative Counsel, as their true and lawful attorney-in-fact to:

(a)     prosecute, settle, resolve, or otherwise deal with the Zola Claims; and

(b)     do and perform any and every act required, necessary or proper to be done in the exercise of the rights granted with respect to the Zola Claims, as fully to all intents and purposes as the Zola Plaintiffs might or could do if personally present, with full power of substitution or revocation.

4.      On the Plan Implementation Date, all of the rights and obligations of the Zola Plaintiffs to and in respect of the Zola Claims (to the extent they have not been otherwise dealt with by CCAA Representative Counsel pursuant to paragraph 3) shall be assigned to and assumed by the Securities Claimant Trust (subject to the release of any Zola Claims that are Released Claims and to the injunction in respect of any Zola Claims that are Channelled Claims, in each case pursuant to the CCAA Plan and CCAA Sanction Order).

5.      In consideration for the assignment of the Zola Claims as set out herein, forthwith upon payment of the Cash Contribution to the Securities Claimant Trust, the Securities Claimant Trust will pay $3,250,000.00 to the Zola Plaintiffs.

6.      The Zola Plaintiffs agree to support all motions by the CCAA Representatives, the Securities Claimant Trust, or any other plaintiff, or their counsel, for approval of settlements and counsel fees in respect of any settlement to which the Zola Plaintiffs will be entitled to participate. Notwithstanding the foregoing, the Zola Plaintiffs reserve all rights in respect of any motion to approve an Allocation or Distribution Scheme or other method of distribution, including but not limited to the proposed Allocation and Distribution Scheme set out in the CCAA Plan. For further clarity, nothing herein precludes the Zola Plaintiffs from recovering additional amounts in an Allocation or Distribution Scheme or other method of distribution arising from the CCAA Proceedings for which they are otherwise eligible in respect of the Zola Claims.

MT DOCS 21472156v1

7.    If the CCAA Plan is not sanctioned by the CCAA Court, then the parties shall return to the positions they were in prior to the execution of this Agreement.

8.    No amendment to this Agreement will be valid or binding unless set forth in writing and duly executed by the Parties. No waiver of any breach of any provision of this Agreement will be effective or binding unless made in writing and signed by the Party purporting to give the same and, unless otherwise provided, will be limited to the specific breach waived.

9.    This Agreement will enure to the benefit of and be binding upon the respective heirs, executors, administrator, other legal representatives, successors and permitted assigns of the Parties.

10.    This Agreement will be governed by and construed in accordance with the laws the Province of Ontario and the laws of Canada applicable therein, without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction.

11.    For the purpose of all legal proceedings, this Agreement will be deemed to have been performed in the Province of Ontario and the CCAA Court will have jurisdiction to determine any dispute arising under this Agreement.

12.    This Agreement (and any modifications, amendments, supplements or waivers in respect hereof) may be executed in any number of counterparts by manual or facsimile signature of each undersigned Party, each of which when executed and delivered will be deemed to be an original and all of which when taken together will constitute one and the same agreement. This Agreement may be delivered by facsimile or email.

### [Signature Page Follows]

MT DOCS 21472156v1

**IN WITNESS WHEREOF** the Parties have executed this Agreement.

**THE CANNTRUST GROUP:**

**CannTrust Holdings Inc.**

By: _____
(Authorized Signature)

**CannTrust Inc.**

By: _____
(Authorized Signature)

**CTI Holdings (Osoyoos) Inc.**

By: _____
(Authorized Signature)

**Elmcliffe Investments Inc.**

By: _____
(Authorized Signature)

[Signature Page – Zola Restructuring Support Agreement]

**CCAA REPRESENTATIVES:**

**CCAA Representatives**

By:    _____

CCAA Representative Counsel

[Signature Page – Zola Restructuring Support Agreement]

**ZOLA PLAINTIFFS:**

**Zola Finance Holdings Ltd.**

By: _____
(Authorized Signature)
Evgeniya Cazin, Director

_____
**Witness:** Tekin Salimi

**Igor Gimelshtein**

[Signature Page – Zola Restructuring Support Agreement]