UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: CANNTRUST HOLDINGS INC. SECURITIES LITIGATION | No. 1:19-cv-06396-JPO<br><br>Judge J. Paul Oetken |

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS, APPROVING FORM AND MANNER OF NOTICE, AND
SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENTS

**WHEREAS:**

A. On March 31, 2020, defendant CannTrust Holdings Inc. ("**CannTrust**"), and certain other related entities, commenced insolvency proceedings under the Companies' Creditors Arrangement Act (Canada) (the "**CCAA**") in the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**").

B. On April 16, 2021, defendant CannTrust, and certain other related entities, filed a plan of compromise, arrangement and reorganization pursuant to the CCAA in order to, among other things, provide a global resolution of multiple putative securities class actions and other litigation that were commenced against defendant CannTrust, the other defendants named in the above-captioned litigation (the "**U.S. Class Action**") and others, in several provinces in Canada and at the federal and state level in the United States (the "**Actions**") and address other claims and contingent claims against the CannTrust entities.

C. On January 19, 2021, defendant CannTrust, and others,[1] reached a Restructuring Support Agreement, as amended and restated from time to time (the "**RSA**") with the representative plaintiffs in a class action pending in Ontario (the "**Ontario Class Action**") and Lead Plaintiffs Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund ("**Lead Plaintiffs**," "**U.S. Class Action Lead Plaintiffs**," or "**Granite Point**") in the U.S. Class Action, through their counsel, regarding a framework for the settlement of all securities claims against defendant CannTrust, and others, and various related claims.

D. After entering into the RSA, additional settlements were reached with the following defendants in the U.S. Class Action, and related non-parties: (i) defendant Eric Paul and the Paul Family Trust (the "**Paul Settling Parties Settlement**"); (ii) defendant Canaccord Genuity LLC, Canaccord Genuity Corp., defendant Citigroup Global Markets Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (Canada) Inc., defendant Credit Suisse Securities (USA) LLC, Jefferies Securities, Inc, defendant Jefferies LLC, Merrill Lynch Canada Inc., defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated, and defendant RBC Dominion Securities Inc. (the "**Underwriters Settlement**"); (iii) defendant Mark Ian Litwin, Fred Litwin, Stan Abramowitz, defendant Cannamed Financial Corp., Forum Financial Corporation, Mar-Risa Holdings Inc., York Capital Funding Inc., and Sutton Management Limited (the "**Litwin Group Settlement**"); (iv) defendant Ian Abramowitz ("**Abramowitz Settlement**"); (v) defendant Peter Aceto ("**Aceto Settlement**"); and (v) Kenneth Brady Green ("**Green Settlement**").[2] Lead

---

[1] Specifically, CannTrust Inc., CTI Holdings (Osoyoos) Inc., Elmcliffe Investments Inc., defendant Mark Dawber, defendant Greg Guyatt, defendant John Kaden, defendant Robert Marcovitch, defendant Shawna Page, Illana Platt, defendant Mitchell Sanders and defendant Cajun Capital Corporation.

[2] Defendants CannTrust; Cannamed Financial Corp.; Cajun Capital Corporation; Mark Dawber; Greg Guyatt; John Kaden; Robert Marcovitch; Shawna Page; Mitchell Sanders; Eric Paul; Mark Ian Litwin; Ian Abramowitz; Peter Aceto; Canaccord Genuity LLC; Citigroup

2

Plaintiffs also entered into a settlement with opt-out plaintiff Zola Finance Holdings Ltd. and Igor Gimelshtein (the "**Zola Plaintiffs Settlement**"), who had commenced a separate action against CannTrust in Canada and elected not to be represented by the class representatives. The RSA, Paul Settling Parties Settlement, Underwriters Settlement, Litwin Group Settlement, Abramowitz Settlement, Aceto Settlement, Green Settlement and Zola Plaintiffs Settlement shall be referred to as the "**Settlements**."

E. On July 16, 2021, the Canadian Court entered a sanction order pursuant to which it approved and sanctioned the fourth amended and restated plan of compromise, arrangement and reorganization of CannTrust Holdings Inc., CannTrust Inc. and Elmcliffe Investments Inc. (as may be further amended from time to time in accordance with its terms, the "**CCAA Plan**") pursuant to the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 as amended (the "**CCAA Sanction Order**").

