# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In Re: CANNTRUST HOLDINGS INC. SECURITIES LITIGATION | No. 1:19-cv-06396-JPO<br><br>Judge J. Paul Oetken |

**DECLARATION OF LUIS GRANATI REGARDING: (A) MAILING OF THE NOTICE AND CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION**

I, Luis Granati, declare and state as follows:

1.      I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's September 2, 2021, Order Granting Preliminary Approval of Class Action Settlements, Approving Form and Manner of Notice, and Setting Date For Hearing on Final Approval of Settlements (the "Preliminary Approval Order"), Epiq was appointed to act as the Claims Administrator in connection with the Settlements of the above-captioned action.[1] The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and, if called on to do so, I could and would testify competently about them.

**DISSEMINATION OF THE NOTICE PACKET**

2.      Pursuant to the Preliminary Approval Order, Epiq mailed the Notice of Pendency of U.S. Class Action and Proposed Settlements (the "Notice") and the Proof of Claim and Release

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Preliminary Approval Order, dated as of September 2, 2021.

Form (the "Claim Form") (collectively, the Notice and Claim Form are referred to as the "Notice Packet"), to potential U.S. Settlement Class Members.  A copy of the Notice Packet is attached as **Exhibit A.**

3.　　　On August 30, 2021, September 2, 2021, September 3, 2021 and September 8, 2021, Epiq received Excel and PDF files from Lead Counsel Labaton Sucharow LLP ("Lead Counsel") containing names, addresses, and/or e-mails, which Lead Counsel received from: (i) potential members of the U.S. Settlement Class who had contacted Lead Counsel or Ontario Class Action Counsel; and (ii) counsel for CannTrust Holdings, Inc., obtained from CannTrust's transfer agent.  Epiq extracted these records from the files and, after data clean-up and de-duplication, there remained 35,526 unique names, addresses, and/or e-mails.

4.　　　Epiq formatted the Notice Packet, caused it to be printed and personalized with the name and address of each known potential U.S. Settlement Class Member, posted the Notice Packets for regular ground mail and mailed Notice Packets on September 17, 2021 to 34,234 potential U.S. Settlement Class Members, as well as e-mailed the Notice Packets to 1,292 potential U.S. Settlement Class members.

5.　　　As in most class actions of this nature, the large majority of potential class members are beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  Epiq maintains and updates an internal list of the largest and most common banks, brokers and other nominees (the "Broker Proxy List").  At the time of the initial mailing, Epiq's internal Broker Proxy List contained 1,120 mailing records. On September 17, 2021, Epiq caused Notice Packets to be mailed to the 1,120 mailing records contained in its internal Broker Proxy List.

6.    In total, 36,646 copies of the Notice Packet were mailed to potential U.S. Settlement Class Members and nominees by regular ground mail on September 17, 2021.

7.    The Notice directed those who purchased or otherwise acquired publicly traded CannTrust common stock during the period from June 1, 2018 through March 31, 2020, inclusive, for the beneficial interest of a person or organization other than themselves to either: (i) provide Epiq with the names and addresses of such beneficial owners no later than ten (10) calendar days after such nominees' receipt of the Notice Packet; or (ii) request within ten (10) calendar days of receipt of the Notice Packet, additional copies of the Notice Packet from the Claims Administrator, and send a copy of the Notice Packet to such beneficial owners, no later than ten (10) calendar days after receipt of the copies.

8.    Through October 27, 2021, Epiq has mailed an additional 134 Notice Packets to potential members of the U.S. Settlement Class whose names and addresses were provided to Epiq by individuals, entities or nominees requesting that Notice Packets be mailed to such persons, and has mailed another 656 Notice Packets to nominees who requested Notice Packets to forward to their customers.  Each of the requests was responded to in a timely manner, and Epiq will continue to timely respond to any additional requests received.

9.    As of October 27, 2021 an aggregate of 37,436 Notice Packets have been disseminated to potential U.S. Settlement Class Members and their nominees by regular ground mail.  In addition, Epiq has re-mailed 928 Notice Packets to persons whose original mailing was returned by the U.S. Postal Service and for whom updated addresses were provided to Epiq by the Postal Service.

3

**PUBLICATION OF THE SUMMARY NOTICE**

10.     In accordance with paragraph 11 of the Preliminary Approval Order, Epiq caused the Summary Notice of Pendency of U.S. Class Action and Proposed Settlements (the "Summary Notice") to be published once in *The Wall Street Journal* and to be transmitted over *PR Newswire* on September 28, 2021.  Attached as **Exhibit B** is proof of publication of the Summary Notice in *The Wall Street Journal* and a screen shot attesting to the transmittal of the Summary Notice over the *PR Newswire*.

**CALL CENTER SERVICES**

11.     Epiq reserved a toll-free phone number for the Settlements, 1-833-871-5359, which was set forth in the Notice, the Claim Form, the Summary Notice, and on the Settlement website.

12.     The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides callers with pre-recorded information, including a brief summary about the Actions and the option to request a copy of the Notice and to speak with a representative during regular business hours (9am to 5pm New York / Eastern Time, except on holidays).  The toll-free telephone line with pre-recorded information is available 24 hours a day, seven (7) days a week.

13.     Epiq made the IVR available on September 17, 2021, the same date Epiq began mailing the Notice Packets.

**WEBSITE**

14.     Epiq established and is maintaining a website dedicated to the Settlements (www.CannTrustSecuritiesSettlement.ca) to provide additional information to potential class members.  Users of the website can download copies of the Notice, the Claim Form, the Preliminary Approval Order, the U.S. Class Action Complaint, the CCAA Plan, the CCAA Sanction Order, the settlement agreements, and the Allocation and Distribution Scheme, among

4

other relevant documents. The website also contains a claim submission portal and electronic claim filing instructions for nominees.

15. The web address was set forth in the Summary Notice, the Notice, and on the Claim Form. The website was operational beginning on September 17, 2021, and is accessible 24 hours a day, seven (7) days a week. Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

## **EXCLUSION REQUESTS**

16. Pursuant to the Preliminary Approval Order, U.S. Settlement Class Members who wish to be excluded from the U.S. Settlement Class are required to mail their written request to Epiq so that the request is received by November 11, 2021.[2] As of the date of this Declaration, Epiq has received zero (0) requests for exclusion.

I declare under penalty of perjury under the laws of Canada that the foregoing is true and correct to the best of my knowledge.

Executed on October 28, 2021, at Ottawa, Ontario.



_____

Luis Granati

---

[2] Objections are to be filed with the Court and mailed to counsel. Epiq has not received any misdirected objections.

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

No. 1:19-cv-06396-JPO

In Re: CANNTRUST HOLDINGS INC. SECURITIES
LITIGATION

**NOTICE OF PENDENCY OF U.S. CLASS ACTION AND PROPOSED SETTLEMENTS**

**www.CannTrustSecuritiesSettlement.ca**

If you purchased the publicly traded common stock of CannTrust Holdings Inc. ("**CannTrust**") on the New York Stock Exchange or on any U.S. based trading platform or pursuant or traceable to CannTrust's May 6, 2019 secondary offering, you may be entitled to a payment from several class action settlements.

*A U.S. Federal Court authorized this Notice. This is **not** a solicitation from a lawyer.*

- After extensive negotiations under the auspices of a court-appointed mediator, defendant CannTrust and the majority of the defendants in this U.S. class action have reached a global resolution of the claims asserted against them in this case (the "**U.S. Class Action**"), as well as actions pending in Canada and California (the "**Actions**").[1] The proposed Settlements will be implemented pursuant to an amended and restated plan of compromise, arrangement and reorganization of CannTrust, CannTrust Inc. and Elmcliffe Investments Inc. (as may be further amended from time to time in accordance with its terms), pursuant to Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, (the "**CCAA Plan**"), which was approved by the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**") by a "sanction order" entered on July 16, 2021 (the "**CCAA Sanction Order**").

- Implementation of the CCAA Plan requires, among other things, approval of the Settlements as they relate to the U.S. Class Action by the Court overseeing this U.S. Class Action (the "**U.S. Court**"). The CCAA Plan provides for, *inter alia*, the restructuring of CannTrust so that it can emerge from insolvency, the administration of the Settlements for the benefit of CannTrust's investors, and the handling of unsettled claims related to the alleged wrongdoing at issue in the Actions.[2]

- This Notice describes important rights you may have if you are a member of the U.S. Settlement Class (defined below) and what steps you must take if you wish to receive a payment as a result of the Settlements, wish to object, or wish to seek to be excluded from the U.S. Settlement Class.

- The CCAA Plan, and the proposed Settlements reached to date to be implemented through the CCAA Plan, will create, among other things, a Class Compensation Fund (defined below) for eligible investors in the amount of approximately C$83,000,000,[3] before the deduction of approved fees, expenses, taxes, and set-offs required by the Settlements. The Class Compensation Fund will be administered by a Securities Claimant Trust for the benefit of Securities Claimants both within and outside the United States. Any additional settlements and recoveries obtained through claims against non-Settlement Parties will also be administered by the Securities Claimant Trust, and may increase the amounts available to eligible Securities Claimants.

---

[1] The Settlements involve all defendants in this U.S. Class Action, except for KPMG LLP. Defendants CannTrust; Cannamed Financial Corp.; Cajun Capital Corporation; Mark Dawber; Greg Guyatt; John Kaden; Robert Marcovitch; Shawna Page; Mitchell Sanders; Eric Paul; Mark Ian Litwin; Ian Abramowitz; Peter Aceto; Canaccord Genuity LLC; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Jefferies LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; and RBC Dominion Securities Inc. are collectively the "**Settling Defendants**," for purposes of this Notice and the U.S. Class Action. U.S. Class Action Lead Plaintiffs and the Settling Defendants are collectively the "**Settling Parties**," for purposes of this Notice and the U.S. Class Action.

[2] The primary terms of the Settlements are set forth in the CCAA Plan, the Restructuring Support Agreement, effective as of January 19, 2021 (the "**RSA**"), and the minutes of settlement with the other settling parties, which can be viewed at www.CannTrustSecuritiesSettlement.ca. All capitalized terms not defined in this Notice have the same meanings as defined in the CCAA Plan, the RSA, the U.S. Court's Preliminary Approval Order, or the Allocation and Distribution Scheme governing the calculation of Securities Claimants' claims ("**A&DS**"), which is reported at the end of this Notice.

[3] For informational purposes, at the time the Settlements were reached (January 19, 2021 to May 24, 2021), the C$/US$ exchange rate ranged from C$1.20 to C$1.28 per US$1.00 with an average of C$1.25 per US$1.00. Accordingly, at the time of the Settlements, C$83,000,000 was equivalent to approximately US$66,400,000.

AE4641 v.07

The proposed Settlements to date provide for an average recovery of approximately C$0.27 per allegedly damaged share before deductions for awarded attorneys' fees and litigation expenses (discussed below), taxes, notice and administration fees and expenses, ongoing litigation costs, and other fees, expenses, and liabilities allowed by the CCAA Plan and the A&DS, and C$0.20 per allegedly damaged share after deductions for awarded attorneys' fees. Plaintiffs' consulting damages expert has estimated that approximately 302,600,000 CannTrust shares were allegedly damaged, of which 152,400,000 shares were purchased in Canada on the Toronto Stock Exchange ("**TSX**") and 150,200,000 shares were purchased on the New York Stock Exchange ("**NYSE**") or other U.S. based trading platforms.

• The Settlements, among other things, will allow for the restructuring of CannTrust, the certain payment of recoveries to eligible Securities Claimants, and the assignment of potentially valuable claims held by CannTrust to a Securities Claimants Trust to allow for potential additional recoveries, while avoiding the costs and risks of continuing the U.S. Class Action against CannTrust and several other defendants. In exchange, the Settlements release the Released Parties from all liability.

**IF YOU ARE A U.S. SETTLEMENT CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENTS WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **SUBMIT A CLAIM FORM BY MARCH 16, 2022** | The only way to get a payment as part of the settlement of the U.S. Class Action. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE U.S. SETTLEMENT CLASS BY NOVEMBER 11, 2021** | Get no payment as part of the settlement of the U.S. Class Action. This is the only option that potentially may allow you to ever bring or be part of any other lawsuit against the Released Parties (defined below) concerning the Released Securities-Related Claims (defined below). *However, the Settlement Parties believe that the CCAA Sanction Order will operate to bar any claims by the U.S. Settlement Class Members against the Released Parties regardless of whether they request exclusion from the U.S. Settlement Class*. *See* Question 11 for details. |
| **OBJECT BY NOVEMBER 11, 2021** | Write to the U.S. Court about why you do not like the Settlements or the Allocation and Distribution Scheme for distributing the proceeds of the Settlements, as they relate to this U.S. Class Action. If you object, you will still be in the U.S. Settlement Class and you can still file a Claim Form. *See* Question 15 for details. |
| **PARTICIPATE IN A HEARING ON DECEMBER 2, 2021 AND FILE A NOTICE OF INTENTION TO APPEAR BY NOVEMBER 11, 2021** | Ask to speak to the Court at the Settlement Hearing about the Settlements. *See* Question 19 for details. |
| **DO NOTHING** | • Get no payment as part of the settlement of the U.S. Class Action.<br>• Give up rights in relation to the U.S. Class Action.<br>• Still be bound by the terms of the Settlements as they relate to the U.S. Class Action. |

• These rights and options—**and the deadlines to exercise them**—are explained below.

• The U.S. Court in charge of this case still has to decide whether to approve the proposed Settlements, as they relate to this case. Payments will be made to Securities Claimants who timely submit valid Claim Forms, if the U.S. Court approves the Settlements, any appeals are resolved favorably, and the CCAA Plan reaches its Effective Time.

