**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In Re: CANNTRUST HOLDINGS INC. SECURITIES LITIGATION | No. 1:19-cv-06396-JPO<br><br>Judge J. Paul Oetken |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFFS'**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS AND**
**ALLOCATION AND DISTRIBUTION SCHEME**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................................1

ARGUMENT ...................................................................................................................................2

I.     THE REACTION OF THE U.S. SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENTS AND THE ALLOCATION AND DISTRIBUTION SCHEME ........................................................................................2

II.    THE OBJECTION SHOULD BE OVERRULED ...........................................................5

CONCLUSION ................................................................................................................................7

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Lead Plaintiffs Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund ("Lead Plaintiffs"), on behalf of themselves and all other members of the proposed settlement class in the above-captioned action (the "U.S. Settlement Class"), respectfully submit this reply memorandum of law in further support of their motion for final approval of the proposed Settlements and approval of the proposed Allocation and Distribution Scheme ("A&DS") for the proceeds of the Settlements (the "Final Approval Motion," ECF No. 154).[1]

## PRELIMINARY STATEMENT

Lead Plaintiffs respectfully submit that the reaction of the U.S. Settlement Class to the Settlements and the A&DS has been overwhelmingly positive.  A total of 79,017 notice packets have been mailed to potential class members or their nominees through November 24, 2021.  *See* Supplemental Declaration of Luis Granati Regarding: (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion, dated November 24, 2021, at ¶2, filed herewith ("Supp. Mailing Decl.").  Additionally, the Summary Notice was published in *The Wall Street Journal* and transmitted over *PR Newswire*.  *See* Declaration of Luis Granati Regarding: (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion, dated October 28, 2021, ¶10 (ECF No. 156-4).

To date, there has been just one objection, which is primarily directed to the A&DS rather

---

[1] All capitalized terms not defined herein have the same meanings as in the Order preliminarily approving the Settlements (the "Preliminary Approval Order") (ECF No. 153), CannTrust Holdings Inc.'s Fourth Amended & Restated Plan of Compromise, Arrangement and Reorganization, as amended and restated from time to time (the "CCAA Plan") (ECF No. 150-3), the Restructuring Support Agreement ("RSA") (ECF No. 150-4), or the proposed A&DS governing the calculation of investors' claims (ECF No. 150-5).

than the Settlements and is discussed below.[2]  *See* ECF No. 160.  In addition, only four requests for exclusion have been received, representing just 1,000 shares out of the approximately 302,600,000 allegedly damaged shares estimated by Lead Plaintiffs' consulting damages expert. *See* Supp. Mailing Decl. at ¶3, Ex. A.  Accordingly, Lead Plaintiffs respectfully submit that this reaction by the U.S. Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlements and the A&DS for the proceeds of the Settlements.

<strong><u>ARGUMENT</u></strong>

**I.    THE REACTION OF THE U.S. SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENTS AND THE ALLOCATION AND DISTRIBUTION SCHEME**

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has mailed 79,017 copies of the Notice and Claim Form ("Notice Packet") to all potential U.S. Settlement Class Members identified to date.  *See* Supp. Mailing Decl. at ¶2.  The Notice informed U.S. Settlement Class Members of the terms of the proposed Settlements and reported the A&DS in its entirety.  The Notice also apprised U.S. Settlement Class Members of their right to object to the proposed Settlements and/or the A&DS, and the November 11, 2021 deadline for submitting such objections.

In addition, copies of, among other things, the Notice, Claim Form, CCAA Plan, Settlement Agreements, Sanction Order, Preliminary Approval Order, Final Approval Motion, and Complaint were posted on www.CannTrustSecuritiesSettlement.ca, as well as the website of Lead Counsel. *See* ECF No. 156-4 at ¶14.  Further, on September 28, 2021, the Claims Administrator published

---

[2] The objector did not originally establish his membership in the U.S. Settlement Class, as required by the Court's Preliminary Approval Order, ECF No. 153 ¶17, however he has since provided trading information to Lead Counsel.  *See* Reply Declaration of James W. Johnson, dated November 24, 2021, Ex. 1.  Although he did not supply complete information, a preliminary calculation of his losses under the A&DS indicates that he may have incurred a Recognized Loss of approximately CAD$37,000.

