UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: CANNTRUST HOLDINGS INC. SECURITIES LITIGATION | No. 1:19-cv-06396-JPO<br><br>Judge J. Paul Oetken |

**U.S. FINAL JUDGMENT AS TO
<u>SETTLING DEFENDANTS</u>**

**WHEREAS:**

A. On March 31, 2020, defendant CannTrust Holdings Inc. ("**CannTrust**"), and certain other related entities, commenced insolvency proceedings under the Companies' Creditors Arrangement Act (Canada) (the "**CCAA**") in the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**").

B. On April 16, 2021, defendant CannTrust, and certain other related entities, filed a plan of compromise, arrangement and reorganization pursuant to the CCAA in order to, among other things, provide a global resolution of multiple putative securities class actions and other litigation that were commenced against defendant CannTrust, the other defendants named in the above-captioned litigation (the "**U.S. Class Action**") and others, in several provinces in Canada and at the federal and state level in the United States (the "**Actions**") and address other claims and contingent claims against the CannTrust entities.

C. On January 19, 2021, defendant CannTrust, and others,[1] reached a Restructuring Support Agreement, as amended and restated from time to time (the "**RSA**") with the representative plaintiffs in a class action pending in Ontario (the "**Ontario Class Action**") and Lead Plaintiffs Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund ("**Lead Plaintiffs**," "**U.S. Class Action Lead Plaintiffs**," or "**Granite Point**") in the U.S. Class Action, through their counsel, regarding a framework for the settlement of all securities claims against defendant CannTrust, and others, and various related claims.

D. After entering into the RSA, additional settlements were reached with the following defendants in the U.S. Class Action, and related non-parties: (i) defendant Eric Paul and the Paul Family Trust (the "**Paul Settling Parties Settlement**"); (ii) defendant Canaccord Genuity LLC, Canaccord Genuity Corp., defendant Citigroup Global Markets Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (Canada) Inc., defendant Credit Suisse Securities (USA) LLC, Jefferies Securities, Inc, defendant Jefferies LLC, Merrill Lynch Canada Inc., defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated, and defendant RBC Dominion Securities Inc. (the "**Underwriters Settlement**"); (iii) defendant Mark Ian Litwin, Fred Litwin, Stan Abramowitz, defendant Cannamed Financial Corp., Forum Financial Corporation, Mar-Risa Holdings Inc., York Capital Funding Inc., and Sutton Management Limited (the "**Litwin Group Settlement**"); (iv) defendant Ian Abramowitz ("**Abramowitz Settlement**"); (v) defendant Peter

---

[1] Specifically, CannTrust Inc., CTI Holdings (Osoyoos) Inc., Elmcliffe Investments Inc., defendant Mark Dawber, defendant Greg Guyatt, defendant John Kaden, defendant Robert Marcovitch, defendant Shawna Page, Illana Platt, defendant Mitchell Sanders and defendant Cajun Capital Corporation.

Aceto ("**Aceto Settlement**"); and (v) Kenneth Brady Green ("**Green Settlement**").[2]  Lead Plaintiffs also entered into a settlement with opt-out plaintiff Zola Finance Holdings Ltd. and Igor Gimelshtein (the "**Zola Plaintiffs Settlement**"), who had commenced a separate action against CannTrust in Canada and elected not to be represented by the class representatives.  The RSA, Paul Settling Parties Settlement, Underwriters Settlement, Litwin Group Settlement, Abramowitz Settlement, Aceto Settlement, Green Settlement and Zola Plaintiffs Settlement shall be referred to as the "**Settlements**."

E. The Settlements, to the extent they relate to the U.S. Class Action, also are subject to review under Rule 23 of the Federal Rules of Civil Procedure and they, collectively, set forth the terms and conditions of the proposed partial settlement of the U.S. Class Action and certain of the claims alleged in the Consolidated Class Action Complaint (the "**Complaint**"), filed on June 26, 2020.