F. The CCAA Plan that is the subject of the CCAA Sanction Order embodies, among other things, the partial settlement of the U.S. Class Action and the Actions.

G. The Settlements, to the extent they related to the U.S. Class Action, also are subject to review under Rule 23 of the Federal Rules of Civil Procedure and they, collectively, set forth the terms and conditions of the proposed partial settlement of the U.S. Class Action and the claims alleged in the Consolidated Class Action Complaint (the "**Complaint**"), filed on June 26, 2020.

---

Global Markets Inc.; Credit Suisse Securities (USA) LLC; Jefferies LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; and RBC Dominion Securities Inc. are collectively the "**Settling Defendants**," for purposes of this Judgment and the U.S. Class Action. U.S. Class Action Lead Plaintiffs and the Settling Defendants are collectively the "**Settling Parties**," for purposes of this Judgment and the U.S. Class Action.

H.     The Court has reviewed and considered the agreements embodying the terms of the Settlements (including the CCAA Sanction Order and the CCAA Plan) (collectively, the "**Settlement Agreements**").

I.     All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the CCAA Sanction Order or, if not therein defined, as defined in the CCAA Plan.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 2nd date of September, 2021, that:**

1.     The Court has reviewed the Settlement Agreements and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlements, to the extent they relate to the U.S. Class Action, as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Settlements in relation to the U.S. Class Action, the U.S. Settlement Class of: (i) all persons and entities who or which purchased the publicly traded common stock of CannTrust on the New York Stock Exchange or on any U.S. based trading platform during the period from June 1, 2018 through March 31, 2020, inclusive, (the "**Claim Period**"); and/or (ii) all persons and entities who or which purchased or otherwise acquired CannTrust common stock pursuant or traceable to the Offering Materials (as defined in the Complaint) issued in connection with the secondary public offering, completed on or about May 6, 2019, (collectively, the "**U.S. Settlement Class**" or "**U.S. Securities Claimants**"). Excluded from the U.S. Settlement Class are: (i) CannTrust, Cannamed Financial Corp, Cajun

Capital Corporation, KMPG LLP, Merrill Lynch, Pierce, Fenner & Smith Inc., Merrill Lynch Canada Inc., Citigroup Global Markets Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (USA) LLC, Credit Suisse Securities (Canada) Inc., RBC Dominion Securities Inc., Jefferies LLC, Jefferies Securities Inc., Canaccord Genuity LLC, Canaccord Genuity Corp., Paul Family Trust, Mar-Risa Holdings Inc., York Capital Funding Inc., Sutton Management Limited (the "**Corporate Defendants**"); (ii) Eric Paul, Peter Aceto, Greg Guyatt, Ian Abramowitz, Mark Dawber, John Kaden, Mark Ian Litwin, Fred Litwin, Robert Marcovitch, Mitchell J. Sanders, Stan Abramowitz, Brad Rogers, Michael Ravensdale, Shawna Page, Ilana Platt, Graham Lee, Kenneth Brady Green, Andrew Kirk, Norman Paul ("**Individual Defendants**"), any member of an Individual Defendant's immediate family, and any company under the control of an Individual Defendant; and (iii) the past and present subsidiaries, affiliates, officers, directors, senior employees, legal representatives, heirs, predecessors, successors and assigns of any such excluded person, *provided, however*, for the avoidance of doubt, that any "Investment Vehicle" shall not be excluded from the U.S. Settlement Class. Investment Vehicle means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. Also excluded from the U.S. Settlement Class are those persons and entities who or which timely and validly seek exclusion from the U.S. Settlement Class in accordance with the requirements set forth below and in the Notice.

3. The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the U.S. Settlement Class defined herein and for the purposes of the Settlements only, in that:

(a) the members of the U.S. Settlement Class are so numerous that joinder of all U.S. Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the U.S. Settlement Class Members;

(c) the claims of Lead Plaintiffs are typical of the U.S. Settlement Class's claims;

(d) Lead Plaintiffs and Labaton Sucharow LLP ("**U.S. Class Action Counsel**") have fairly and adequately represented and protected the interests of the U.S. Settlement Class;

(e) the questions of law and fact common to U.S. Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of U.S. Settlement Class Members in the U.S. Class Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the U.S. Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among U.S. Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for purposes of the Settlements in relation to the U.S. Class Action, Lead Plaintiffs Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund are preliminarily certified as Class Representatives for the U.S. Settlement Class. The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the U.S. Settlement Class.