AE4642 v.07

## WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice ..................................................................................................PAGE 3
Why did I get this Notice? ........................................................................................................PAGE 5
How do I know if I am part of the U.S. Settlement Class? ........................................................PAGE 5
Are there exceptions to being included?....................................................................................PAGE 5
Why is this a class action? ........................................................................................................PAGE 6
What is this case about and what has happened so far? ............................................................PAGE 6
What are the reasons for the Settlements? ................................................................................PAGE 8
What do the Settlements provide? ............................................................................................PAGE 8
How can I receive a payment? ..................................................................................................PAGE 10
How will my claim be calculated? ............................................................................................PAGE 11
What am I giving up to receive a payment and by staying in the
  U.S. Settlement Class? ..........................................................................................................PAGE 11
How do I exclude myself from the U.S. Settlement Class? ......................................................PAGE 13
If I do not exclude myself, can I sue the Settling Defendants and the other
  Released Parties for the same reasons later? ..........................................................................PAGE 13
Do I have a lawyer in this case? ................................................................................................PAGE 13
How will the lawyers be paid? ..................................................................................................PAGE 13
How do I tell the Court that I do not like something about the
  proposed Settlements? ............................................................................................................PAGE 14
What is the difference between objecting and seeking exclusion? ............................................PAGE 14
When and where will the U.S. Court decide whether to approve the
  Settlements, as they relate to this U.S. Class Action? ............................................................PAGE 14
Do I have to come to the Settlement Hearing? ........................................................................PAGE 15
May I speak at the Settlement Hearing? ..................................................................................PAGE 15
What happens if I do nothing at all? ........................................................................................PAGE 15
Are there more details about the Settlements? ........................................................................PAGE 15
Special notice to securities brokers and nominees. ..................................................................PAGE 16

## PSLRA SUMMARY OF THE NOTICE

### Statement of the U.S. Settlement Class's Recovery

1.        U.S. Class Action Lead Plaintiffs, together with the plaintiffs in a similar class action pending in Ontario (the "Ontario Class Action Lead Plaintiffs" and, collectively with the U.S. Class Action Lead Plaintiffs, the "**Class Action Lead Plaintiffs**" or "**CCAA Representatives**"), have entered into the proposed Settlements which, if approved by the U.S. Court and if other conditions to the implementation of the CCAA Plan are satisfied, will resolve the majority of the claims in the U.S. Class Action. U.S. Class Action Lead Plaintiffs, on behalf of the U.S. Settlement Class (defined below), have agreed to the Settlements in exchange for (i) payments totaling approximately C$83,000,000 in cash, which, together with any additional settlements (collectively, the "**Class Settlement Amount**") or recoveries received, will be transferred to the Securities Claimant Trust for the benefit of Securities Claimants both within and outside the United States, and (ii) the assignment of ongoing claims that may potentially result in additional recoveries for Securities Claimants. Based on Class Action Lead Plaintiffs' consulting damages expert's estimate of the number of shares of CannTrust publicly traded common stock eligible to participate in the Settlements, and assuming that all investors eligible to participate do so, the proposed Settlements to date provide for an average recovery of approximately C$0.27 per allegedly damaged share before deductions for awarded attorneys' fees and litigation expenses (discussed below), taxes, notice and administration fees and expenses, ongoing litigation costs, and other fees, expenses, and liabilities allowed by the CCAA Plan and the A&DS. **This average recovery amount is only an estimate and individual Securities Claimants may recover more or less than this estimate.** A Securities Claimant's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Class Compensation Fund; (iii) when and how many shares of CannTrust publicly traded common stock the Securities Claimant purchased or acquired during the Class Period; (iv) the extent to which the Securities Claimant purchased Offering Shares or Secondary Shares; and (v) whether and when the Securities Claimant sold CannTrust publicly traded common stock. *See* the Allocation and Distribution Scheme at the end of this Notice for information on the calculation of your Recognized Claim.

### Statement of Potential Outcome if the Released Securities-Related Claims Continued to Be Litigated

2.        The Settling Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if U.S. Class Action Lead Plaintiffs were to prevail on each claim. The issues that the Settling Parties disagree about include, for example: (i) whether the Settling Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities

laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the prices of CannTrust publicly traded common stock were allegedly artificially inflated, if at all; and (iv) the extent to which factors unrelated to the alleged fraud, such as general market, economic, and industry conditions, influenced the trading prices of CannTrust publicly traded common stock.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the U.S. Class Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that U.S. Class Lead Plaintiffs and the U.S. Settlement Class have suffered any loss attributable to defendants' actions or omissions.

## Statement of Attorneys' Fees and Expenses to Be Sought

4.      As discussed more below, at a future date, counsel for the U.S. Class Action Lead Plaintiffs ("**U.S. Class Action Counsel**") and counsel for the Ontario Class Action Lead Plaintiffs ("**Ontario Class Action Counsel**" and collectively with the U.S. Class Action Counsel, "**Class Action Counsel**") will apply to the Canadian Court for attorneys' fees from the Securities Claimant Trust in an amount not to exceed 25% of the aggregate Class Settlement Amount, plus accrued interest and taxes. Class Action Counsel will make additional fee applications if additional recoveries as a result of ongoing litigation are obtained. Class Action Counsel will also apply for payment of their litigation expenses incurred in prosecuting the Actions, in an amount to be determined, which may also include reimbursement to the Class Action Lead Plaintiffs for their reasonable costs and expenses (including lost wages) related to their representation of the Securities Claimants. If the Canadian Court approves Class Action Counsel's fee application, assuming that the Class Settlement Amount totals approximately C$83,000,000, the average amount of fees is estimated to be approximately C$0.07 per allegedly damaged share of CannTrust publicly traded common stock.

## Reasons for the Settlements

5.      For U.S. Class Action Lead Plaintiffs, the principal reason for entering into the Settlements is the guaranteed cash benefit to the U.S. Settlement Class. This benefit must be compared to the uncertainty of: (i) being able to recover from the CannTrust-related defendants given CannTrust's financial state, liquidation value, the CCAA proceedings, and insurers' denials of coverage; (ii) being able to prove the allegations in the Complaint; (iii) the risk that the Court may grant some or all of the anticipated motions to dismiss or summary judgment motions to be filed by Defendants; (iv) the uncertainty of a greater recovery after a trial and appeals; and (v) the difficulties and delays inherent in such litigation.

6.      For the Settling Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that U.S. Settlement Class Members were damaged, the principal reasons for entering into the Settlements are to end the burden, expense, uncertainty, and risk of further litigation.

## Identification of Representatives

7.      U.S. Class Action Lead Plaintiffs and the U.S. Settlement Class are represented by Lead Counsel, James W. Johnson, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, 888-219-6877, www.labaton.com, settlementquestions@labaton.com.

8.      Further information regarding the U.S. Class Action, the Settlements, and this Notice may be obtained by contacting the Claims Administrator at:

**CannTrust Securities Settlements**
c/o Epiq Class Action Services Canada Inc.
P.O. Box 507 STN B
Ottawa ON K1P 5P6
www.CannTrustSecuritiesSettlement.ca
info@CannTrustSecuritiesSettlement.ca
1-833-871-5359

**Please Do Not Call the Court or CannTrust with Questions about the Settlements.**

AE4644 v.07

# BASIC INFORMATION

## 1.    Why did I get this Notice?

9.    The U.S. Court authorized that this Notice be sent to you because you or someone in your family may have purchased or otherwise acquired CannTrust publicly traded common stock on the New York Stock Exchange or on any U.S. based trading platform during the period from June 1, 2018 through March 31, 2020, inclusive (the "**Claim Period**")[4] or pursuant or traceable to CannTrust's offering materials issued in connection with the Company's secondary offering, completed on or about May 6, 2019. **Receipt of this Notice does not mean that you are a member of the U.S. Settlement Class or that you will be entitled to receive a payment. The Settling Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.** *See* **Question 8 below.**

10.    The U.S. Court directed that this Notice be sent to U.S. Settlement Class Members because they have a right to know about the proposed Settlements, and about all of their options, before the U.S. Court decides whether to approve the Settlements, as they relate to this case.

11.    The Court in charge of the U.S. Class Action is the United States District Court for the Southern District of New York, and the case is known as *In Re: CannTrust Holdings Inc. Securities Litigation,* Civil Action No. 1:19-cv-06396-JPO. The U.S. Class Action is assigned to the Honorable J. Paul Oetken, United States District Judge.

12.    The Canadian Court in charge of the Ontario Class Action and the CCAA Proceedings is the Ontario Superior Court of Justice (Commercial List).

## 2.    How do I know if I am part of the U.S. Settlement Class?

13.    The U.S. Court directed, for the purposes of the proposed Settlements only, that everyone who fits the following description is a member of the U.S. Settlement Class[5] and subject to the Settlements, unless they are an Excluded Person (*see* Question 3 below) or take steps to exclude themselves from the U.S. Settlement Class (*see* Question 11 below):

**(i) all persons and entities who or which purchased the publicly traded common stock of CannTrust Holdings Inc. on the New York Stock Exchange (NYSE) or on any U.S. based trading platform during the period from June 1, 2018 through March 31, 2020, inclusive (the Claim Period); and/or**

**(ii) all persons and entitles who or which purchased or otherwise acquired CannTrust Holdings Inc. common stock pursuant or traceable to the Offering Materials (as defined in the Complaint) issued in connection with the secondary public offering, completed on or about May 6, 2019.**

14.    If one of your mutual funds purchased CannTrust publicly traded common stock during the Claim Period, that does not make you a U.S. Settlement Class Member (U.S. Securities Claimant), although your mutual fund may be. You are a U.S. Settlement Class Member (U.S. Securities Claimant) only if you individually purchased or acquired CannTrust publicly traded common stock on the NYSE or any U.S. based trading platform, or pursuant or traceable to the Offering Materials, during the Claim Period. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions. The Settling Parties do not independently have access to your trading information.

15.    If you are **not** a member of the U.S. Settlement Class (U.S. Securities Claimant), you may be a "**Canadian and Non-U.S. Securities Claimant**," which means all Securities Claimants other than U.S. Securities Claimants. Canadian and Non-U.S. Securities Claimants may also submit the enclosed Claim Form.

## 3.    Are there exceptions to being included?

16.    Yes. There are some individuals and entities who are excluded from the U.S. Settlement Class by definition. Excluded from the U.S. Settlement Class are: (i) CannTrust, Cannamed Financial Corp, Cajun Capital Corporation, KPMG LLP, Merrill Lynch, Pierce, Fenner & Smith Inc., Merrill Lynch Canada Inc., Citigroup Global Markets Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (USA) LLC, Credit Suisse Securities

---

[4] It is alleged that Defendants made false and misleading statements and omissions during the period from June 1, 2018 through September 17, 2019. The Claim Period then extends from September 18, 2019 through March 31, 2020, the date when the CannTrust Group commenced insolvency proceedings under the CCAA.

[5] Members of the U.S. Settlement Class are also called U.S. Securities Claimants in the Definitive Documents.

AE4645 v.07

(Canada) Inc., RBC Dominion Securities Inc., Jefferies LLC, Jefferies Securities Inc., Canaccord Genuity LLC, Canaccord Genuity Corp., Paul Family Trust, Mar-Risa Holdings Inc., York Capital Funding Inc., Sutton Management Limited (the "**Corporate Defendants**"); (ii) Eric Paul, Peter Aceto, Greg Guyatt, Ian Abramowitz, Mark Dawber, John Kaden, Mark Ian Litwin, Fred Litwin, Robert Marcovitch, Mitchell J. Sanders, Stan Abramowitz, Brad Rogers, Michael Ravensdale, Shawna Page, Ilana Platt, Graham Lee, Kenneth Brady Green, Andrea Kirk, Norman Paul ("**Individual Defendants**"), any member of an Individual Defendant's immediate family, and any company under the control of an Individual Defendant; and (iii) the past and present subsidiaries, affiliates, officers, directors, senior employees, legal representatives, heirs, predecessors, successors and assigns of any such excluded person, *provided, however*, for the avoidance of doubt, that any "Investment Vehicle" shall not be excluded from the U.S. Settlement Class. Investment Vehicle means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

17.     Also excluded from the U.S. Settlement Class is anyone who timely and validly seeks exclusion from the U.S. Settlement Class in accordance with the procedures described in Question 11 below. ***However, please be advised that the Settlement Parties believe that the CCAA Sanction Order will operate to bar any claims by the U.S. Settlement Class Members against the Released Parties regardless of whether they request exclusion from the U.S. Settlement Class.***

## 4.     Why is this a class action?

18.     In a class action, one or more persons or entities (in this case, U.S. Class Action Lead Plaintiffs), sue on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class. In this case, the U.S. Court has appointed Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund to serve as lead plaintiffs and has appointed Labaton Sucharow LLP to serve as lead counsel.

## 5.     What is this case about and what has happened so far?

19.     CannTrust is a publicly traded company and its shares were primarily traded on the Toronto Stock Exchange ("**TSX**") and on the New York Stock Exchange ("**NYSE**"). Its share price declined following the announcement by CannTrust on July 8, 2019 that it had received a compliance report from Health Canada notifying it that its greenhouse facility in Pelham, Ontario was non-compliant with certain regulations as a result of observations by the regulator regarding the growing of cannabis in five unlicensed rooms and inaccurate information provided to the regulator by CannTrust employees. Class actions in Canada and the United States were commenced against, among others, CannTrust, certain of its directors and officers, the underwriters of its May 2019 initial share offering ("**Offering Shares**"), and its auditors, KPMG LLP.

**The Canadian Actions**

20.     Following CannTrust's disclosures on July 8, 2019, several class actions were commenced in Ontario making substantially similar allegations on behalf of CannTrust shareholders. By Order dated January 28, 2020, carriage of the CannTrust securities class actions was granted to Ontario Class Action Counsel and all other proposed class actions in Ontario relating to the same subject matter were stayed. Proposed class actions were also commenced in British Columbia, Alberta and Québec. Several individual actions were also filed in Canada.

**The U.S. Class Action**

21.     On July 10, 2019, a class action complaint was filed in the U.S. Court under the caption *Huang v. CannTrust Holdings Inc., et al.*, No. 19-cv-06396-JPO. Three other class action complaints were subsequently filed setting forth substantially the same allegations against CannTrust and its officers and directors: *Alvarado v. CannTrust Holdings, Inc., et al.*, No. 19-cv-6438; *Jones v. CannTrust Holdings, Inc., et al.*, No. 19-cv-6883; and *Justiss v. CannTrust Holdings, Inc., et al.*, No. 19-cv-7164 (JPO).

22.     By Order dated April 16, 2020, the U.S. Court ordered that the cases be consolidated and recaptioned as *In re CannTrust Holdings Inc. Securities Litigation*, Civil Action No. 1:19-cv-06396-JPO; appointed Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund as lead plaintiffs; and appointed Labaton Sucharow LLP as lead counsel for a proposed U.S. class.

AE4646 v.07

23.     On June 26, 2020, U.S. Class Action Lead Plaintiffs filed and served their Consolidated Class Action Complaint (the "**Complaint**"). The Complaint asserts claims under Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "**Exchange Act allegations**") against CannTrust; CannTrust's auditor, KPMG LLP; and several of CannTrust's senior executives and directors: former Chief Executive Officer Peter Aceto, former Chief Financial Officer and current CEO Greg Guyatt, former CFO Ian Abramowitz, former President and Chief Operating Officer Brad Rogers, former Chairman of the Board and CEO Eric Paul, and members of CannTrust's Board of Directors: Mark E. Dawber, Mitchell J. Sanders, John T. Kaden, Mark I. Litwin, Shawna Page, and Robert F. Marcovitch. The Complaint separately asserts claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "**Securities Act allegations**") against Defendants: CannTrust, KPMG, Paul, Aceto, Guyatt, Litwin, Sanders, Marcovitch, Dawber, Page, Kaden, as well as against Merrill Lynch, Pierce, Fenner & Smith Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Jefferies LLC, RBC Dominion Securities Inc., Canaccord Genuity LLC, Cannamed Financial Corp. and Cajun Capital Corp.