2

the Summary Notice in *The Wall Street Journal* and released it over the internet via *PR Newswire* (*Id*. at ¶10), informing readers of the proposed Settlements, how to obtain copies of the notice packet, and the deadlines for the submission of Claim Forms, objections, and exclusion requests.

On October 28, 2021, pursuant to the schedule approved by the Court in the Preliminary Approval Order, Lead Plaintiffs filed their opening papers in support of the Motion. Those papers—which are available on the docket (*see* ECF Nos. 154-157), the website for the Settlements (www.CannTrustSecuritiesSettlement.ca), and Lead Counsel's firm website—described the history of the litigations, the CCAA Proceedings, the Settlements, the A&DS, and Lead Plaintiffs' and Lead Counsel's views.

Following this extensive notice program, only one person objected. This "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly strongly supports a finding that the Settlements and the AD&S are fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 119 (2d Cir. 2005); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig*., 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) *aff'd, In re Facebook Inc.* 822 F. App'x. 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.") (citation omitted). As the Second Circuit reasoned in *Wal-Mart*, "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" 396 F.3d at 118 (citation omitted); *see also In re Bear Stearns Cos., Sec., Derivative & ERISA Litig*., 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs

strongly in favor of approval); *see also In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation") (citation omitted).

The paucity of objections is even more noteworthy because of the absence of objections (or exclusion requests) from institutional investors or pension funds.  The absence of objections by these sophisticated class members—who have the resources to carefully evaluate settlements and allocation plans and object if it were appropriate to do so—provides further evidence of the fairness of the Settlements and the A&DS.  *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

Similarly, the very small number of requests for exclusion reflects the U.S. Settlement Class's endorsement of the Settlements and offers clear support for the Court's final approval thereof.  *See, e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am Int'l Grp. Inc. Sec. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid").

Here, in response to the 79,000 Notice Packets mailed to date, the Claims Administrator has received only four requests for exclusion from the U.S. Settlement Class.  Requests Nos. 1 and 2 are invalid for failing to provide information about the requesters' investments in CannTrust, as

4

required by the Court's Preliminary Approval Order in order to establish membership in the class. *See* Supp. Mailing Decl., Ex. A.   Requests Nos. 3 and 4 represent 1000 shares, which is just approximately .00033% of the total number of damaged shares estimated by Lead Plaintiffs' consulting damages expert.

In sum, it is respectfully submitted that the reaction of the U.S. Settlement Class strongly supports approval of both the Settlements and the A&DS.

## II.   THE OBJECTION SHOULD BE OVERRULED

On November 12, 2021, the Court received the objection of Myron V. Guidry.  ECF No. 160. Mr. Guidry objects to the A&DS provision that "purchases made after 9/17/19 are not eligible for recovery because investors were allegedly disclosed the full truth about CannTrust.  I believe the full truth was not disclosed to investors and still has not been regarding the allegations against CannTrust." *Id*.

Pursuant to the A&DS, no artificial inflation is attributed to CannTrust's share price after 3:13 p.m. ET on September 17, 2019 and thereafter.  *See* Notice, Appendix A at 20, ECF No. 156-4.  As explained in the Notice, this is because alleged truth about CannTrust's business and operations was fully disclosed as of the afternoon on September 17, 2019.  However, Mr. Guidry does not believe that the truth was fully disclosed, because if it had been, he would not have purchased after this point.