F. On July 16, 2021, the Canadian Court entered a sanction order pursuant to which it approved and sanctioned the fourth amended and restated plan of compromise, arrangement and reorganization of CannTrust Holdings Inc., CannTrust Inc. and Elmcliffe Investments Inc. (as may be further amended from time to time in accordance with its terms, the "**CCAA Plan**") pursuant to the Companies' Creditors Arrangement Act, R.S.C. 1985, c. C-36 as amended (the "**CCAA Sanction Order**").

---

[2] Defendants CannTrust; Cannamed Financial Corp.; Cajun Capital Corporation; Mark Dawber; Greg Guyatt; John Kaden; Robert Marcovitch; Shawna Page; Mitchell Sanders; Eric Paul; Mark Ian Litwin; Ian Abramowitz; Peter Aceto; Canaccord Genuity LLC; Citigroup Global Markets Inc.; Credit Suisse Securities (USA) LLC; Jefferies LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; and RBC Dominion Securities Inc. are collectively the "**Settling Defendants**," for purposes of this Judgment and the U.S. Class Action.  U.S. Class Action Lead Plaintiffs and the Settling Defendants are collectively the "**Settling Parties,**" for purposes of this Judgment and the U.S. Class Action.

G.  The CCAA Plan that is the subject of the CCAA Sanction Order embodies, among other things, the partial settlement of the U.S. Class Action and the Actions.

H.  The Court has reviewed and considered the agreements embodying the terms of the Settlements (including the CCAA Sanction Order and the CCAA Plan) (collectively, the "**Settlement Agreements**").

I.  All capitalized terms used in this Judgment that are not otherwise defined herein have the meanings defined in the Sanction Order or, if not therein defined, as defined in the CCAA Plan.

J.  Pursuant to the Order Granting Preliminary Approval of Class Action Settlements, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlements, entered September 2, 2021 (the "**Preliminary Approval Order**"), the Court scheduled a hearing for December 2, 2021, at 12:30 p.m. New York time (the "**Settlement Hearing**") to, among other things: (i) determine whether the proposed Settlements, to the extent they relate to the U.S. Class Action, on the terms and conditions provided for in the Settlement Agreements are fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment, in relation to the U.S. Class Action, as provided for in the Settlement Agreements should be entered.

K.  The Court ordered that the Notice of Pendency of U.S. Class Action and Proposed Settlements (the "**Notice**") and a Proof of Claim and Release form ("**Claim Form**"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("**Notice Date**") to all potential members of the U.S. Settlement Class who could be identified through reasonable effort, and that the Summary Notice

of Pendency of U.S. Class Action and Proposed Settlements (the "**Summary Notice**"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.

L. The Notice and the Summary Notice advised potential members of the U.S. Settlement Class of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlements, in relation to the U.S. Class Action, were required to be filed with the Court and served on counsel for the Settling Parties such that they were received by November 11, 2021.

M. The provisions of the Preliminary Approval Order as to notice were complied with.

N. On October 28, 2021, U.S. Class Action Lead Plaintiffs moved for final approval of the Settlements, to the extent they relate to the U.S. Class Action, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on December 2, 2021, at which time all interested Persons were afforded the opportunity to be heard.

O. This Court has duly considered U.S. Class Action Lead Plaintiffs' motion for final approval of the Settlements in relation to the U.S Class Action, the affidavits, declarations, memoranda of law submitted in support thereof, the Settlement Agreements, and all of the submissions and arguments presented with respect to the proposed Settlements in relation to the U.S Class Action.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and all matters relating to the Settlements in relation to the U.S. Class Action, as they pertain to the parties to this

action and the members of the U.S. Settlement Class (defined below), as well as personal jurisdiction over all parties to this action, including all members of the U.S. Settlement Class.