5. A hearing (the "**Settlement Hearing**") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held by telephone on **Thursday, December 2, 2021, at 12:30 p.m. New York time**. Interested parties shall dial (888) 557-8511 and enter access code 9300838 at the scheduled time. The telephonic Settlement Hearing will be held for the following purposes:

(a) to determine whether the proposed Settlements in relation to the U.S. Class Action are fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed U.S. Final Order and Judgment ("**U.S. Judgment**" or "**U.S. Approval Order**") as provided for under the Settlements should be entered, and to determine whether the release by the U.S. Settlement Class of the Released Securities-Related Claims (as defined in the CCAA Plan) pursuant to the proposed U.S. Approval Order, as contemplated in the Settlements, should be provided to the Released Parties;

(c) to determine, solely for purposes of the Settlements in relation to the U.S. Class Action, whether the U.S. Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the U.S. Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the U.S. Settlement Class;

   (d) to determine whether, for purposes of the U.S. Class Action, the proposed plan of allocation for the proceeds of the Settlements (the "**Allocation and Distribution Scheme**") is fair and reasonable and should be approved by the Court; and

   (e) to rule upon such other matters as the Court may deem appropriate.

  6. The Court reserves the right to approve the Settlements in relation to the U.S. Class Action with or without modification and with or without further notice to the U.S. Settlement Class of any kind.  The Court further reserves the right to enter the U.S. Judgment approving the Settlements in relation to the U.S. Class Action regardless of whether it has approved the Allocation and Distribution Scheme.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the U.S. Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

  7. The Court approves the form, substance and requirements of the Notice of Pendency of U.S. Class Action and Proposed Settlements (the "**Notice**") and the Proof of Claim and Release form ("**Claim Form**"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to U.S. Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlements and to apprise U.S. Settlement Class Members of their right to object to the proposed Settlements or to exclude themselves from the U.S. Settlement Class for purposes of the U.S. Class Action; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of

1934, 15 U.S.C. § 78u-4(a)(7), Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), both as amended by the Private Securities Litigation Reform Act of 1995 ("**PSLRA**")), and the Rules of this Court.

8. The Court approves the retention of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("**Notice Date**"), to all U.S. Settlement Class Members who can be identified with reasonable effort. CannTrust, to the extent it has not already done so, shall use its best efforts to obtain and provide to Labaton Sucharow, or the Claims Administrator, at no cost to Labaton Sucharow or the Claims Administrator, as soon as practicable after entry of this Preliminary Approval Order, records from CannTrust's transfer agent in electronic searchable form, showing the names and addresses of registered shareholders who or which purchased or otherwise acquired the publicly traded common stock of CannTrust during the Claim Period.

9. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired CannTrust publicly traded common stock during the Claim Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of

those Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in U.S. Class Action. Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

10. U.S. Class Action Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

11. The Court approves the form of the Summary Notice of Pendency of U.S. Class Action and Proposed Settlements ("**Summary Notice**") substantially in the form annexed hereto as Exhibit 3, and directs that U.S. Class Action Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. U.S. Class Action Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the U.S. Settlement Class of the Settlements in relation to the U.S. Class Action and their terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), both as amended by the

PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. In order to be eligible to receive a distribution from the Class Compensation Fund (as defined in the Allocation and Distribution Scheme), in the event the Settlements are effected in accordance with the terms and conditions set forth in the Settlement Agreements, each U.S. Securities Claimant shall take the following actions and be subject to the following conditions, consistent with the CCAA Plan:

(a) A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, as indicated in the Notice, postmarked or submitted electronically no later than 180 calendar days after the Notice Date. Such deadline may be further extended by the Claims Administrator in its discretion, but only if doing so will not materially delay the distribution of the Class Compensation Fund. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it is actually received by the Claims Administrator.