24.     Among other things, the Complaint alleges that Defendants made materially false and misleading statements and omissions concerning CannTrust's compliance with relevant cannabis regulations and an alleged scheme to increase the Company's cannabis production. The Complaint's Exchange Act allegations allege that the price of CannTrust publicly traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was allegedly revealed from July 8, 2019 through September 17, 2019. The Complaint's Securities Act allegations allege that the Company's registration statement and related documents incorporated therein (the "**Offering Documents**") issued in connection with the Company's Offering Shares contained materially false and misleading statements, allegedly injuring investors when the truth was revealed.

25.     On July 6, 2020, the parties to the U.S. Class Action filed a letter and stipulation with the U.S. Court requesting that the Court stay the U.S. Class Action pending ongoing mediation in the CCAA Proceeding. On July 7, 2020, the U.S. Court entered a Stipulation and Order staying the U.S. Class Action until such time as (a) the court-appointed Mediator declared that the mediation process had concluded; or (b) the Canadian Court lifted the stay of proceedings in Canada.

## CCAA Proceedings

26.     On March 31, 2020, defendant CannTrust and certain other related parties commenced insolvency proceedings under the Companies' Creditors Arrangement Act in the Canadian Court, and obtained an order for a stay of proceedings against them, including stays of the Actions.

27.     On May 8, 2020, the Canadian Court appointed the Hon. Dennis O'Connor, Q.C. (the "**Court-Appointed Mediator**") as a neutral third party to mediate a global settlement of the various actions and claims made against CannTrust and others (the "**Mediation Process**").

28.     Ontario and U.S. Class Action Counsel agreed to work together as a single negotiating unit (the "**Coalition**") to advance the interests of all Securities Claimants represented by them in the Mediation Process. On January 29, 2021, the Canadian Court issued an order (the "**CCAA Representation Order**") appointing the Ontario Class Action and U.S. Class Action Lead Plaintiffs as CCAA Representatives and their counsel as CCAA Representative Counsel.

29.     In tandem with the Mediation Process, CCAA Representative Counsel conducted an extensive legal and factual investigation, which included: (i) reviewing CannTrust's public disclosure documents and other publicly available information regarding CannTrust; (ii) holding discussions with an alleged CannTrust whistleblower and obtaining relevant emails; (iii) retaining and communicating with private "fact" investigators; (iv) identifying and interviewing potential "fact" witnesses; (v) communicating, to date, with over 1,300 individual Securities Claimants; (vi) retaining a cannabis consultant to advise counsel; (vii) considering expert opinion regarding applicable accounting standards by Cyrus Khory, managing director at Froese Forensic Partners Ltd.; (viii) considering expert opinion regarding applicable auditing standards by Professor Efrim Boritz, Ph.D., FCPA, FCA, CISA; (ix) retaining James Miller to provide an expert opinion regarding applicable underwriting standards; (x) retaining Sunita Surana, Ph.D., of Forensic Economics to provide an expert economic opinion on market efficiency, materiality, and damages; (xi) reviewing CannTrust's responsive insurance policies and other non-public information provided to CCAA Representative Counsel in the course of the Mediation Process; and (xii) considering the written mediation briefs and positions taken by the parties during the Mediation Process and the CCAA Proceedings.

30.     In January 2021, following protracted negotiations over six months, the CCAA Representatives and CannTrust reached a framework for the resolution of all Securities Claims against CannTrust and related claims against co-defendants, which is reflected in the RSA. In the eight months since then, seven additional settlements have been reached.

31.     On April 16, 2021, CannTrust and certain other related entities filed a plan of compromise, arrangement and reorganization pursuant to the CCAA (the CCAA Plan) in order to, among other things, implement a global resolution of the Actions and address other claims against the CannTrust entities.

AE4647 v.07

32.     By Order dated July 16, 2021, the Canadian Court entered the CCAA Sanction Order, which, among other things, authorized the implementation of the proposed Settlements, approved the A&DS, and authorized the creation of the Securities Claimant Trust.

**The California State Court Action**

33.     On August 5, 2019, a proposed shareholder class action entitled *Owens v. CannTrust Holdings Inc., et al.*, Court File No. 19CV352374, was filed in California Superior Court, Santa Clara County (the "**California Action**"). The California Action alleges claims under the Securities Act against CannTrust, Merrill Lynch, Pierce, Fenner & Smith Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, RBC Dominion Securities Inc., Jefferies LLC, Canaccord Genuity LLC, Peter Aceto, Greg Guyatt, and Eric Paul, arising out of CannTrust's May 6, 2019 secondary offering as a result of the alleged wrongdoing that is the subject of the Class Actions. On November 14, 2019, the California Action was stayed, pending further resolution of proceedings in the U.S. Class Action.

| 6. | What are the reasons for the Settlements? |
|---|---|

34.     The U.S. Court did not finally decide in favor of U.S. Class Action Lead Plaintiffs or the Settling Defendants. Instead, all Settling Parties agreed to settle.

35.     U.S. Class Action Lead Plaintiffs and U.S. Class Action Counsel believe that the claims asserted in the U.S. Class Action are strong, however in agreeing to the Settlements, they considered a variety of factors and were informed by a detailed factual investigation of public and non-public information, the advice of accounting, auditing, underwriting, and financial economics expert, and information and documents provided through the Mediation Process. Key considerations included: (i) estimates of damages under Ontario and U.S. securities laws; (ii) the potential value of CannTrust Holdings' claim against KPMG; (iii) the value of claims against Insurers; and (iv) the risks and challenges of continuing litigation, including, principally, CannTrust's ability to satisfy a judgment and substantive and procedural legal issues. A key consideration was that since CannTrust was engaged in CCAA proceedings and certain of its insurers had denied coverage, any judgment after trial could result in a contested liquidation over CannTrust's assets. The extent to which investors could collect on a judgment was therefore questionable and the time it would take to obtain a recovery was unknown. In light of the Settlements and the guaranteed cash recovery to the U.S. Settlement Class, U.S. Class Action Lead Plaintiffs and U.S. Class Action Counsel believe that the proposed Settlements are fair, reasonable, and adequate, and in the best interests of the U.S. Settlement Class.

36.     Settling Defendants have denied and continue to deny each and every one of the claims alleged in the U.S. Class Action, including all claims in the Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Settling Defendants deny that any member of the U.S. Settlement Class has suffered damages; that the prices of CannTrust publicly traded common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that members of the U.S. Settlement Class were harmed by the conduct alleged. Nonetheless, Settling Defendants have concluded that continuation of the claims in the U.S. Class Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this U.S. Class Action.

THE SETTLEMENT BENEFITS

| 7. | What do the Settlements provide? |
|---|---|

37.     In exchange for the releases and dismissals contemplated by the CCAA Plan and the Settlements (*see* Question 10 below), the Settling Defendants have agreed to, among other things, cause payments totaling approximately C$83,000,000 (to date), which, along with any interest earned, will be distributed after the deduction of court-awarded attorneys' fees and litigation expenses, taxes, notice and administration expenses and fees, ongoing litigation costs, and other fees, expenses, and liabilities allowed by the CCAA Plan and the A&DS (the "**Class Compensation Fund**"), to U.S. Securities Claimants and Canadian and Non-U.S. Securities Claimants (collectively, "**Securities Claimants**") who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Class Compensation Fund. The Class Compensation Fund will be administered as part of the Securities Claimant Trust.

38.     Certain Settling Defendants have agreed to assign claims that they have to the Securities Claimant Trust and to cooperate with Class Action Counsel so that the Class Action Lead Plaintiffs can pursue litigation against, or obtain settlements with, non-settling insurers and KPMG in Canada. Additionally, in light of the Settlements, the parties to the California Action will take action to cause the voluntary dismissal of the California Action.

AE4648 v.07

39.     Since the beginning of the Mediation Process, counsel for the plaintiffs in the Canadian Action and the U.S. Class Action, on behalf of all Securities Claimants, attended numerous formal mediation sessions with counsel to CannTrust, co-defendants, and insurers and participated in countless informal discussions with the Mediator, the CCAA Monitor, and other mediation participants.

40.     In January 2021, following protracted negotiations over six months, Class Action Counsel and CannTrust reached the framework reflected in the RSA. In the months since then, seven additional settlements have been reached. (If any further settlements are reached or the Settlements are amended, updates will be posted on the website www.CannTrustSecuritiesSettlement.ca.):

- defendant Eric Paul and the Paul Family Trust (the "**Paul Settling Parties Settlement**");

- defendant Canaccord Genuity LLC, Canaccord Genuity Corp., defendant Citigroup Global Markets Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (Canada) Inc., defendant Credit Suisse Securities (USA) LLC, Jefferies Securities, Inc, defendant Jefferies LLC, Merrill Lynch Canada Inc., defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated, and defendant RBC Dominion Securities Inc. (the "**Underwriters Settlement**");

- defendant Mark Ian Litwin, Fred Litwin, Stan Abramowitz, defendant Cannamed Financial Corp., Forum Financial Corporation, Mar-Risa Holdings Inc., York Capital Funding Inc., and Sutton Management Limited (the "**Litwin Group Settlement**");

- defendant Ian Abramowitz ("**Abramowitz Settlement**");

- defendant Peter Aceto ("**Aceto Settlement**");

- Kenneth Brady Green ("**Green Settlement**"); and

- Class Action Lead Plaintiffs also entered into a settlement with opt-out plaintiff Zola Finance Holdings Ltd. and Igor Gimelshtein (the "**Zola Plaintiffs Settlement**"), who had commenced a separate action against CannTrust in Canada and elected not to be represented by the class representatives.

41.     **The RSA** - On January 19, 2021, defendants CannTrust and others entered into the RSA with the Class Action Plaintiffs in the Canadian Action and the U.S. Class Action, through their counsel, which created a framework for the settlement of all securities claims against CannTrust and certain of its officers and directors. The settlement reflected in the RSA is with CannTrust and the other CCAA applicants, Mark Dawber, Greg Guyatt, John Kaden, Robert Marcovitch, Shawna Page, Ilana Platt, Mitchell Sanders and Cajun Capital Corporation ("**Original Settlement Parties**"). The RSA provided an orderly mechanism for the Class Action Lead Plaintiffs and Class Action Counsel, with the Original Settlement Parties' help, to obtain additional settlements and provide releases to additional parties. In exchange for releases of liability (*see* Question 10 below):

(a)     CannTrust will pay a Cash Contribution of C$50,000,000 to the Securities Claimant Trust;

(b)     the Original Settlement Parties will assign their Assigned Claims, notably claims against Insurers and KPMG, to the Securities Claimant Trust;

(c)     CannTrust will provide information and cooperation to the Class Action Plaintiffs in the prosecution of the continuing litigation; and

(d)     if the aggregate amount recovered by Securities Claimants and the Securities Claimant Trust from Additional Settlement Parties and Non-Settlement Parties, whether pursuant to settlements or continued litigation, exceeds C$250 million net of litigation fees and expenses, then CannTrust Holdings will be entitled to be repaid up to C$50 million in staged amounts from the Securities Claimant Trust (such staged amounts to be agreed upon at a future date).

42.     **Assignment of CannTrust's Claim Against KPMG** - KPMG was CannTrust's auditor during the period when defendants allegedly issued false and misleading financial statements. KPMG is a defendant in the Class Actions and faces statutory claims by shareholders. During the Mediation Process, Class Action Counsel determined, in their judgment, that CannTrust also may have a potentially valuable auditor's negligence claim against KPMG.

43.     Class Action Counsel believe that CannTrust has claims against KPMG in connection with its audit of CannTrust's 2018 annual financial statements and Q1 2019 review engagement. Pursuant to the CCAA Plan and CCAA Sanction Order, claims of this nature against KPMG that are not indemnity claims, contribution claims or other claims over will be assigned to the Securities Claimant Trust and will be litigated in Canada.

44.     **Paul Settling Parties Settlement** - The settlement provides for payment of a Cash Contribution of C$12,000,000 and assignment of Paul's claims against his Insurer to the Securities Claimant Trust. As a result of the settlement and the transfer of his Assigned Claims, Paul gave up his rights to insurance coverage that would respond to regulatory or criminal proceedings. Accordingly, the settlement provides that the Securities Claimant Trust will reserve C$1 million in respect of legal costs to defend against any such proceedings. Any funds remaining after the final disposition of such proceedings will revert back to the Securities Claimant Trust.

45.     **The Underwriters Settlement** - The settlement provides for a Cash Contribution of US$8,000,000.

46.     **Litwin Group Settlement** - The settlement provides for a Cash Contribution of C$11,000,000. Fred Litwin was a significant shareholder of CannTrust, and allegedly controlled Forum Financial Corporation, which was an insider of CannTrust. Fred Litwin is not a defendant to any of the Class Actions, however, he faces a claim by the Zola Plaintiffs for negligent misrepresentation in connection with a direct sale of 1,000,000 shares to them in September 2018. As part of the Zola Plaintiffs Settlement, the Securities Claimant Trust will acquire the rights to those claims.

47.     **Abramowitz Settlement** - The settlement provides that Abramowitz will provide cooperation to the Class Action Lead Plaintiffs and assignment of his claims against his Insurer to the Securities Claimant Trust, excluding any claims, rights or entitlement that he may have to insurance coverage for criminal, regulatory or administrative proceedings. The settlement provides that the Securities Claimant Trust will pay the costs of Abramowitz's legal representation to aid his cooperation obligations up to a maximum of C$100,000. Subsequently, Class Action Lead Plaintiffs and Abramowitz reached an agreement whereby Abramowitz will release all claims to insurance coverage and the Securities Claimant Trust will provide indemnification of up to C$1 million for the costs of responding to regulatory or criminal investigations and proceedings, or certain other litigation expenses.

48.     **Aceto Settlement** - The Class Action Lead Plaintiffs agreed to settle with Aceto in exchange for his cooperation. A Cash Contribution will be made on his behalf by certain Insurers, assuming the settlement with them is finalized, and he will not be treated as a Released Party unless and until the Cash Contribution has been made. As a result of the settlement, Aceto will give up his rights to insurance coverage that would respond to regulatory or criminal proceedings. Accordingly, the settlement provides that the Securities Claimant Trust will reserve up to C$1 million in respect of legal costs to defend against any such proceedings.

49.     **Green Settlement** – Green is a defendant in the Ontario Class Action. The Class Action Lead Plaintiffs agreed to settle with Brady Green in exchange for his cooperation.

50.     **Zola Plaintiffs Settlement** - The Zola Plaintiffs are Securities Claimants and fall under the definition of class members in the Ontario Class Action. However, they were excluded from the CCAA Representation Order and have their own counsel in the CCAA Proceedings. The Zola Plaintiffs filed a proof of claim in the CCAA Proceedings of C$45 million. From before the commencement of the CCAA Proceedings, the Zola Plaintiffs announced an intention to opt out of the Ontario Class Action and pursue their own claims. The Zola Plaintiffs commenced an individual action against CannTrust and others in November of 2019. The Zola Action makes unique allegations and claims based on the Zola Plaintiffs' direct conversations with certain defendants, as well as its direct purchase of shares from Fred Litwin. The Zola Plaintiffs agreed to support the CCAA Plan and assign their claims to the Securities Claimant Trust, in exchange for a defined allocation from the Class Settlement Amount of C$3.25 million and a *pro rata* payment from the Class Compensation Fund, which were authorized by the CCAA Court.