It is axiomatic that for a defendant to be liable under the Exchange Act, "the defendant's misrepresentations [must have] caused the loss for which the plaintiff seeks to recover." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 345-46 (2005).  Here, as alleged in the Complaint and reflected in the A&DS, the price of CannTrust publicly traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and declined when the truth was allegedly revealed from July 8, 2019 through September 17, 2019.  After the

5

disclosures, the price of CannTrust common stock was no longer artificially inflated by the alleged wrongdoing.  Therefore, any losses are the result of inactionable market movement, not the alleged wrongdoing in this case.

More specifically, on July 8, 2019, CannTrust issued a press release, disclosing that it had "received a compliance report from Health Canada notifying the Company that its greenhouse facility in [Niagara, Canada] is non-compliant with certain regulations" and that "the non-compliant rating is based on observations by the regulator regarding the growing of cannabis in five unlicensed rooms . . . [which] took place from October 2018 to March 2019."  *See* Consolidated Class Action Complaint ("Compl."), ECF No. 89, ¶35, see generally ¶¶278-327.  CannTrust thereafter announced on July 11, 2019, after several more revelations that it had stopped its sale of all cannabis products and created a Special Committee to investigate the compliance report.  Compl. ¶39.  On July 15, 2019, news disseminated that Defendants' scheme could rise to the level of a criminal offense.  Compl. ¶40.  Health Canada subsequently found, and the Company announced on August 15, 2019, that the Company's manufacturing facility was "non-compliant with certain regulations" and that CannTrust had accepted the findings of Health Canada. Compl. ¶43-44.

Finally, on September 17, 2019, the parade of troubling revelations ended.  On that day, CannTrust informed investors that Health Canada was suspending its licenses, preventing CannTrust from operating its business and essentially announcing that its revenue stream would evaporate. Compl. ¶45.

Accordingly, it is eminently fair and reasonable for the A&DS to not apportion loss to shares purchased after September 17, 2019, when the market as a whole had learned about the alleged wrongdoing.  Courts have long recognized that "'[w]hen formulated by competent and

experienced counsel,' a plan of allocation of net settlement proceeds 'need have only a reasonable, rational basis'. . . [and] [s]uch '[a] reasonable plan may consider the relative strength and values of different categories of claims.'" *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 192 (S.D.N.Y. 2012); *Bear Stearns*, 909 F. Supp. 2d at 270.

Mr. Guidry's second contention, that there should be a subclass for African Americans due to systemic racism, is misplaced. The U.S. Settlement Class is a class of investors, not cannabis growers who may or may not have been discriminated against.

The A&DS was drafted by Class Action Counsel in close consultation with Lead Plaintiffs' consulting damages expert. The plan has already been approved for use in connection with the CCAA Proceeding. Accordingly, for all the foregoing reasons, it is respectfully submitted that the objection should be overruled.

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of Lead Plaintiffs' Final Approval Motion, Lead Plaintiffs respectfully request that the Court approve the proposed Settlements and the A&DS, as they relate to the U.S. Class Action, as fair, reasonable, and adequate. Two proposed orders are being submitted herewith: a revised proposed Final Order and Judgment reflecting the valid requests for exclusion; and a proposed Order Approving Allocation and Distribution Scheme in Connection with U.S. Class Action.

DATED: November 24, 2021                    **LABATON SUCHAROW LLP**

                                            */s/ James W. Johnson*
                                            James W. Johnson
                                            Michael H. Rogers
                                            David J. Schwartz
                                            James T. Christie
                                            140 Broadway
                                            New York, New York 10005
                                            Telephone: (212) 907-0700

7

Facsimile: (212) 818-0477
Emails: jjohnson@labaton.com
      mrogers@labaton.com
      dschwartz@labaton.com
      jchristie@labaton.com

*Counsel for Lead Plaintiffs Granite Point*
*Master Fund, LP and Granite Point Capital*
*Scorpion Focused Ideas Fund, and*
*Lead Counsel for the Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered ECF participants.

/s/ *James W. Johnson*
JAMES W. JOHNSON