**Certification of the U.S. Settlement Class**

2. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, solely for purposes of the Settlements in relation to the U.S. Class Action, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the U.S. Settlement Class of: (i) all persons and entities who or which purchased the publicly traded common stock of CannTrust on the New York Stock Exchange or on any U.S. based trading platform during the period from June 1, 2018 through March 31, 2020, inclusive, (the "**Claim Period**"); and/or (ii) all persons and entities who or which purchased or otherwise acquired CannTrust common stock pursuant or traceable to the Offering Materials (as defined in the Complaint) issued in connection with the secondary public offering, completed on or about May 6, 2019, (collectively, the "**U.S. Settlement Class**" or "**U.S. Securities Claimants**"). Excluded from the U.S. Settlement Class are: (i) CannTrust, Cannamed Financial Corp, Cajun Capital Corporation, KMPG LLP, Merrill Lynch, Pierce, Fenner & Smith Inc., Merrill Lynch Canada Inc., Citigroup Global Markets Inc., Citigroup Global Markets Canada Inc., Credit Suisse Securities (USA) LLC, Credit Suisse Securities (Canada) Inc., RBC Dominion Securities Inc., Jefferies LLC, Jefferies Securities Inc., Canaccord Genuity LLC, Canaccord Genuity Corp., Paul Family Trust, Mar-Risa Holdings Inc., York Capital Funding Inc., Sutton Management Limited (the "**Corporate Defendants**"); (ii) Eric Paul, Peter Aceto, Greg Guyatt, Ian Abramowitz, Mark Dawber, John Kaden, Mark Ian Litwin, Fred Litwin, Robert Marcovitch, Mitchell J. Sanders, Stan Abramowitz, Brad Rogers, Michael Ravensdale, Shawna Page, Ilana Platt, Graham Lee, Kenneth Brady Green, Andrew Kirk, Norman Paul ("**Individual Defendants**"), any member of an Individual Defendant's immediate family, and any

company under the control of an Individual Defendant; and (iii) the past and present subsidiaries, affiliates, officers, directors, senior employees, legal representatives, heirs, predecessors, successors and assigns of any such excluded person, *provided, however*, for the avoidance of doubt, that any "Investment Vehicle" shall not be excluded from the U.S. Settlement Class. Investment Vehicle means any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which their affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest. Also excluded from the U.S. Settlement Class are those Persons who or which have timely and validly sought exclusion from the U.S. Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and solely for purposes of the Settlements in relation to the U.S. Class Action, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs Granite Point Master Fund, LP and Granite Point Capital Scorpion Focused Ideas Fund as Class Representatives for the U.S. Settlement Class. The law firm of Labaton Sucharow LLP is finally appointed Class Counsel for the U.S. Settlement Class.

**Notice to the U.S. Settlement Class and Reaction of the U.S. Settlement Class**

4. The Court finds, in relation to the U.S. Class Action, that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise U.S. Settlement Class Members of the

effect of the Settlements, of the proposed settlement Allocation and Distribution Scheme ("**A&DS**"), of U.S. Settlement Class Members' right to object or seek exclusion from the U.S. Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlements in relation to the U.S. Class Action; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), both as amended by the Private Securities Litigation Reform Act of 1995 (the "**PSLRA**").

5. The Settling Defendants have provided notification to all appropriate federal and state officials regarding the Settlements as required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

6. There have been two objections. On November 12, 2021, the Court received the objection of Myron V. Guidry. ECF No. 160. Mr. Guidry's objection to the proposed Allocation and Distribution Scheme (the "A&DS") is addressed in the Court's accompanying Order Approving Allocation and Distribution Scheme in Connection with U.S. Class Action. Mr. Guidry further asserts that he "believe[s] there should also be another class specifically for African Americans" and that "it is a form of systemic discrimination if the allegations against CannTrust are true based on the fact that African Americans already lack social equity in the marijuana industry due to discriminatory practices, according to many credible sources." Leaving aside the merits of his contention, the U.S. Settlement Class is a proposed class of investors in CannTrust common stock, and Mr. Guidry has identified no basis why the proposed U.S. Settlement Class should not be certified. His objection therefore is overruled. The objection of Benjamin Taylor is also overruled as stated on the record.