(b) The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed in the discretion of the Claims Administrator: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and

contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

14.     Any U.S. Settlement Class Member may enter an appearance in this U.S. Class Action, individually or through counsel of his, her or its own choice, at his, her or its own expense. If any U.S. Settlement Class Member does not enter an appearance, he, she or it will be represented by U.S. Class Action Counsel.

15.     U.S. Settlement Class Members shall be bound by all orders, determinations, and judgments in this U.S. Class Action concerning the Settlements, whether favorable or unfavorable, unless such persons and entities request exclusion from the U.S. Settlement Class in a timely and proper manner, as hereinafter provided.  A putative U.S. Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, e-mail, and telephone number of the person or entity seeking exclusion, must state that the sender requests to be "excluded from the U.S. Settlement Class in *In re CannTrust Holdings Inc. Sec. Litig..,* No. 1:19-cv-06396-JPO (S.D.N.Y.)" and must be signed by such person or entity.  Such persons or entities requesting exclusion are also directed to provide the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of CannTrust publicly traded common stock during the Claim Period, and documentation of the same.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16. U.S. Settlement Class Members shall be informed that the Settlement Parties (as defined in the CCAA Plan) believe that the CCAA Sanction Order will operate to bar any claims by the U.S. Settlement Class Members against the Settlement Parties regardless of whether they request exclusion from the U.S. Settlement Class.

17. Any U.S. Settlement Class Member who does not request exclusion from the U.S. Settlement Class may object to the proposed Settlements and the proposed Allocation and Distribution Scheme in relation to the U.S. Class Action. Any objections must (a) state the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlements and/or Allocation and Distribution Scheme in *In re CannTrust Holdings Inc. Sec. Litig..,* No. 1:19-cv-06396-JPO (S.D.N.Y.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the U.S. Settlement Class, or to the entire U.S. Settlement Class, and any legal and evidentiary support, and witnesses, the U.S. Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the U.S. Settlement Class, such as the number of shares of publicly traded common stock of CannTrust purchased, acquired, and sold during the Claim Period, as well as the dates and prices of each such purchase, acquisition, and sale. The Court will consider any U.S. Settlement Class Member's objection only if such U.S. Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon U.S. Class Action Counsel Representative: James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel Representative: Susan L. Saltzstein, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, NY 10001; and has filed, either

by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.  Any U.S. Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlements or to the Allocation and Distribution Scheme, unless otherwise ordered by the Court, but shall otherwise be bound by the U.S. Judgment to be entered and the releases to be given.  Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

18. U.S. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19. Until otherwise ordered by the Court, the Court stays all proceedings in U.S. Class Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlements.  Pending final determination of whether the Settlements should be approved in relation to the U.S. Class Action, Lead Plaintiffs, all U.S. Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Securities-Related Claims against the Released Parties, provided, however, that the parties shall take all steps necessary to effectuate the dismissal of the California Action.

20. U.S. Class Action Counsel may pay the Claims Administrator its reasonable fees and costs associated with giving notice to the U.S. Settlement Class, the review of claims, and the administration of the Settlements out of the Class Compensation Fund without further approval from the Settlement Parties and without further order of the Court.

21. All papers in support of the Settlements and the Allocation and Distribution Scheme shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. Neither the Settling Defendants nor their counsel shall have any responsibility for the Allocation and Distribution Scheme, which shall be considered separately from the fairness, reasonableness, and adequacy of the Settlements.

23. If the Settlements fail to become effective as provided in the Settlement Agreements or are terminated, then this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the U.S. Class Action as of January 19, 2021 (subject to the effect (if any) of the CCAA Plan and any orders issued by the Canadian Court, as applicable).

24. Neither this Order, the Settlement Agreements (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by U.S. Class Action Lead Plaintiffs and the U.S.

Settlement Class, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this U.S. Class Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties; (b) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlements; provided, however, that if the Settlements are approved by the Court, the Released Parties and their respective counsel may refer to them to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlements; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the U.S. Class Action Lead Plaintiffs and the U.S. Settlement Class that any of their claims are without merit, that any of Released Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Class Settlement Amount.

25. The Court retains exclusive jurisdiction over U.S. Class Action to consider all further matters arising out of or connected with the Settlements in relation to the U.S. Class Action.

DATED this 2nd day of September, 2021

BY THE COURT:

_____
J. PAUL OETKEN
United States District Judge