51.     **Dismissal of the California Action** - In light of the Settlements, the plaintiff in the California Action will take action to cause the action to be voluntarily dismissed.

## 8.     How can I receive a payment?

52.     To qualify for a payment from the Cash Compensation Fund in relation to the U.S. Class Action, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You may also obtain one from the website dedicated to the Settlements: www.CannTrustSecuritiesSettlement.ca, or from Labaton Sucharow's website: www.labaton.com, or submit a claim online at www.CannTrustSecuritiesSettlement.ca. You can also request that a Claim Form be mailed or e-mailed to you by calling the Claims Administrator toll-free at 1-833-871-5359 or e-mailing them at info@CannTrustSecuritiesSettlement.ca.

53.     Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically to the Claims Administrator so that it is **postmarked or received no later than March 16, 2022.** (Any extensions of this deadline will be posted on the website for the Settlements: www.CannTrustSecuritiesSettlement.ca.)

## 9.    How will my claim be calculated?

54.    The Allocation and Distribution Scheme set forth at the end of this Notice is the plan for calculating claims and distributing the proceeds of the Settlements that is being proposed by U.S. Class Action Lead Plaintiffs and U.S. Class Action Counsel to the U.S. Court for approval. On July 16, 2021, it was approved by the CCAA Court. The U.S. Court may approve this A&DS or modify it, as it relates to members of the U.S. Settlement Class, without additional individual notice to the U.S. Settlement Class. Any order modifying the A&DS will be posted on the Settlement website at: www.CannTrustSecuritiesSettlement.ca and at www.labaton.com.

55.    As noted above, the Class Settlement Amount, after deductions for awarded attorneys' fees and litigation expenses, taxes, notice and administration fees and expenses, ongoing litigation costs, and other fees, expenses, and liabilities allowed by the CCAA Plan and the A&DS, will be distributed to Securities Claimants who timely submit valid Claim Forms that show a "Recognized Claim" according to the A&DS (or any other plan of distribution approved by the courts). Under the federal securities laws, damages are determined through applying a variety of metrics, including considering when the alleged wrongdoing was disclosed (which in this case allegedly was from July 8, 2019 through September 17, 2019) or the trading price of the security at issue when a lawsuit seeking redress is filed (which in this case was July 10, 2019). Under the A&DS, purchases at or after 3:13 p.m. ET on September 17, 2019 are not eligible for a recovery because the full truth about the wrongdoing alleged in this case was allegedly revealed by this point in time.

56.    Securities Claimants who do not timely submit valid Claim Forms will not share in the Class Compensation Fund, but will still be bound by the Settlements.

## 10.    What am I giving up to receive a payment and by staying in the U.S. Settlement Class?

57.    If you are a U.S. Settlement Class Member, upon the "Effective Time" of the CCAA Plan, you will release all "Released Securities-Related Claims" against the "Released Parties." All of the U.S. Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you, as will the CCAA Sanction Order and CCAA Plan. The main defined terms are stated below. The definitions of all terms can be found in the CCAA Plan and/or the RSA, which are available at www.CannTrustSecuritiesSettlement.ca.

(a)    "**Additional Settlement Parties**" means each of: (i) Brady Green; (ii) Ian Abramowitz; (iii) the Underwriters; (iv) Eric Paul and the Paul Family Trust; (v) Mark Ian Litwin, Fred Litwin, Stan Abramowitz, Cannamed Financial Corp., Forum Financial Corporation, Mar-Risa Holdings Inc., York Capital Funding Inc. and Sutton Management Limited; (vi) the Insurers listed in Schedule E of the RSA (in their capacity as an Insurer in relation to the Insurance Policies) who have executed and delivered to CannTrust Holdings and the CCAA Representatives the Additional RSA for the applicable group of Insurers prior to the Plan Implementation Date; (vii) Peter Aceto, provided that he has executed and delivered his Additional RSA to CannTrust Holdings and the CCAA Representatives prior to the Plan Implementation Date; and (viii) any Co-Defendant or Insurer that has been designated as an Additional Settlement Party in accordance with Section 7.1 of the CCAA Plan.

(b)    "**Co-Defendant**" means, at the relevant time: (i) any Person named as a defendant in an Action that is not a Settlement Party, and (ii) any Person that could be named as a co-defendant in an Action based on or arising out of the Securities-Related Matters who is not a Settlement Party and has or could have a Securities-Related Indemnity Claim against a Released Party.

(c)    "**Original Settlement Parties**" means each member of the CannTrust Group, Mark Dawber, Greg Guyatt, John Kaden, Robert Marcovitch, Shawna Page, Ilana Platt, Mitchell Sanders and Cajun Capital Corporation.

(d)    "**Released Additional Settlement Parties**" means the Additional Settlement Parties and their respective Representatives.

(e)    "**Released CannTrust Parties**" means the Original Settlement Parties, the other entities in which CannTrust Holdings owns directly or indirectly not less than 50% of the common equity, the Monitor, and their respective Representatives, but excluding the Directors named as defendants in one or more of the Actions who are not Settlement Parties and the Representatives of each such excluded Director.

(f)    "**Released Parties**" means the Released CannTrust Parties and the Released Additional Settlement Parties.

(g)    "**Released Securities-Related Claims**" means (A) any and all Securities Claims and Securities-Related Claims against any of the Released Parties, (B) any and all Securities-Related Indemnity Claims against any of the Released Parties, and (C) any and all other demands, claims (including claims for contribution or indemnity), actions, causes of action, counterclaims, suits, debts, sums of money, liabilities, accounts, covenants, damages, judgments, orders (including orders for injunctive relief or specific performance and compliance orders), expenses, executions, encumbrances and recoveries on account of any liability, obligation, demand or cause of action of whatever nature (including for, alleged oppression, misrepresentation, wrongful conduct, fraud or breach

of fiduciary duty by any Settlement Party) that any Securities Claimant, Co-Defendant or other Person has or may be entitled to assert against any of the Released Parties, whether known or unknown, matured or unmatured, contingent or actual, direct, indirect or derivative, at common law, in equity or under contract or statute, foreseen or unforeseen, existing or hereafter arising, in any jurisdiction, based in whole or in part on any act, omission, transaction, duty, responsibility, indebtedness, liability, obligation, dealing, matter or occurrence existing or taking place at or prior to the Effective Time that in any way relate to or arise out of or in connection with: (i) any of the Actions; (ii) any of the Securities Claims, Securities-Related Claims, Securities-Related Indemnity Claims or Securities-Related Matters; or (iii) the CCAA Proceedings or any matter or transaction involving any member of the CannTrust Group occurring in or in connection with the CCAA Proceedings (including the CCAA Plan and the development of it), but excluding Non-Released CannTrust Claims and Channelled Claims.

(h)    "**Representatives**" means, in relation to a Person, such Person's current and former directors, officers, partners, employees, consultants, legal counsel, advisers and agents, including their respective heirs, executors, administrators and other legal representatives, successors and assigns, and each of their respective employees and partners.

(i)    "**Securities Claim**" means: (i) any Claim against CannTrust Holdings asserted by a plaintiff or putative plaintiff in an Action; and (ii) any other Claim against CannTrust Holdings that has been or could be asserted by or on behalf of a current or former shareholder of CannTrust Holdings or another Person in relation to the purchase, sale or ownership by such Person (including as a legal, registered or beneficial purchaser, seller or owner) on or before the Filing Date of an equity interest (as defined in the CCAA) in CannTrust Holdings, other than a Securities-Related Indemnity Claim.

(j)    "**Securities-Related Claim**" means: (i) any claim against a Settlement Party or Co-Defendant asserted by a plaintiff or putative plaintiff in an Action; and (ii) any other claim against a Settlement Party or a Co-Defendant that has been or could be asserted by or on behalf of a current or former shareholder of CannTrust Holdings or another Person in relation to the purchase, sale or ownership by such Person (including as a legal, registered or beneficial purchaser, seller or owner) on or before the Filing Date of an equity interest (as defined in the CCAA) in CannTrust Holdings, other than a Securities Claim or Securities-Related Indemnity Claim.

(k)    "**Securities-Related Indemnity Claim**" means any claim of any Person that has been or could be asserted against a Settlement Party (whether pursuant to an agreement, under applicable law or otherwise) for indemnity, advancement, contribution, reimbursement, set-off or otherwise, arising from or in connection with any Securities Claim or Securities-Related Claim asserted or that could be asserted against such Person or arising from or in connection with any other claim asserted or that could be asserted against such Person by any other Person that is not a Settlement Party in relation to a Securities-Related Matter, including, for greater certainty, a Defence Costs Indemnity Claim.

(l)    "**Underwriters**" means Canaccord Genuity LLC, Canaccord Genuity Corp., Citigroup Global Markets Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (Canada) Inc., Credit Suisse Securities (USA) LLC, Jefferies Securities, Inc, Jefferies LLC, Merrill Lynch Canada Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, and RBC Dominion Securities Inc.

58.    Unless any conditions are waived, the "**Effective Time**" of the CCAA Plan will occur when, among other things, the Conditions to implementation of the CCAA Plan have been completed, including that an Order entered by the U.S. Court approving the Settlements has become final and is not subject to appeal and the California Action has been dismissed.

## EXCLUDING YOURSELF FROM THE U.S. SETTLEMENT CLASS

59.    If you are a member of the U.S. Settlement Class and want the potential to keep any right you may have to sue or continue to sue the Settling Defendants and the other Released Parties on your own concerning the Released Securities-Related Claims (if any), then you must take steps to remove yourself from the U.S. Settlement Class. This is called excluding yourself or "opting out." **PLEASE BE ADVISED:** If you decide to exclude yourself from the U.S. Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the U.S. Class Action or in connection with a Released Securities-Related Claim will be dismissed, including because the suit is barred by the CCAA Sanction Order. *The Settlement Parties believe that the CCAA Sanction Order will operate to bar any claims by the U.S. Settlement Class Members against the Released Parties regardless of whether they request exclusion from the U.S. Settlement Class*.

60.    CannTrust, CannTrust Inc., CTI Holdings (Osoyoos) Inc., Elmcliffe Investments Inc. and the Class Action Lead Plaintiffs have also entered into confidential agreements concerning requests for exclusion and ongoing litigation against the Original Settlement Parties, which provide, *inter alia*, the option to terminate the RSA if a certain amount of U.S. Settlement Class Members request exclusion. If the RSA is terminated, the CCAA Plan will not be implemented and the Settlements will be terminated.

## 11.   How do I exclude myself from the U.S. Settlement Class?

61.     To exclude yourself from the U.S. Settlement Class, you must mail a signed letter stating that you request to be "excluded from the U.S. Settlement Class in *In re CannTrust Holdings Inc. Sec. Litig.*, No. 1:19-cv-06396-JPO (S.D.N.Y.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, e-mail, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of CannTrust publicly traded common stock the person or entity purchased, acquired, and sold during the Claim Period; the dates and prices of all purchases, acquisitions, and sales; and documentation of each trade; and (iii) be signed by the person or entity requesting exclusion. A request for exclusion must be mailed so that it is **received no later than November 11, 2021** to:

*CannTrust Securities Settlements*
c/o Epiq Class Action Services Canada Inc.
P.O. Box 507 STN B
Ottawa ON K1P 5P6

62.     This information is needed to determine whether you are a member of the U.S. Settlement Class. Your exclusion request must comply with these requirements in order to be valid.

63.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Class Compensation Fund in relation to the U.S. Class Action. Also, you cannot object to the Settlements because you will not be a U.S. Settlement Class Member any longer.

## 12.   If I do not exclude myself, can I sue the Settling Defendants and the other Released Parties for the same reasons later?

64.     No. If you are a member of the U.S. Settlement Class, unless you properly exclude yourself, you will give up any rights to sue the Settling Defendants and the other Released Parties for any and all Released Securities-Related Claims. If you have a pending lawsuit against any of the Released Parties, **speak to your lawyer in that case immediately**. Remember, the exclusion deadline is **November 11, 2021.**

### THE LAWYERS REPRESENTING YOU

## 13.   Do I have a lawyer in this case?

65.     Labaton Sucharow LLP is U.S. Class Counsel in the U.S. Class Action and represents all U.S. Settlement Class Members. Labaton Sucharow was assisted in the U.S. Class Action by Levi & Korsinksy LLP. In addition, the U.S. Class Action Lead Plaintiffs and U.S. Securities Claimants have been represented in the CCAA Proceedings by Labaton Sucharow and Weisz Fell Kour LLP. Ontario Class Action Lead Plaintiffs and Canadian and Non-U.S. Securities Representatives have been represented by Dimitri Lascaris Law Professional Corporation, Henein Hutchinson LLP, Kalloghlian Myers LLP and Strosberg Sasso Sutts LLP. You will not be separately charged for these lawyers. The Canadian Court will determine the amount of attorneys' fees, litigation expenses, costs, and taxes payable to counsel, which will be paid from the Class Settlement Amount. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14.   How will the lawyers be paid?

66.     U.S. Class Action Counsel, Levi & Korsinsky, and Ontario Class Action Counsel have been pursuing the claims and rights of Securities Claimants on a contingent basis and have not been paid for any of their work. At a future date, U.S. Class Action Counsel and Ontario Class Action Counsel will apply to the Canadian Court for attorneys' fees in an amount not to exceed 25% of the aggregate Class Settlement Amount, plus applicable taxes and accrued interest, if any. U.S. Class Action Counsel, in its sole discretion, may allocate a portion of its fee award to Levi & Korsinsky, additional counsel in the U.S. Class Action, and Girard Sharp LLP and Gibbs Law Group LLP, counsel in the California Action. Class Action Counsel will make additional fee applications if additional recoveries are obtained as a result of litigation.

67.     Class Action Counsel will also apply for payment of their litigation expenses and costs incurred in prosecuting and settling the Actions, including the hourly legal fees charged by Weisz Fell Kour LLP and incurred by Labaton Sucharow and reimbursement to the Class Action Lead Plaintiffs for their reasonable costs and expenses (including lost wages) related to their representation of the Securities Claimants. Any attorneys' fees and expenses awarded by the Canadian Court will be paid from the Class Settlement Amount. Securities Claimants are not personally liable for any such fees or expenses.

AE46413 v.07

**OBJECTING TO THE SETTLEMENTS OR THE ALLOCATION
AND DISTRIBUTION SCHEME AS THEY RELATE TO THIS CASE**

## 15. How do I tell the Court that I do not like something about the proposed Settlements?

68.    If you are a U.S. Settlement Class Member, you can object to the Settlements, any of their terms, or the Allocation and Distribution Scheme (as they relate to the U.S. Class Action). You may write to the U.S. Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

69.    To object, you must send a signed letter stating that you object to the proposed Settlements and/or the Allocation and Distribution Scheme in "*In re CannTrust Holdings Inc. Sec. Litig..,* No. 1:19-cv-06396-JPO (S.D.N.Y.)." The objection must also: (i) state the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (ii) state the objection(s) and the specific reasons for each objection, as they relate to this case, including whether the objection applies only to the objector, to a specific subset of the U.S. Settlement Class, or to the entire U.S. Settlement Class, and any legal and evidentiary support, and witnesses the U.S. Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to prove the objector's membership in the U.S. Settlement Class, such as the number of shares of publicly traded common stock of CannTrust purchased, acquired, and sold during the Claim Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the U.S. Court, any U.S. Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlements or the Allocation and Distribution Scheme, as they relate to this case.