**Approval of the Proposed Settlements**

7. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlements, in relation to the U.S. Class Action, and finds that in light of the benefits to the U.S. Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, the financial condition of CannTrust, the difficulties and risks involved in collecting on any judgments after trial, the entry of the CCAA Sanction Order, and the costs of continued litigation, said Settlements are, in relation to the U.S. Class Action, fair, reasonable, and adequate, having considered and found that: (a) U.S. Class Action Lead Plaintiffs and U.S. Class Action Counsel have adequately represented the U.S. Settlement Class; (b) the Settlements, in relation to the U.S. Class Action, were negotiated at arm's-length between experienced counsel; (c) the relief provided for the U.S. Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the U.S. Settlement Class, including the method of processing U.S. Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed A&DS treats U.S. Settlement Class Members equitably relative to each other. Accordingly, the Court hereby, in relation to the U.S. Class Action and consistent with the CCAA Sanction Order:

(a) approves the RSA, in relation to the U.S. Class Action, which shall be consummated in accordance with its terms and provisions, as to the U.S. Settlement Class;

(b) approves the Paul Settling Parties Settlement, in relation to the U.S. Class Action, which shall be consummated in accordance with its terms and provisions, as to the U.S. Settlement Class;

    (c) approves the Underwriters Settlement, in relation to the U.S. Class Action, which shall be consummated in accordance with its terms and provisions, as to the U.S. Settlement Class;

    (d) approves the Litwin Group Settlement, in relation to the U.S. Class Action, which shall be consummated in accordance with its terms and provisions, as to the U.S. Settlement Class;

    (e) approves the Abramowitz Settlement, in relation to the U.S. Class Action, which shall be consummated in accordance with its terms and provisions, as to the U.S. Settlement Class;

    (f) approves the Aceto Settlement, in relation to the U.S. Class Action, which shall be consummated in accordance with its terms and provisions, as to the U.S. Settlement Class; and

    (g) approves the Green Settlement, in relation to the U.S. Class Action, which shall be consummated in accordance with its terms and provisions, as to the U.S. Settlement Class.

  8. The Consolidated Class Action Complaint (the "**Complaint**"), filed on June 26, 2020, is hereby partially dismissed, with prejudice, subject to the CCAA Plan being implemented on the Plan Implementation Date and without costs to any Party, except as otherwise provided in the Settlement Agreements, as to the Settling Defendants: (i) CannTrust, Cannamed Financial Corp, Cajun Capital Corporation, Merrill Lynch, Pierce, Fenner & Smith Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, RBC Dominion Securities Inc., Jefferies LLC, Canaccord Genuity LLC and (ii) Eric Paul, Peter Aceto, Greg Guyatt, Ian Abramowitz, Mark Dawber, John Kaden, Mark Ian Litwin, Robert Marcovitch, Mitchell J. Sanders, Brad Rogers, and Shawna Page.

9. The Court finds, in relation to the U.S. Class Action, that during the course of this action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

**Releases Pursuant to the Settlements in Relation to the U.S. Class Action**

10. Upon the Effective Time of the CCAA Plan, U.S. Class Action Lead Plaintiffs and each and every other U.S. Settlement Class Member, on behalf of themselves and each of their respective Representatives, in their capacities as such, shall have and shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Securities-Related Claims against each and every one of the Released Parties, whether directly, indirectly, derivatively or otherwise, and shall forever be barred, estopped, stayed and enjoined, from commencing, instituting, prosecuting, or maintaining any and all of the Released Securities-Related Claims against any and all of the Released Parties, and all proceedings with respect to, in connection with or relating to such Released Securities-Related Claims are hereby permanently stayed, excepting only any proceeding to enforce the obligations of the Released Parties under the Definitive Documents, including their obligations to make distributions and payments in respect of such Released Securities-Related Claims in the manner and to the extent provided for in the CCAA Plan, the RSA, and this Judgment.