70.    Your objection must be filed with the U.S. Court **no later than November 11, 2021 and** be mailed or delivered to the following counsel so that it is received no later than **November 11, 2021:**

| **Court** | **U.S. Class Action Counsel** | **Defendants' Counsel Representative** |
|---|---|---|
| **Clerk of the Court** United States District Court Southern District of New York U.S. Courthouse 40 Foley Square New York, NY 10007 | **Labaton Sucharow LLP** James W. Johnson, Esq. 140 Broadway New York, NY 10005 | **Skadden, Arps, Slate, Meagher & Flom LLP** Susan L. Saltzstein, Esq. One Manhattan West New York, NY 10001 |

71.    You do not need to attend the Settlement Hearing to have your written objection considered by the U.S. Court. However, any U.S. Settlement Class Member who has complied with the procedures described in this Question 15 and below in Question 19 may participate at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may participate individually or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

## 16. What is the difference between objecting and seeking exclusion?

72.    Objecting is telling the U.S. Court that you do not like something about the proposed Settlements or the Allocation and Distribution Scheme (as they relate to the U.S. Class Action). You can still recover money from the Settlement. You can object only if you stay in the U.S. Settlement Class. Excluding yourself is telling the U.S. Court that you do not want to be part of the U.S. Settlement Class. If you exclude yourself from the U.S. Settlement Class, you have no basis to object.

**THE SETTLEMENT HEARING**

## 17. When and where will the U.S. Court decide whether to approve the Settlements, as they relate to this U.S. Class Action?

73.    The U.S. Court will hold the Settlement Hearing by telephone on **Thursday, December 2, 2021, at 12:30 p.m. New York time**. Interested parties should check the Settlement website at www.CannTrustSecuritiesSettlement.ca for dial-in information.

74.    At this hearing, the Honorable J. Paul Oetken will consider whether, in relation to the U.S. Class Action: (i) the Settlements are fair, reasonable, adequate, and should be approved; and (ii) the Allocation and Distribution Scheme is fair and reasonable as to members of the U.S. Settlement Class, and should be approved. The U.S. Court will take into consideration any written objections filed by members of the U.S. Settlement Class in accordance with the instructions in Question 15 above. We do not know how long it will take the U.S. Court to make these decisions.

75.    The U.S. Court may change the date and time of the Settlement Hearing without another individual notice being sent to U.S. Settlement Class Members. If you want to participate in the hearing, you should check with Labaton Sucharow beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.CannTrustSecuritiesSettlement.ca to see if the Settlement Hearing stays as scheduled or is changed.

## 18.    Do I have to come to the Settlement Hearing?

76.    No. U.S. Class Action Counsel will answer any questions the U.S. Court may have. But, you are welcome to participate at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer participate (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than November 11, 2021.**

## 19.    May I speak at the Settlement Hearing?

77.    You may ask the U.S. Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than November 11, 2021,** submit a statement that you, or your attorney, intend to appear in "*In re CannTrust Holdings Inc. Sec. Litig..,* No. 1:19-cv-06396-JPO (S.D.N.Y.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 15 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the U.S. Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 19 and Question 15 above.

### IF YOU DO NOTHING

## 20.    What happens if I do nothing at all?

78.    If you do nothing and you are a member of the U.S. Settlement Class, you will receive no money from the Settlements in relation to the U.S. Class Action and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Parties concerning the Released Securities-Related Claims. To share in the Class Compensation Fund in relation to the U.S. Class Action, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against the Settling Defendants and the other Released Parties concerning the Released Securities-Related Claims, you must exclude yourself from the U.S. Settlement Class (*see* Question 11 above).

### GETTING MORE INFORMATION

## 21.    Are there more details about the Settlements?

79.    This Notice summarizes the proposed Settlements. More details are contained in the CCAA Plan, the RSA, and the other Definitive Documents. You may review the Definitive Documents filed with the U.S. Court or other documents in the case during business hours at the Office of the Clerk of the United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the U.S. Class Action through the U.S. Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

AE46415 v.07

80.     You can also get a copy of the CCAA Plan, the RSA, and other documents related to the Settlements, as well as additional information about the Settlements by visiting the website dedicated to the Settlements, www.CannTrustSecuritiesSettlement.ca, or the website of U.S. Class Action Counsel, www.labaton.com. You may also call the Claims Administrator toll free number at 1-833-871-5359 or write to the Claims Administrator at info@CannTrustSecuritiesSettlement.ca. **Please do not call the Court with questions about the Settlement.**

<u>**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**</u>

81.     If you purchased or otherwise acquired CannTrust publicly traded common stock (CNTTF, CTST, CNTTQ, CUSIP: 137800207) **on the New York Stock Exchange or on any U.S. based trading platform**, or pursuant or traceable to CannTrust's secondary public offering, completed on or about May 6, 2019, during the period from June 1, 2018 through March 31, 2020, inclusive, for the beneficial interest of a person or entity other than yourself, the U.S. Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail the Notice and Claim Form directly to all the beneficial owners of those securities. If you choose to follow procedure (b), the U.S. Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. You are entitled to reimbursement from the Class Compensation Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*CannTrust Securities Settlements*
c/o Epiq Class Action Services Canada Inc.
P.O. Box 507 STN B
Ottawa ON K1P 5P6

Dated: September 17, 2021                    BY ORDER OF THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

AE46416 v.07

**APPENDIX A**

**ALLOCATION AND DISTRIBUTION SCHEME**
**DISTRIBUTION OF CLASS COMPENSATION FUND TO MEMBERS**

## I.   DEFINITIONS

1.   The following definitions apply in this Allocation and Distribution Scheme:

(a)   **"CannTrust"** means CannTrust Holdings, Inc;

(b)   **"CannTrust Group"** means CannTrust, CannTrust Inc., CTI Holdings (Osoyoos) Inc. and Elmcliffe Investments Inc;

(c)   **"Claim Form"** means a written claim in the provided form for seeking compensation from the Class Compensation Fund;

(d)   **"Claimant"** means any Person making a claim as purporting to be a Class Member or on behalf of a Class Member;

(e)   **"Claims Administrator"** means the claims administrator appointed for the purposes of the Allocation and Distribution Scheme, whose appointment will be confirmed by the Court;

(f)   **"Class Compensation Fund"** means the Class Settlement Amount less the Zola Payment, Class Counsel Fees, and all fees, disbursements, expenses, costs, taxes, any other amounts incurred or payable relating to approval, implementation and administration of the settlement including, without limitation, the costs, fees, and expenses of notice to class members, and the fees, expenses, disbursements and taxes paid to the Claims Administrator for administration of the Class Settlement Amount, the Holdback and any other expenses ordered by the courts;

(g)   **"Class Counsel"** means Ontario Class Action Counsel and U.S. Class Action Counsel;

(h)   **"Class Counsel Fees"** means the aggregate fees and expense disbursements (including taxes) of Class Counsel;

(i)   **"Class Member(s)"** means any Person that acquired Shares during the Class Period;

(j)   **"Class Period"** means the time period from June 1, 2018 through September 17, 2019, inclusive;

(k)   **"Class Settlement Amount"** means CAD $50,000,000 to be contributed to the Securities Claimant Trust by CannTrust pursuant to the Plan, together with the cash contributions of any other Additional Settlement Parties (as defined in the Plan) pursuant to the applicable Additional RSA (as defined in the Plan), plus any accrued interest;

(l)   **"Eligible Securities"** means Shares acquired by a Class Member during the Class Period. The date of purchase or acquisition shall be the "contract" or "trade" date as opposed to the "settlement" or "payment" date;

(m)   **"Excluded Claim"** means any of the following:

(i)   a claim in respect of a purchase or acquisition of securities that are not Eligible Securities; or

(ii)   a claim by or on behalf of any Excluded Person;

(n)   **"Excluded Person(s)"** means

(i)   CannTrust, Cannamed Financial Corp, Cajun Capital Corporation, KPMG LLP, Merrill Lynch Canada Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (Canada) Inc., RBC Dominion Securities Inc., Jefferies Securities Inc., Canaccord Genuity Corp., Merrill Lynch, Pierce, Fenner & Smith Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Jefferies LLC, Canaccord Genuity LLC, Paul Family Trust, Mar-Risa Holdings Inc., York Capital Funding Inc., Sutton Management Limited, and their past and present subsidiaries, affiliates, officers, directors, senior employees, legal representatives, heirs, predecessors, successors and assigns (the "**Corporate Defendants**"); and

(ii)   Eric Paul, Peter Aceto, Greg Guyatt, Ian Abramowitz, Mark Dawber, John Kaden, Mark Ian Litwin, Fred Litwin Robert Marcovitch, Mitchell J. Sanders, Stan Abramowitz, Brad Rogers, Michael Ravensdale, Shawna Page, Ilana Platt, Graham Lee, Kenneth Brady Green, Andrea Kirk, Norman Paul and any member of their families ("**Individual Defendants**") and any company under the control of an Individual Defendant;

AE46417 v.07

(o) **"FIFO"** means the method applied to the holdings of Class Members who made multiple purchases/acquisitions or sales. If a Class Member has more than one purchase/acquisition or sale of CannTrust common stock, purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. A purchase/acquisition or sale of Shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. Option contracts are not securities eligible to participate in the Settlement. With respect to shares of CannTrust common stock purchased or sold through the exercise of an option, the purchase/sale date of the CannTrust common stock is the exercise date of the option and the purchase/sale price of the CannTrust common stock is the exercise price of the option;

(p) **"Holdback"** is the amount held back, at the discretion of the Trustees, to fund litigation expenses, disbursements, taxes, adverse costs awards, and/or other liabilities;

(q) **"Ontario Class Action Counsel"** means Dimitri Lascaris Law Professional Corporation, Henein Hutchinson LLP, Kalloghlian Myers LLP and Strosberg Sasso Sutts LLP;

(r) **"Person"** means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity;

(s) **"Plan"** means the plan of compromise, arrangement and reorganization of the CannTrust Group pursuant to the Companies' Creditors Arrangement Act;

(t) **"Purchase Price"** means the price at which the Claimant purchased or acquired Shares, excluding commissions, taxes, or fees paid in respect of the purchase/acquisition;

(u) **"Recognized Claim"** means a Claimant's nominal losses as calculated pursuant to the formulas set forth herein and which forms the basis for each Claimant's *pro rata* share of the Class Compensation Fund;

(v) **"Recognized Loss Amount"** is the amount calculated pursuant to paragraph 10(c);

(w) **"Risk Adjusted Loss"** is the amount calculated pursuant to paragraph 10(d);

(x) **"Sale Price"** means the price at which the Claimant disposed of Shares, excluding commissions, taxes, or fees paid in respect of the disposition;

(y) **"Securities Claimant Trust"** has the meaning ascribed to it in the Plan;

(z) **"Share(s)"** means common stock shares of CannTrust;

(aa) **"Share Inflation"** means the artificial inflation per share found in Table C;

(bb) **"Trustees"** has the meaning ascribed to it in the Plan;

(cc) **"U.S. Class Action Counsel"** means Labaton Sucharow LLP and Weisz Fell Kour LLP; and

(dd) **"Zola Payment"** means, subject to the authorization by the court supervising the CCAA Proceedings of the CannTrust Group, the payment to be made by the Trustees to Zola Finance Holdings Ltd. and Igor Gimelshtein (together, **"Zola"**) pursuant to the agreement to be entered into between the Trustees and Zola on or before the date that the Plan is implemented, and as contemplated by the Restructuring Support Agreement between Zola, the CannTrust Group, and the CCAA Representatives (as defined in the Plan) dated May 5, 2021.

2.      The Claims Administrator shall distribute the Class Compensation Fund as set out below.

## II.    <u>OBJECTIVE</u>

3.      The objective of this Allocation and Distribution Scheme is to equitably distribute the Class Compensation Fund among Class Members that submit valid and timely claims for Eligible Securities.

## III.   <u>DEADLINE FOR CLAIMS</u>

4.      Any Person that wishes to claim compensation from the Class Compensation Fund shall deliver to, or otherwise provide, the Claims Administrator a Claim Form by the date set by the Court. If the Claims Administrator does not receive a Claim Form from a Claimant by the deadline, then the Claimant shall not be eligible for any compensation whatsoever from the Class Compensation Fund. Notwithstanding the foregoing, the Claims Administrator shall have the discretion to permit otherwise-valid late claims without further order of the Court, but only if doing so will not materially delay the distribution of the Class Compensation Fund.

### IV.    PROCESSING CLAIM FORMS

5.    The Claims Administrator shall review each Claim Form and verify that the Claimant is eligible for compensation from the Class Compensation Fund, as follows:

(a)    for a Claimant claiming as a Class Member, the Claims Administrator shall be satisfied that:

(i)    the Claimant is a Class Member; and

(ii)    the claim is not an Excluded Claim;

(b)    for a Claimant claiming on behalf of a Class Member or a Class Member's estate, the Claims Administrator shall be satisfied that:

(i)    the Claimant has authority to act on behalf of the Class Member or the Class Member's estate in respect of financial affairs;

(ii)    the Person or estate on whose behalf the claim was submitted was a Class Member; and

(iii)    the claim is not an Excluded Claim.

(c)    the Claimant has provided all supporting documentation required by the Claim Form or alternative documentation that is acceptable to the Claims Administrator.

6.    The Claims Administrator shall take reasonable measures to verify that the Claimants are eligible for compensation and that the information in the Claims Forms is accurate. The Claims Administrator may make inquiries of the Claimants in the event of any concerns, ambiguities or inconsistencies in the Claim Forms and disallow claims that are not eligible.

### V.    ALLOCATION OF CLASS COMPENSATION FUND

7.    Only Claimants that the Claims Administrator has determined to be eligible for compensation as set forth herein are entitled to recover compensation from the Class Compensation Fund.

8.    Only claims in respect of Eligible Securities are entitled to receive compensation from the Class Compensation Fund.

9.    As soon as possible after (i) all timely Claim Forms have been processed (and those otherwise-valid late Claim Forms that the Claims Administrator has exercised its discretion to permit); (ii) the time to request a reconsideration for disallowed claims under paragraphs 26-27 has expired; and (iii) all administrative reviews under paragraphs 28-29 have concluded, the Claims Administrator shall distribute the Class Compensation Fund to eligible Claimants.

10.    The Claims Administrator shall determine each Claimant's Recognized Claim as follows, subject to the Additional Rules set out at paragraphs 14-19.