11. As of the Effective Time of the CCAA Plan, the U.S. Class Action Lead Plaintiffs and each and every other U.S. Settlement Class Member, on behalf of themselves and each of their respective Representatives, in their capacities as such, shall be and shall be deemed to be permanently and forever barred, estopped, stayed and enjoined from: (i) commencing, conducting, continuing or making in any manner, directly or indirectly, any action, suit, claim, demand or other

proceeding of any nature or kind whatsoever (including any proceeding in a judicial, arbitral, administrative or other forum) against any of the Released Parties with respect to any and all Released Securities-Related Claims; (ii) enforcing, levying, attaching, collecting or otherwise recovering or enforcing by any manner or means, directly or indirectly, any judgment, award, decree or order against any of the Released Parties or their property with respect to any and all Released Securities-Related Claims; (iii) commencing, conducting, continuing or making against any other Person in any manner, directly or indirectly, any action, suit, claim, demand or other proceeding of any nature or kind whatsoever (including any proceeding in a judicial, arbitral, administrative or other forum) that relates to a Released Securities-Related Claim if such other Person makes a claim or might reasonably be expected to make a claim, in any manner or forum, including by way of contribution or indemnity or other relief, against one or more of the Released Parties, unless such claim of such other Person is itself a Released Securities-Related Claim; (iv) creating, perfecting, asserting or otherwise enforcing, directly or indirectly, any encumbrance of any kind against the Released Parties or their property with respect to any and all Released Securities-Related Claims; and (v) taking any actions to interfere with the implementation or consummation of the CCAA Plan with respect to any and all Released Securities-Related Claims.

       12.     As of the Effective Time of the CCAA Plan, the U.S. Class Action Lead Plaintiffs and each and every other U.S. Settlement Class Member, on behalf of themselves and each of their respective Representatives, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her

settlement with the debtor or released party.

The U.S. Class Action Lead Plaintiffs and each and every other U.S. Settlement Class Member, on behalf of themselves and each of their respective Representatives, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The U.S. Class Action Lead Plaintiffs and each and every other U.S. Settlement Class Member, on behalf of themselves and each of their respective Representatives, in their capacities as such, acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Securities-Related Claims but expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, any and all Released Securities-Related Claims against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed.

13. As of the Effective Time of the CCAA Plan, the Court permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting any Securities-Related Indemnity Claim, provided, however, that nothing in this Judgment shall be construed or asserted to bar, enjoin or restrain the Settling Defendants from obtaining or enforcing any rights they may have pursuant to the Settlement Agreements.

14. As of the Effective Time of the CCAA Plan, the recovery of U.S. Securities Claimants from a Non-Settlement Party with which any Settlement Party is judicially determined

to be jointly and severally liable shall be limited to only that proportion of damages attributable to the liability of the Non-Settlement Party, as finally determined in the action.

15. As of the Effective Time of the CCAA Plan, all claims for contribution, indemnity or other claims over that relate to the Released Securities-Related Claims which were or could have been brought by a Settlement Party in the U.S. Class Action against a co-defendant that is a Non-Settlement Party, are permanently and forever barred, estopped, stayed and enjoined, provided, however, that nothing in this Judgment shall be construed or asserted to bar, estop, stay, enjoin or restrain the Settling Defendants from obtaining or enforcing any rights they may have pursuant to the Settlement Agreements.

16. As of the Effective Time of the CCAA Plan, and consistent with the CCAA Sanction Order, all Channelled Claims and Non-Released CannTrust Claims of the U.S. Class Action Lead Plaintiffs and U.S. Settlement Class Members, including their respective Representatives in their capacities as such, will be handled solely in accordance with the CCAA Sanction Order.

17. Upon the Effective Time of the CCAA Plan, the Settling Defendants, on behalf of themselves and each of their respective Representatives, in their capacities as such, shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice all claims and causes of action of any nature and description, including both known claims and unknown claims, whether arising under federal, state, common, or foreign law, that the Settling Defendant could have asserted against any of the U.S. Class Action Lead Plaintiffs, members of the U.S. Settlement Class, and their respective Representatives, in their capacities as such (collectively, "**Released Plaintiff Parties**"), that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the U.S.