(a)    Purchase/acquisition and sale amounts in currencies other than Canadian dollars will be converted to equivalent Canadian dollar amounts as needed using publicly available currency exchange rates and in consultation with Class Counsel.[6]

(b)    Eligible Securities are those purchased in CannTrust's May 2019 share offering ("**Offering Shares**") and those purchased on the secondary market ("**Secondary Shares**").

(c)    The "**Recognized Loss Amount**" per Offering Share and Secondary Share purchased/acquired during the Class Period is calculated as follows, with reference to the Share Inflation as set out in Table C at paragraph 11. The Recognized Loss Amount for any particular disposition of Eligible Securities shall be no less than zero.

---

[6] For informational purposes, during the Class Period, the USD/CAD exchange rate ranged from CAD$1.28 to CAD$1.36 per US$1.00 with an average of CAD$1.32 per US$1.00. After the Class Period and through March 4, 2021, the USD/CAD exchange rate ranged from CAD$1.25 to CAD$1.45 per US$1.00 with an average of CAD$1.33 per US$1.00.

AE46419 v.07

**TABLE A**

| Date of Sale of Shares acquired during the Class Period | Recognized Loss Amount per Share |
|---|---|
| June 1, 2018 – July 7, 2019 | $0 |
| July 8, 2019 – September 16, 2019 | The lesser of:<br>(i) the Share Inflation on the date of purchase minus the Share Inflation on the date of sale; or<br>(ii) the Purchase Price minus the Sale Price. |
| September 17, 2019 – September 30, 2019 | The lesser of:<br>(i) the Share Inflation on the date of purchase; or<br>(ii) the Purchase Price minus the Sale Price. |
| October 1, 2019 – March 5, 2021 | The lesser of:<br>(i) the Share Inflation on the date of purchase;<br>(ii) the Purchase Price minus CAD$1.70; or<br>(iii) the Purchase Price minus the Sale Price. |
| Held as of the closing on March 5, 2021 | The lesser of:<br>(i) the Share Inflation on date of purchase; or<br>(ii) the Purchase Price minus CAD$1.70. |

(d)   The Recognized Loss Amounts for Offering Shares and Secondary Shares are multiplied by the risk adjustment in the following chart to obtain the **"Risk Adjusted Loss"**:

**TABLE B**

| Type of Share | Risk Adjustment |
|---|---|
| Offering Share | 1 |
| Secondary Share | 0.8 |

(e)   A Claimant's Recognized Claim is equal to the sum of the Risk Adjusted Loss for each type of share.

11.    The applicable Share Inflation amounts are as follows:

**TABLE C – SHARE INFLATION**

| | |
|---|---|
| June 1, 2018 – September 30, 2018 | CAD$1.29 |
| October 1, 2018 – July 7, 2019 | CAD$5.02 |
| July 8, 2019 – July 9, 2019 | CAD$3.57 |
| July 10, 2019 – July 11, 2019 | CAD$3.05 |
| July 12, 2019 – July 15, 2019 | CAD$2.57 |
| July 16, 2019 – July 23, 2019 | CAD$2.09 |
| July 24, 2019 – August 11, 2019 | CAD$1.41 |
| August 12, 2019 – September 16, 2019 | CAD$0.24 |
| September 17, 2019 before 3:13 p.m. ET[7] | CAD$0.24 |
| September 17, 2019 at or after 3:13 p.m. ET and thereafter | CAD$0.00 |

---

[7] Trading at prices at or below CAD$1.85 will be deemed to have occurred after 3:13 p.m. ET.

AE46420 v.07

12.     The Claims Administrator shall allocate the Class Compensation Fund on a *pro rata* basis to eligible Claimants based upon each eligible Claimant's Recognized Claim.

13.     The Claims Administrator shall make payments to the eligible Claimants based on the allocation under paragraph 12, subject to the Additional Rules set forth below.

## VI.     ADDITIONAL RULES

14.     The Claims Administrator shall not make payments to eligible Claimants whose *pro rata* entitlement under this Allocation and Distribution Scheme is less than CAD\$50.00. Such amounts shall instead be allocated *pro rata* to other eligible Claimants whose *pro rata* entitlement under this Allocation and Distribution Scheme is equal or greater than CAD\$50.00.

15.     To the extent a Claimant had an aggregate market gain from his, her or its transactions in Eligible Securities, the value of his, her or its total Recognized Claim will be zero. To the extent that a Claimant suffered an aggregate market loss on transactions in Eligible Securities, but the aggregate market loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the aggregate market loss. For purposes of determining whether a Claimant had a market gain with respect to his, her, or its aggregate transactions in CannTrust common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount and (ii) the sum of the Total Sales Proceeds and Holding Value.[8] This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its aggregate transactions in CannTrust common stock during the Class Period.

16.     There shall be no Recognized Loss Amount on (a) short sales of Eligible Securities during the Class Period or (b) purchases/acquisitions during the Class Period that were used to cover short sales; however, the short sale transactions shall be part of the calculation of a Claimant's aggregate market gain or loss.

17.     The receipt or grant by gift, devise or inheritance of Shares during the Class Period shall not be deemed to be a purchase or acquisition of Shares for the calculation of a Claimant's Recognized Loss Amount if the Person from which the Shares were acquired did not themselves acquire the Shares during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such Shares unless specifically provided in the instrument or gift or assignment.

18.     Shares transferred between accounts belonging to the same Claimant during the Class Period shall not be deemed to be Eligible Securities for the purpose of calculating a Recognized Loss Amount unless those Shares were initially purchased by the Claimant during the Class Period. The share price for such securities shall be calculated based on the share price initially paid for the Eligible Securities.

19.     The Claims Administrator shall make payment to an eligible Claimant by either bank transfer or by cheque to the Claimant at the address provided by the Claimant or the last known postal address for the Claimant.

## VII.     REMAINING UNCLAIMED AMOUNTS

20.     If, for any reason, a Claimant does not cash a cheque within six months after the date on which the cheque was sent to the Claimant, the Claimant shall forfeit the right to compensation and the funds shall be distributed in accordance with paragraphs 21-22.

21.     If funds remain in the Class Compensation Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have eligible Claimants cash their distributions, and after the payment of any taxes and outstanding fees and expenses of the Claims Administrator, including any fees and expenses to conduct an additional distribution, any balance remaining in the Class Compensation Fund at least six (6) months after the initial distribution of such funds shall be redistributed, if it is economically feasible to do so, to eligible Claimants who have cashed their initial distributions and would receive at least \$50.00 in such additional redistribution, in a manner consistent with this Allocation and Distribution Scheme.

22.     Class Counsel shall, if feasible, continue to reallocate any further balance remaining in the Class Compensation Fund after the redistribution is completed among eligible Claimants in the same manner and time frame as provided for above. In the event that Class Counsel determine that further redistribution of any balance remaining (following the

---

[8] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions, taxes, and fees) for CannTrust common stock purchased or acquired during the Class Period. The Claims Administrator will match any sales of CannTrust common stock during the Class Period first against the Claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions, taxes, and fees) for the remaining sales of CannTrust common stock sold during the Class Period will be the "Total Sales Proceeds". The Claims Administrator will ascribe a value of CAD\$1.70 per share for CannTrust common stock purchased during the Class Period and still held as of the close of trading on September 17, 2019 (the "**Holding Value**"). The Holding Value is based on the closing price of CannTrust common stock on September 17, 2019, the last day of the Class Period.

initial distribution and redistribution) is no longer feasible, thereafter, Class Counsel shall donate the remaining funds, if any, to a non-sectarian charitable organization(s) certified under the United States Internal Revenue Code § 50l(c)(3) and/or a Canadian charity or other non-profit group to be designated by Class Counsel.

## VIII.    IRREGULAR CLAIMS

23.    The claims process is intended to be expeditious, cost effective and "user friendly" and to minimize the burden on Claimants. The Claims Administrator shall, in the absence of reasonable grounds to the contrary, assume the Claimant to be acting honestly and in good faith.

24.    Where a Claim Form contains minor omissions or errors, the Claims Administrator shall correct such omissions or errors if the information necessary to correct the error or omission is readily available to the Claims Administrator.

25.    The claims process is also intended to prevent fraud, abuse, and the payment of ineligible Claim Forms. If, after reviewing any Claim Form, the Claims Administrator believes that the claim contains errors which cannot be readily corrected with information readily available to the Claims Administrator, then the Claims Administrator may disallow the claim in its entirety or pay it only in part so that an appropriate Recognized Claim is awarded to the Claimant. If the Claims Administrator believes that the claim is fraudulent or contains intentional errors which would materially exaggerate the Recognized Loss to be awarded to the Claimant, then the Claims Administrator shall disallow the claim in its entirety.

26.    Where the Claims Administrator disallows a claim, the Claims Administrator shall send to the Claimant at the address provided by the Claimant or the Claimant's last known email or postal address, a notice advising the Claimant that the claim will be disallowed unless it is corrected and that he, she, or it may request the Claims Administrator to reconsider its decision. For greater certainty, a Claimant is not entitled to a notice or a review where a claim is allowed but the Claimant disputes the determination of the Recognized Claim or his or her individual compensation.

27.    Any request for reconsideration must be received by the Claims Administrator within 21 days of the date of the notice advising of the disallowance. If no request for reconsideration is received within this time period, the Claimant shall be deemed to have accepted the Claims Administrator's determination and the determination shall be final and not subject to further review by any court or other tribunal.

28.    Where a Claimant submits a request for reconsideration with the Claims Administrator, the Claims Administrator shall advise Class Counsel of the request and conduct an administrative review of the Claimant's request.

29.    Following its determination in an administrative review, the Claims Administrator shall advise the Claimant of its determination. In the event the Claims Administrator reverses a disallowance, the Claims Administrator shall send the Claimant at the Claimant's last known postal address, a notice specifying the revision to the Claims Administrator's disallowance.

30.    The determination of the Claims Administrator in an administrative review is final and is not subject to further review by any court or other tribunal.

31.    Data from each Claim Form shall be retained such that a Claimant will not be required to file further claim forms in any future distributions, except where the Claims Administrator, in consultation with Class Counsel, determines that further claim forms or information are necessary or desirable for efficient claims administration.

32.    The failure to file a valid Claim Form shall not prejudice any Person's ability to file a claim form in any future distribution.

33.    The Claims Administrator's fees and costs shall be paid from the Class Compensation Fund subject to the approval of Class Counsel, without Court approval.

34.    Any matter not referred to above shall be determined by analogy by the Claims Administrator in consultation with Class Counsel.

AE46422 v.07

| Must be Submitted<br>**No Later Than**<br>**11:59 PM (Eastern time)**<br>**on March 16, 2022** | **CannTrust Securities Settlements**<br>**c/o Epiq Class Action Services Canada Inc.**<br>**info@CannTrustSecuritiesSettlement.ca**<br>**P.O. Box 507 STN B**<br>**Ottawa ON K1P 5P6** |

Claim Number (for Internal Purposes Only):

# SECURITIES CLAIMANT PROOF OF CLAIM AND RELEASE FORM

**If you purchased or otherwise acquired the common stock of CannTrust Holdings Inc. ("CannTrust") during the period from June 1, 2018 through September 17, 2019, inclusive ("Class Period"), you may be entitled to share in certain settlement proceeds.**

Please note, your rights under the *Personal Information Protection and Electronic Documents Act* (PIPEDA) require private-sector organizations, such as Epiq Class Action Services Canada Inc. ("**Epiq**"), the Claims Administrator, to seek your consent to collect, use and disclose your personal information only for the purposes that are stated and reasonable.

To that end, we will collect, use or disclose your personal information in accordance with our privacy notice to determine whether you are an eligible claimant in the Settlements. We may share your personal information with our affiliated and third-party Canadian based companies, and the Courts and counsel in the Actions, in accordance with our privacy notice for purposes of determining your eligibility to receive a payment from the Settlements. For more information concerning our collection, use or disclosure of your personal information, please review our privacy notice available at **https://www.canntrustsecuritiessettlement.ca/en/privacy.**

Unless otherwise provided by Canadian federal or provincial law, you may withdraw your consent at any time and such withdrawal shall be effective upon receipt by the Claims Administrator, but will not have any effect on actions taken by the Claims Administrator before it receives such revocation. If you choose to withdraw your consent, the Claims Administrator may be unable to determine your eligibility to receive a payment from the Settlements.

| **TABLE OF CONTENTS** | **PAGE NO.** |
|---|---|
| SECTION I - GENERAL INSTRUCTIONS…………………………………………….…………………………………2-3 | |
| SECTION II - CLAIMANT IDENTIFICATION…………………………………………………………………………4 | |
| SECTION III - SCHEDULE OF TRANSACTIONS IN CANNTRUST COMMON STOCK…………………………...5-6 | |
| SECTION IV - ACKNOWLEDGEMENTS……………………………………………………………………………7 | |

## Visit www.CannTrustSecuritiesSettlement.ca

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

ABCDEFGHIJKLMNOPQRSTUVWXYZ1234567O

## SECTION I – GENERAL INSTRUCTIONS

A. Eligible Securities Claimants who wish to obtain payment pursuant to the Settlements of the Actions and all other Securities Claims against CannTrust, and related claims against others, including in the class actions styled *Hrusa et al. v. CannTrust Holdings Inc. et al.*, Court File No. CV-19-00623567-00CP (ONSC) and *In Re: CannTrust Holdings Inc. Sec. Litig.*, No. 1:19-cv-06396-JPO (S.D.N.Y.), must complete and, on page 7 below, sign this Securities Claimant Proof of Claim and Release Form ("**Claim Form**").  If you fail to submit a timely and properly addressed (as explained in paragraph E below) Claim Form, your claim may be rejected and you may not receive any recovery from the Class Compensation Fund created in connection with the above-referenced proceedings.

B. All capitalized terms used in this Claim Form that are not otherwise defined below have the meanings given in the plan of compromise, arrangement and reorganization of the CannTrust Group pursuant to the Companies' Creditors Arrangement Act (Canada) (the "**CCAA Plan**"), the settlement agreements entered into in the above-referenced proceedings (collectively, with the CCAA Plan and the related CCAA Sanction Order, the "**Settlements**"), or the Allocation and Distribution Scheme ("**A&DS**"), each of which are available at **www.CannTrustSecuritiesSettlement.ca**.

C. **Submission of this Claim Form, however, does not assure that you will share in the Class Compensation Fund**.  A Securities Claimant must have a "Recognized Claim" in order to be eligible to receive a payment from the Class Compensation Fund. A Securities Claimant that has not suffered a Recognized Claim, as calculated under the Allocation and Distribution Scheme, will not be entitled to receive any portion of the Class Compensation Fund.

D. This Claim Form is directed to Securities Claimants who purchased or otherwise acquired the common stock of CannTrust during the period from June 1, 2018 through September 17, 2019, inclusive.  Purchases after September 17, 2019 are not eligible for a recovery from the Class Compensation Fund because they were made after the full truth about CannTrust was allegedly disclosed to the market.