Class Action and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all such claims against any and all of the Released Plaintiff Parties, except for claims relating to the enforcement of the Definitive Documents.  Notwithstanding the foregoing, nothing in this order shall be construed as limiting, modifying or otherwise affecting any insurance coverage or policies that may be available to any of the Released Parties.

**Additional Provisions of the U.S. Judgment**

18. Notwithstanding paragraphs 10-16 above, nothing in this U.S. Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Definitive Documents.

19. Each U.S. Settlement Class Member, whether or not such U.S. Settlement Class Member executes and delivers a Claim Form, is bound by this U.S. Judgment, including, without limitation, the release of claims as set forth in the Settlement Agreements.

20. This U.S. Judgment and the Settlement Agreements, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Settlement Agreements, the Settlements, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the parties or their respective counsel, to the extent in each case they relate to the U.S. Class Action, for any purpose other than in an action to enforce the terms hereof or the Definitive Documents, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the

truth of any allegation by U.S. Class Action Lead Plaintiffs and the U.S. Settlement Class, or the validity of any claim that has been or could have been asserted in the U.S. Class Action or in any litigation, including but not limited to the Released Securities-Related Claims, or of any liability, damages, negligence, fault, or other wrongdoing of any kind by any of the Released Parties or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by defendants in this action, or against or to the prejudice of U.S. Class Action Lead Plaintiffs, or any other member of the U.S. Settlement Class as evidence of any infirmity in the claims of U.S. Class Action Lead Plaintiffs, or the other members of the U.S. Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Parties, U.S. Class Action Lead Plaintiffs, any other member of the U.S. Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or other wrongdoing of any kind, or in any way referred to for any other reason against or to the prejudice of any of the Released Parties, U.S. Class Action Lead Plaintiffs, other members of the U.S. Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreements;

(d) do not constitute, and shall not be construed against any of the Released Parties, U.S. Class Action Lead Plaintiffs, or any other member of the U.S. Settlement Class, as

an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against U.S. Class Action Lead Plaintiffs, or any other member of the U.S. Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Cash Contributions.

21. In the event that any Settlement does not become effective in accordance with its terms, then this U.S. Judgment, as to the Settling Parties to that Settlement, shall be rendered null and void and shall be vacated as to those parties and, in such event, all orders entered and releases delivered in connection herewith shall be null and void, and those affected Settling Parties shall be restored to their positions in the U.S. Class Action as of January 19, 2021 (subject to the effect (if any) of the CCAA Plan and any orders issued by the Canadian Court, as applicable).

22. Without further order of this Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreements.

23. A separate order shall be entered regarding the proposed A&DS for the Class Compensation Fund. Such order shall in no way disturb or affect this U.S. Judgment and shall be considered separate from this U.S. Judgment. Such order shall in no way affect or delay the finality of this U.S. Judgment and shall not affect or delay the Settlements becoming effective, pursuant to their terms.

24. This U.S. Judgment is without prejudice to, and does not limit, the applicability of the CCAA Plan and the CCAA Sanction Order, including the rights of U.S. Class Action Lead Plaintiffs and the U.S. Settlement Class with respect to the Assigned Claims, Cross-Border Action, or Ontario Class Action.

25.     Without affecting the finality of this U.S. Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlements solely in relation to the U.S. Class Action and putative members of the U.S. Settlement Class; (ii) all parties to this action for the purpose of construing, enforcing and administering the Settlements solely in relation to the U.S. Class Action and this U.S. Judgment; and (v) other matters related or ancillary to the foregoing solely in relation to the U.S. Class Action.  There is no just reason for delay in the entry of this U.S. Judgment and immediate entry by the Clerk of Court is directed.

DATED this 2nd day of December, 2021

BY THE COURT:

_____
J. PAUL OETKEN
United States District Judge

**EXHIBIT A**

1. Eric Blythe - Titusville, Florida

2. Jerry Fetter – Plano Texas