E. **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.CANNTRUSTSECURITIESSETTLEMENT.CA OR BE EMAILED TO INFO@CANNTRUSTSECURITIESSETTLEMENT.CA NO LATER THAN MARCH 16, 2022 OR, IF MAILED, BE POSTMARKED NO LATER THAN MARCH 16, 2022, ADDRESSED AS FOLLOWS:**

CannTrust Securities Settlements
c/o Epiq Class Action Services Canada Inc.
P.O. Box 507 STN B
Ottawa ON K1P 5P6

F. If you are a Securities Claimant, you are bound by and subject to the terms of the CCAA Plan, the related CCAA Sanction Order and any judgment or order entered in the Actions, including the releases provided for therein, **WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT**.

G. If you purchased or otherwise acquired CannTrust common stock and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or otherwise acquired CannTrust common stock through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

H. Use **Section II** of this form entitled "Claimant Identification" to identify each beneficial owner of the CannTrust common stock that is the subject of this Claim Form.  THIS CLAIM FORM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.  All joint beneficial owners must sign this claim.

I. Separate Claim Forms should be submitted for each legal entity that is a claimant (*e.g.*, a claim for joint owners should not include the transactions of just one of the joint owners, and an individual should not combine his or her RRSP or IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that legal entity on one Claim Form, no matter how many separate accounts that legal entity has (*e.g.*, an individual with multiple accounts should include all transactions made in all accounts on one Claim Form).

## SECTION I – GENERAL INSTRUCTIONS (CONTINUED)

J.  Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated.  The telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

K.  Use **Section III** of this form entitled "Schedule of Transactions in CannTrust Common Stock" to supply all required details of your transaction(s) in CannTrust common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.  On the schedules, provide all of the requested information with respect to your holdings, purchases/acquisitions, and sales of CannTrust common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

L.  The date of covering a "short sale" is deemed to be the date of purchase of CannTrust common stock.  The date of a "short sale" is deemed to be the date of sale.

M.  **You are required to submit genuine and sufficient documentation** for all of your transaction(s) in and holdings of CannTrust common stock, as requested in Section III of this Claim Form. Documentation may consist of copies of broker confirmation slips, broker account statements or an authorized statement from your broker containing the transactional information found in a broker confirmation slip. The Parties do not have information about your transactions in CannTrust common stock. **IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR COULD RESULT IN REJECTION OF YOUR CLAIM. Please keep a copy of all documents that you send to the Claims Administrator, do not send original documents.**

N.  **NOTICE REGARDING ELECTRONIC FILES:** Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. (This is different than the online claim portal on the settlement website.)  To obtain the mandatory electronic filing requirements and file layout, please visit the website **www.CannTrustSecuritiesSettlement.ca** or you may email the Claims Administrator's electronic filing department at **info@CannTrustSecuritiesSettlement.ca.** Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file containing your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email.

O.  **If you are a nominee (institution) submitting a claim on your own behalf or on behalf of other beneficial owners, or a claim preparer** submitting on behalf of beneficial owners, you **must** also provide the following five (5) documents:

   a.  One (1) "Master" Claim Form
   b.  One (1) Signature Verification Document
   c.  One (1) Data Verification Document
   d.  One (1) Authorization Document (if filing on behalf of clients or customers)
   e.  One (1) Excel Spreadsheet Containing Transactions and Holdings

P.  When filling out this Claim Form, type or print in the boxes below in CAPITAL LETTERS; do not use red ink, pencil or staples. If you have questions concerning the Claim Form, or need additional copies of the Claim Form, you may contact the Claims Administrator, using the above contact information or by toll-free phone at **1-833-871-5359,** or you may download the documents from **www.CannTrustSecuritiesSettlement.ca.**

## SECTION II – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications.

If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

**Beneficial Owner's Name(s)** (as you would like the name(s) to appear on the payment, if eligible for one)

**Joint Beneficial Owner's Name(s)** (as you would like the name(s) to appear on the payment, if eligible for one)

**Entity Name** (if claimant is not an individual)

**Representative or Custodian Name** (if different from Beneficial Owner(s) listed above)

**Address1** (street name and number)

**Address2** (apartment, unit, or box number)

**City**                                                                                    **ZIP/Postal Code**

**Province/Territory/State**                                                    **Country**

**Telephone Number (home)**                            **Telephone Number (work)**

**Email address** (By providing an email address you authorize the Claims Administrator to use it in providing you with information relevant to this claim and the Settlements.)

**Account Number(s)** (list all relating to this claim)

**Claimant Account Type** (check appropriate box):

o       Individual (includes joint owner accounts)       o   Pension Plan       o   IRA/401K

o       Corporation                                                        o   Estate              o   RRSP/RRIF/RESP

o       Trust                                                                   o   Other _____ (please specify)

# SECTION III – SCHEDULE OF TRANSACTIONS IN CANNTRUST COMMON STOCK

**1. BEGINNING HOLDINGS** – State the total number of shares of CannTrust common stock held as of the opening of trading on June 1, 2018.  If none, write "0" or "Zero."

**(Must submit documentation.)**

**PRIMARY MARKET TRANSACTIONS (excluding shares purchased on a secondary market exchange from Section III.3)**

**2. PURCHASES/ACQUISITIONS OF SHARES IN MAY 2019 OFFERING** – Separately list each and every purchase/acquisition of CannTrust common stock pursuant or traceable to CannTrust's May 6, 2019 Secondary Offering.  **(Must submit documentation.)**

| Trade Date(s) List Chronologically (MM/DD/YY) | Number of Shares Purchased or Acquired | Price Per Share ($) | Total Purchase Price ($) (excluding taxes, commissions, and fees) | Currency Type CAD/USD/EUR/ GBP |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**SECONDARY MARKET TRANSACTIONS (excluding primary market purchases from Section III.2)**

**3. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of CannTrust common stock on the secondary market from after the opening of trading on June 1, 2018 through and including the close of trading on September 17, 2019.  **(Must submit documentation.)**

| Trade Date(s) List Chronologically (MM/DD/YY) | Number of Shares Purchased or Acquired | Price Per Share ($) | Total Purchase Price ($) (excluding taxes, commissions, and fees) | Currency Type CAD/USD/EUR/ GBP | Transaction Type (P/R) * |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**\* P=Purchase, R=Free Receipt (transfer in)**

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**

## SECTION III – SCHEDULE OF TRANSACTIONS IN CANNTRUST COMMON STOCK (CONTINUED)

**4. PURCHASES/ACQUISITIONS AFTER CLASS PERIOD** – State the total number of shares of CannTrust common stock purchased/acquired from after the opening of trading on September 18, 2019 through and including the close of trading on March 5, 2021.[1] **(Must submit documentation.)**

**5. SALES** – Separately list each and every sale/disposition of CannTrust common stock from after the opening of trading on June 1, 2018 through and including the close of trading on March 5, 2021. **(Must submit documentation.)**

| Trade Date(s) List Chronologically (MM/DD/YY) | Number of Shares Sold or Disposed of | Price Per Share ($) | Total Sale Price ($) (excluding taxes, commissions, and fees) | Currency Type CAD/USD/EUR/ GBP | Transaction Type (S/D) * |
|---|---|---|---|---|---|
| / / | | . | . | | |
| / / | | . | . | | |
| / / | | . | . | | |
| / / | | . | . | | |
| / / | | . | . | | |
| / / | | . | . | | |
| / / | | . | . | | |

\* S=Sale, D=Delivery (transfer out)

**6. ENDING HOLDINGS** – State the total number of shares of CannTrust common stock held as of the close of trading on March 5, 2021. If none, write "0" or "Zero." **(Must submit documentation.)**

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**

---

[1] Information requested on this Claim Form with respect to your purchases after the opening of trading on September 18, 2019 through and including the close of trading on March 5, 2021 is needed in order for the Claims Administrator to confirm that you have reported all transactions. Purchases/acquisitions during this period, however, are not eligible for a recovery because such purchases/acquisitions were made after the alleged wrongdoing was allegedly fully disclosed. They will not be used for purposes of calculating your Recognized Claim pursuant to the A&DS.

## SECTION IV – ACKNOWLEDGEMENTS

**YOU MUST READ THE ACKNOWLEDGEMENTS BELOW AND SIGN**

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that:

I (We) submit this Claim Form under the terms of the Allocation and Distribution Scheme (A&DS) governing the distribution of the Class Compensation Fund to Securities Claimants.

I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in CannTrust common stock, if required to do so.

I (We) have not submitted any other claim covering the same transactions in CannTrust common stock and know of no other person having done so on my (our) behalf.

I (We) hereby warrant and represent that I am (we are) a Class Member, as defined in the A&DS, and are not an Excluded Person, as defined in the A&DS.

I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter relating to my investments in CannTrust or any other part or portion thereof.

I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of CannTrust common stock that occurred during the relevant periods and the number of shares held by me (us), to the extent requested.

The A&DS is available at **www.CannTrustSecuritiesSettlement.ca.**

I (WE) DECLARE UNDER PENALTY OF PERJURY THAT ALL OF THE FOREGOING INFORMATION SUPPLIED BY THE UNDERSIGNED IS TRUE AND CORRECT.

*Executed this _____ day of _____, _____.*

_____
Signature of Claimant

_____
Type or print name of Claimant

_____
Signature of Joint Claimant, if any

_____
Type or print name of Joint Claimant

**Important: If claimant is other than an individual, or is not the person completing this form, the following MUST also be provided:**

_____
Signature of person signing on behalf of Claimant

_____
Type or print name of person signing on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual
(*e.g.*, Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

| Proof of Authority to file is attached to this Claim Form | ☐ YES | ☐ NO |
|---|---|---|

**REMINDER CHECKLIST:**

1.    Please sign this Claim Form.

2.    DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.    Attach only copies of supporting documentation as these documents will not be returned to you.

4.    Keep a copy of your Claim Form for your records.

5.    The Claims Administrator will acknowledge receipt of your Claim Form by mail or email, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard or email.**  If you do not receive an acknowledgment within 60 days, please call the Claims Administrator toll free at **1-833-871-5359**.

6.    If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

**Exhibit B**

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** *CannTrust Securities*

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

*9.28.2021 – Wall Street Journal*
*9.28.2021 – PR Newswire*

X *Kathleen Komraus*
      **(Signature)**

Media & Design Manager
      **(Title)**

## BUSINESS NEWS

# Commodities Traders Face a Squeeze

**Surging prices have caused a credit crunch that is pressuring smaller players**

By Joe Wallace and Julie Steinberg



The funding squeeze, which began before Covid-19, has worsened during the pandemic. Copper sheets being prepared for shipping.

It has been a banner year for fossil-fuel, metals and agricultural markets. For many commodity traders, the boom in prices has had an unexpected effect: a credit crunch that is reshaping the industry in favor of the largest players.

Higher prices are requiring traders to borrow more money to finance the same volume of oil, copper or coffee. In some instances, extreme or unusual weather is causing gyrations in commodity prices, prompting traders to amass cash in a pinch.

For many traders, funding has rarely been harder to come by. Banks including ABN Amro Bank NV have scaled back their lending to commodities firms, while others such as ING Groep NV have doubled down on due diligence following a spate of trader blowups. Banks are also feeling pressure from shareholders to cut back on lending to companies involved in fossil fuels.

Big traders such as **Trafigura Group** Pte. Ltd., **Vitol Group** and **Glencore** PLC have had few problems securing funding thanks to established relationships with banks and a cascade of profits when markets went haywire during the pandemic. Smaller traders are experiencing difficulties, adding to the separate challenge posed by scrambled supply chains.

It is an "unusual situation," said Janina Taneva, a member of the Commodity Trading Association committee. Banks reduced credit lines when prices were lower and have been slow to scale them back up now that prices are on the rise, Ms. Taneva said.

That is particularly challenging for small traders because lenders have imposed more stringent capital requirements on new customers, she added.

The funding squeeze, which began before Covid-19 and has worsened during the pandemic, stands to widen the gap between the haves and have-nots in commodity markets.

Oil and copper markets are already dominated by a clutch of merchants and the trading arms of energy producers such as **BP** PLC and **Royal Dutch Shell** PLC. This group is likely to sweep more market share as financing difficulties crimp profits at firms that lack its ready access to banks and capital markets.

"We benefit from the current trend," said Christophe Salmon, Trafigura's group chief financial officer. Mr. Salmon said banks are unlikely to relax their stance soon.

Banks grew cautious about financing the industry after firms including oil trader **Hin Leong Trading** Pte. Ltd. and **Agritrade International** Pte. Ltd. collapsed in the early months of Covid-19. Traders and producers borrowed just under $49 billion in commodity-finance deals in the first

### Value of commodity-finance deals

$225 billion

Source: TXF

half of 2021, according to TXF, which mainly tracks transactions involving banks. That marked a 45% decline from the same period of 2020 and a 40% drop from the first half of 2019.

Banks fund traders through traditional forms of trade finance such as letters of credit—a payment guarantee to suppliers—as well as revolving-credit and borrowing-base facilities. Traders run on thin margins, so higher funding costs can pose problems.

Lenders have pushed up borrowing costs and are unwilling to take on new borrowers, said Ilya Treshchalov, a member of the management board of MBR Metals OÜ, an Estonia-based trader.

Higher borrowing costs will eat into profits in the near future and have prompted MBR to find different ways of raising cash, such as repurchase agreements for inventory, Mr. Treshchalov said. For now, demand for molybdenum and other metals is strong enough that rising interest rates aren't making a meaningful dent in earnings.

Dramatic market moves, some caused by the weather, also are fueling demand for funding.

Olivier Bazin, a partner at law firm HFW, said one of his trader clients this summer needed to cobble together $100 million in a week when frosts in Brazil pushed coffee prices to six-year highs.

Some traders are turning to specialist trade-finance asset managers to fund their activities. The catch is that investors charge up to double the borrowing costs that banks charge, Mr. Erbek said.

One fund, Scipion Capital Ltd., has received 24 inquiries from traders in metals and energy this year, compared with 15 in all of 2020, said Chief Investment Officer Nicolas Clavel.

In agriculture, the number of prospective borrowers has risen to 24 from 10. That excludes inquiries that Scipion dismisses without consideration in commodities such as raw cashew nuts.

Even big traders are looking beyond traditional trade-finance instruments, particularly Trafigura, which turned to nonbank lenders to help fund its rapid growth over the past decade. This month, Trafigura issued a $400 million perpetual bond, and by the end of March the trader had raised more than $4.5 billion through two securitization programs for its receivables, or claims for payment.

# Spotify Sets Push To Court Marketers

By Megan Graham and Anne Steele

**Spotify Technology** SA began its first global brand campaign designed to court marketers as the audiostreaming giant tries to expand the revenue it collects from advertising.

The company is also changing the name of its advertising business to Spotify Advertising from Spotify for Brands in an attempt to attract small and medium-size businesses beyond the major brands it has traditionally focused on. And it is trying to attract more podcast publishers and creators to its ad marketplace, after saying earlier this year that its advertising growth has been hindered by limited inventory.

"It's not just kind of the largest of brands and the biggest of shows, it's also small- and medium-sized businesses and DIY creators," said Jay Richman, vice president and head of global advertising business and platform at Spotify.

The campaign will run in markets including the U.S., Canada, the U.K., Australia, Spain and New Zealand, using digital video, social media and audio ads on and off Spotify.

The company worked with creative agency FCB New York, part of Interpublic Group of Cos., on the campaign.

The effort comes as Spotify is poised to overtake **Apple** Inc. in podcast listenership. Spotify is on pace for 28.2 million monthly podcast listeners by the end of 2021, besting Apple's likely 28 million, according to forecasts from research firm eMarketer.

U.S. ad revenue from podcasts grew 19% to $842 million in 2020, is set to top $1 billion this year and will reach $2 billion by 2023, according to trade group Interactive Advertising Bureau.

# China Power Curbs Threaten Chip Supply

By Stella Yifan Xie, Yang Jie and Stephanie Yang

Government efforts to curb energy consumption and reduce carbon emissions, along with surging coal prices, are leading to power outages across many of China's manufacturing hubs, threatening to further disrupt strained global supply chains for semiconductors and other vital goods.

Over the past week, local officials have forced factories in China's Guangdong and Jiangsu provinces to curtail operation hours or shut down temporarily as officials try to rein in energy use, according to company filings and interviews with company officials by The Wall Street Journal.

**Factories are cutting production because coal has become too expensive.**

In other areas, factories are cutting production because coal has become too expensive, a problem exacerbated by a Chinese ban on imports of the commodity from Australia since last year after a diplomatic brawl over Canberra's call for an independent global inquiry into the origins of Covid-19.

In one of the most affected areas, Kunshan, a city in China's eastern Jiangsu province near Shanghai, more than 10 Taiwan-based semiconductor-related companies filed announcements with the Taiwan Stock Exchange this week saying they are temporarily closing local facilities until the end of September.

Several **Apple** Inc. suppliers are affected, such as mechanical-parts maker Eson Precision Engineering Co. and **Unimicron Technology** Corp., a printed-circuit-board maker.

An Apple spokeswoman didn't immediately reply to a request for comment.

Another affected company, **Chang Wah Technology** Co.,

supplies chip-packaging material to automotive chip makers such as **NXP Semiconductors** NV and **Infineon Technologies** AG. Although chip testing and assembly is usually less technologically complex than wafer fabrication, any interruption to the final stage of semiconductor production could add problems in a supply chain that has been tested this year by natural disasters and surging demand.

"If they stop for any amount of time there could be delays in products getting out," said Stewart Randall, head of electronics at the Intralink consulting firm in Shanghai.

Other affected manufacturing companies include Taiwan-based **Tung Thih Electronic** Co., an electrical-equipment supplier to auto companies such as **Ford Motor** Co. and **Volkswagen** AG, which have struggled to keep up vehicle production amid a shortage of components.

People familiar with the matter said many of the industrial plants in the area were affected by the mandated power cuts and it is still too early to estimate the loss. Calls to the Kunshan government office went unanswered late Monday.

For companies operating in Kunshan and other similar areas, the problems have stemmed largely from China's efforts to curb energy consumption as the country tries to burnish its climate credentials ahead of a climate summit in Glasgow this November.

The country's powerful economic-planning agency has set a target to cut energy intensity per unit of gross domestic product by about 3% from last year, as part of a bid by Beijing to reach peak emissions before 2030.

The policy means, in effect, that electricity use has to grow at a lower rate than GDP. In the first half of 2021, however, electricity use rose 16.2%, while GDP increased 12.7%, with GDP expected to slow further in the second half of the year.

—Sha Hua contributed to this article.

◆ Heard on the Street: China's electric curbs risk damage...B10

**ADVERTISEMENT**

# The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

| AUCTIONS | CLASS ACTION |

9,900 ± AC OFFERED IN 11 PARCELS
FROM 8 ±AC - 2,622 ±AC

MULTI-PROPERTY AUCTION

OCTOBER 5, 2021 • 11:00 AM
AUCTION HELD AT THE HERITAGE CENTER
2140 14TH AVE, VERO BEACH, FL 32960

813-321-5009
SAUNDERSAUCTIONS.COM

**BUSINESS OPPORTUNITIES**

WANTED – Medical-device firm willing to do a reverse merger with a public, fully reporting OTC shell company. Prepared to proceed quickly with the right fit.
Respond to 42790 Washington St, #15, Bermuda Dunes, CA 92203

THE WALL STREET JOURNAL

# THE MARKETPLACE

ADVERTISE TODAY

(800) 366-3975

For more information visit:
**wsj.com/classifieds**



© 2021 Dow Jones & Company, Inc.
All Rights Reserved.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

In Re: CANNTRUST HOLDINGS INC. SECURITIES LITIGATION    No. 1:19-cv-06396-JPO

**SUMMARY NOTICE OF PENDENCY OF U.S.
CLASS ACTION AND PROPOSED SETTLEMENTS**
www.CannTrustSecuritiesSettlement.ca

**If you purchased the publicly traded common stock of CannTrust Holdings Inc. ("CannTrust") on the New York Stock Exchange or on any U.S. based trading platform or pursuant or traceable to CannTrust's May 6, 2019 secondary offering, you may be entitled to a payment from several class action settlements.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed U.S. Class Action Lead Plaintiffs, on behalf of themselves and all members of the proposed U.S. Settlement Class, and defendant CannTrust and several other defendants in this proposed class action lawsuit (collectively, "Settling Defendants"), have reached eight proposed settlements of the majority of the claims in the above-captioned U.S. class action (the "U.S. Class Action"), as well as actions pending in Canada and California (collectively with the U.S. Class Action, the "Actions"), in amounts totaling approximately C$83,000,000[1] in exchange for releases of liability (the "Settlements").

The proposed Settlements will be implemented pursuant to an amended and restated plan of compromise, arrangement and reorganization of CannTrust, CannTrust Inc. and Elmcliffe Investments Inc. (as may be further amended from time to time in accordance with its terms), pursuant to Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, (the "CCAA Plan"), which was approved by the Ontario Superior Court of Justice (Commercial List) by a "sanction order" entered on July 16, 2021 (the "CCAA Sanction Order"). Implementation of the CCAA Plan requires, among other things, approval of the Settlements as they relate to the U.S. Class Action by the U.S. Court. The CCAA Plan provides for, inter alia, the restructuring of CannTrust so that it can emerge from insolvency, the administration of the Settlements for the benefit of CannTrust's investors, and the handling of unsettled claims related to the alleged wrongdoing at issue in the Actions.

A telephonic hearing will be held before the Honorable J. Paul Oetken on **Thursday, December 2, 2021, at 12:30 p.m. New York time** (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlements, as they relate to the U.S. Class Action, as fair, reasonable, and adequate; and (ii) approve the proposed Allocation and Distribution Scheme for distribution of the proceeds of the Settlements to U.S. Settlement Class Members. The Court may change the date of the Settlement Hearing without providing another notice. You do NOT need to attend the Settlement Hearing to receive a payment.

**IF YOU ARE A MEMBER OF THE U.S. SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENTS AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** If you purchased the publicly traded common stock of CannTrust on the New York Stock Exchange or on any U.S. based trading platform or pursuant or traceable to CannTrust's May 6, 2019 secondary offering and have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlements, www.CannTrustSecuritiesSettlement.ca, or by contacting the Claims Administrator at:

**CannTrust Securities Settlements**
c/o Epiq Class Action Services Canada Inc.
P.O. Box 507 STN B

Ottawa ON K1P 5P6
www.CannTrustSecuritiesSettlement.ca
info@CannTrustSecuritiesSettlement.ca
1-833-871-5359

Inquiries about the U.S. Class Action, other than requests for information about the status of a claim, may also be made to U.S. Class Action Counsel:

**LABATON SUCHAROW LLP**
James W. Johnson, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
1-888-219-6877

If you are a U.S. Settlement Class Member, to be eligible to share in the distribution of the proceeds from the Settlements, you must submit a Claim Form *postmarked or submitted online no later than* **March 16, 2022**. (Any extensions of this deadline will be posted on the website for the Settlements: www.CannTrustSecuritiesSettlement.ca). If you are a U.S. Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the proceeds from the Settlements, but you will nevertheless be bound by the terms of the Settlements as they relate to the U.S. Class Action, all of the U.S. Court's orders about the Settlements, whether favorable or unfavorable, the CCAA Sanction Order and CCAA Plan.

If you are a U.S. Settlement Class Member and wish to exclude yourself from the U.S. Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the Notice so that it is *received no later than November 11, 2021*. This is the only option that potentially may allow you to ever bring or be part of any other lawsuit against the Settling Defendants and their related parties about the released claims. However, the Settlement Parties believe that the CCAA Sanction Order will operate to bar any claims by the U.S. Settlement Class Members against the Settling Defendants and their related parties regardless of whether they request exclusion from the U.S. Settlement Class. If you exclude yourself from the U.S. Settlement Class, you will not be eligible to share in the distribution of the proceeds of the Settlements.

Any objections to the proposed Settlements and/or the proposed Allocation and Distribution Scheme must be filed with the U.S. Court, either by mail or in person, and be mailed to counsel in accordance with the instructions in the Notice, such that they are *received no later than November 11, 2021*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: September 28, 2021

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

[1] For informational purposes, at the time the Settlements were reached (January 19, 2021 to May 24, 2021), the C$/US$ exchange rate ranged from C$1.20 to C$1.28 per US$1.00 with an average of C$1.25 per US$1.00. Accordingly, at the time of the Settlements, C$83,000,000 was equivalent to approximately US$66,400,000.

# Labaton Sucharow LLP Announces a U.S. Class Action Settlement Involving Purchasers of CannTrust Common Stock

NEWS PROVIDED BY
**Labaton Sucharow LLP →**
Sep 28, 2021, 08:00 ET

NEW YORK, Sept. 28, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In Re: CANNTRUST HOLDINGS INC. SECURITIES LITIGATION | No. 1:19-cv-06396-JPO |
|---|---|

**SUMMARY NOTICE OF PENDENCY OF U.S.**
**CLASS ACTION AND PROPOSED SETTLEMENTS**

**www.CannTrustSecuritiesSettlement.ca**

**If you purchased the publicly traded common stock of CannTrust Holdings Inc. ("CannTrust") on the New York Stock Exchange or on any U.S. based trading platform or pursuant or traceable to CannTrust's May 6, 2019 secondary offering, you may be entitled to a payment from several class action settlements.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed U.S. Class Action Lead Plaintiffs, on behalf of themselves and all members of the proposed U.S. Settlement Class, and defendant CannTrust and several other defendants in this proposed class action lawsuit (collectively, "Settling Defendants"), have reached eight proposed settlements of the majority of the claims in the

above-captioned U.S. class action (the "U.S. Class Action"), as well as actions pending in Canada and California (collectively with the U.S. Class Action, the "Actions"), in amounts totaling approximately C$83,000,000[1] in exchange for releases of liability (the "Settlements").

The proposed Settlements will be implemented pursuant to an amended and restated plan of compromise, arrangement and reorganization of CannTrust, CannTrust Inc. and Elmcliffe Investments Inc. (as may be further amended from time to time in accordance with its terms), pursuant to Canada's Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36, as amended, (the "CCAA Plan"), which was approved by the Ontario Superior Court of Justice (Commercial List) by a "sanction order" entered on July 16, 2021 (the "CCAA Sanction Order"). Implementation of the CCAA Plan requires, among other things, approval of the Settlements as they relate to the U.S. Class Action by the U.S. Court. The CCAA Plan provides for, *inter alia*, the restructuring of CannTrust so that it can emerge from insolvency, the administration of the Settlements for the benefit of CannTrust's investors, and the handling of unsettled claims related to the alleged wrongdoing at issue in the Actions.

A telephonic hearing will be held before the Honorable J. Paul Oetken **on Thursday, December 2, 2021, at 12:30 p.m. New York time** (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlements, as they relate to the U.S. Class Action, as fair, reasonable, and adequate; and (ii) approve the proposed Allocation and Distribution Scheme for distribution of the proceeds of the Settlements to U.S. Settlement Class Members.  The Court may change the date of the Settlement Hearing without providing another notice.  You do NOT need to attend the Settlement Hearing to receive a payment.

**IF YOU ARE A MEMBER OF THE U.S. SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENTS AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you purchased the publicly traded common stock of CannTrust on the New York Stock Exchange or on any U.S. based trading platform or pursuant or traceable to CannTrust's May 6, 2019 secondary offering and have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the website for the Settlements, www.CannTrustSecuritiesSettlement.ca, or by contacting the Claims Administrator at:

**CannTrust Securities Settlements**

c/o Epiq Class Action Services Canada Inc.

P.O. Box 507 STN B

Ottawa ON K1P 5P6

www.CannTrustSecuritiesSettlement.ca

info@CannTrustSecuritiesSettlement.ca

1-833-871-5359

Inquiries about the U.S. Class Action, other than requests for information about the status of a claim, may also be made to U.S. Class Action Counsel:

**LABATON SUCHAROW LLP**

James W. Johnson, Esq.

140 Broadway

New York, NY 10005

www.labaton.com

settlementquestions@labaton.com

1-888-219-6877

If you are a U.S. Settlement Class Member, to be eligible to share in the distribution of the proceeds from the Settlements, you must submit a Claim Form **postmarked or submitted online no later than March 16, 2022.** (Any extensions of this deadline will be posted on the website for the Settlements: www.CannTrustSecuritiesSettlement.ca).  If you are a U.S. Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the proceeds from the Settlements, but you will nevertheless be bound by the terms of the Settlements as they relate to the U.S. Class Action, all of the U.S. Court's orders about the Settlements, whether favorable or unfavorable, the CCAA Sanction Order and CCAA Plan.

If you are a U.S. Settlement Class Member and wish to exclude yourself from the U.S. Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the Notice so that it is **received no later than November 11, 2021.**  This is the only option that potentially may allow you to ever bring or be part of any other lawsuit against the Settling Defendants and their related parties about the released claims.  However, the Settlement Parties believe that the CCAA Sanction Order will operate to bar any claims by the U.S. Settlement Class Members against the Settling Defendants and their related parties regardless of whether they request exclusion from the U.S. Settlement Class.  If you exclude yourself from the U.S. Settlement Class, you will not be eligible to share in the distribution of the proceeds of the Settlements.

Any objections to the proposed Settlements and/or the proposed Allocation and Distribution Scheme must be filed with the U.S. Court, either by mail or in person, and be mailed to counsel in accordance with the instructions in the Notice, such that they are **received no later than November 11, 2021**.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: September 28, 2021

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

URL// www.CannTrustSecuritiesSettlement.ca

[1] For informational purposes, at the time the Settlements were reached (January 19, 2021 to May 24, 2021), the C$/US$ exchange rate ranged from C$1.20 to C$1.28 per US$1.00 with an average of C$1.25 per US$1.00.  Accordingly, at the time of the Settlements, C$83,000,000 was equivalent to approximately US$66,400,000.

SOURCE Labaton Sucharow LLP

Related Links

https://www.labaton.com/